IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.: 4:19-cv-00180 |
| MICHAEL GOTTLIEB, et al., | § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Edward Butowsky's ("Plaintiff") Notice of Partial Dismissal (the "Notice") (Dkt. 21). This case was referred to the undersigned pursuant to 28 U.S.C. § 636, the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, and the applicable Referral Order, for all pretrial proceedings. In the Notice, Plaintiff states that he voluntarily dismisses all claims against Defendants Arun Subramanian, Elisha Barron, and Gloria Park. *See* Dkt. 21.

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may voluntarily dismiss a party to an action without court order in one of two ways: (1) a plaintiff may dismiss a party to an action under Rule 41(a)(1)(A)(i) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1); or (2) a plaintiff may dismiss a party to an action under Rule 41(a)(1)(A)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared." *Id*. As such, formal court action is not necessary in this case. However, the Court finds that in the interest of efficiency, justice, and maintaining the clarity of the record, an entry of order of dismissal as to Defendants Arun Subramanian, Elisha Barron, and Gloria Park is appropriate.

**RECOMMENDATION**

For the foregoing reasons, the Court therefore recommends that the relief requested in the Notice (Dkt. 21) be **GRANTED** and Defendants Arun Subramanian, Elisha Barron, and Gloria Park should be dismissed from this case. The Court further recommends that the parties bear in full their own costs, expenses, and attorneys' fees incurred in connection with this dismissal. Claims asserted by Plaintiff against all other defendants are unaffected by this dismissal.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS SO ORDERED.**

**SIGNED this 30th day of May, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE