IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Edward Butowsky, in his personal and professional capacities, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| Michael Gottlieb, Meryl Governski, Boies Schiller Flexner LLP, Brad Bauman, The Pastorum Group, Leonard A. Gail, Eli J. Kay-Oliphant, Suyash Agrawal, Massey & Gail LLP, Arun Subramaniam, Elisha Barron, Gloria Park, Turner Broadcasting System, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, The New York Times Company, Alan Feuer, Vox Media, Inc., Jane Coaston, and The Democratic National Committee, | § § § § § § § § § § § § § | Case No. 4:19-cv-180 |
| Defendants. | § § | |

**MASSEY & GAIL DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Alison H. Moore
amoore@thompsoncoe.com
State Bar No. 09836500
Thomas J. Annis
State Bar No. 24047877
tannis@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR LEONARD A. GAIL, ELI J.
KAY-OLIPHANT, SUYASH AGRAWAL, AND
MASSEY & GAIL LLP**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

STATEMENT OF ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1) ................................. 2

FACTUAL BACKGROUND ................................................................................................ 3

LEGAL STANDARD ......................................................................................................... 5

ARGUMENT AND AUTHORITIES .................................................................................... 7

      A.    Plaintiff's Claims are Barred by Attorney Immunity ............................................7

      B.    Plaintiff's Claims are Barred by the Judicial Proceedings Privilege ......................9

      C.    Plaintiff's Claims are Barred by Issue Preclusion (Collateral Estoppel)..............13

      D.    Plaintiff Fails to Plausibly Allege Essential Elements of Each of His Five Claims ...........................................................................................................15

            1.    Plaintiff Fails to State a Plausible Claim for Defamation.........................15

            2.    Plaintiff Fails to State a Plausible Claim for Business Disparagement ............................................................................................18

            3.    Plaintiff Fails to State a Plausible Claim for Malicious Prosecution.........20

            4.    Plaintiff Fails to State a Plausible Claim under New York Judiciary Law § 487 ................................................................................................22

            5.    Plaintiff Fails to State a Plausible Claim for Civil Conspiracy .................24

CONCLUSION................................................................................................................. 27

CERTIFICATE OF SERVICE ........................................................................................... 27

# TABLE OF AUTHORITIES

## Cases

*347 Cent. Park Associates, LLC v. Pine Top Associates, LLC*,
    41 N.Y.S.3d 99 [2d Dep't 2016] ..................................................................... 21

*50-Off Stores, Inc. v. Banque Paribas (Suisse) S.A.*,
    1997 WL 790793 (W.D. Tex. Dec. 4, 1997) .................................................... 6

*Abrams v. Pecile*,
    84 A.D.3d 618 [1st Dep't 2011] ....................................................................... 8

*Agostini v. Sobol*,
    304 A.D.2d 395 [1st Dep't 2003] ................................................................... 25

*Alliance Network, LLC v. Sidley Austin, LLP*,
    43 Misc. 3d 848 (Sup. Ct. N.Y. Cty. 2014) ................................................... 23

*Alternative Electrodes, LLC v. Empi, Inc.*,
    597 F. Supp. 2d 322 (E.D.N.Y. 2009) ...................................................... 19, 20

*Ameristar Jet Charter, Inc. v. Cobbs*,
    184 S.W.3d 369 (Tex. App.—Dallas 2006, no pet.) ...................................... 21

*Art Capital Group, LLC v. Neuhause*,
    70 A.D. 3d 605 [1st Dep't 2012] .................................................................. 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................ 5

*Associated Recovery v. Does 1-44*,
    2018 WL 1517863 (N.D. Tex. Mar. 28, 2018) ................................................ 6

*Astoria Indus. of Iowa, Inc. v. SNF, Inc.*,
    223 S.W.3d 616 (Tex. App.—Fort Worth, pet. denied) ................................. 20

*Bauman v. Butowsky*,
    2019 WL 1433595 (D.D.C. Mar. 29, 2019) .................................................. 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................... 5, 26

*Better Business Bureau of Metropolitan Houston, Inc. v. John Moore Services, Inc.*,
    500 S.W.3d 26 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ........ 13, 14

*Bird v. W.C.W.*,
    868 S.W.2d 767 (Tex. 1994) ........................................................................ 10

*Biro v. Conde Nast,*
    807 F.3d 541 (2d Cir. 2015)...................................................................... 16, 17

*Black v. N. Panola Sch. Dist.,*
    461 F.3d 584 (5th Cir. 2006) ....................................................................... 13

*Boglia v. Greenberg,*
    63 A.D.3d 973 [2d Dep't 2009] .................................................................. 24

*Bryant v. Silverman,*
    284 F.Supp.3d 458 (S.D.N.Y. 2018)........................................................... 23

*Burch v. Coca-Cola Co.,*
    119 F.3d 305 (5th Cir. 1997) ....................................................................... 16

*Burzynski v. Aetna Life Ins. Co.,*
    967 F.2d 1063 (5th Cir. 1992) ....................................................................... 6

*Cantey Hanger, LLP v. Byrd,*
    467 S.W.3d 477 (Tex. 2015)................................................................. 7, 8, 9

*Chowaiki & Co. Fine Art Ltd. v. Lacher,*
    115 A.D.3d 600 [1st Dep't 2014] ............................................................... 23

*Chu v. Hong,*
    249 S.W.3d 441 (Tex. 2008)........................................................................ 25

*D Magazine Partners, L.P. v. Rosenthal,*
    529 S.W.3d 429 (Tex. 2017)........................................................................ 15

*Dallas Indep. Sch. Dist. v. Finlan,*
    27 S.W.3d 220 (Tex. App.—Dallas 2000, pet. denied) .................................. 9

*Daystar Residential v. Collmer,*
    176 S.W.3d 24 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)................ 9

*D'Annunzio v. Ayken, Inc.,*
    876 F.Supp.2d 211 (E.D.N.Y. 2012) .......................................................... 11

*Encompass Office Sols, Inc. v. Ingenix, Inc.,*
    775 F. Supp. 2d 938 (E.D. Tex. 2011).......................................................... 20

*Engel v. CBS, Inc.,*
    93 N.Y.2d 195 [1999] ............................................................................ 21, 22

*Facebook, Inc. v. DLA Piper, LLP (US),*
    134 A.D.3d 610 [1st Dep't 2015] ................................................................ 23

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*,
    314 F.3d 48 (2d Cir. 2002) ........................................................ 19

*Finlan v. Dallas Independent School District*,
    90 S.W.3d 395 (Tex. App.—Eastland 2002, pet. denied) ................................ 21

*Fletcher v. Dakota, Inc.*,
    99 A.D.3d 43 [1st Dep't 2012] ...................................................... 12

*Four Finger Art Factor, Inc. v. Dinicola*,
    WL 21248 (S.D.N.Y. Jan. 9, 2001) .................................................... 8

*Frank v. Delta Airlines*,
    2001 WL 910386 (N.D. Tex. Aug. 3, 2001) ............................................ 17

*Funk v. Stryker Corp.*,
    673 F. Supp. 2d 522 (S.D. Tex. 2009) ................................................ 26

*Geiger v. Town of Greece*,
    311 F. App'x 413 (2d Cir. 2009) .................................................... 11

*Gem Holdco, LLC v. Changing World Technologies, L.P.*,
    2014 WL 4249134 (N.Y. Sup. Ct. Aug. 28, 2014) ...................................... 11

*Gentile v. State Bar of Nevada*,
    501 U.S. 1030 (1991) ............................................................... 8

*Gregor v. Rossi*,
    120 A.D.3d 447 [1st Dep't 2014] .................................................... 25

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
    2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ............................................ 11

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*,
    277 F. Supp. 2d 269 (S.D.N.Y. 2003) ................................................ 18

*Haggerty v. Ciarelli & Dempsey*,
    374 F. App'x 92 (2d Cir. 2010) .................................................... 23

*Highland Capital Mgmt., LP v. Looper Reed & McGraw, P.C.*,
    2016 WL 164528 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) ....................... 8

*Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*,
    399 N.E.2d 1185 (1979) ............................................................ 11

*Honzawa v. Honzawa*,
    268 A.D. 2d 327 [1st Dep't 2000] ................................................ 21, 22

*Hudson v. Goldman Sachs & Co.*,
    757 N.Y.S.2d 541 (2003) ............................................................. 12

*Hurlbut v. Gulf Atl. Life Ins.*,
    749 S.W.2d 762 (Tex. 1987).......................................................... 19

*Ins. Co. of N. Am. v. Morris*,
    981 S.W.2d 667 (Tex. 1998).......................................................... 24

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*,
    912 F.3d 759 (5th Cir. 2019) ...................................................... 6, 7

*James v. Brown*,
    637 S.W.2d 914 (Tex. 1982)............................................................ 9

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*,
    962 S.W.2d 507 (Tex. 1998).......................................................... 13

*Juhl v. Airington*,
    936 S.W.2d 640 (Tex. 1996)...................................................... 24, 25

*Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) ........................................................ 6

*Kaye v. Trump*,
    58 A.D. 3d 579 [1st Dep't 2009] ................................................... 22

*Lacher v. Engel*,
    33 A.D.3d 10 [1st Dep't 2006] ..................................................... 11

*Landry's, Inc. v. Animal Legal Def. Fund*,
    566 S.W.3d 41 (Tex.App.—Houston [14th Dist.] 2018, pet. filed).................. 9

*Laub v. Pesikoff*,
    979 S.W.2d 686 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)............. 10

*Lehman Bros. Commercial Corp. v. China Intern. United Petroleum Chemicals Co, Ltd.*,
    1995 WL 608313 (S.D.N.Y. Oct. 16, 1995) ..................................... 18

*Liberty Synergistics, Inc. v. Microflo Ltd.*,
    50 F. Supp. 3d 267 (E.D.N.Y. 2014) ............................................. 22

*Lipin v. Hunt*,
    137 A.D.3d 518 [1st Dep't 2016] ................................................. 12

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ..................................................... 6, 7

*MapInfo Corp. v. Spatial Re–Engineering Consultants*,
   2006 WL 2811816 (N.D.N.Y Sept. 28, 2006) ................................................... 19

*Marlin v. Moody Nat'l Bank, N.A.*,
   248 F. App'x 534 (5th Cir. 2007) ..................................................................... 24

*McCoy v. Hernandez*,
   203 F.3d 371 (5th Cir. 2000) ........................................................................... 14

*McNally v. Yarnall*,
   764 F. Supp. 853 (S.D.N.Y. 1991) .......................................................... 8, 9, 11

*McRedmond v. Sutton Place Rest. & Bar, Inc.*,
   851 N.Y.S.2d 478 [1st Dep't 2008] .................................................................. 12

*Meadows v. Hartford Life Ins. Co.*,
   492 F.3d 634 (5th Cir. 2007) ........................................................................... 26

*Meisel v. Grunberg*,
   651 F.Supp.2d 98 (S.D.N.Y. 2009) .................................................................. 24

*Official Committee of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Securities Corp.*,
   2002 WL 362794 (S.D.N.Y. Mar. 6, 2002) ...................................................... 26

*O'Callaghan v. Sifre*,
   537 F.Supp.2d 594 (S.D.N.Y. 2008) ................................................................ 23

*Parklane Hosiery v. Shore*,
   439 U.S. 322 (1979) ........................................................................................ 14

*Pecile v. Titan Capital Group, LLC*,
   96 A.D.3d 543 [1st Dep't 2012] ......................................................................... 7

*Provencio v. Paradigm Media, Inc.*,
   44 S.W.3d 677 (Tex. App.—El Paso 2001, no pet.) .......................................... 18

*Russell v. Clark*,
   620 S.W.2d 865 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e). .................... 10

*Sabatini Frozen Foods, LLC v. Weinberg, Gross & Pergament, LLP*,
   2015 WL 5657374 (E.D.N.Y. Sept. 23, 2015) .......................................... 22, 23

*Sammy v. Haupel*,
   170 A.D.3d 1224 [2d Dep't 2019] .................................................................... 23

*Savitt v. Greenberg Traurig, LLP*,
   126 A.D.3d 506 [1st Dep't 2015] ..................................................................... 23

*Shaunfield v. Experian Info. Serv., Inc.*,
    991 F. Supp. 786 (N.D. Tex. 2014) .......................................................... 16, 17

*Silver v. Kuehbeck*,
    2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005) .................................................... 12

*St. Amant v. Thompson*,
    390 U.S. 727 (1968)   ....................................................................................... 17

*Stepanov v. Dow Jones & Co.*,
    120 A.D.3d 28 [1st Dep't 2014] ..................................................................... 15

*Sysco Food Servs. Inc. v. Trapnell*,
    890 S.W.2d 796 (Tex. 1994)..................................................................... 13, 14

*Teel v. Deloitte & Touche LLP*,
    2015 WL 9478187 (N.D. Tex. Dec. 29 2015) ................................................ 20

*Texas Beef Cattle Co. v. Green*,
    921 S.W.2d 203 (Tex. 1996)..................................................................... 20, 21

*United States ex rel. Gage v. Rolls-Royce North America, Inc.*,
    760 F. App'x 314 (5th Cir. 2019) .................................................................. 14

*Valdan Sportswear v. Montgomery Ward & Co., Inc.*,
    591 F. Supp. 1188 (S.D.N.Y. 1984)............................................................... 26

*Waste Mgmt. v. Tex. Disposal Sys. Landfill, Inc.*,
    434 S.W.3d 142 (Tex. 2014)........................................................................... 18

*Zahrey v. City of New York*,
    2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009) ................................................ 22

**Statutes**

New York Judiciary Law § 487 ...........................................................................Passim

New York's Civil Rights Law § 74 ..................................................................... 9, 11

Tex. Civ. Prac. & Rem. Code § 27.001 ................................................................. 13

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................ 23

Fed. R. Civ. P. 12(b)(6)...................................................................................... 1, 2, 5, 6

Defendants Leonard A. Gail ("Gail"), Eli J. Kay-Oliphant ("Kay-Oliphant"), Suyash Agrawal ("Agrawal"), and Massey & Gail LLP ("M&G") (collectively, "M&G Defendants") move to dismiss with prejudice the claims brought by Edward Butowsky ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims, as shown by his own words, are nothing more than an effort to bolster his false narrative about the hacking of Democratic National Committee emails during the 2016 United States presidential campaign and to extract revenge from those who dared to challenge it:

> "Anybody who did anything negative to me as a result of the lawsuit will pay," Mr. Butowsky said Monday. "I'm going to sue the hell out of a lot of firms. I want to see these people choke on their nerves and go through the same crap I had to go through."[1]

## INTRODUCTION

Plaintiff's claims arise from the M&G Defendants' ongoing representation of Joel and Mary Rich, along with co-counsel Susman Godfrey LLP ("SG"), in litigation against Plaintiff and two other defendants filed in the Southern District of New York, *Rich, et al. v. Fox News Network, LLC, et. al.*, Case No. 1:18-cv-02223 (S.D.N.Y. filed Mar. 14, 2018) ("Rich Lawsuit"). Ex. A-1. The Riches' claims against Plaintiff were dismissed and are currently on appeal in the U.S. Court of Appeals for the Second Circuit, *Rich, et al. v. Fox News Network, LLC, et al.*, Case No. 18-2321. Ex. A-2. Plaintiff then filed this lawsuit, not because he has any valid claims against the M&G Defendants (he does not), but, as he himself said, for the purpose of extracting retribution.

---

[1] Jeff Benjamin, *Exonerated in defamation suits, Ed Butowsky is out for blood*, Investment News, https://www.investmentnews.com/article/20180806/FREE/180809955/exonerated-in-defamation-suits-ed-butowsky-is-out-for-blood (last visited July 1, 2019).

Plaintiff has two principal complaints about the M&G Defendants. First, Plaintiff alleges claims for the torts of defamation and business disparagement arising from: (1) a press release about the Rich Lawsuit issued by The Pastorum Group ("Pastorum") on the day the suit was filed, Compl. ¶ 57; Ex. A-7 (full text of press release referenced in the Complaint); and (2) statements made by Gail during a television interview about the Rich Lawsuit. Compl. ¶ 58; Ex. A-8 (transcript of MSNBC interview referenced in the Complaint). Second, Plaintiff complains about the filing and prosecution of the Rich Lawsuit itself, which he asserts constitutes malicious prosecution and a violation of New York Judiciary Law § 487. Compl. ¶¶ 89-92. Plaintiff also asserts a civil conspiracy claim based on the other four underlying torts. Compl. ¶¶ 94-96.

Plaintiff's claims fail for multiple reasons. First, attorney immunity protects the M&G Defendants for actions undertaken in the course of representing their clients, the Riches. Second, the allegedly defamatory statements pertain to a pending judicial proceeding and are therefore absolutely privileged under state law and the First Amendment to the United States Constitution. Third, at least some of Plaintiff's claims against the M&G Defendants are barred by collateral estoppel as a matter of law because Plaintiff unsuccessfully litigated the exact same claims against M&G's co-counsel SG in state court in Collin County, Texas. Finally, Plaintiff has failed to adequately plead facts to support essential elements of each cause of action alleged. For all of these reasons, none of Plaintiff's allegations state a plausible claim for relief, and the M&G Defendants are entitled to dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1)

Pursuant to Local Rule CV-7, the issues to be decided by the Court are as follows:

1.      Whether attorney immunity precludes Plaintiff's claims based on actions undertaken by the M&G Defendants in the course of representing their clients, Joel and Mary Rich.

2.      Whether Plaintiff's claims for defamation, business disparagement, and civil conspiracy are barred by Texas' common law judicial proceedings privilege and/or New York Civil Rights Law § 74.

3      Whether issue preclusion bars Plaintiff's attempt to re-litigate the same claims that he unsuccessfully litigated in a lawsuit he filed in Collin County, Texas against M&G's co-counsel, SG.

4.      Whether the facts Plaintiff alleges in support of his claims for defamation, business disparagement, malicious prosecution, violation of New York Judiciary Law § 487, and civil conspiracy, even when taken as true, state a plausible claim for relief.

## FACTUAL BACKGROUND

Plaintiff's claims arise from well-publicized events that began with a Fox News story about Democratic National Committee ("DNC") employee Seth Rich ("Seth"), who was murdered in Washington D.C. in July 2016. The Washington D.C. police believed that the shooting was likely a "botched robbery," Compl. ¶ 35, but Seth's murder has never been solved. Shortly thereafter, rumors began to circulate that Seth – not the Russian government – had leaked DNC emails to Wikileaks and that the DNC orchestrated Seth's murder as part of a cover up. The story began to gain traction in the mainstream media when Fox News (and other media outlets) picked it up.

By early 2017, speculation over Seth's murder was swirling, to the great distress of his parents, Joel and Mary Rich. Plaintiff approached the Rich family and offered to fund a private

investigation into Seth's murder. Compl. ¶ 36. To that end, Plaintiff referred Seth's parents to Rod Wheeler, a former Washington D.C. homicide investigator and a fellow Fox News contributor, and Plaintiff agreed to pay for his services to investigate the circumstances of Seth's murder. Compl. ¶¶ 36-37.

At the same time he was investigating their son's murder, Wheeler was also working with Fox News Reporter Malia Zimmerman on a story about Seth. Compl. ¶ 38. In May 2017, Fox News published an article by Zimmerman entitled *Seth Rich, slain DNC staffer, had contacts with WikiLeaks, say multiple sources. Id.* Fox News retracted the story a week later, stating that the story did not meet editorial standards. Compl. ¶ 40.

On March 13, 2018, the M&G Defendants, together with co-counsel SG, filed the Rich Lawsuit on behalf of Joel and Mary Rich, alleging intentional infliction of emotional distress. Compl. ¶ 45; Ex. A-1. The Riches alleged that they were misled by Plaintiff and Wheeler and that Plaintiff and Wheeler, along with Zimmerman and Fox News, promulgated a false story in order to divert blame for the DNC email leaks away from the Russian government toward Seth and the DNC itself. *See* Ex. A-1, ¶ 3. In fact, the Riches' claims are still pending on appeal and the M&G Defendants continue to represent them. *See* Ex. A-2.

Plaintiff's claims against the M&G Defendants in this lawsuit wholly arise from the Rich Lawsuit. Plaintiff alleges that (1) the M&G Defendants filed and prosecuted the Rich Lawsuit "maliciously and in bad faith;" (2) a press release issued by Pastorum the same day the Rich Lawsuit was filed contained a sentence, attributed to Gail, that defamed him; and (3) two days later, on March 15, 2018, Gail made defamatory statements about Plaintiff during an MSNBC interview in response to a question posed by the interviewer to explain the premise of the Rich Lawsuit (the "Interview"). *See* Compl. ¶¶ 56–58, 60.

Plaintiff's Complaint includes similar allegations against three individual SG lawyers. Compl. ¶¶ 20-22, 56-60. In what can only be explained as blatant forum shopping, Plaintiff did not include SG, which is a Texas limited liability partnership, as a defendant in this case. Instead, he sued SG in Texas state court, alleging claims for defamation, malicious prosecution, and violations of New York Judiciary Law § 487. *See Butowsky v. Susman Godfrey, LLP*, Cause No. 416-01222-2019, 416th Judicial District Court, Collin County, Texas (the "SG Action"). Ex. A-3. SG filed a motion to dismiss all of the claims, Ex. A-4, to which Plaintiff filed a response. Ex. A-5. On May 20, 2019, the Collin County court granted SG's motion to dismiss Plaintiff's claims with prejudice, and it further awarded SG $18,000 in attorneys' fees. Ex. A-6. Plaintiff thereafter dismissed his claims against the individual SG lawyers in this case. *See* Docket Entries #21 and #22.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must meet two criteria: (1) it must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations omitted). To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id*. (citing *Twombly*, 550 U.S. at 556). "A court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id*. Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id*. at 1951.

Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). "In a case involving absolute privilege, a motion to dismiss may be granted if the privilege is apparent on the face of the complaint." *50-Off Stores, Inc. v. Banque Paribas (Suisse) S.A.*, No. SA-95-CA-159, 1997 WL 790793, at *6 (W.D. Tex. Dec. 4, 1997). Courts routinely dismiss causes of action that are barred by attorney immunity or the judicial proceedings privilege under Rule 12(b)(6). *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019) (dismissal based on attorney immunity); *Burzynski v. Aetna Life Ins. Co.*, 967 F.2d 1063, 1067 (5th Cir. 1992) (dismissal based on judicial proceedings privilege). The affirmative defense of collateral estoppel is also properly resolvable at the motion to dismiss stage. *See, e.g., Associated Recovery v. Does 1-44*, No. 3:16-CV-1025-L, 2018 WL 1517863, at *12 (N.D. Tex. Mar. 28, 2018), *aff'd sub nom. Associated Recovery L.L.C. v. Does*, No. 18-10596, 2019 WL 1977074 (5th Cir. May 2, 2019) ("[R]esolving the collateral estoppel arguments of Movant Defendants in the context of Rule12(b)(6) is appropriate and will avoid unnecessary waste of scarce judicial resources.").

The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.

2010). Documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

## ARGUMENT AND AUTHORITIES

### A.      Plaintiff's Claims are Barred by Attorney Immunity

Plaintiff's claims against the M&G Defendants are barred by attorney immunity because they all arise from actions taken by the M&G Defendants in the course of representing their clients in the Rich Lawsuit. Attorney immunity, sometimes called the litigation privilege, protects attorneys from suits brought by non-clients complaining of actions taken, as well as statements made, by the attorney in the course of representing a client. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015); *Ironshore Europe DAC*, 912 F.3d at 764-65. To prevail on the attorney immunity defense, the attorney need show only that the conduct at issue is the kind of conduct in "which an attorney engages to discharge his duties to his client." *Cantey Hanger*, 467 S.W.3d. at 485. As a matter of law, conduct that is part of an attorney's discharge of duties in representing a client in litigation is protected. *Id.* at 482. Indeed, attorney immunity is broad enough to cover attorney conduct that could be described as wrongful in the context of an underlying lawsuit. *Id.* at 481.

New York law on attorney immunity is similar to Texas law: attorneys are "immunized from liability under the shield afforded attorneys" in advising and representing their clients. *Pecile v. Titan Capital Group, LLC*, 96 A.D.3d 543, 544 [1st Dep't 2012]. While Texas courts frame the inquiry as focusing on the type of conduct at issue when determining whether attorney immunity applies, New York courts frame the inquiry as focusing on whether the attorney was acting in the scope of his or her duties as an attorney. *Id.*; *see also Art Capital Group, LLC v. Neuhause*, 70 A.D. 3d 605, 607 [1st Dep't 2012] (allegations of fraud, conspiracy to defraud and aiding and abetting fraud and breach of fiduciary duty failed to state a claim when all of the

alleged conduct "falls completely within the scope of defendant's duties as an attorney"); *compare Four Finger Art Factory, Inc. v. Dinicola*, No. 99 Civ. 1259 (JGK), 2001 WL 21248, at *5 (S.D.N.Y. Jan. 9, 2001) (allegation that attorney affirmatively stated that "he would personally obtain talent for [the plaintiff]" was sufficient to state a claim because "obtaining talent" was not within the normal scope of an attorney's duty). Further, New York courts have made it clear that conclusory allegations of fraud, collusion, malice, or bad faith are not sufficient to deprive an attorney of the immunity shield. "To the extent the complaint alleges fraud, collusion, malice or bad faith on the part of [the attorney], the allegations are wholly conclusory. If the shield does not deflect these allegations, it is so flimsy as to be of little use." *Abrams v. Pecile,* 84 A.D.3d 618, 620 [1st Dep't 2011].

In this case, Plaintiff's claims against the M&G Defendants arise from: (1) filing the Rich Lawsuit; (2) Defendant Gail's descriptions of the Riches' claims in a press release that was issued by Pastorum; and (3) Defendant Gail's responses to questions about the Rich Lawsuit during an interview on MSNBC. All of these fall squarely within the scope of professional activity in which lawyers engage when representing their clients, and all of them were undertaken by the M&G Defendants in the course of representing Mary and Joel Rich in the Rich Lawsuit. That action, of course, is based on events that were widely publicized—in some cases by Plaintiff himself—long before the Rich Lawsuit was filed. *See Cantey Hanger*, 467 S.W.3d at 481-82; *Highland Capital Mgmt., LP v. Looper Reed & McGraw, P.C.*, No. 05-15-00055-CV, 2016 WL 164528, at *6 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (attorney immunity barred tortious interference claim based in part on lawyer's disclosures to *Wall Street Journal*); *see also Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1058 (1991) ("in some circumstances press comment is necessary to protect the rights of the client. . ."); *McNally v. Yarnall*, 764 F.

Supp. 853, 856 (S.D.N.Y. 1991) (recognizing that "New York courts have extended the [fair comment] privilege to comments made by attorneys to the press in connection with the representation of their clients"). Moreover, Plaintiff alleges no facts from which the Court could infer conduct by the M&G Defendants that was outside the scope of their representation of the Riches. Accordingly, attorney immunity applies under both Texas and New York law, and the M&G Defendants, collectively and individually, ask that Plaintiff's claims against them be dismissed.

**B.    Plaintiff's Claims Are Barred by the Judicial Proceedings Privilege**

The statements made by the M&G Defendants in the Press Release and Interview are absolutely privileged under both the Texas common law judicial proceedings privilege[2] and New York's Civil Rights Law § 74.

Texas courts have held that speech attendant to litigation is protected by the judicial proceedings privilege and cannot give rise to civil liability. *See James v. Brown,* 637 S.W.2d 914, 916 (Tex. 1982). The absolute privilege applies to out-of-court statements by attorneys as well. In *Daystar Residential v. Collmer*, 176 S.W.3d 24, 27-29 (Tex. App.–Houston [1st Dist.] 2004, pet. denied), the court applied the privilege to an attorney's statements to a newspaper about a client's claims. In *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 238-40 (Tex. App.– Dallas 2000, pet. denied), the court applied the privilege to a press release issued by a law firm

---

[2] The Texas Supreme Court has held that the judicial proceedings privilege is related to the attorney immunity doctrine, but is an "independent" defense such that one may apply even where the other does not. *Cantey Hanger*, 467 S.W.3d at 485 n.12 (judicial proceedings privilege and attorney immunity "are independent doctrine[s] serving independent purposes"). The Fourteenth Court of Appeals in Texas recently conflated the two, stating that "[w]hen the communication at issue is made by an attorney, the judicial-proceedings privilege is referred to as attorney immunity," *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 58 (Tex. App. - Houston [14th Dist.] 2018, pet. filed) (citations omitted), however, this does not appear to be correct. Counsel for Defendants were unable to find any cases addressing this issue under New York law.

about the claims in a lawsuit. To invoke the privilege, the M&G Defendants need show only that their statements "bear some relationship to," and were made to further "pending or proposed litigation." *Id.* Whether the M&G Defendants meet that standard is a question of law. *Id.* In deciding the issue, "the court must consider the entire communication in its context," and "[a]ll doubt should be resolved in favor of" applying the privilege. *Id.* (citing *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.)).

The M&G Defendants' statements are clearly privileged: the statements in both the Press Release and the Interview do not just "bear some relationship to" the Rich Lawsuit, but expressly describe the Riches' allegations in that case.[3] *See* Ex. B (comparing statements Plaintiff complains of with statements in the complaint filed in the Rich Lawsuit). The judicial-proceeding privilege therefore protects all of the M&G Defendants' comments.

The Texas Supreme Court has held that the judicial proceedings privilege also bars other causes of action beyond defamation when a plaintiff's damages "are basically defamation damages." *Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex. 1994) (absolute privilege applied to negligence claim when plaintiff sought damages for injury to his reputation, public contempt, ridicule, loss of relationships, and loss of self-esteem); *Laub v. Pesikoff*, 979 S.W.2d 686, 691 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("*Bird* makes it clear that, to avoid the circumvention of the policy behind the privilege, the privilege should be extended beyond defamation when the essence of a claim is damages that flow from communications made in the course of a judicial proceeding."). Because Plaintiff alleges only reputational damages, his

---

[3] Indeed, the Interview transcript reflects that Gail's statements were made in direct response to the interviewer's request that he "tell [her] more about the lawsuit, the premise, and what you claim Fox did." *See* Ex. A-8.

malicious prosecution, business disparagement, Judiciary Law § 487 and conspiracy claims fail as well.

The M&G Defendants' statements in the Press Release and the Interview are also absolutely privileged under New York Civil Rights Law § 74, which provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." N.Y. Civ. Rights Law § 74; *Geiger v. Town of Greece,* 311 F. App'x 413, 417 (2d Cir. 2009) (holding that § 74 applies to a "fair and true" report of an official proceeding); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260, 2009 WL 4547792, at *16 (E.D.N.Y. Dec. 1, 2009) (concluding that § 74 applies to "comments made by attorneys to the press in connection with representation of their clients" (quoting *McNally v. Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991)); *Gem Holdco, LLC v. Changing World Technologies, L.P.*, No. 650841/2013, 2014 WL 4249134, at *6 (N.Y. Sup. Ct. Aug. 28, 2014) (press release that contained "recitation of [counterclaim plaintiff's] accusations" was not actionable defamation due to the protection of the "fair reporting privilege" of New York Civil Rights Law § 74).

"For a report to be characterized as 'fair and true' within the meaning of the statute . . . it is enough that the substance of the article be substantially accurate . . . '[A] fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated.'" *Geiger,* 311 F. App'x at 417 (quoting *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 399 N.E.2d 1185 (1979)); *D'Annunzio v. Ayken, Inc.,* 876 F.Supp.2d 211, 217-18 (E.D.N.Y. 2012); *see also Lacher v. Engel,* 33 A.D.3d 10, 817 [1st Dep't 2006] ("Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within § 74's privilege.").

Here, even a cursory comparison of the allegations in the Rich Lawsuit and the statements about which Plaintiff complains reflects that the M&G Defendants' statements "constitute substantially accurate descriptions and characterizations of the Complaint." *See* Ex. B; *D'Annunzio*, 876 F.Supp.2d at 220; *see also Hudson v. Goldman Sachs & Co.*, 757 N.Y.S.2d 541, 542 (2003) (affirming dismissal of plaintiff's defamation claim where statements were a substantially accurate description of defendant's position in the lawsuit). It follows that the M&G Defendant's statements are absolutely privileged. *See McRedmond v. Sutton Place Rest. & Bar, Inc.*, 851 N.Y.S.2d 478, 480 [1st Dep't 2008] (judicial proceedings privilege applied to statements that "essentially summarize[d] or restate[d] the allegations of the complaint"); *see also Silver v. Kuehbeck*, No. 05-cv-35, 2005 WL 2990642, at *16 (S.D.N.Y. Nov. 7, 2005) ("in view of the entire article in which [defendant's] statement appeared," defendant's statement "was a substantially accurate account of his client's position in the litigation" and therefore privileged). And under New York law, as under Texas law, the judicial proceedings privilege bars all claims arising from allegedly defamatory statements, regardless of the cause of action alleged. *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 54 [1st Dep't 2012] (all causes of action based on statements pertaining to a legal proceeding are subject to the judicial proceedings privilege). In *Lipin v. Hunt*, 137 A.D.3d 518, 519 [1st Dep't 2016], the court dismissed the plaintiff's claim for violation of Judiciary Law § 487, holding that the defendant attorney's statements were made in the course of a judicial proceeding and were therefore absolutely privileged.

Because Plaintiff's claims arising from the M&G Defendants' out-of-court statements are barred by the judicial proceedings privilege, the M&G Defendants, collectively and individually, ask that Plaintiff's claims against them for defamation, business disparagement, malicious prosecution, violation of New York Judiciary Law § 487 and conspiracy be dismissed.

**C.      Plaintiff's Claims Are Barred by Issue Preclusion (Collateral Estoppel)**

The Collin County court's dismissal of Plaintiff's claims against SG, co-counsel with the

M&G Defendants in the Rich Lawsuit, bars Plaintiff from re-litigating the same issues in this

case. In the Collin County case, Plaintiff alleged claims for defamation, malicious prosecution,

and violation of New York Judiciary Law § 487 based on the prosecution of the Rich Lawsuit

and the Press Release. SG filed a Motion to Dismiss pursuant to the Texas Citizens Participation

Act[4] ("TCPA") on the ground, among others, that Plaintiff's claims were barred by attorney

immunity. The Collin County court agreed, holding that Plaintiff's claims were barred by

attorney immunity and dismissing the claims with prejudice.

The preclusive effect of the Collin County dismissal order in favor of SG is determined

under Texas law. *Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 588 (5th Cir. 2006). Texas courts

have held that issue preclusion applies when: (1) the facts sought to be litigated in the second

action were fully and fairly litigated in the first action; (2) those facts were essential to the

judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco*

*Food Servs. Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex. 1994). As set forth below, all of the

elements of collateral estoppel are satisfied in this case.

First, Plaintiff's claims against SG were fully and fairly litigated in the Collin County

lawsuit against SG. Texas law provides that an issue has been actually litigated when it was

properly raised by the pleadings, submitted for determination, and determined. *Johnson &*

*Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 521-22 (Tex. 1998). A "dismissal

with prejudice under the TCPA constitutes a final determination on the merits…." *Better*

*Business Bureau of Metropolitan Houston, Inc. v. John Moore Services, Inc.,* 500 S.W.3d 26, 40

---

[4] Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.*

(Tex. App. – Houston [1st Dist.] 2016, pet. denied) (addressing the applicability of res judicata). In the Collin County case, SG raised the attorney immunity defense in its Motion to Dismiss and, after a hearing, the court determined the issue and found that Plaintiff's claims were barred by attorney immunity and dismissed them with prejudice. Ex. A-6. That Order was entered on May 22, 2019, and it is now final. *Id.*

Second, the facts sought to be litigated in this case were essential to the judgment in the SG Action. "Issue preclusion is designed to prevent plaintiffs from asserting the same factual allegations against different defendants in successive actions." *United States ex rel. Gage v. Rolls-Royce North America, Inc.*, 760 F. App'x 314, 317-18 (5th Cir. 2019) (citing *Parklane Hosiery v. Shore,* 439 U.S. 322, 329-20 (1979) (plaintiff's attempt to re-litigate identical issues by "merely switching adversaries" was barred by issue preclusion)). Plaintiff's claims against the M&G Defendants and, until they were dismissed, the individual SG lawyers in this case, and Plaintiff's claims against SG in the Collin County case are based on the same factual allegations: M&G and SG prosecuted (and continue to prosecute) the Rich Lawsuit against Plaintiff on behalf of their joint clients, and M&G and SG participated in the issuance of an allegedly defamatory Press Release by Pastorum. The Collin County court determined that those claims are barred by attorney immunity, which precludes Plaintiff's attempt to litigate the exact same claims against the M&G Defendants in this case.

Finally, Texas courts have held that strict mutuality of parties is not required to establish issue preclusion. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994) issue preclusion requires that only the party against whom the doctrine of collateral estoppel is asserted was a party in the prior action); *see also McCoy v. Hernandez,* 203 F.3d 371, 374 (5th Cir. 2000) (same).

Under Texas law, therefore, the Collin County court's order precludes Plaintiff's attempt to re-litigate claims arising from filing and prosecuting the Rich lawsuit and from the Press Release. The M&G Defendants submit that those claims should be dismissed.

**D.      Plaintiff Fails to Plausibly Allege Essential Elements of Each of His Five Claims**

1.      <u>Plaintiff Fails to State a Plausible Claim for Defamation</u>

To state a claim for defamation, a plaintiff must allege the following elements: (1) defendant published a false statement of fact, as opposed to opinion; (2) the statement defamed plaintiff; (3) defendant acted with actual malice when, as here, the plaintiff was a public figure[5]; and (4) plaintiff suffered damages or the article was defamatory *per se*. *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 439 (Tex. 2017), *reh'g denied*; *accord Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 41-42 [1st Dep't 2014]. Plaintiff's defamation claim must be dismissed because he fails to plausibly allege that: (1) the complained-of statements were false; and (2) they were published by the M&G Defendants with actual malice.

First, the statements that the Seth Rich conspiracy theory was a "fictitious story," "was false," and "was baseless" (Compl. ¶¶ 57-58) are true and therefore not defamatory. In March 2019, Special Counsel Robert Mueller's report on the Department of Justice's investigation into Russian interference in the 2016 presidential election determined that the DNC documents were stolen by Russian hackers and that the Seth Rich conspiracy theory was false. *See* Robert S. Mueller, III, *Report On The Investigation Into Russian Interference In The 2016 Presidential Election*, UNITED STATES DEPT. OF JUSTICE (Mar. 2019), available at https://www.justice.gov/storage/report.pdf (the "Mueller Report"). The Mueller Report

---

[5] Plaintiff has judicially admitted that he is a public figure. *See* Ex. A-5 at 10 ("Mr. Butowsky does not dispute that he is a public figure, at least for purposes of this litigation, therefore he must also prove malice.").

concluded that "[t]he statements about Rich implied falsely that he had been the source of the stolen DNC emails." *Id.* at 48.

In the alternative, even if the investigation and Mueller Report had not determined that the Seth Rich conspiracy theory was false (it did), Plaintiff's claim also fails under the same rationale the United States District Court for the District of Columbia articulated in dismissing a defamation claim brought *against* Plaintiff.

> Like the Kennedy assassination, the circumstances surrounding Seth Rich's death remain unresolved. Perhaps this would be a different case if the murderer had been caught, tried, and convicted and the motive made public; the present state of play, however, effectively precludes a factual determination as to the falsity of Butowsky's statement ….

*Bauman v. Butowsky*, No. CV 18-01191 (RJL), 2019 WL 1433595, at *10 (D.D.C. Mar. 29, 2019). While Plaintiff promises that he can "prove" the Seth Rich conspiracy true (Compl. ¶¶ 49-50), Plaintiff's ability to do that is not only extraordinarily implausible as the *Bauman* court recognized, *see id.*, but is already belied by Plaintiff's own allegations. Plaintiff himself admits that the various intelligence agencies of the U.S. government do not agree about the source of the leaks. *See* Compl. ¶ 51 ("[W]hile some U.S. intelligence agencies reported 'high' confidence that Russians hacked the DNC, the NSA reported only 'moderate' confidence . . . The absence of a 'high' confidence conclusion means there is no electronic record of a Russian hack on the DNC.").

Second, Plaintiff has failed to adequately allege that the complained-of statements were made with actual malice, that is, with actual knowledge of falsity or reckless disregard of the truth. *Burch v. Coca-Cola Co.*, 119 F.3d 305, 324 n. 20 (5th Cir. 1997); *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). "Reckless disregard for the truth means that the defendant in fact entertained serious doubts as to the truth of his publication." *Shaunfield v. Experian Info. Serv.,*

*Inc.* 991 F. Supp. 786, 802 (N.D. Tex. 2014), quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). As the *Biro* court noted, "[t]he hurdles to plausibly pleading actual malice" are "significant given the First Amendment interests at stake." *Id.* at 545. Conclusory allegations are not sufficient to allege malice. *Frank v. Delta Airlines*, No. CIV. A. 3:00-CV-2772, 2001 WL 910386, at *2 (N.D. Tex. Aug. 3, 2001).

In this case, Plaintiff alleges in conclusory fashion that the M&G Defendants "knew that these allegations [in the Rich complaint] were false and frivolous when they filed the lawsuit" because "Joel Rich had already admitted that his sons were responsible for leaking emails from the DNC, and the [M&G Defendants] were aware of this fact." Compl. ¶ 56. But the Complaint contains no allegations regarding when and to whom Joel Rich allegedly admitted that his sons were responsible, let alone how the M&G Defendants would have acquired this information. Indeed, other allegations in Plaintiff's Complaint allege just the opposite – that Seth was not responsible for the leaks. For example, Plaintiff alleges that "official statements" made by, among others, intelligence officials and the Metropolitan Police Department stated directly or indirectly that the claims about Seth's involvement in the DNC hack were not true. Compl. ¶ 73; *see also id.* ¶ 55 ("[T]he Metropolitan Police Department claimed that the FBI had never been involved in the Seth Rich investigation," a claim that "the anti-Trump media trumpeted as proof that the Fox article was a fraud.").

To summarize, then, Plaintiff's allegations relevant to his claim that the M&G Defendants acted with malice are that (1) Joel Rich "admitted" that Seth was involved in the DNC email leak; (2) the M&G Defendants were somehow aware of this admission; (3) after his supposed admission, Joel Rich demanded a retraction of the Fox News article stating that Seth was responsible for leaking the DNC emails; (4) the official sources (including U.S. intelligence

agencies and the police department responsible for investigating Seth's murder) stated that the claim of Seth's involvement was not true; and (5) Joel and Mary Rich hired the M&G Defendants and SG to file a lawsuit against Plaintiff for "knowingly spread[ing] a fake narrative about the death of Seth Rich." Compl. ¶ 56. These facts do not support even an inference, let alone a plausible inference, that M&G's statements were false or that M&G's statements were made with actual malice.

Because Plaintiff fails to allege a plausible claim for defamation, the M&G Defendants, collectively and individually, ask that the Court dismiss Plaintiff's defamation claim.

2.   Plaintiff Fails to State a Plausible Claim for Business Disparagement

To plausibly state a business disparagement claim under either Texas or New York law, Plaintiff must allege both that a defamatory statement was made by the M&G Defendants and that it was published with malice. *Waste Mgmt. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014)*: Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 274 (S.D. N.Y. 2003). Defendants are entitled to the same protections and defenses for a business disparagement claim as for a claim of defamation. *See Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 682-83 (Tex. App.—El Paso 2001, no pet.) ("The same protections which the First Amendment affords defendants from libel claims also protect them from non-libel claims [based on the same publication]."); *Lehman Bros. Commercial Corp. v. China Intern. United Petroleum Chemicals Co, Ltd.*, No. 94 Civ. 8304, 1995 WL 608313 (S.D.N.Y. Oct. 16, 1995) (holding that judicial proceedings privilege precludes business disparagement claim). For the same reasons discussed above, *infra* at 9-13 and 15-18, Plaintiff's business disparagement claim fails as a matter of law.

In addition, Plaintiff fails to adequately plead two other elements that are specifically required to support a business disparagement claim. First, Plaintiff fails to allege that the M&G Defendants' statements referred to his economic or business interests. Plaintiff states that he is a "financial advisor," and he alleges damages arising from the alleged loss of investment clients. Compl. ¶ 10. But none of the M&G Defendants' statements refer to Plaintiff's work as a financial advisor or his financial advising business itself. This is fatal to Plaintiff's business disparagement claim because the disparaging words must refer to his economic interests. *Hurlbut v. Gulf Atl. Life Ins.*, 749 S.W.2d 762, 766 (Tex. 1987) (business disparagement action is intended to protect economic interests of the injured party); *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,* 314 F.3d 48, 59 (2d Cir. 2002) (applying New York law) ("[T]he plaintiff must show that the defendant published an oral, defamatory statement directed at the quality of a business's goods."). Here, the complained-of statements concern Plaintiff himself – there is no mention of Plaintiff's business as a financial advisor.

Second, Plaintiff has failed to adequately allege that any statement by the M&G Defendants resulted in special damages, which is an essential element of business disparagement under both Texas and New York law. In *Alternative Electrodes, LLC v. Empi, Inc.*, the court noted that "special damages must be fully and accurately stated, with sufficient particularity to identify actual losses." 597 F. Supp. 2d 322, 337 (E.D.N.Y. 2009) (citing *MapInfo Corp. v. Spatial Re–Engineering Consultants*, No. 02-cv-1008, 2006 WL 2811816, at *13, *41 (N.D.N.Y Sept. 28, 2006). In the *Alternative Electrodes* case, the plaintiff attached a list of its customers to the complaint and asserted that it had lost sales to "many, if not all of them." *Id* at 336. The court concluded that the plaintiff failed to allege a claim for trade libel in the absence of allegations that identified individual lost customers and the exact damages suffered. *Id.* at 337; *see also*

*Encompass Office Sols, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (special damage requires allegations of "'specific lost sales, loss of trade or loss of other dealings,'" quoting *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 628 (Tex. App. – Fort Worth, pet. denied)). Here, Plaintiff alleges that "he lost one third of his business clients." Compl. ¶ 6. But he has not identified any specific customers or business that was lost as a result of the allegedly defamatory statement. Plaintiff also complains that "he lost the opportunity to host a planned television program." Compl. ¶ 6. This conclusory allegation should also be rejected. *See Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *6 (N.D. Tex. Dec. 29, 2015) (pleading special damages "in conclusory terms" renders business disparagement claim deficient and subject to dismissal); *Alternative Electrodes, LLC,* 597 F. Supp. 2d at 337. Moreover, there is no allegation that Plaintiff's "lost opportunity" was the result of any statements by the M&G Defendants.

In the absence of allegations of statements about Plaintiff's advisory services, and in the absence of facts that reflect or from which the Court could plausibly infer special damages, Plaintiff's business disparagement claim should be dismissed for failure to state a claim.

3.    Plaintiff Fails to State a Plausible Claim for Malicious Prosecution

In order to maintain an action for malicious civil prosecution under Texas law, a plaintiff must plead that: (1) a civil judicial proceeding was previously filed; (2) the defendant in the malicious prosecution case caused the original suit to be filed; (3) the commencement of the original proceeding was malicious; (4) no probable cause existed for the filing of the original pleading; (5) the original suit was terminated in favor of the party prosecuting the later malicious prosecution action; and (6) the plaintiff suffered special injury as a result of the proceeding. *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). The elements of a malicious

prosecution claim under New York law are similar. *347 Cent. Park Associates, LLC v. Pine Top Associates, LLC*, 41 N.Y.S.3d 99, 100 [2d Dep't 2016] (outlining the elements for "malicious prosecution of a civil action").

Just as Plaintiff has not alleged facts from which the Court could reasonably infer malice in connection with his defamation claim, see *infra* at 16-18, he has also failed to allege facts to support his claim that the M&G Defendants acted maliciously in filing the Rich Lawsuit. For this reason alone, Plaintiff's malicious prosecution claim should be dismissed.

Plaintiff's malicious prosecution claim should also be dismissed because he has failed to plead that the alleged malicious prosecution caused a "special injury," that is some physical interference with the plaintiff's person or property in the form of an arrest, attachment, injunction, or sequestration. *Texas Beef Cattle Co*., 921 S.W.2d at 208. A pleading that does not allege some interference with the plaintiff's person or property fails to state a cause of action for malicious prosecution and is fatally defective. *Id.*; *Ameristar Jet Charter, Inc. v. Cobbs*, 184 S.W.3d 369 (Tex. App.—Dallas 2006, no pet.). Damages that a party sustains merely as a result of being sued are not considered to be such an interference with the person or property of the party as will support an action for malicious prosecution. *Id.*; *Finlan v. Dallas Independent School District*, 90 S.W.3d 395, 406 (Tex. App.—Eastland 2002, pet. denied) (damage to reputation, pecuniary loss, adverse tax losses, personal injuries, loss of ability to obtain credit, and loss of "rights to speak and vote" not sufficient to support malicious prosecution claim).

Under New York law, a malicious prosecution claim requires "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Engel v. CBS, Inc*., 93 N.Y.2d 195, 205 [1999]; *see also Honzawa v. Honzawa*, 268 A.D. 2d 327, 329 [1st Dep't 2000] (malicious prosecution requires damage to or

interference with personal or property rights beyond the damages normally attendant to being sued); *see also Zahrey v. City of New York*, No. CIVA 98-4546 (DCP) (JCF), 2009 WL 1024261, at *15, n. 24 (S.D.N.Y. Apr. 15, 2009) (listing cases addressing what does and does not constitute a special injury). Moreover, a malicious prosecution plaintiff must explain how the special injury resulted from the underlying litigation. *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 295 (E.D.N.Y. 2014) (malicious prosecution plaintiff must explain how a "specific and verifiable injury" was caused by the underlying litigation); *Kaye v. Trump*, 58 A.D. 3d 579, 580 [1st Dep't 2009] (malicious prosecution plaintiff must allege "facts that would establish" that underlying action caused special injury).

Here, Plaintiff has failed to properly and adequately allege any physical interference with his person or property, or any special injury that was caused by being named as a defendant in the Rich Lawsuit. Accordingly, Plaintiff's malicious prosecution claim fails.

### 4.    Plaintiff Fails to State a Plausible Claim under New York Judiciary Law § 487

Plaintiff's claim under New York Judiciary Law § 487,[6] which is based entirely on the fact that the Riches' claims against Plaintiff were dismissed by the district court hearing that action, fails as a matter of law. The M&G Defendants maintain that the District Court erred in dismissing the Riches' claims, and the case is on appeal to the Second Circuit Court of Appeals.

Regardless of the ultimate outcome of the Rich Lawsuit, the district court's dismissal does not support a § 487 claim. As the court stated in *Sabatini Frozen Foods, LLC v. Weinberg, Gross & Pergament, LLP*, "New York law permits attorneys wide latitude to practice vigorous advocacy in [the adversarial context] and, thus, will not infer an intent to deceive from conduct

---

[6] The statute provides in pertinent part that an attorney who is "guilty of any deceit or collusion or consent to any deceit or collusion, with intent to deceive the Court or any party . . . forfeits to the party injured treble damages to be recovered in a civil action." N.Y. Jud. Law § 487 (McKinney 2005).

falling 'well within the bounds of the adversarial proceeding.'" No. 14-CV-02111 (DLI) (CLP), 2015 WL 5657374, at *5-6 (E.D.N.Y. Sept. 23, 2015) (quoting *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 93 (2d Cir. 2010); *see also O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008). In *Alliance Network, LLC v. Sidley Austin, LLP*, the court reviewed the type of conduct that would violate § 487, concluding that while misconduct such as "falsifying documents or making statements regarding matters particularly within their knowledge that were untrue" may be actionable under the statute, an attorney's "positions on contested issues in the underlying litigations" are not. 43 Misc. 3d 848, 859 (Sup. Ct. N.Y. Cty. 2014).

New York courts have held that, given the criminal and punitive nature of § 487, relief "is not lightly given." *Chowaiki & Co. Fine Art Ltd. v. Lacher*, 115 A.D.3d 600, 601 [1st Dep't 2014]. New York law imposes a strict test to properly plead the requisite element of intentional deceit: only "egregious conduct or a chronic and extreme pattern of behavior" on the part of the defendant attorneys is actionable under the statute. *Savitt v. Greenberg Traurig, LLP*, 126 A.D.3d 506, 507 [1st Dep't 2015]. Moreover, allegations regarding an act of deceit or intent to deceive must be stated with particularity. *Facebook, Inc. v. DLA Piper, LLP (US)*, 134 A.D.3d 610, 615 [1st Dep't 2015] ("the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient"); *Bryant v. Silverman*, 284 F.Supp.3d 458, 468 (S.D.N.Y. 2018) (FRCP 9(b) requires that a plaintiff plead sufficient facts to give rise to a "strong inference of fraud" to establish Judiciary Law § 487 claim); *Sammy v. Haupel*, 170 A.D.3d 1224, 1225 [2d Dep't 2019] ("plaintiff's conclusory allegation that the defendants intended to deceive the court and the plaintiff . . . was not sufficient to state a cause of action alleging a violation of Judiciary Law § 487").

Plaintiff's claim under § 487 fails because he has failed to allege egregious conduct or a pattern of deceitful behavior (he cannot), and because he has failed to allege even a single fact to support his allegation that the M&G Defendants deceived or intended to deceive the New York court or anyone else. Plaintiff also fails to allege any damages that were proximately caused by the M&G Defendants' alleged misconduct. *Boglia v. Greenberg*, 63 A.D.3d 973, 975 [2d Dep't 2009]. For these reasons, Plaintiff's claim should be dismissed.

     5.    <u>Plaintiff Fails to State a Plausible Claim for Civil Conspiracy</u>

To state a claim for civil conspiracy, a plaintiff must allege: (1) a combination of two or more persons; (2) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) injury suffered by him as a proximate result of the wrongful act. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). The elements are the same in New York. *Meisel v. Grunberg,* 651 F.Supp.2d 98, 119 (S.D.N.Y. 2009) ("To establish a claim of civil conspiracy, plaintiff must demonstrate the underlying tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury."). Importantly, the "meeting of the minds" element requires Plaintiff to plead facts demonstrating that the M&G Defendants, as alleged co-conspirators, knew the object and purpose of the conspiracy, agreed to join the scheme, and did so with the specific intent to injure Plaintiff. *See, e.g.*, *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 538 (5th Cir. 2007); *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996). The M&G Defendants can "only be liable for conspiracy if [they] agreed to the *injury* to be accomplished; agreeing to

the *conduct* ultimately resulting in [the plaintiff's alleged] injury is not enough" to state a claim. *Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008); *accord Juhl*, 936 S.W.2d at 644.

Plaintiff's allegations fail to state a claim for civil conspiracy under the foregoing authorities. First, Plaintiff does not allege that the M&G Defendants agreed to join the alleged conspiracy. Instead, he merely alleges that they were "recruited" to file the Rich Lawsuit by Defendant Bauman. Compl. ¶ 47. Second, Plaintiff does not allege that the M&G Defendants knew the purpose of the alleged conspiracy, *i.e.*, supposedly to intimidate and discredit Plaintiff for questioning what the Complaint terms the "Russia Collusion Hoax" or that they agreed to join the conspiracy once they knew its purpose. Third, Plaintiff does not allege that the M&G Defendants agreed to file the Rich lawsuit, participate in the issuance of the Press Release, or conduct the Interview with the specific intent to injure Plaintiff, rather than merely agreeing to engage in the conduct itself. In sum, Plaintiff fails to allege that the alleged "recruitment" by Defendant Bauman was an invitation to participate in a conspiracy rather than an invitation to act as attorneys to the Riches in filing a serious lawsuit.

Instead, the Complaint contains nothing more than conclusory allegations of the purported conspiracy, *see* Compl. ¶¶ 94-96, which are insufficient to support Plaintiff's conspiracy claim. *See Gregor v. Rossi,* 120 A.D.3d 447, 449 [1st Dep't 2014] (finding that "conspiracy cause of action is deficient for failure to allege facts supporting a conclusion that there was an agreement among defendants regarding an underlying tort"); *Agostini v. Sobol,* 304 A.D.2d 395, 395-96 [1st Dep't 2003] (conspiracy claims based on conclusory allegations properly dismissed).

In addition, Plaintiff's conspiracy allegations are made on "information and belief," which are insufficient as a matter of law. *See* Compl. ¶ 59 ("*On information and belief*, Mr.

Butowsky alleges that Defendant Bauman organized and coordinated the frivolous lawsuit, the press release, and the MSNBC interview along with all the other Massey & Gail Defendants. . . ") (emphasis added). In *Twombly*, the U.S. Supreme Court found that an allegation upon information and belief that defendants had entered into a conspiracy, without more, failed to provide sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 551; s*ee also Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009)(same); *Official Committee of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Securities Corp.*, No. 00 CIV. 8688 (WHP), 2002 WL 362794, at *14 (S.D.N.Y. Mar. 6, 2002) (rejecting as inadequate a "vague allegation that 'upon information and belief'" one defendant directed a conspiracy among others) (applying New York law); *Valdan Sportswear v. Montgomery Ward & Co., Inc.*, 591 F. Supp. 1188, 1191-92 (S.D.N.Y. 1984) (rejecting conspiracy allegations based on "information and belief" pleading that the defendants must have acted in concert because the wrongdoers lacked authority to act without another defendant's permission). This is yet another reason Plaintiff's civil conspiracy claim fails.

Finally, because Plaintiff has failed to state a claim for the underlying torts on which his conspiracy claim relies, he has failed to state a claim for civil conspiracy. Under Texas law, civil conspiracy is a derivative tort; if a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails. *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 640 (5th Cir. 2007). Therefore, whether a plaintiff has stated a claim for civil conspiracy "rises and falls on whether he stated a claim on an underlying tort." *Meadows,* 492 F.3d at 640.

For each of these reasons, the Court should dismiss Plaintiff's claim for civil conspiracy.

## <u>CONCLUSION</u>

For the reasons set forth above, the M&G Defendants, collectively and individually, ask that the Court grant this Motion, in whole or in part, dismiss each of Plaintiff's claims against them with prejudice to refiling, or alternatively, order that Plaintiff re-plead each or any of the causes of action alleged, and for such other and further relief to which they may be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:/s/ Alison H. Moore
Alison H. Moore
amoore@thompsoncoe.com
State Bar No. 09836500
Thomas J. Annis
State Bar No. 24047877
tannis@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**COUNSEL FOR LEONARD A. GAIL, ELI J. KAY-OLIPHANT, SUYASH AGRAWAL, AND MASSEY & GAIL LLP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of July, 2019, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification to such users that are registered as e-filers with that system.

/s/ Alison H. Moore
Alison H. Moore
Thomas J. Annis