**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **EDWARD BUTOWSKY,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **4:19-CV-0180-ALM-KPJ** |
| | § | |
| **MICHAEL GOTTLIEB, et al.,** | § | |
| | § | |
| *Defendants* | § | |

**CNN DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Turner Broadcasting System, Inc. ("CNN")[1] and Defendants Anderson Cooper, Gary Tuchman, Kayvon Oliver Darcy, and Tom Kludt (collectively, the "CNN Individual Defendants"),[2] move to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6) and in support would show:

---

[1] Cable News Network, Inc., a subsidiary of Turner Broadcasting System, Inc., is the entity that published the statements of which Plaintiff complains. For ease of reference, we will refer to the corporate defendant herein as CNN and the individual Defendants as the "CNN Individual Defendants"—collectively, the "CNN Defendants."

[2] As detailed in their Motion to Dismiss for Lack of Personal Jurisdiction, the CNN Individual Defendants contend that the Court lacks personal jurisdiction over them and, on that basis, should dismiss all claims against them. But if the Court determines that it does have personal jurisdiction, then Butowsky's claims still fail and should be dismissed for the reasons set forth below.

# **TABLE OF CONTENTS**

I.    Introduction...................................................................................................................1

II.   Background ..................................................................................................................3

    A.   Butowsky pays for Rod Wheeler to serve as a private investigator for the Rich family after Seth Rich's murder. .........................................................................3

    B.   Butowsky and Wheeler approach the White House about a story on Seth Rich, and Wheeler appears in the media. ....................................................................4

    C.   Fox News retracts its article within a week; Wheeler and the Riches sue Butowsky. ....4

    D.   Butowsky appears on CNN, the Challenged Statements occur and, one year later, Butowsky sues. ...........................................................................................6

III.  Statement of Issues Under Local Rule CV-7 .........................................................8

IV.   Butowsky fails to state a plausible claim for relief.................................................9

    A.   Butowsky fails to state a plausible defamation claim. ....................................10

        1.   The Challenged Statements are privileged and protected by the First Amendment and Texas law. ...........................................................................10

            (a)   The fair comment privilege bars Butowsky's claims. ......................................10

            (b)   The fair report privilege bars Butowsky's claims.............................................12

        2.   The Challenged Statements accurately report on public documents and information and third-party allegations about a matter of public concern. ...................................14

        3.   Butowsky's defamation claim is facially implausible and fails as a matter of law. ...16

            (a)   The Challenged Statements are either protected expressions of opinion or are true. ...............................................................................................16

            (b)   The Challenged Statements are not are not capable of defamatory meaning or "of and concerning" Butowsky, and none constitute defamation per se. ..........18

            (c)   Butowsky cannot show that the CNN Defendants acted with actual malice.....21

                (1)   Butowsky had to adequately plead actual malice both because he is a limited purpose public figure and because the Challenged Statements are privileged. ...............................................................................................21

                (2)    Butowsky failed to adequately plead actual malice (or even negligence). ..23

    B.   Butowsky fails to state a plausible business disparagement claim...............................25

V.    Conclusion ..................................................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alzheimer's Found. of Am., Inc. v. Alzheimers Disease & Related Disorders*
  *Ass'n, Inc.*,
  796 F. Supp. 2d 458 (S.D.N.Y. 2011) ..................................................................................17

*Arant v. Jaffe*,
  436 S.W.2d 169 (Tex. Civ. App.—Dallas 1968, no writ) .....................................................20

*Avila v. Larrea*,
  394 S.W.3d 646 (Tex. App.—Dallas 2012, no pet.) ..............................................................15

*Bauman v. Butowsky*,
  No. 1:18-cv-1191-RJL (D.D.C. 2018) ....................................................................................2

*Bedford v. Spassof*,
  520 S.W.3d 901 (Tex. 2017) ............................................................................................20, 21

*Bentley v. Bunton*,
  94 S.W.3d 561 (Tex. 2002) ...................................................................................................11

*Billington v. Hous. Fire & Cas. Ins. Co.*,
  226 S.W.2d 494 (Tex. Civ. App.—Fort Worth 1950, no writ) .............................................21

*Brewer v. Capital Cities/ABC, Inc.*,
  986 S.W.2d 636 (Tex. App.—Forth Worth 1998, no pet.) ..............................................11, 12

*Brueggemeyer v. Am. Broadcasting Co.*,
  684 F. Supp. 452 (N.D. Tex. 1988) .......................................................................................23

*Busch v. Viacom Int'l, Inc.*,
  477 F. Supp. 2d 764 (N.D. Tex. 2007) ...................................................................................9

*Butowsky v. Folkenflik*,
  No. 4:18-cv-0442 (E.D. Tex. 2018) .........................................................................................2

*Butowsky v. Folkenflik*,
  No. 4:18-cv-0442-ALM, Doc. 54 ............................................................................................4

*Butowsky v. Susman Godfrey, LLP*,
  No. 416-01222-2019 (Collin Cty. 416th Dist. Court 2019) .....................................................2

*Cain v. Hearst Corp.*,
    878 S.W.2d 577 (Tex. 1994) ................................................................................15

*Carr v. Brasher*,
    776 S.W.2d 567 (Tex. 1989) ................................................................................17

*Chevalier v. Animal Rehab. Ctr., Inc.*,
    839 F. Supp. 1224 (N.D. Tex. 1993) ...................................................................22

*Cox Broadcasting v. Cohn*,
    420 U.S. 469 (1975) ................................................................................... *passim*

*Cox Tex. Newspapers, LP v. Penick*,
    219 S.W.3d 425 (Tex. App.—Austin 2007, pet. denied) ................................23, 24

*Cox v. Richards*,
    761 F. App'x 244 (5th Cir. 2019) ...........................................................................3

*Dall. Morning News v. Tatum*,
    554 S.W.3d 614 (Tex. 2018) ................................................................................16

*Dallas Morning News, Inc. v. Hall*,
    —S.W.3d—, 2019 WL 2063576 (Tex. May 10, 2019) .........................12, 13, 15, 16

*Dolcefino v. Turner*,
    987 S.W.2d 100 (Tex. App.—Houston [14th Dist.] 1998), *aff'd sub nom.*,
    *Turner v. KTRK Telev., Inc.*, 38 S.W.3d 103 (Tex. 2000) ......................................24

*Duffy v. Leading Edge Prods., Inc.*,
    44 F.3d 308 (5th Cir. 1995) ..................................................................................24

*East Coast Test Prep, LLC v. Allnurses.com, Inc.*,
    307 F.3d 952 (D. Minn. 2018) .............................................................................17

*Ezrailson v. Rohrich*,
    65 S.W.3d 373 (Tex. App.—Beaumont 2001, no pet.) ........................................19

*Fairbanks v. Roller*,
    314 F. Supp. 3d 85 (D.D.C. 2018) .......................................................................10

*Florida Star v. B.J.F.*,
    491 U.S. 524 (1989) .........................................................................................15, 16

*Freedom Commc'ns, Inc. v. Sotelo*
    No. 11-05-00336-CV, 2006 WL 1644602 (Tex. App.—Eastland June 15,
    2006, no pet.) .................................................................................................11, 12

*Gateway Log. Grp., Inc. v. Dangers Goods Mgmt. Aus. P'ship, Ltd.*,
  No. H-05-2742, 2008 WL 1883914 (S.D. Tex. Apr. 25, 2008)..............................................21

*Goss v. Hous. Cmty. Newspapers*,
  252 S.W.3d 652 (Tex. App.—Houston [14th Dist.] 2008, no pet.)........................................12

*Groden v. Random House, Inc.*,
  61 F.3d 1045 (2d Cir. 1995).................................................................................................17

*Hancock v. Variyam*,
  400 S.W.3d 59 (Tex. 2013).....................................................................................19, 20, 21

*HBO v. Harrison*,
  983 S.W.2d 31 (Tex. App.—Houston [14th Dist.] 1998, no pet.).........................................24

*Johnson v. Houston's Rest., Inc.*,
  167 F. App'x 393 (5th Cir. 2006) ..........................................................................................4

*Johnson v. Phillips*,
  526 S.W.3d 529 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)........................... *passim*

*Kahl v. Bureau of Nat'l Affairs, Inc.*,
  856 F.3d 106 (D.C. Cir. 2017) ............................................................................................10

*Kaufman v. Islamic Soc. of Arlington*,
  291 S.W.3d 130 (Tex. App.—Fort Worth 2009, pet. denied) ...............................................18

*Klentzman v. Brady*,
  312 S.W.3d 886 (Tex. App.—Houston [1st Dist.] 2009, no pet.) .........................................22

*KMBT Op. Co., LLC v. Toledo*,
  492 S.W.3d 710 (Tex. 2016)...............................................................................................10

*United States ex. Rel. Lam v. Tenet Healthcare Corp.*,
  481 F. Supp. 2d 673 (W.D. Tex. 2006).............................................................................5, 22

*Langston v. Eagle Printing Co.*,
  797 S.W.2d 66 (Tex. App.—Waco 1990, no writ) ...............................................................12

*Lauderback v. Am. Broadcasting Co.*,
  741 F.2d 193 (8th Cir. 1984) ..............................................................................................18

*Levine v. CMP Publ., Inc.*,
  738 F.2d 660 (5th Cir. 1984) ................................................................................................9

*Live Face on Web, LLC v. Five Boro Mold Spec. Inc.*,
No. 15 CV 4779-LTS-SN, 2016 WL 1717218 (S.D.N.Y. Apr. 28, 2016) ............................17

*Matherne v. Wilson*,
851 F.2d 752 (5th Cir. 1988) ........................................................................................11, 22

*McDonald v. Raycom TV Broadcasting, Inc.*,
665 F. Supp. 2d 688 (S.D. Miss. 2009)...............................................................................12

*McIlvain v. Jacobs*,
794 S.W.2d 14 (Tex. 1990)..................................................................................................14

*Merco J.V. v. Kaufman*,
923 F. Supp. 924 (W.D. Tex. 1996).............................................................................15, 18

*Miami Herald Publ. Co. v. Tornillo*,
418 U.S. 241 (1974)..............................................................................................................24

*Miles v. Raycom Media, Inc.*,
No. 1:09-cv-713-LG, 2010 WL 3419438 (S.D. Miss. Aug. 26, 2010)....................................9

*MKC Energy Inv., Inc. v. Sheldon*,
182 S.W.3d 372 (Tex. App.—Beaumont 2005, no pet.) .......................................................26

*MMAR Grp., Inc. v. Dow Jones & Co.*,
987 F. Supp. 535 (S.D. Tex. 1997) ......................................................................................25

*Mohamed v. Ctr. for Sec. Policy*,
554 S.W.3d 767 (Tex. App.—Dallas 2018, pet. denied).........................................21, 22, 23

*Montoya v. San Angelo Comm. Med. Ctr.*,
No. 03-16-00510-CV, 2018 WL 2437508 (Tex. App.—Austin May 31, 2018,
pet. denied).....................................................................................................................25, 26

*Moore v. Waldrop*,
166 S.W.3d 380 (Tex. App.—Waco 2005, no pet.)..............................................................20

*Musser v. Smith Protective Servs., Inc.*,
723 S.W.2d 653 (Tex. 1987)................................................................................................19

*New Times, Inc. v. Wamstad*,
106 S.W.3d 916 (Tex. App.—Dallas 2003, pet. denied)......................................................24

*Newspapers, Inc. v. Matthews*,
339 S.W.2d 890 (Tex. 1960)................................................................................................18

*Palin v. N.Y. Times Co.*,
   264 F. Supp. 3d 527 (S.D.N.Y. 2017)...........................................................................23, 25

*Perks v. Town of Huntingtown*,
   251 F. Supp. 2d 1143 (E.D.N.Y. 2003) ...............................................................................23

*Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Ariz.*,
   156 F.3d 940 (9th Cir. 1998) ................................................................................................16

*Press-Ent. Co. v. Superior Court of Cal. for Riverside Cty.*,
   478 U.S. 1 (1986)...........................................................................................................11, 22

*Provencio v. Paradigm Media, Inc.*,
   44 S.W.3d 677 (Tex. App.—El Paso 2001, no pet.)............................................................26

*Rich v. Butowsky*,
   No. 1:18-cv-0681-RJL (D.D.C. 2018) ..............................................................................2, 5

*Rich v. Fox News Network, LLC*,
   No. 1:18-cv-2223-GBD (S.D.N.Y. 2018)...........................................................................2, 5

*Robinson v. Radio One, Inc.*,
   695 F. Supp. 2d 425 (N.D. Tex. 2010) ..................................................................................9

*Ruder v. Jordan*,
   No. 05-14-1265-CV, 2015 WL 4397636 (Tex. App.—Dallas July 20, 2015, no
   pet.) .......................................................................................................................................17

*Shaunfield v. Experian Inf. Sols., Inc.*,
   991 F. Supp. 2d 786 (N.D. Tex. 2014) ...........................................................................23, 25

*Taylor v. Hous. Chronicle Pub. Co.*,
   473 S.W.2d 550 (Tex. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.).............................20

*Texas Monthly, Inc. v . Transam. Nat. Gas. Corp.*,
   7 S.W.3d 801 (Tex. App.—Houston [1st Dist.] 1999, no pet.) .............................................14

*Tyson v. Austin Eating Disorders Ptrs., LLC*,
   No. A-13-CA-180-SS, 2013 WL 3197641 (W.D. Tex. June 21, 2013) ...................................9

*Tyson v. Austin Eating Disorders Ptrs., LLC*,
   No. A-13-CA-180-SS, 2013 WL 4774757 (W.D. Tex. Aug. 30, 2013)..................................24

*Vilma v. Goodell*,
   917 F. Supp. 2d 591 (E.D. La. 2013).....................................................................................25

*Wabakken v. Cal. Dep't Corr. & Rehab.*,
    No. CV-12-1503-GW, 2016 WL 8943297 (C.D. Cal. June 20, 2016) ............................11, 22

*Walker v. Beaumont Indep. Sch. Dist.*,
    No. 1:15-cv-379, 2016 WL 6666828 (E.D. Tex. Mar. 11, 2016) ...........................................22

*Wheeler v. Twenty-First Cent. Fox*,
    1:17-cv-5807-GBD (S.D.N.Y. 2018).....................................................................................2

*Wheeler v. Twenty-First Century Fox*,
    No. 1:17-cv-5807-GBD, Doc. 1 .............................................................................................5

*Wooten v. Roach*,
    —F. Supp. 3d—, 2019 WL 1382344 (E.D. Tex. Mar. 27, 2019) .......................................9, 23

*WorldPak Int'l, LLC v. Diablo Valley Packing, Inc.*,
    No. 4:08-cv-0469, 2010 WL 3657335 (E.D. Tex. Aug. 26, 2010)........................................26

**Statutes**

Tex. Civ. Prac. & Rem. Code § 72.002(b)...................................................................................11

Tex. Civ. Prac. & Rem. Code § 73.004(a)...................................................................................15

Tex. Civ. Prac. & Rem. Code § 73.005(b).......................................................................2, 7, 14, 15

**Other Authorities**

2 Rodney Smolla, Law of Defamation § 8:67 (2d ed. 2019)..........................................................1

# I.  **Introduction**

The defamation claims of Plaintiff Edward Butowsky against the CNN Defendants are irreconcilable with fundamental First Amendment protections afforded to media reports on government investigations, public documents, and legal proceedings. Indeed, Butowsky's suit turns entirely on his rejection of the core First Amendment value underlying the fair report and fair comment privileges: the principle that the public is entitled to know about the workings of its government and that the press serves as a critical conduit for that information. *See* 2 Rodney Smolla, Law of Defamation § 8:67 (2d ed. 2019) ("The fair report privilege . . . partakes of values at the very core of first amendment jurisprudence, the political enlightenment function of the first amendment."). Accurate reporting on public records is equally protected by the First Amendment, and for similar reasons. "Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media." *Cox Broadcasting v. Cohn*, 420 U.S. 469, 495 (1975). Upholding these free-speech privileges afforded the press, at the heart of the First Amendment, is arguably most important when the reporting at issue involves matters of national importance and the most serious of violent crimes. This is such a case.

In 2018, CNN and most every other major media outlet covered events surrounding the hacking of Hillary Clinton campaign emails during the 2016 presidential election and the murder of former Democratic National Committee ("DNC") staffer Seth Rich. (Compl. ¶¶ 38, 55, 67, 69, 73). In Butowsky's view, these events are integrally linked. Various governmental agencies investigating these events reached the opposite conclusion, as Butowsky concedes. (*Id.*). As to the hacking of the Clinton emails, investigating U.S. intelligence and law enforcement agencies, such as the FBI, CIA, and the Special Counsel's Office, have concluded that the Russian government

is responsible for these actions designed to interfere with the 2016 election. (*Id.*). As to Mr. Rich, law enforcement determined that he was murdered in an unrelated, botched robbery. (*Id.*). Butowsky espouses an alternative theory: the Clinton emails were not hacked by Russia, they were stolen by Rich, who then leaked them to WikiLeaks, and was murdered as the result of doing so. (Compl. ¶¶ 1, 33–38). The theory is unsupported, and the CNN Defendants reported on the lack of foundation for Butowsky's contentions. The only major news agency to indulge Butowsky's theory later retracted an article discussing the theory for failing to meet the news organization's "editorial standards." (*Id.* ¶ 40). Following Butowsky's efforts to publicly advance the theory, he became embroiled in litigation with, among others, the Rich family.[3] The CNN Defendants reported on such litigation, including allegations made by parties concerning Mr. Butowsky. As his Complaint amply demonstrates, Butowsky is deeply frustrated with the press coverage of his theory and the various related litigation matters he has been involved in. In a transparent effort to punish and silence reporting with which he disagrees, Butowsky has sued the CNN Defendants, alleging defamation and business disparagement claims.

Butowsky's claims against the CNN Defendants fail on their face, and as a matter of law, for multiple independent reasons, among them: (1) the CNN Defendants' reports are protected by the fair comment and fair report privileges under Texas law and under the First Amendment; (2) accurate reporting of third-party allegations on a matter of public concern is non-actionable under Tex. Civ. Prac. & Rem. Code § 73.005(b); (3) the complained of statements constitute non-actionable opinion; (4) the complained of statements are not of and concerning Butowsky; (5) the

---

[3] *See Butowsky v. Susman Godfrey, LLP*, No. 416-01222-2019 (Collin Cty. 416th Dist. Court 2019); *Butowsky v. Folkenflik*, No. 4:18-cv-0442 (E.D. Tex. 2018); *Rich v. Fox News Network, LLC*, No. 1:18-cv-2223-GBD (S.D.N.Y. 2018); *Wheeler v. Twenty-First Cent. Fox*, 1:17-cv-5807-GBD (S.D.N.Y. 2018); *Bauman v. Butowsky*, No. 1:18-cv-1191-RJL (D.D.C. 2018); *Rich v. Butowsky*, No. 1:18-cv-0681-RJL (D.D.C. 2018).

complained of statements are not capable of defamatory meaning; and (6) Butowsky is a public figure and he has not pleaded and cannot show that the CNN Defendants acted with actual malice.

Butowsky's meritless defamation and business disparagement claims should be dismissed under Rule 12(b)(6).

## II.     Background

**A.     Butowsky pays for Rod Wheeler to serve as a private investigator for the Rich family after Seth Rich's murder.**

The DNC's emails were hacked leading up to the 2016 presidential election. (Compl. ¶¶ 1, 33–34). Around the same time, DNC staffer Seth Rich was murdered. (*Id.* ¶ 35). That murder remains unsolved. But as Butowsky concedes in his Complaint (and references as the "official narrative"), U.S. intelligence and law enforcement agencies concluded that these two events were unrelated. (*Id.* ¶¶ 38, 51, 73). Intelligence agencies such as the FBI and CIA maintain with "high confidence" that "Russians were responsible for obtaining the emails." (*Id.* ¶¶ 51, 73). So does the Special Counsel's Office (*id.* ¶ 73), which recently concluded that "the General Staff of the Russian Army . . . hack[ed] the email accounts of Clinton Campaign volunteers and employees, including campaign chair John Podesta," then gave that material to, among others, "the organization WikiLeaks," which in turn "implied falsely that [Rich] had been the source of the stolen DNC emails."[4] And the Metropolitan Police Department maintains that Seth Rich's murder resulted from a "botched robbery." (Compl. ¶¶ 35, 38, 69).

Yet some people—including Butowsky—maintain that Seth Rich, not the Russians, hacked the DNC's emails. (*E.g.*, *Id.* ¶¶ 1, 5, 35–38, 46). And on that basis, they suggest his death might

---

[4] U.S. Dep't of Justice Special Counsel's Office, *Report on the Investigation into Russian Interference in the 2016 Presidential Election* 4, 48–49 (2019), https://www.justice.gov/storage/report.pdf. The Court "may take judicial notice" of the Special Counsel's Report, which is a public record, "without converting" this Motion to Dismiss "into a motion for summary judgment." *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019); Fed. R. Evid. 803(8).

relate to the hack. (*Id.* ¶¶ 35–38, 49–55). In early 2017, Butowsky approached the Rich family and "offered to pay" for a private investigator to look into Seth Rich's murder. (*Id.* ¶ 36). Butowsky then "referred the Riches to Rod Wheeler, a former homicide detective with the Metropolitan Police Department in Washington, D.C.," and began paying for his services. (*Id.* ¶ 37).

**B.      Butowsky and Wheeler approach the White House about a story on Seth Rich, and Wheeler appears in the media.**

In April 2018, Butowsky and Wheeler met with then-White House Press Secretary Sean Spicer in Washington, D.C., and told him that "they were working on a story about Seth Rich and wanted Spicer to be aware of it." *Butowsky v. Folkenflik*, No. 4:18-cv-0442-ALM, Doc. 54, Am. Compl. ¶¶ 89–91 (E.D. Tex. Mar. 5, 2019).[5] Soon after, Wheeler began to publicize his involvement and was interviewed by reporters from both FoxNews.com and Washington D.C.'s local Fox affiliate station. (*Id.* ¶¶ 38–39). "On May 16, 2017, FoxNews.com published a story by Malia Zimmerman which claims that Seth Rich had been involved in the DNC email leak." (Compl. ¶ 38). The article supposedly "undermined the official narrative of the Metropolitan Police Department that Seth Rich had been murdered in a 'botched robbery,'" as well as the "Russia Collusion Hoax." (*Id.*).

**C.      Fox News retracts its article within a week; Wheeler and the Riches sue Butowsky.**

"On May 23, 2017, Fox News retracted the May 16, 2017 article, claiming that the article did not meet its editorial standards." (*Id.* ¶ 40). A little more than two months later, Wheeler sued Butowsky in the Southern District of New York, alleging that "Mr. Butowsky had pushed the May 16, 2017 Fox News story at the behest of President Trump." (*Id.* ¶ 42). In particular, Wheeler

---

[5] The Fifth Circuit's "precedent makes clear that factual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Johnson v. Houston's Rest., Inc.*, 167 F. App'x 393, 395 (5th Cir. 2006).

alleged that Fox News, Zimmerman, and Butowsky misattributed certain quotes to him in the May 16 article. *See Wheeler v. Twenty-First Century Fox*, No. 1:17-cv-5807-GBD, Doc. 1, Compl. ¶ 115 (S.D.N.Y. Aug. 1, 2017) ("Wheeler Compl."). Wheeler further alleged that after the retraction, Butowsky published defamatory tweets about Wheeler questioning his credibility and chastising him for undermining the May 16 article. *Id.* ¶ 118–19.

In March 2018, Joel and Mary Rich sued Butowsky in the Southern District of New York "on the grounds of intentional infliction of emotional distress, alleging that []Butowsky knowingly caused them harm by misrepresenting the circumstances of their son's death." (Compl. ¶ 45); *Rich v. Fox News Network, LLC*, No. 1:18-cv-2223-GBD, Doc. 2, Compl. (S.D.N.Y. Mar. 13, 2018) ("Joel & Mary Rich Compl."). That same month, Aaron Rich sued Butowsky in District Court for the District of Columbia, asserting that "Butowsky and others defamed [him] by alleging that he helped his brother leak DNC emails to WikiLeaks." (*Id.* ¶ 61); *Rich v. Butowsky*, No. 1:18-cv-0681-RJL, Doc. 3, Compl. (D.D.C. Mar. 26, 2018) ("Adam Rich Compl.").

Aaron Rich's case remains ongoing. The suits brought by Wheeler and Joel and Mary Rich were dismissed in August 2018. (Compl. ¶ 45). In an interview just days later, Butowsky foreshadowed his claims here: "Anybody who did anything negative to me as a result of the lawsuit will pay . . . I'm going to sue the hell out of a lot of firms. I want those people to choke on their nerves and go through the same crap I had to go through."[6]

---

[6] *Exonerated in defamation suits, Ed Butowsky is out for blood*, InvestmentNews (Aug. 6, 2018, 3:56 p.m.), https://www.investmentnews.com/article/20180806/FREE/180809955/exonerated-in-defamation-suits-ed-butowsky-is-out-for-blood. "Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles." *United States ex. Rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) (taking judicial notice of news articles for analysis of motion to dismiss).

**D.     Butowsky appears on CNN, the Challenged Statements occur and, one year later, Butowsky sues.**

In August 2017, Butowsky appeared on CNN for a 22-minute interview in which he gave his side of the story.[7] The following reports, referenced in Butowsky's Complaint, were published by CNN over the next year between March 14, 2018—the day after Joel and Mary Rich sued Butowsky—and October 1, 2018:

| Date | Report | Defendant | Challenged Statement |
|---|---|---|---|
| 03/14/18 | *Family of slain Democratic staffer Seth Rich sues Fox News*[8] <br><br> CNN Business[9] <br><br> (Hereinafter referred to as **Challenged Statement #1**, Compl. ¶ 68) | Kayvon Oliver Darcy | "The family of slain Democratic National Committee staffer Seth Rich filed a lawsuit on Tuesday against Fox News, one of the network's reporters, and a wealthy Texas businessman over their roles in the publication of a baseless conspiracy theory about Rich's 2016 death." |
| 03/14/18 | *This is why the Seth Rich conspiracy won't disappear*[10] <br><br> CNN Business <br><br> (**Challenged Statement #2**, Compl. ¶ 69) | Tom Kludt | "For almost a year now, various conservatives have been latching onto a conspiracy theory surrounding the murder of a young DNC staffer. For them, Seth Rich's murder disproves the entire narrative surrounding Trump and Russia. The problem? It's never been supported by any evidence." <br><br> "The question is this: will the Seth Rich lie ever disappear?" <br><br> "So for conspiracy theorists like Sean Hannity and other allies of the president, the death of Seth Rich is a magic wand to make this existential threat to Trump's |

---

[7]           https://www.cnn.com/videos/cnnmoney/2017/08/02/butowsky-fox-news-seth-rich-cuomo-intv-ctn-full-interview.cnn.

[8] (Ex. A-1, March 14 Article).

[9] CNN Business was formerly known as CNN Money. (Ex. A, Riner Decl. ¶ 3 n.1).

[10] (Ex. A-2, March 14 Video).

| | | | |
|---|---|---|---|
| | | | "presidency just disappear." |
| 03/27/18 | *Seth Rich's Brother, Parents Sue Over Conspiracy Theories[11]*<br><br>Anderson Cooper 360°<br><br>**(Challenged Statement #3**, Compl. ¶¶ 70, 71)[12] | Gary Tuchman | "The conspiracy theory concocted by right-wing commentators was this. The 26 year old Rich, who worked for the Democratic National Committee, had lad leaked DNC emails to WikiLeaks. It wasn't the Russians who did it. And the murder was committed by someone with ties to the DNC as a retaliatory action. Never mind that there was and is no evidence of that." |
| | | | "But there wasn't any evidence at all, it was all made up. Seth Rich was murdered, but evidence has always pointed towards a botched robbery according to D.C. police." |
| | | Anderson Cooper | "It's an unsolved murder, one that police say was probably a robbery gone wrong. But that didn't stop some on the right from promoting unfounded claims trying to tie Seth Rich to the DNC hacking." |
| | | | "For the parents, this is, you know, not only to lose a son but then have their other son being accused of this stuff there's no evidence of" |
| | | | "Has the Rich family received an apology from anyone involved in spreading these lies?" |
| 05/21/18 | *Former Seth Rich family spokesman files lawsuit against individuals, media outlet he says defamed him[13]* | Kayvon Oliver Darcy | "The consultant, Brad Bauman, filed the lawsuit in the US District Court for the District of Columbia. It is the latest in a string of legal action taken against publications and individuals who pushed unfounded claims and theories about Rich's death." |

---

[11] (Ex. A-3, March 27 Video).

[12] Butowsky also complains about statements made by Defendant Michael Gottlieb during this show. (Compl. ¶ 62). As set out below, however, those statements are non-actionable. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 73.005(b).

[13] (Ex. A-4, May 21 Article).

| | | |
|---|---|---|
| | CNN Business | |
| | **(Challenged Statement #4**, Compl. ¶ 68) | |
| 2018-10-01 | *The Washington Times settles lawsuit with Seth Rich's brother, issues retraction and apology for its coverage[14]* | Kayvon Oliver Darcy |
| | CNN Business | |
| | **(Challenged Statement #5**, Compl ¶ 68) | |

The cell content for the statement:

"Seth Rich was fatally shot in Washington, DC, in July 2016. Police have said evidence indicates he was the victim of a botched robbery, but in the wake of his death, far-right activists and media organizations suggested something far more sinister. Without real evidence, they peddled a conspiracy theory that said Seth Rich leaked a trove of DNC emails to WikiLeaks and was killed in retribution for the supposed leak."

Butowsky disagreed with this coverage, and—in line with his earlier threats and based on contorted interpretations of the CNN Defendants' reporting (Compl. ¶¶ 67–74)— retaliated against the CNN Defendants by suing for defamation and business disparagement. (*Id.* ¶¶ 85–88).[15]

## III.   Statement of Issues Under Local Rule CV-7

In ruling on the CNN Defendants' Motion to Dismiss, the Court is presented with the following issues:

(1) Reporting on matters of public concern and public proceedings are protected by the fair comment and fair report privilege under the Texas law and by the First Amendment. Do these privileges apply to the CNN Defendants' reporting on Russian hacking of DNC emails during the 2016 election, the murder of Seth Rich, and litigation related to public reaction to those events in which Butowsky was a party?

(2) Accurate reporting of third-party allegations on a matter of public concern is non-actionable, as are reports concerning documents, records, and information within the public domain. Are Butowsky's claims barred because the Challenged Statements merely report on information within

---

[14] (Ex. A-5, October 1 Article).

[15] The above is the actual language used in the CNN reports. In his Complaint, Butowsky tries to paraphrase or extrapolate from the language used by the CNN Defendants, but the attached exhibits provide the Court with both the actual language and the context.

the public domain and allegations made by third-parties in lawsuits concerning Russian hacking of DNC emails during the 2016 election and the murder of Seth Rich?

(3) Under Texas law, defamation requires the publication of a false statement of fact to a third party that was defamatory concerning the plaintiff and made with the requisite degree of fault. Is Butowsky's claim plausible when (1) the Challenged Statements are either expressions of opinion, true, or incapable of defamatory meaning; (2) the Challenged Statements scrutinize ideas and concepts, not Butowsky himself; and (3) Butowsky fails to allege facts supporting actual malice?

## IV.   Butowsky fails to state a plausible claim for relief.[16]

"To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must 'plead enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Radio One, Inc.*, 695 F. Supp. 2d 425, 426 (N.D. Tex. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wooten v. Roach*, —F. Supp. 3d—, 2019 WL 1382344, at *2 (E.D. Tex. Mar. 27, 2019) (citations omitted). If the plaintiff's allegations "do not permit the Court to infer more than the mere possibility of misconduct," then he fails to meet his burden and the complaint should be dismissed. *Id.* In making this assessment, the "Court may consider the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Id.* Here, that includes copies of the articles and telecasts in which the Challenged Statements appeared. *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 775 n.6 (N.D. Tex. 2007) (considering publications attached as exhibits to defendant's 12(b)(6) motion because they served as the basis for plaintiff's defamation claim).[17]

---

[16] Texas law applies to Butowsky's claims because (1) he alleges he was harmed by nationwide, aggregate reporting, and (2) he was domiciled in Texas when that reporting was published. *Levine v. CMP Publ., Inc.*, 738 F.2d 660, 667 (5th Cir. 1984); *Tyson v. Austin Eating Disorders Ptrs., LLC*, No. A-13-CA-180-SS, 2013 WL 3197641, at *5–6 (W.D. Tex. June 21, 2013).
[17] *See also Miles v. Raycom Media, Inc.*, No. 1:09-cv-713-LG, 2010 WL 3419438, at *1 (S.D. Miss. Aug. 26, 2010) ("[D]efendants attached a copy of the newspaper article at issue in this case as an exhibit to their Motion. Because the

This case involves critical First Amendment protections.

The First Amendment guarantees freedom of speech and freedom of the press. Costly and time-consuming defamation litigation can threaten those essential freedoms. To preserve First Amendment freedoms and give reporters, commentators, bloggers, and tweeters (among others) the breathing room they need to pursue the truth, the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits.

*Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) (Kavanaugh, J.). To that end, "[e]arly resolution of defamation cases under Federal Rule of Civil Procedure 12(b)(6) 'not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive.'" *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 89 (D.D.C. 2018) (quoting *Palin v. N.Y. Times Co.*, 264 F. Supp. 3d 527, 533 (S.D.N.Y. 2017)).

**A.    Butowsky fails to state a plausible defamation claim.**

**1.    *The Challenged Statements are privileged and protected by the First Amendment and Texas law.***

Both the United States and Texas Supreme Courts have long recognized the "special protected nature" of news organizations reporting and opining on public information and matters of public concern. *Cox Broadcasting*, 420 U.S. at 492; *see KMBT Op. Co., LLC v. Toledo*, 492 S.W.3d 710, 713–715 (Tex. 2016) (collecting authority). All the privileges and protections below—any one of which is sufficient to bar Butowsky's claim—apply to the Challenged Statements.

(a)    *The fair comment privilege bars Butowsky's claims.*

The common law fair comment privilege "afford[s] legal immunity for the honest

---

article is mentioned in the Complaint and is central to [plaintiff's] claims, the article is part of the pleadings, and thus, it is not necessary to convert the Motion to a Motion for Summary Judgment.").

expression of opinion on matters of legitimate public interest when based upon a true or privileged statement of fact." *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002). Texas codified that privilege in Texas Civil Practices and Remedies Code § 72.002(b)(2)—which protects both opinion and fact—and under which "reasonable and fair comment on or criticism of a . . . matter of public concern published for general information" is "privileged and cannot form the basis of a libel action." *Brewer v. Capital Cities/ABC, Inc.*, 986 S.W.2d 636, 644–45 (Tex. App.—Forth Worth 1998, no pet.). Both the common law and statutory fair comment privilege apply here.

The Challenged Statements concern Russian interference in the 2016 election, the murder of Seth Rich, and reactions to those events—including litigation involving Butowsky. These are no doubt matters of public concern. *Press-Ent. Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 13 (1986) ("Criminal acts, especially certain violent crimes, provoke public concern, outrage, and hostility."); *Matherne v. Wilson*, 851 F.2d 752, 761 (5th Cir. 1988) (noting that "a person's choice of candidate in an upcoming election is a matter of public concern"; *Wabakken v. Cal. Dep't Corr. & Rehab.*, No. CV-12-1503-GW (DTBx), 2016 WL 8943297, at *12 (C.D. Cal. June 20, 2016) ("One can hardly think of a comment of a more 'public concern' than a comment about a presidential election (or candidate or president).").

Moreover, the CNN Defendants' reporting was reasonable and fair. In assessing whether reporting meets that standard, "the proper comparison should be between a news report or broadcast and an otherwise unprivileged record of the state or federal government." *Freedom Commc'ns, Inc. v. Sotelo*, No. 11-05-00336-CV, 2006 WL 1644602, at *5 (Tex. App.—Eastland June 15, 2006, no pet.). Put differently, "[t]he question is whether the report was factually consistent with the underlying [governmental and other] reports." *Brewer*, 986 S.W.2d at 645. That said, "the First Amendment protects [the CNN Defendants'] analysis, insight, and gloss on such

events, because a reasonable reader is able to make his own judgments about the evidence and would expect [others] to have particular viewpoints." *Johnson v. Phillips*, 526 S.W.3d 529, 537 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also Freedom Commc'ns*, 2006 WL 1644602, at *5 (applying fair report precedent to fair comment analysis).

All of the Challenged Statements are entirely consistent with the reports that Butowsky admits are the "official version of events" from the FBI, CIA, Special Counsel's Office, and Metropolitan Police Department—*i.e.*, Russians hacked the DNC's emails and Seth Rich was murdered in a "botched" robbery. (Compl. ¶¶ 38, 55, 67, 69, 73); *McDonald v. Raycom TV Broadcasting, Inc.*, 665 F. Supp. 2d 688, 690–91 (S.D. Miss. 2009) (collecting authority for proposition that coverage of "information released by" law enforcement, "including reports and records," is privileged). Any commentary on competing theories was merely the CNN Defendants' "analysis, insight, and gloss" on those events and the ensuing related litigation. *Johnson*, 526 S.W.3d at 537. The Challenged Statements are thus protected under the fair comment privilege and cannot sustain Butowsky's defamation claim. *Brewer*, 986 S.W.2d at 644–45.

(b)    *The fair report privilege bars Butowsky's claims.*

All of the Challenged Statements are also protected under the First Amendment and Texas statutory and common law by the fair report privilege, which "protects publications describing official proceedings of public concern." *Dallas Morning News, Inc. v. Hall*, —S.W.3d—, 2019 WL 2063576, at *8 (Tex. May 10, 2019) (citing Tex. Civ. Prac. & Rem. Code § 73.002(a)); *Goss v. Hous. Cmty. Newspapers*, 252 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (common law); *Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 70 (Tex. App.—Waco 1990, no writ).

"The special protected nature of accurate reports of judicial proceedings has repeatedly

been recognized." *Cox Broadcasting*, 420 U.S. at 492–93. The Texas Supreme Court recently, and emphatically, reaffirmed this principle in *Dallas Morning News, Inc. v. Hall*, —S.W.3d—, 2019 WL 2063576, at *9 (Tex. May 10, 2019). "The media enjoy a privilege to report on judicial and official proceedings without regard for whether the information from such proceeding is actually true." *Id.* at *8.

The Challenged Statements fairly, truly, and impartially report on the lawsuits to which Butowsky is a party related to Russian hacking and the Seth Rich murder. Indeed, every Challenged Statement (*see supra* pp. 6–8) appears in at least one of the Wheeler and two Rich lawsuits. Butowsky, for instance, asserts that the CNN Defendants defamed him by referring to the unofficial theory of Seth Rich's murder as baseless, unfounded, and unsupported by evidence. (Compl. ¶¶ 48, 62, 68–71). Joel, Mary, and Aaron Rich all allege the same. (Joel & Mary Rich Compl. ¶¶ 32 ("Joel and Mary assured Butowsky that the rumors about Seth were baseless."); 122 ("[C]onspiracy theories that Seth was killed after having provided WikiLeaks with emails from the DNC . . . are baseless."); Aaron Rich Compl. ¶¶ 31 ("Mary and Joel Rich . . . had 'seen no evidence, by any person at any time, that Seth's murder had any connection to his job at the Democratic National Committee or his life in politics.'"); ¶ 85 ("The [MPD], which is investigating Seth's murder, stated that the 'assertions put forward by Mr. Wheeler are unfounded.'")).

Butowsky also complains that the Challenged Statements said he "spread lies" or portrayed him as a liar. (Compl. ¶¶ 48, 62, 67, 69, 71). No Challenged Statement ever said that about Butowsky. (Ex. A-1 to A-5). Yet even if that had been said, all three lawsuits are replete with unsupported fabrications by Butowsky. (Wheeler Compl. ¶¶ 3–4, 92, 103, 115, 118–19; Joel & Mary Rich Compl. ¶¶ 2, 47–55, 69, 115–16; Aaron Rich Compl. ¶¶ 1, 6–9, 12, 31–32, 37, 41, 53,

65, 68, 76, 80, 82). The same goes for references to Butowsky as a conspiracy theorist. (Compl. ¶¶ 48, 62, 68–70). All three lawsuits repeatedly refer to such conspiracy theories. (Wheeler Compl. ¶¶ 47, 69; Joel & Mary Rich Compl. ¶¶ 22–25, 39, 118; Aaron Rich Compl. ¶¶ 2, 6, 10, 20, 27, 30, 39, 54, 94, 125). And Butowsky in *this* lawsuit alleges theories of conspiracy. (Compl. ¶¶ 93–96).

The CNN Defendants need not "prove the truth of the allegations" repeated to their audience to claim the fair report privilege. *Texas Monthly, Inc. v . Transam. Nat. Gas. Corp.*, 7 S.W.3d 801, 806 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Instead, they need only show that the "statements in the [publications] are a fair, true, and impartial account of the trial record." *Id.* (citations removed).

As shown, all of the Challenged Statements are just that. The CNN Defendants are "not required to provide dry, colorless description of facts, bereft of analysis or insight, to avoid a claim of defamation." *Johnson*, 526 S.W.3d at 537. Indeed, the First Amendment protects their rights to share their perspective and gloss "on the trial and related events." *Id.* At bottom, the CNN Defendants fairly and accurately reported on the lawsuits, the allegations therein, the context thereto, and what Butowsky concedes is the "official version" of the events. Thus, Butowsky's claims are barred by the fair report privilege.

2.      ***The Challenged Statements accurately report on public documents and information and third-party allegations about a matter of public concern.***

In addition to being protected by the fair comment and fair report privileges, the Challenged Statements are non-actionable because—as described above—they accurately report third-party allegations about a matter of public concern. Tex. Civ. Prac. & Rem. Code § 73.005(b); *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990). Because the Challenged Statements accurately describe

Wheeler's and the Riches' allegations, they are substantially true under the third-party allegation rule and cannot support liability as a matter of law. *Hall*, 2019 WL 2063576, at *8.

Likewise, any statements by Defendant Michael Gottlieb while on *Anderson Cooper 360°* cannot support liability. (Compl. ¶¶ 62, 71, *see supra* note 12). "Broadcasters generally are not liable in defamation for broadcasts made by third parties." *Cain v. Hearst Corp.*, 878 S.W.2d 577, 582 (Tex. 1994). In fact, a "broadcaster is not liable in damages for a defamatory statement published or uttered in or as part of a radio or television broadcast by one other than the broadcaster unless the complaining party proves that the broadcaster failed to exercise due care to prevent the publication or utterance of the statement in the broadcast." Tex. Civ. Prac. & Rem. Code § 73.004(a).

Gottlieb's statements do not support liability for the CNN Defendants for several reasons. First, Butowsky cannot sustain his burden to show that they are defamatory for the reasons set forth on pp. 16–25. *See, e.g.*, *Hall*, 2019 WL 2063576, at *5. Second, even if he could, Butowsky has not alleged and cannot show that Anderson Cooper or any other CNN Defendant acted with the requisite degree of fault. *Avila v. Larrea*, 394 S.W.3d 646, 659 (Tex. App.—Dallas 2012, no pet.); *see also Merco J.V. v. Kaufman*, 923 F. Supp. 924, 926–27 (W.D. Tex. 1996). Thus, the CNN Defendants' accurate reporting of third-party allegations falls squarely within the third-party allegation rule and broadcaster privilege. Tex. Civ. Prac. & Rem. Code § 73.005(b); *Hall*, 2019 WL 2063576, at *8; *id.*

The First Amendment also insulates the press from liability for accurately reporting on documents, records, and information within the public domain. *Florida Star v. B.J.F.*, 491 U.S. 524, 535–38 (1989); *Cox Broadcasting*, 420 U.S. 492–96. Once information or "a document becomes part of the public record, the public has access to it, and the press may report its contents."

*Phoenix Newspapers, Inc. v. U.S. Dist. Court for Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998).

As detailed above, that is exactly what the CNN Defendants did here. U.S. intelligence and law enforcement agencies including the FBI, CIA, Special Counsel's Office, and Metropolitan Police Department "publicly revealed" their assessments of the DNC hack and Seth Rich murder. *Florida Star*, 491 U.S. at 535. Butowsky admits that the CNN Defendants reported on that "official version." (Compl. ¶¶ 38, 69, 71, 53). While Butowsky may disagree with that version, once the government releases such documents and information "to public inspection, the press cannot be sanctioned for publishing it." *Cox Broadcasting*, 420 U.S. at 495. Thus, Butowsky's claims are barred by the First Amendment.

**3.      *Butowsky's defamation claim is facially implausible and fails as a matter of law.***

Even if Butowsky's Complaint did not collide with multiple Texas statutory and common law privileges and with First Amendment jurisprudence, his claim should still be dismissed because he cannot state a claim that meets the elements of a defamation action. Butowsky asserts a claim for defamation per se—what the Texas Supreme Court recently termed "textual defamation." *Dall. Morning News v. Tatum*, 554 S.W.3d 614, 626–27 (Tex. 2018). Thus, he must show "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, and (3) was made with the requisite degree of fault." *Hall*, 2019 WL 2063576, at *5. He cannot meet that burden.

(a)      *The Challenged Statements are either protected expressions of opinion or are true.*

To be defamatory, a statement must be of fact. *Hall*, 2019 WL 2063576, at *5. That is, it must be "verifiable as false." *Tatum*, 554 S.W.3d at 624. Opinions, by contrast, "are not defamatory." *Johnson*, 526 S.W.3d at 535. Rather, "[a]ll assertions of opinion are protected by the First Amendment of the United States Constitution and Article I, Section 8 of the Texas

Constitution." *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989). "Whether a statement is a statement of fact or opinion is a question of law to be decided by the court." *Johnson*, 526 S.W.3d at 535.

First, the Challenged Statements' characterization of the theory that Seth Rich leaked emails to WikiLeaks and may have been murdered as a result as baseless, unfounded, or unsupported by evidence is mere opinion on the theory's merit. Compl. (Compl. ¶¶ 48, 62, 68–71). Courts across the country consistently find that statements questioning the legitimacy of such claims "are non-actionable statements of opinion." *Live Face on Web, LLC v. Five Boro Mold Spec. Inc.*, No. 15 CV 4779-LTS-SN, 2016 WL 1717218, at *2 (S.D.N.Y. Apr. 28, 2016); *East Coast Test Prep, LLC v. Allnurses.com, Inc.*, 307 F.3d 952, 968–69 (D. Minn. 2018) (finding "meritless" litigation was non-actionable statement of opinion); *Alzheimer's Found. of Am., Inc. v. Alzheimers Disease & Related Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 471 (S.D.N.Y. 2011) (same for "absurd," "baseless," "ridiculous," and "meritless").

Second, the Challenged Statements' reference to "conspiracy theorists" constitutes opinion regarding the embrace by those aligned with Butowsky of theories that he himself concedes are not "the official version of events." (Compl. ¶¶ 48, 55 62, 68–70); *Ruder v. Jordan*, No. 05-14-1265-CV, 2015 WL 4397636, at *5 (Tex. App.—Dallas July 20, 2015, no pet.) (collecting authority before holding that statements referring to individual as "incompetent, mentally unstable, or raging from rejection" were opinion); *see Groden v. Random House, Inc.*, 61 F.3d 1045, 1051 (2d Cir. 1995) (characterizing conspiracy theorists as "misleading the American public" is "obviously a statement of opinion that could not be reasonable seen as stating or implying provable facts").

Third and finally, the Challenged Statements' reference to those who embrace the

alternative theory of Seth Rich's murder as "spreading lies" and supposed implication that he is a liar—although the Challenged Statements never say that—are pure opinion. (Compl. ¶¶ 48, 62, 67, 69, 71); *Lauderback v. Am. Broadcasting Co.*, 741 F.2d 193, 196 (8th Cir. 1984) (holding ABC broadcast's reference to insurance agents as "crooks" and "liars," and to their practices as "rotten," "unethical," and "sometimes illegal" merely "indicated ABC's opinion" and thus was non-actionable).[18]

(b)     *The Challenged Statements are not are not capable of defamatory meaning or "of and concerning" Butowsky, and none constitute defamation per se.*

Besides being non-actionable opinion, the Challenged Statements are not capable of defamatory meaning and do not concern Butowsky.

To maintain a defamation claim, Butowsky must identify specific defamatory statements that are "of and concerning" him. *Kaufman v. Islamic Soc. of Arlington*, 291 S.W.3d 130, 144 (Tex. App.—Fort Worth 2009, pet. denied). For a statement to "concern" Butowsky, "it must appear that he is the person with reference to whom the statement is made." *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). All but one of the Challenged Statements do not do so, and instead concern the theory that Seth Rich hacked the DNC and may have been murdered as a result. (Compl. ¶¶ 48, 69–70). Butowsky's need to clarify in one of the Challenged Statements that he "was mentioned by name" (Compl. ¶ 71) drives home that the rest of the statements are not "of and concerning" him. *Kaufman*, 291 S.W.3d at 144–48.[19] Vague statements that are not of and concerning Butowsky cannot support a defamation claim under Texas law.

---

[18] A review of Butowsky's allegations regarding the Challenged Statements reveals that it is the expressed opinions with which he takes issue. (Compl. ¶¶ 68-69). To the extent that a statement referring to a theory as "unfounded" could be a statement of fact, then such a statement is true, as Butowsky himself admits that the official investigations all rejected such a theory.

[19] As noted earlier, the Challenged Statement in which Butowsky was identified was a live interview on *Anderson Cooper 360°* in which Michael Gottlieb identified Butowsky. CNN cannot be liable for that statement for the reasons set forth on pp. 14–15.

Even if Butowsky could identify a statement "of and concerning him," he still must show that the statement is defamatory. "Whether the words used are reasonably capable of defamatory meaning is a question of law." *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 n.1 (Tex. 1987). That a statement is false or inaccurate is not enough to clear this bar. Indeed, "[a] statement may be false, abusive, unpleasant, or objectionable without injuring a person's reputation such that it is defamatory." *Johnson*, 526 S.W.3d at 535. To be defamatory, a statement must tend "to injure the subject's reputation, to expose him to public hatred, contempt ridicule, or financial injury, or to impeach his honesty, integrity or virtue." *Id.* at 534. The Court must consider "a reasonable person's perception of the entire publication." *Id.* "If the statement is not reasonably capable of a defamatory meaning, then it is not defamatory as a matter of law and the claim fails." *Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013).

Here, the Challenged Statements' express opinion that the allegation that Seth Rich leaked emails from the DNC and may have been murdered as a result is unfounded, without evidence, and baseless is not reasonably capable of a defamatory meaning because it criticizes an idea or theory, not Butowsky. (Compl. ¶¶ 48, 62, 68–71); *see, e.g.*, *Ezrailson v. Rohrich*, 65 S.W.3d 373, 381–83 (Tex. App.—Beaumont 2001, no pet.) (holding criticism of ideas and theories is not reasonably capable of defamatory meaning). The CNN Defendants' reporting on what Butowsky concedes is the "official version" of government investigations and conclusions on the DNC email hack and Seth Rich's murder, and its discounting of unfounded other theories, is no more defamatory of Butowsky than an article recounting the findings of the Warren Commission is of the countless commentators advocating that President Kennedy's assassination resulted from a conspiracy. If the law were otherwise, the Court would be inundated with lawsuits like this one.

Nor is it defamatory to refer to those who embrace those claims as "conspiracy theorists."

(*Id.* ¶¶ 48, 62, 68–70). Butowsky concedes that his view contradicts the "official version of events." (*Id.* ¶¶ 38, 55, 67, 69, 73). Yet he stands by that view, and maintains that his "statements about the stolen emails were accurate." (*Id.* ¶ 5). Referring to someone who rejects the "official version" of events, and questions whether there were more nefarious elements at play in Seth Rich's murder (*e.g.*, *id.* ¶ 52) as a conspiracy theorist is neither injurious nor inaccurate. *Conspiracy Theory*, Dictionary.com, https://www.dictionary.com/browse/conspiracy-theory (last visited July 1, 2019) ("A theory that rejects the standard explanation for an event and instead credits a covert group or organization with carrying out a secret plot."). A reasonable person would not say that a statement referring to Butowsky's conviction in his own beliefs is capable of a defamatory meaning. *See, e.g.*, *Taylor v. Hous. Chronicle Pub. Co.*, 473 S.W.2d 550, 554 (Tex. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) ("Such a statement rather portrays a man with convictions and the courage to back them up."). That is especially so given the conspiracy theory that Butowsky asserts in this very case. (Compl. ¶¶ 93–96).

Even if referring to Butowsky as a "conspiracy theorist" were defamatory, such a statement would not constitute defamation per se. To be defamation per se, the statement must "injure a person in his office, profession, or occupation." *Hancock*, 400 S.W.3d at 66 (citations omitted). "Disparagement of a general character, equally discreditable to all persons, is not enough unless the particular quality disparaged is of such a character that it is peculiarly valuable in the plaintiff's business or profession." *Bedford v. Spassof*, 520 S.W.3d 901, 905 (Tex. 2017) (citations omitted).

On its face, the phrase "conspiracy theorist" does not rise to this level. *Id.*; *cf. Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.) (holding that "crook" is not slanderous per se); *Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. Civ. App.—Dallas 1968, no writ) (same for "phony," "cheat," and "crook"). Neither does "spreading lies" or "liar." (Compl. ¶¶ 48,

62, 67, 69, 71); *see Gateway Log. Grp., Inc. v. Dangers Goods Mgmt. Aus. P'ship, Ltd.*, No. H-05-2742, 2008 WL 1883914, at *12–13 (S.D. Tex. Apr. 25, 2008) (holding "liar" and "lying, cheating con-man from Texas" were not "not defamatory per se"); *Billington v. Hous. Fire & Cas. Ins. Co.*, 226 S.W.2d 494, 497 (Tex. Civ. App.—Fort Worth 1950, no writ) (same for "liar"). As the Texas Supreme Court recently held, such accusations of "untruthfulness" are not defamation per se for "trades, businesses, and professions that," like Butowsky's, "rely on human interaction." *Hancock*, 400 S.W.3d at 68; *Bedford*, 520 S.W.3d at 905–06.

So even if the Challenged Statements are not construed as privileged, non-actionable opinion, each of them still fails to constitute actionable defamation *per se* under Texas law. For that reason as well, the Court should dismiss Butowsky's claims against the CNN Defendants.

(c)     *Butowsky cannot show that the CNN Defendants acted with actual malice.*

Finally, Butowsky's defamation claim fails on its face because he made no attempt to plead that the CNN Defendants acted with the requisite degree of fault—actual malice. Indeed, even if a negligence standard applied, Butowsky likewise failed to adequately plead any acts or omissions by the CNN Defendants constituting negligence.

(1)     Butowsky had to adequately plead actual malice both because he is a limited purpose public figure and because the Challenged Statements are privileged.

Butowsky must show that the CNN Defendants acted with actual malice because he is a public figure[20] and because the Challenged Statements are privileged. *Mohamed v. Ctr. for Sec.*

---

[20] In his own words, Butowsky "is an internationally recognized expert in the investment wealth management industry" and "a frequent guest speaker about financial world wide current events on CNN, ABC, CBS, NBC, CNBC, Fox Business News, FOX News Channel, Bloomberg TV, and China TV, and has made hundreds of appearances on national television. *Home*, Ed Butowsky (last visited July 1, 2019), http://www.edbutowsky.com/. Butowsky also claims that he is "frequently honored to be interviewed by the national media, including Fox News Channel, Bloomberg TV, Fox Business Channel, The Blaze TV, ABC, NBC, Sports Illustrated, and many of the SIRIUS radio channels, including the David Webb Show," and "was also featured in the move from ESPN "BROKE" in their 30 for 30 series about athletes and their financial lives." *Ed Butowsky*, LinkedIn (last visited July 1, 2019), https://www.linkedin.com/in/edbutowsky/.

*Policy*, 554 S.W.3d 767, 775 (Tex. App.—Dallas 2018, pet. denied); *Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-cv-379, 2016 WL 6666828, at *5 (E.D. Tex. Mar. 11, 2016).

"Whether a person is a public figure is a question of law for the court to decide." *Klentzman v. Brady*, 312 S.W.3d 886, 904 (Tex. App.—Houston [1st Dist.] 2009, no pet.). To determine whether Butowsky is a limited public purpose figure, the Court must consider whether: (1) the controversy at issue is public; (2) Butowsky had "more than a trivial or tangential role in the controversy"; and (3) the alleged defamation was germane to Butowsky's participation in the controversy. *Mohamed*, 554 S.W.3d at 774. Each element is met here.

First, the controversies at issue (Russian interference in the 2016 election, the murder of Seth Rich, and reactions to those events) are public since their "ramifications will be felt by people who are not direct participants." *Mohamed*, 554 S.W.3d at 774; *see also Press-Ent.*, 478 U.S. at 13; *Matherne*, 851 F.2d at 761; *Wabakken*, 2016 WL 8943297, at *12. Second, Butowsky's involvement was more than trivial or tangential because he chose "to engage in activities that involved increased public exposure and media scrutiny" (*Mohamed*, 554 S.W.3d at 775)—namely, seeking out and engaging the media (including then-White House Press Secretary Sean Spicer *and CNN itself*) with regard to those controversies.[21] *Id.* (holding plaintiff was limited purpose public figure when he "made national media appearances, received an invitation to visit the White House, and inspired a Halloween costume"); *Chevalier v. Animal Rehab. Ctr., Inc.*, 839 F. Supp. 1224, 1234 (N.D. Tex. 1993) (same when plaintiff "actively participated in the controversy by appearing

---

[21]    *Ed Butowsky on retracted story (full interview)*, CNN Tonight (Aug. 2, 2017), https://www.cnn.com/videos/cnnmoney/2017/08/02/butowsky-fox-news-seth-rich-cuomo-intv-ctn-full-interview.cnn; *see also* Newsmax TV, *Ed Butowsky Discusses the Murder of Seth Rich*, YouTube (June 26, 2018), https://www.youtube.com/watch?v=c_g59wv42xA; The Gateway Pundit, *TGP Exclusive: Insider Ed Butowsky Talks About the Seth Rich Case*, YouTube (Mar. 17, 2018), https://www.youtube.com/watch?v=7qtkKX5HflM. "Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles." *Tenet Healthcare*, 481 F. Supp. 2d at 680.

on television and giving interviews to magazines"); *see also Perks v. Town of Huntingtown*, 251

F. Supp. 2d 1143, 1168 (E.D.N.Y. 2003) (same when plaintiff "agreed to be interviewed by several

reporters . . . to present his 'side of the story'"). Third and finally, the Challenged Statements are

all germane to Butowsky's involvement because they all relate to either the controversies at issue

themselves or Butowsky's involvement therewith. *Mohamed*, 554 S.W.3d at 775.

In short, Butowsky "'voluntarily engaged in a course that was bound to invite attention and

comment.'" *Brueggemeyer v. Am. Broadcasting Co.*, 684 F. Supp. 452, 458 (N.D. Tex. 1988)

(quoting *Rosanova v. Playboy Ent., Inc.*, 580 F.3d 859, 861 (5th Cir. 1978)). At least one other

court has held as much. *Bauman v. Butowsky*, —F. Supp. 3d—, 2019 WL 1433595, at *8–9

(D.D.C. Mar. 29, 2019) ("Given the controversy surrounding the murder (much of it created by

Butowsky himself) . . . . Bauman was serving as a spokesman at the center of a heated public

controversy over the Seth Rich murder, and he and Butowsky were sparring in the mainstream and

fringe press from opposite sides of the fray."). He is therefore a limited purpose public figure.

Accordingly, and because each of the Challenged Statements is privileged, he must adequately

plead actual malice.

(2)     Butowsky failed to adequately plead actual malice (or even negligence).

To adequately plead actual malice, Butowsky was required to "allege specific facts that

plausibly evidence actual malice in a clear and convincing manner." *Palin*, 264 F. Supp. 3d at 537;

*Shaunfield v. Experian Inf. Sols., Inc.*, 991 F. Supp. 2d 786, 807 n.22 (N.D. Tex. 2014). In other

words, Butowsky had to plead facts showing that the CNN Defendants published the Challenged

Statements with "knowledge of falsity or reckless disregard for the truth." *Cox Tex. Newspapers,*

*LP v. Penick*, 219 S.W.3d 425, 437 (Tex. App.—Austin 2007, pet. denied). "Reckless disregard

for the truth" means the media defendant actually entertained "serious doubt about the truth of the

article at the time it was published." *Id.* "Negligence, lack of investigation, or failure to act as a reasonably prudent person" are insufficient. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 313 (5th Cir. 1995). This is a high bar that Butowsky does not even attempt to meet.

Butowsky does not allege that the CNN Defendants knew the Challenged Statements were false. Nor does he allege that the CNN Defendants seriously doubted the truth of their reporting. *Cf. Tyson v. Austin Eating Disorders Ptrs., LLC*, No. A-13-CA-180-SS, 2013 WL 4774757, at *3 (W.D. Tex. Aug. 30, 2013) (dismissing defamation claim when plaintiff failed to allege defendant subjectively had any significant doubt about the truth of his statement). Instead, Butowsky simply challenges the CNN Defendants' decision to report the "official narrative about the murder of Seth Rich." (Compl. ¶¶ 67–74).

As case after case has held, choices about "content . . . and treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment" protected under the "First Amendment guarantees of a free press." *Miami Herald Publ. Co. v. Tornillo*, 418 U.S. 241, 258 (1974). Editorial choices to accept one version of events over a "contrary version" or to "exclude certain information" and "contrary view[s]" are "not evidence of actual malice." *HBO v. Harrison*, 983 S.W.2d 31, 42 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *New Times, Inc. v. Wamstad*, 106 S.W.3d 916, 928 (Tex. App.—Dallas 2003, pet. denied) ("[A] reporter may rely on statements by a single source, even though they reflect only one side of the story, without manifesting a reckless disregard for the truth."). Simply put, "a publication can portray a person in a negative manner without liability because there is no legal obligation to present a 'balanced view.'" *Dolcefino v. Turner*, 987 S.W.2d 100, 119–21 (Tex. App.—Houston [14th Dist.] 1998), *aff'd sub nom.*, *Turner v. KTRK Telev., Inc.*, 38 S.W.3d 103 (Tex. 2000). The CNN Defendants' editorial choices thus cannot demonstrate actual malice.

Neither can Butowsky's single, conclusory allegation that "CNN maliciously concocted and spread false stories" meet the standard required to plead actual malice. (Compl. ¶ 67). This "assertion is a legal conclusion that is not entitled to any deference." *Shaunfield*, 991 F. Supp. 2d at 807 n.22; *see also Vilma v. Goodell*, 917 F. Supp. 2d 591, 596 (E.D. La. 2013) (holding plaintiff failed to plead plausible defamation claim because his allegation that the defendant's statements "were made with reckless disregard of their truth or falsity and/or with malice" was conclusory). Butowsky fails to "allege specific facts that plausibly evidence actual malice in a clear and convincing manner." *Shaunfield*, 991 F. Supp. 2d at 807 n.22; *Palin*, 264 F. Supp. 3d at 537.

It is facially implausible to suggest that actual malice or even negligence exists when a news organization reports on the "official version" of government investigations. If law enforcement personnel, government investigators and intelligence analysts had "high confidence" in their findings, how could the CNN Defendants have "seriously doubted" such a version of events or been negligent in their accurate reporting of those official versions of events? The answer is self-evident. Butowsky's concession that the CNN Defendants reported the "official version" is fatal to any claim of fault under either an actual malice or a negligence standard. For that reason alone, his claim fails.[22]

## B.    Butowsky fails to state a plausible business disparagement claim.

To prevail on a claim for business disparagement, a plaintiff must show "(1) the defendant published false and disparaging information about [the] plaintiff, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Montoya v. San Angelo Comm. Med. Ctr.*, No. 03-16-00510-CV, 2018 WL 2437508, at *4 (Tex. App.—Austin May 31, 2018, pet.

---

[22] To the extent that Butowsky purports to rely on CNN's refusal to retract this point, that too is insufficient to show actual malice because Butowsky failed to demonstrate at the time of the request that the Challenged Statements were both false and defamatory. *See MMAR Grp., Inc. v. Dow Jones & Co.*, 987 F. Supp. 535, 547–49 (S.D. Tex. 1997).

denied).

Texas courts afford defendants the same privileges and defenses to a business disparagement claim as they do to a defamation claim because "[t]he same protections which the First Amendment affords defendants from libel claims also protect them non-libel claims that are based on the same defamatory publication." *Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 682–83 (Tex. App.—El Paso 2001, no pet.); *see also MKC Energy Inv., Inc. v. Sheldon*, 182 S.W.3d 372, 377 (Tex. App.—Beaumont 2005, no pet.) ("To support a claim for business disparagement, the published statements must be, at a minimum, defamatory.").

Thus, Butowsky's business disparagement claim fails for the same reasons as his defamation claim. *WorldPak Int'l, LLC v. Diablo Valley Packing, Inc.*, No. 4:08-cv-0469, 2010 WL 3657335, at *11 (E.D. Tex. Aug. 26, 2010) (dismissing business disparagement claim on same grounds as defamation claim); *see also Montoya*, 2018 WL 2437508, at *5 (holding business disparagement claim that relied on same facts as defamation claim "fail[ed] for the same reason").

## V.    Conclusion

For each of these reasons, and subject to the CNN Individual Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court should dismiss Butowsky's claims against the CNN Defendants. And because those claims fail as a matter of law, any request for leave to amend should be denied.

Respectfully submitted,

/s/ Robert P. Latham
**Robert P. Latham**
State Bar No. 11975500
blatham@jw.com
**Jamison M. Joiner**
State Bar. No. 24093775
jjoiner@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

**ATTORNEYS FOR CNN DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that this document—except Exhibits A-2 and A-3, which were served by first class mail—was duly served on all counsel of record through the Court's electronic filing system on July 1, 2019.

/s/ Jamison M. Joiner
Jamison M. Joiner