**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| EDWARD BUTOWSKY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:19-CV-00180-ALM-KPJ |
| MICHAEL GOTTLIEB, ET AL., | § | |
| | § | |
| Defendants. | § | |

**THE BAUMAN DEFENDANTS' MOTION TO DISMISS**

Defendants Brad Bauman ("Mr. Bauman") and the Pastorum Group (the "Bauman Defendants") hereby submit this Motion to Dismiss (the "Motion") under Federal Rule of Civil Procedure 12(b)(6).

## I.  INTRODUCTION

Plaintiff Ed Butowksy ("Plaintiff" or "Mr. Butowsky") is a financial advisor and ad-hoc Fox News commentator who spread the claim that a former Democratic National Committee ("DNC") staffer, Seth Rich—not Russia—leaked DNC documents to WikiLeaks during the 2016 presidential election. Because Mr. Butowsky accused Seth Rich of being a traitor, his family sued Mr. Butowsky in the Southern District of New York for defaming their son (the "SDNY Lawsuit"). According to Plaintiff's complaint (the "Complaint"), the Bauman Defendants—a political consultant and the company through which he previously advised—engaged in three sets of wrongful acts: (1) recruiting law firms and parties to file the SDNY Lawsuit; (2) issuing a press release about the lawsuit (the "Press Release"); and (3) scheduling an interview with Defendant

Leonard Gail, where Mr. Gail explained to MSNBC a lawsuit he had filed ("MSNBC Interview"). These facts cannot form the basis for any legally cognizable claim.

First, Plaintiff sues for defamation, alleging the content of the Press Release falsely accused him of being a liar. Because Plaintiff has admitted he is a public figure, he must allege actual malice. Plaintiff has failed to allege more than a conclusory assertion that the Bauman Defendants knew statements they made about Plaintiff were false. Therefore, these allegations do not survive *Twombly* and *Iqbal*.

Second, Plaintiff sues for business disparagement based on the same allegations. This claim requires Plaintiff to prove Defendants specifically defamed his business. Plaintiff has failed to allege that the Bauman Defendants made any comment about any services or products Plaintiff offers as a financial advisor.

Third, Plaintiff sues for malicious prosecution, alleging the Bauman Defendants somehow aided in the filing of the SDNY Lawsuit knowing the allegations were false. Malicious prosecution requires termination of the prior suit in favor of the malicious prosecution plaintiff, special damages, and allegations that the defendant was the party who initiated the prior lawsuit. The SDNY Lawsuit is currently on appeal, so it has not terminated in favor of Mr. Butowsky. Plaintiff has also failed to plead special damages or that the Bauman Defendants were a party who initiated the prior lawsuit.

Fourth, Plaintiff sues for violation of New York Judiciary Law § 487 ("§ 487")—a statute that only regulates attorneys who deceive courts. Neither of the Bauman Defendants are attorneys.

Fifth, Plaintiff sues for conspiracy to disparage and maliciously prosecute Mr. Butowsky, while violating § 487. Civil conspiracy requires sufficient allegations to prove liability for the underlying offense as well as a meeting of the minds to inflict the injury alleged. Plaintiff has

failed to allege more than conclusory, group-pleading facts regarding scienter. And Plaintiff has failed to allege sufficient facts to state a claim for any of the underlying offenses.

Finally, the Bauman Defendants join the Motion to Dismiss filed by co-Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP (the "Gottlieb MTD"), specifically on the bases of: (1) the first-to-file rule; and (2) the failure to add Mr. Rich as a necessary party. *See* ECF 41.[1]

## II. STATEMENT OF ISSUES

1. Does a party state a claim for defamation where he has admitted to being a public figure, yet fails to allege—beyond conclusory assertions—any basis upon which the Defendants may have acquired the sufficient knowledge to have made the defamatory statements with actual malice?

2. Does a party state a claim for business disparagement when he fails to allege that the supposedly defamatory statements specifically pertain to his business or business dealings?

3. Does a party state a claim for malicious prosecution where: (a) the case, which was supposedly prosecuted maliciously, is on appeal; (b) the party has failed to plead he suffered direct damages—such as an involuntary bankruptcy—from a fraudulent legal proceeding; and (c) the Defendant was not the party who initiated the prior lawsuit?

4. Does a party state a claim under § 487—which New York courts have specifically held only applies to the attorney—when he fails to allege the defendant is a lawyer?

---

[1] The core facts being litigated in the D.D.C. lawsuit—whether Seth Rich or Russia stole the documents at issue and gave them to Wikileaks—are also the core facts Plaintiff must prove here to demonstrate liability on the Bauman Defendants' part.

5. Does a party state a claim for civil conspiracy, where he fails to allege sufficient facts to prove liability for the underlying offenses, or facts supporting scienter beyond conclusory assertions and group pleadings?

6. When a case is ongoing, and the party has filed a motion to transfer that has been denied, may the party then file another suit, in a separate court, regarding the same core subject-matter?

7. May a party file suit against a group regarding a lawsuit filed by and regarding a man and his family's affairs without adding the man himself?

### III.   STATEMENT OF FACTS

According to the Complaint, the Bauman Defendants were "unscrupulous" agents of the Democratic National Committee ("DNC"), assigned to keep the public's attention on a "hoax" that Russia interfered with the 2016 presidential election. ECF 1 ¶ 46. To carry this out, the Bauman Defendants somehow "recruited" three major law firms—Massey & Gail; Susman Godfrey; and Boies Schiller Flexner LLP—into the "hoax," convincing them to file multiple lawsuits against Mr. Butowsky, despite knowing they were false. *Id.* ¶ 47. One of these cases—which Plaintiff brings his malicious prosecution claim based on—was the SDNY Lawsuit. *Id.* ¶ 90. "On the same day that [the SDNY] lawsuit was filed," Mr. Bauman allegedly issued a defamatory press release "on behalf of himself, the Massey & Gail Defendants, and the Susman Godfrey Defendants" (the "Press Release"). *Id.* ¶ 57. A cursory review of the SDNY complaint reveals the Press Release merely paraphrases its introductory paragraphs. *Joel Rich and Mary Rich v. Fox News Network, et al.*, Case No. 18-cv-2223, ECF No. 7, ¶¶ 2–4 (S.D.N.Y. filed Mar. 14, 2018).[2]

---

[2] "The Court may take judicial notice of [] previous complaints and court orders . . . because they are matters of public record." *Davis v. Ocwen Loan Servicing, LLC*, No. 1:15-CV-782, 2015 WL 3988702, at *2 n. 1 (N.D. Ga. June 30, 2015).

The Bauman Defendants then supposedly coordinated an MSNBC interview with Defendant Leonard Gail ("Mr. Gail"), where Mr. Gail further stated facts largely paraphrasing the SDNY lawsuit complaint. ECF 1 ¶¶ 58-59. Shortly thereafter, the court dismissed the SDNY Lawsuit for failure to state a claim, but it is currently on appeal before the Second Circuit. *See* Case No. 1:18-cv-0223-GBD, ECF No. 71 (S.D.N.Y. Filed Aug. 7, 2018) (notice of appeal filed by plaintiffs).

## IV. ARGUMENTS AND AUTHORITIES

A. Standard of Review.

Rule 12(b)(6) authorizes dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must accept all well-pleaded facts, allegations that "are no more than conclusions are not entitled to the assumptions of truth." *Iqbal*, 556 U.S. at 679. For an allegation to be "plausible" it must be more than merely conceivable; it must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79; *accord Twombly*, 550 U.S. at 556-57. An allegation is not plausible if it is based solely on legal conclusions or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "'[N]aked assertions devoid of further factual enhancement'" do not fit the bill. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Specifically, group pleadings that "simply lump[] or group[] defendants together without describing which defendant is responsible for what conduct or when each defendant participated

in that unspecified conduct" fail pleading standards set by *Iqbal* and *Twombly*. *Lepore v. NL Brand Holdings LLC*, No. 16-Civ.-08115, 2017 WL 4712633, at *6 (S.D.N.Y. Sept. 28, 2017).

B. <u>Plaintiff's Defamation Claim Fails Because the Complaint Does Not Sufficiently Plead that the Bauman Defendants Acted With Actual Malice</u>.

As a public figure suing for defamation, Mr. Butowsky is required to meet the actual malice standard. His Complaint must allege with particularity that the Bauman Defendants recklessly disregarded the truth of their allegedly defamatory statement.[3] Mr. Butowsky has also only alleged one supposedly defamatory statement by the Bauman Defendants—the Press Release parroting the complaint in the SDNY Lawsuit. ECF 1 ¶ 57. The sole allegation in the Complaint that can be reasonably understood to assert the Bauman Defendants issued the Press Release with actual malice is the conclusory assertion that the Bauman Defendants "knew that Seth Rich leaked emails to Wikileaks." ECF 1 ¶ 46. This is precisely the type of threadbare allegation that fails to rise to the level of plausibility. The Complaint is otherwise devoid of any facts from which the Court could infer that the Bauman Defendants "knew that Seth Rich leaked emails to Wikileaks" (*id*.) or otherwise acted with reckless disregard for the truth of the Press Release. Because Plaintiff failed to adequately allege an element necessary to his defamation claim, his defamation claim against the Bauman Defendants should be dismissed.

C. <u>Plaintiff's Business Disparagement Claim Fails Because He Has Failed to Plead Actual Malice and Because the Bauman Defendants' Allegedly Defamatory Statements Do Not Concern Plaintiff's Business</u>.

The elements of a business disparagement claim include: (1) the publication of a false statement by the defendant; (2) about the plaintiff; (3) with malice; (4) without privilege; and (5) resulting in special damages. *MacFarland v. Le-Vel Brands LLC*, No. 05-16-00672-CV, 2017 WL

---

[3] The Bauman Defendants incorporate by reference the arguments and evidence in its co-defendants' motions to dismiss demonstrating that Mr. Butowsky is a public figure and therefore need plead actual malice. ECF 41 at 23-24; ECF 49 15 n.5.

1089684, at *10-11 (Tex. App.—Dallas Mar. 23, 2017) (mem. op.). A business disparagement plaintiff must "always" prove actual malice. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 671 (S.D. Tex. 2010) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987)). Further, business disparagement and defamation are distinct torts "protecting different interests." *Hurlbut*, 749 S.W.2d at 766. Although defamation is designed to address attacks on a person's reputation, business disparagement is designed to address "cases of the disparagement of property in land, chattels, or intangible things or of their quality." *Id.* (quoting Restatement (Second) of Torts § 623A, comment a (1977)); *accord Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593, 2015 WL 9478187, at *3 (N.D. Tex. Dec. 29, 2015) (dismissing a business disparagement claim under 12(b)(6) and quoting the same restatement provision as being an essential element of business disparagement under Texas law).

Not only does the Complaint's business disparagement claim fail to allege actual malice, the Complaint also fails to allege that the Bauman Defendants slandered the quality of Mr. Butowsky's services. The Complaint alleges Mr. Butowsky is "a financial advisor." ECF 1 ¶ 10. The Press Release is about the SDNY Lawsuit; neither it, nor any other statement made by the Bauman Defendants, disparages the quality of Mr. Butowsky's financial advisory services. Thus, Mr. Butowsky's claim for business disparagement against the Bauman Defendants should be dismissed.

   D.  Plaintiff's Malicious Prosecution Claim Fails For At Least Three Reasons.

Because Mr. Butowsky asserts that the Bauman Defendants maliciously prosecuted a New York lawsuit against him (ECF 1 ¶ 90), New York law govern his malicious prosecution claim. *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 355 (E.D.N.Y. 2010) ("[M]alicious prosecution and abuse of process claims are generally determined 'by the local law

of the state where the proceeding complained of occurred.'") (quoting Restatement (Second) Conflicts of Law § 155)). Under New York law, the malicious prosecution claim against the Bauman Defendants must be dismissed for three reasons.

> i. Because the 'Maliciously Prosecuted' Case Is On Appeal, Plaintiff Cannot Allege It Terminated In His Favor.

"To succeed on a claim for malicious prosecution, a plaintiff must show that the defendant initiated a proceeding that terminated in favor of the plaintiff, an entire lack of probable cause in the prior proceeding, malice, and special injury." *Perryman v. Village of Saranac Lake*, 41 A.D.3d 1080, 1081 (N.Y. App. Div. 2007) (internal quotations and emphasis omitted). "As a result of the strong public policy of open access to the courts for all parties without fear of reprisal in the form of a retaliatory lawsuit, the Court of Appeals has imposed stringent requirements for malicious prosecution actions." *Crown Wisteria, Inc. v. F.G.F. Enters. Corp.*, 168 A.D.2d 238, 240 (N.Y. App. Div. 1990) (internal quotations omitted).

While the New York Court of Appeals has not yet squarely addressed whether a case on appeal has terminated in favor of one party, the case law from other jurisdictions, policy rationale, and New York cases on related issues, all demonstrate the court would find a case on appeal has not terminated in favor of the defendant. The majority of cases across the country have held that where the prior case is still on appeal, it has not terminated in favor of either party. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) (conducting a survey of cases). The Restatement supports these cases. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) ("If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.") (quoting Restatement (Second) of Torts § 674, cmt. j (1977)).

Moreover, the appellant in the prior case could succeed on appeal. As a result, the malicious prosecution claim would have to be retroactively nullified. Such an outcome unnecessarily risks judicial clutter and contradictory outcomes. *See Smith v. Hurd*, 699 F. Supp. 1433, 1436 (D. Haw. 1988) ("Given the opposite rule, if the appellate court were to reverse the trial court in the underlying action, the trial court would face the dilemma of having either to allow both suits to proceed, or to dismiss the malicious prosecution action."), *aff'd* 985 F.2d 574 (9th Cir. 1993). Finally, New York courts have held, in other areas, that a case has not terminated in favor of the accused if it is on appeal. *See Matter of Blount*, 456 N.Y.S.2d 970, 971 (N.Y. Sup. Ct. 1982) ("It follows from this that if a notice of appeal is filed by the People in a dismissed case, that would mean that the criminal proceeding has *not* terminated in favor of the accused.") (emphasis in original); *People v. Bowden*, 957 N.Y.S.2d 637 (Table), 2010 WL 2651628, at *1 (N.Y. Sup. Ct. July 1, 2010) (same). Thus, if faced with the issue, the New York Court of Appeals would likely find a case on appeal has not terminated in favor of the accused and thus cannot be used as the basis for a malicious prosecution claim.

Here, Plaintiff attempts to sue for the malicious prosecution of a case that is on appeal. As such, it has not yet terminated in his favor. He therefore lacks an essential element to his malicious prosecution claim, and it should be dismissed.

    ii.   *Plaintiff Has Not Alleged Special Injury.*

A malicious prosecution plaintiff need also allege special injury. *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 202 (N.Y. 1999) ("New York law has deemed special injury to be a necessary consequence of a malicious prosecution."). This requires an allegation of "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Id.* at 205. Here, Plaintiff complains of having to pay attorneys' fees and

suffering reputational harm—typical outcomes of being sued. Thus, he has failed to allege special damages, and his malicious prosecution claim must be dismissed.

        *iii.*    *The Bauman Defendants Cannot Be Liable for Malicious Prosecution Because They Did Not Initiate the Prior Lawsuit.*

A malicious prosecution claim fails if the plaintiff does not allege that the defendant initiated the prior lawsuit:

> To state a cause of action for malicious prosecution, the plaintiff must demonstrate that the defendant initiated or prosecuted an action or proceeding against him . . . It has been held that the key to the first element of the cause of action is the *defendant's* commencement of the underlying proceeding. . . . Even where the defendant testifies falsely in the underlying action, that is not a basis for liability under malicious prosecution, where the defendant did not initiate the suit.

*Loftus v. Arthur*, 847 N.Y.S.2d 902 (Table), 2007 WL 2376883, at *3 (N.Y. Sup. Ct. July 16, 2007) (emphasis in original). Here, Plaintiffs have not alleged the Bauman Defendants brought the SDNY lawsuit against them; instead, they generally allege he recruited others to file it. The malicious prosecution claim thus fails.

   E.  <u>Plaintiff Cannot State a Claim Against the Bauman Defendants for § 487 Because The Bauman Defendants Are Not Lawyers.</u>

New York Judiciary Law § 487 regulates misbehavior by "[a]n attorney or counselor." Plaintiff has not alleged the Bauman Defendants are or acted as attorneys. The claim must thus be dismissed. *Gilman v. Marsh & McLennan Companies, Inc.*, 868 F. Supp. 2d 118, 133 (S.D.N.Y. 2012) (citing *Barrows v. Alexander*, 78 A.D.3d 1693, 1693 (N.Y.A.D. 2010)) (granting 12(b)(6) because plaintiff failed to allege the defendant acted in their capacity as an attorney).

F.  <u>Plaintiff's Civil Conspiracy Claim Fails Because It Lacks Well-Pleaded Facts For the Meeting of the Minds Element and Because the Underlying Substantive Claims Fail</u>.

To state a claim for civil conspiracy, the plaintiff must allege: (1) two or more people; (2) working together to accomplish an unlawful purpose, or a lawful purpose through unlawful means; (3) a meeting of the minds; (4) an actual unlawful act taken in furtherance of the conspiracy; and (5) injury. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 414 (5th Cir. 2007). Plaintiff must specifically allege the defendants agreed to join the conspiracy with the intent of achieving, or at least knowing, the object of the conspiracy, and with the intent of specifically inflicting the type of injury the plaintiff complains of. *See, e.g.*, *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 538 (5th Cir. 2007); *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008) (a party can "only be liable for conspiracy if he agreed to the *injury* to be accomplished; agreeing to the *conduct* ultimately resulting in injury is not enough") (emphasis in original). This cannot be accomplished through group pleadings, asserting the "defendants" generally agreed to do something wrong, without alleging how they agreed or what they did to come to an agreement:

> Liability is personal. . . . The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy. Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope.

*Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Here, Plaintiff has alleged the Bauman Defendants conspired to commit four torts: (1) defamation; (2) business disparagement; (3) malicious prosecution of the SDNY Lawsuit; and (4) a violation of § 487. ECF 1 ¶¶ 93–96. Plaintiff has failed, on two bases, to state a claim for conspiracy under this theory.

First, Plaintiff has failed to allege any well-pleaded facts sufficient to satisfy the "meeting of the minds" element. Plaintiff alleges the Bauman Defendants "recruited" others to file a lawsuit and issue a press release, but does not plead they all desired a negative outcome, much less how they came to agree on it. This is precisely the type of accusation *Twombly* addressed—conclusory assertions that persons were colluding to inflict harm on the Plaintiff, with nothing more than a recitation of the elements. Plaintiff's complaint is chocked full of ad-hominems and political conspiracies, but repeating the accusations with different adverbs does not substitute for well-pleaded facts. Instead, they boil down to impermissible group pleadings that all of the Defendants did the same things at the same time. The fact that a large group of people believe Mr. Butowsky is manufacturing conspiracy theories does not show they conspired to harm him. Without pleading facts from which the Court can infer a meeting of the minds, Plaintiff has failed to place the Bauman Defendants on notice such that they can defend themselves against these accusations. They have thus failed to adequately plead the "meeting of the minds" element.

Second, even if the Defendants had all agreed to engage in the alleged conduct, none of the things they did constitute actionable offenses. As shown above, the deficiencies in Plaintiff's allegations demonstrate no underlying torts occurred. The civil conspiracy claim must therefore be dismissed as a matter of law. *See, e.g., In re Artho*, 587 B.R. 866, 886 (Bankr. N.D. Tex. 2018) (plaintiff failed to state a claim for civil conspiracy claims where the underlying conduct did not constitute an actionable offense).

## V. CONCLUSION

For the reasons above, the Bauman Defendants respectfully request the Court dismiss Plaintiff's claims against them with prejudice.

This 1st day of July, 2019.                    Respectfully submitted,

*/s/ RJ Giglio*
Andrew B. Ryan
State Bar Card No. 24054464
RJ Giglio
State Bar Card No. 24108016
Ryan Law Partners LLP
3811 Turtle Creek Boulevard, Suite 780
Dallas, Texas 75219
Telephone: (214) 417-0076
Facsimile: (888) 594-6240
E-mail: andy@ryanlawpartners.com
E-mail: rj@ryanlawpartners.com

ATTORNEYS FOR THE BAUMAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2019, a true and correct copy of the foregoing document was served on counsel for all parties via the Court's e-filing system.

*/s/ RJ Giglio*
RJ Giglio