**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**EDWARD BUTOWSKY, in his personal and
professional capacities,**

                          **Plaintiff,**

**v.**

**MICHAEL GOTTLIEB,** *et al.***,**

                          **Defendants**.

**Case No. 4:19-cv-00180-ALM-KPJ**

<u>**OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO FILE RESPONSE BRIEF**</u>

Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("Moving Defendants" or "Mr. Rich's Counsel") submit this Opposition to Plaintiff's Motion for Extension of Time [Dkt. 59] ("Extension Motion").[1] Because Plaintiff has waived his right to file a response to Moving Defendants' Motion to Dismiss [Dkt. 41], the Court should deny his request for an extension.

Plaintiff offers no legal authority for his extension request, and the only factual bases he offers are the unsupported and unsworn arguments of counsel that (1) he missed a calendaring deadline and (2) he "intends to" file an amended complaint. But Plaintiff's *post hoc* rationalization is unavailing. The deadlines for responsive briefing in this Court are clear. Moreover, even if Plaintiff files his hypothetical amended complaint, it will not moot the grounds for dismissal.

As noted in Moving Defendants' Reply in support of their Motion to Dismiss, filed July 9, 2019 [Dkt. 57] ("MTD Reply"), Plaintiff's deadline to file a response to Moving Defendants' Motion to Dismiss [Dkt. 41] was July 8, 2019.[2] (MTD Reply at 1.) He did not file a response by that date. (*See id.*) Plaintiff's counsel now argues that he mis-calendared his response deadline— a fact he "learned" only because Moving Defendants filed their MTD Reply then.

The Local Rules are clear on the deadline for filing a response. *See* L.R. CV-7(e) ("A party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision."). Moreover, Plaintiff's excuse that he mis-calendared the response date is all the less credible because both the ECF notification serving

---

[1] Counsel for Moving Defendants communicated their opposition to Plaintiff's Extension Motion, but Plaintiff filed moments after that communication was sent. (*See* Ex. A to Decl. of Paul Skiermont, attached).

[2] Plaintiff admits that July 8 was the correct deadline. (*See* Extension Mot. at 1).

the Motion to Dismiss, and the docket entry for the Motion to Dismiss, ***expressly state that the***

***response deadline was July 8***. (*See* Exs. A & B to Decl. of Paul Skiermont in Supp. of MTD

Reply). Plaintiff chose to sue 22 different defendants in this case, in addition to similar cases filed

in this District and elsewhere—if he could not abide by the Court's deadlines, he should not have

brought a sprawling federal lawsuit.

The Local Rules are likewise clear that a party waives his right to respond if he fails to

timely file a response brief. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the

manner prescribed herein creates a presumption that the party does not controvert the facts set out

by movant and has no evidence to offer in opposition to the motion."); *Sanchez v. Ocwen Loan*

*Servicing, LLC*, No. 4:16-CV-397, 2016 U.S. Dist. LEXIS 106782, at \*4-5 (E.D. Tex. Aug. 12,

2016) (Mazzant, J.) ("Since Plaintiffs have not filed a response, the Court will assume that they

are not opposed to the Court's granting Defendants' motion to dismiss.").[3] Plaintiff has thus

already waived his right to oppose the Motion to Dismiss and should not be afforded a second

chance.

Plaintiff's argument that his supposed intention to file an amended complaint warrants an

extension is likewise groundless. He offers no legal support for this argument, which appears to

be nothing more than another *post hoc* rationalization for missing the response deadline. Until

Plaintiff filed his Extension Motion, Plaintiff's counsel had not once raised the prospect of

amendment with counsel for Moving Defendants, nor sought to determine their position on

---

[3] Plaintiff attempts to distinguish *Sanchez*, arguing that a longer time elapsed there before the
Court ruled, and that Plaintiff here is now trying to correct his error. But that is beside the point –
as *Sanchez* illustrates, the Local Rules are clear as to the deadlines and consequences for not
adhering to them.

amendment. (Decl. of Paul Skiermont at ¶ 3). The Court should therefore lend this argument no credence.

In any event, an amended complaint, even if timely filed, will not moot Moving Defendants' grounds for dismissal on the basis of their first-to-file arguments, nor on Rule 19 grounds. (*See* Motion to Dismiss at 11-15 (first-to-file), 26-29 (Rule 19)). Either of these grounds is independently sufficient to dismiss the lawsuit as against Moving Defendants, and so the Court should not delay ruling on the Motion to Dismiss. Indeed, this Court has granted a motion to dismiss on Rule 19 grounds even though the plaintiff filed an amended complaint in the interim. *See Frye Family P'ship v. Rough Creek Inv'rs GP, LLC*, No. 4:11-CV-193, 2011 U.S. Dist. LEXIS 83618, at *5 (E.D. Tex. 2011) (Mazzant, J.), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 83658 ("[T]he Court disagrees with Plaintiff that the filing of the Amended Complaint necessarily moots Defendant's Motion to Dismiss. While amending the complaint may cure deficiencies raised in a motion to dismiss, the simple act of filing an amendment does not automatically moot a motion to dismiss." (internal citations omitted)). Likewise, any amendments to Plaintiff's complaint will not change the meritless nature of his claim, given that it will still be subject to dismissal under, among other reasons, the litigation privilege. (*See* Motion to Dismiss at 18-22).

Additionally, Plaintiff is wrong that Moving Defendants will not be prejudiced by a delay in ruling on their Motion to Dismiss. Given the groundless nature of the claims against Moving Defendants, every step forward in this lawsuit costs them more in terms of money and reputation. Moreover, Plaintiff is already moving forward at full speed with discovery—his delay here appears to be nothing more than an attempt to slow the adjudication of dispositive jurisdictional issues while he seeks discovery from third parties. (*See* Ex. B to Decl. of Paul Skiermont, attached)

Finally, the disciplinary history of Plaintiff's counsel cautions against the Court accepting his representations that an extension is necessary in the face of a clearly-delineated deadline. Plaintiff's counsel has been chastised by other federal courts for displaying a "lack of respect for the judicial process" and a "lack of candor." Mem. & Order [Dkt. 87], *Hughes v. Twenty-First Century Fox, Inc.*, No. 17-cv-7093, at 2 (S.D.N.Y. June 25, 2018); *see also Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 123, 128 (D.D.C. 2012), *aff'd*, 554 F. App'x 3 (D.C. Cir. 2014) (sanctioning Plaintiff's counsel for his "vexatious and abusive litigation tactics" and "harassment and delay," and noting other sanctions against him in that District). This pattern of historical behavior counsels against giving him the benefit of the doubt for a *post hoc* justification for missing a clearly stated filing date, particularly where he offers those justifications in an unsworn briefing.

For the forgoing reasons, and for the reasons set forth in their Motion to Dismiss and MTD Reply, Moving Defendants respectfully request that the Court deny Plaintiff's request for an extension of time to respond and that it promptly dismiss this lawsuit as to them.

Dated: July 11, 2019                          /s/ *Christopher M. Hodge*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Christopher M. Hodge (TX Bar No. 24074423)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
chodge@skiermontderby.com

*Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 11, 2019, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

/s/ *Christopher M. Hodge*