IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>    Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, et al.,**<br><br>    Defendants | Case No. 4:19-cv-00180-ALM-kpj |

**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO
BOIES SCHILLER DEFENDANTS' MOTION TO DISMISS and
PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

NOW COMES Edward Butowsky, the Plaintiff, responding in opposition to the MOTION TO DISMISS AND SUPPORTING MEMORANDUM FOR DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP ("MOTION TO DISMISS")(Doc. No. 41), further moving the Court to grant an extension of time:

**Motion for Extension of Time**

The Defendants filed their MOTION TO DISMISS on June 21, 2019, and the Plaintiff's response was due on July 8, 2019. The undersigned mistakenly thought the Plaintiff's response was not due until July 15, 2019, *i.e.*, the deadline for filing an amended complaint as of right. See Fed. R. Civ. P. 15(a)(1)(B) (plaintiff has 21 days to amend complaint after filing of answer or motion to dismiss).[1] The Plaintiff subsequently filed an amended complaint (Doc. No. 62), but Plaintiff's Counsel is not certain whether that

---

[1] As witnessed by his electronic signature below, the undersigned Ty Clevenger declares under penalty of perjury under the laws of the United States that his factual representations in this document are true and correct.

- 1 -

moots the Boies Schiller Defendants' motion, therefore he moves the Court to grant an extension of time and substitute this document as his response to the Boies Schiller Defendants' motion to dismiss (Doc. No. 41).

## Response in Opposition to Motion to Dismiss

### A. Preliminary Statement

In the "preliminary statement" to their motion, the Defendants misrepresent what happened in *Butowsky v. Susman Godfrey, LLP*, No. 416-01222-2019 (426th District Court of Collin County, Texas). As reflected in the very order that they attached as Exhibit B to their motion, the lawsuit was not dismissed as "baseless." Instead, the undersigned failed to file his client's evidence and authorities sufficiently in advance of the hearing, and the evidence and authorities were stricken. Under the stringent rules of the Texas Citizens Participation Act, the trial court was *required* to dismiss the case and award attorney fees. The undersigned made an enormous mistake (perhaps the biggest of his career), and the Plaintiff has been kind enough to forgive it. As set forth herein, however, the events in state court do not support the Boies Schiller Defendants' arguments in any way.

### B. Factual Background

The Defendants' "fact" section is bizarre. The Defendants attached the complaint that they filed in another case, and then act as if those pleadings trump the Plaintiff's complaint filed in this case. The Defendants' counter-allegations must be disregarded. *See Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016)(In considering a 12(b)(6) motion, "we consider only the pleadings and accept them as true") and *Windfield v. Groen Div., Dover*

*Corp.*, 890 F.2d 764, 765 (5th Cir. 1989)(pleadings accepted as true in 12(b)(1) challenge to jurisdiction). The Plaintiff would simply direct the Court to his FIRST AMENDED COMPLAINT (Doc. No. 62), which replaces the ORIGINAL COMPLAINT and speaks for itself.

## C. Legal Argument

### 1. This case does not interfere with the D.C. proceedings.

The Defendants are correct in arguing that the U.S. District Court for the District of Columbia should decide whether this case interferes with another case pending before it. The Plaintiff has attached the response that he filed in the D.C. court in opposition to Aaron Rich's request for an anti-suit injunction as Exhibit 1, and he incorporates it herein by reference.[2] There is only one overlapping fact that is relevant to both lawsuits, and that is whether the Rich brothers played a role in transferring emails from the Democratic National Committee to Wikileaks. That event (or non-event) is not the basis for any cause of action in either case. It is only relevant to whether the defendants in either case were lying.

As an attachment to their July 11, 2019 OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF (Doc. No. 60), the Defendants submitted three subpoenas issued by the Plaintiff. That did nothing to help their cause. The Plaintiff would note that he has another case pending in this Court, namely *Butowsky v. Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM, and he requests that the Court take judicial notice of his complaint in that case (which is found at Doc. No. 62-1 and is now

---

2  As witnessed by his electronic signature below, the undersigned Ty Clevenger declares under penalty of perjury under the laws of the United States that each attachment to this motion / response is a true and correct copy of the document that he represents it to be.

incorporated as part of the Plaintiff's FIRST AMENDED COMPLAINT). That case also turns on the same question, *i.e.*, whether the Rich brothers played a role in transferring emails from the Democratic National Committee to Wikileaks (the Court recently denied the motion to dismiss filed by the defendants in that case). The Plaintiff has attached three subpoenas that he issued from the *Folkenflik* case as Exhibits 2, 3, and 4. The Court will note that they are identical to the subpoenas issued from this case, with the exception of two questions directed to the Democratic National Committee regarding Defendant Bauman. According to the Defendants' reasoning, the Court should dismiss the *Folkenflik* case, abate it, or transfer it to the D.C. court because there is "substantial overlap" with the case in D.C. Indeed, any case that questioned the Rich brothers' role in leaking DNC emails would need to be transferred to the D.C. Court.

**2. The Defendants are subject to personal jurisdiction in Texas.**

The Plaintiff's amended complaint clarifies the fact that the Boies Schiller Defendants knowingly directed an intentional tort toward the Plaintiff in Texas. The Defendants participated in a larger conspiracy not merely to defame Mr. Butowsky, but to intimidate him into silence. In other words, they deliberately tried to affect (and did affect) his activities in Texas. For that, they can face trial in Texas. "Where the wrongdoer is committing an intentional tort, and knows where the effects of that intentional tort will be felt, it does not offend due process to hale that wrongdoer into court in the places where he knew his wrongdoing would cause injury." *Cole v. Tobacco Inst.*, 47 F. Supp. 2d 812, 815–16 (E.D. Tex. 1999), quoting *Commonwealth of Massachusetts v. Philip Morris Inc.*, Civ. No. 95–7378–J (Super.Ct.Middlesex Co. March

20, 1998).

### 3. The Plaintiff properly stated defamation claims.

The Plaintiff has attached as Exhibit 5 a copy of his response to the TCPA motion that was filed in the aforementioned *Susman* case in state court (the response was not considered by the state court because it was stricken as untimely). As explained in that response, D.C. law would govern the extent of any attorney immunity afforded to the Defendants, even if the defamation claim itself arose under Texas law. And immunity in D.C. is relatively narrow:

> In this case, the Court cannot find that the judicial proceedings privilege applies to the three Press Releases because the parties dispute whether and to what extent the press releases were published. Compare Pls.' Mot. at 10 (arguing that Defendants fail to allege that the Press Releases were published to anyone) with Defs.' Opp'n at 6 (arguing that the Press Releases were published to the press and the Armenian News Network). As set forth above, the judicial proceedings privilege does not apply to statements "published to persons not having an interest in or connection to the litigation." *Finkelstein*, 774 A.2d at 338. Here, Defendants allege that the Press Releases were broadcast to the press and were not conveyed to persons who necessarily had an interest in or connection to the litigation. Taking Defendants' allegations as true for purposes of Plaintiffs' Motion to Dismiss, the Court cannot find, as a matter of law, that the judicial proceedings privilege applies to the three Press Releases. *Cf. Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 560 (1st Cir.1997) (although "allegations made in pleadings are absolutely privileged," the same privilege does not apply to "defamatory statements made to the media").

*Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 140 (D.D.C. 2009). Under D.C. law, the Defendants statements to national media were not protected by any type of immunity.

With respect to actual malice, the amended complaint clarifies the fact that the Defendants knew their statements about the Plaintiff were false when they made the

statements. Indeed, they were intentionally smearing the Plaintiff as part of the larger scheme to keep the Russian Collusion Hoax alive.

### 4. The Plaintiff stated a claim for business disparagement.

The Defendants arguments with respect to business disparagement are mooted by the Plaintiff's FIRST AMENDED COMPLAINT.

### 5. The Defendants are liable for the torts of their co-conspirators.

The Defendants arguments with respect to civil conspiracy are conclusory.  The Plaintiff plainly described an overarching tortious scheme, and he elaborated on that scheme in his FIRST AMENDED COMPLAINT.

### 6. Fed. R. Civ. P. 19 is inapposite.

As a matter of hornbook law, attorneys are agents of their clients. If he wanted, the Plaintiff could probably hold Aaron Rich liable for the defamatory statements made by his lawyers insofar as they were Mr. Rich's agents. Likewise, the Plaintiff could probably sue Mr. Rich as a co-conspirator.  That said, there's a big difference between saying the Plaintiff *could* bring claims against Mr. Rich in this proceeding versus saying the Plaintiff *must* bring claims against Mr. Rich in this proceeding. The Defendants cite no authority holding that a plaintiff must bring claims for defamation against a principal as well as his agent, nor do they cite any authority holding that a plaintiff must bring claims against all co-conspirators, and that's because there is no such authority.

## Conclusion

The Defendants' arguments are frivolous and their motion should be denied in all respects.

Respectfully submitted,

/s/ Ty Clevenger
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF CONFERENCE

In all candor, the undersigned forgot about conferring with opposing counsel until 7:52 p.m. CST on July 15, 2019, when he sent the following email to Paul J. Skiermont and Christopher Hodge: "I intend to file an amended response to your clients' motions to dismiss. Please confirm that you will oppose." At 7:59 p.m., Mr. Skiermont responded as follows: "What do you mean by 'an amended response'? Which document (filing) do you intend to amend?" At 8:32 p.m., the undersigned wrote as follows, "I intend to amend my earlier response to your motion to dismiss (Doc. No. 59)." As of the filing of this motion, neither Mr. Skiermont nor Mr. Hodge have indicated whether they intend to oppose the motion.

/s/ Ty Clevenger
Ty Clevenger

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on July 15, 2019, which should result in automatic notification to all counsel of record.

/s/ Ty Clevenger
Ty Clevenger