IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,** <br><br> Plaintiff, <br><br> v. <br><br> **Michael Gottlieb, et al.,** <br><br> Defendants | Case No. 4:19-cv-00180-ALM-kpj |

## MOTION TO STRIKE

NOW COMES Edward Butowsky, the Plaintiff, moving the Court to strike the July 11, 2019 OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF ("OPPOSITION")(Doc. No. 60) filed by Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller & Flexner LLP:

### Factual Background

The Defendants' OPPOSITION suggested that Plaintiff's Counsel was lying when he informed the Court that he accidentally missed a filing deadline.[1] In 16 years of litigation practice, the undersigned had never seen attorneys so casually impugn their opposing counsel as a liar. In a teleconference with Paul Skiermont on July 18, 2019, Plaintiff's Counsel asked Mr. Skiermont pointblank what he thought Plaintiff's Counsel was lying about: did he think Plaintiff's Counsel *intentionally* missed the deadline and was lying about whether it was an accident? Mr. Skiermont could not even answer the question,

---

1  To resolve any lingering confusion, the undersigned declares under penalty of perjury under the laws of the United States that his factual representations in the July 10, 2019 motion for extension of time (Doc. No. 58) are true and correct, as witnessed by his electronic signature below.

and the undersigned defies him to come up with a plausible answer.

Mr. Skiermont and his colleague, Christopher M. Hodge, apparently had other reasons for making the baseless allegation. On June 21, 2019, they served a frivolous Rule 11 motion for sanctions that expounded on Counsel's disciplinary history, but of course they had to wait 30 days before filing it.[2] In the OPPOSITION, however, they found an earlier opportunity to put the non-issue before the Court. It seems that they have been itching to interject Counsel's disciplinary history into this case, even though it has nothing to do with this case, in hopes of prejudicing the Court against Plaintiff's Counsel and ultimately against the Plaintiff himself. Unfortunately, their stunt may have already served its intended purpose. Plaintiff's Counsel was debating whether to respond to the OPPOSITION at all, but any doubt was resolved by the Court's July 17, 2019 ORDER, which seems to have assumed the worst about the undersigned. For fear that the well has been poisoned, Plaintiff's Counsel has no choice but to address the issue, at least briefly.

The OPPOSITION filed by Mr. Skiermont and Mr. Hodge references a sanctions order from *Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 123, 128 (D.D.C. 2012), wherein U.S. District Judge Ellen S. Huvelle made all kinds of nasty allegations against the undersigned, but it fails to tell the rest of the story. The undersigned actually *encouraged* the State Bar of Texas to file disciplinary charges against him so he could start issuing subpoenas and get to the bottom of what happened in Judge Huvelle's courtroom. He has attached as Exhibit 1 a January 7, 2015 letter to the Federal Bureau of

---

2   As witnessed by his electronic signature below, the undersigned declares under penalty of perjury under the laws of the United States that (1) his factual representations in this motion are true and correct, and (2) the exhibits to his motion are true and correct copies of the documents that he represents them to be.

Investigation outlining criminal misconduct (*e.g.*, fabricating and tampering with evidence) in Judge Huvelle's courtroom that she covered up, even as she was secretly communicating ex parte with the undersigned's opposing counsel. After Plaintiff's Counsel presented conclusive evidence that Judge Huvelle covered up a fraud on her own court (as well as circumstantial evidence that she aided and abetted the fraud), the State Bar of Texas dismissed all charges related to Judge Huvelle's sanctions order. *Compare* ORIGINAL DISCIPLINARY PETITION (Exhibit 2), SETTLEMENT AGREEMENT (Exhibit 3), and SECOND AMENDED DISCIPLINARY PETITION (Exhibit 4). The undersigned sued the lawyers who corruptly colluded with Judge Huvelle, and that case is currently pending before the New York Supreme Court's Second Appellate Department. All of the other sanctions referenced in Judge Huvelle's order were the direct result of the fraud on the court perpetrated by those lawyers.[3]

    Yes, there are sanctions from other cases, and Plaintiff's Counsel can address them in detail if the Court wishes. In one of those cases, U.S. District Judge Walter S. Smith, Jr. of Waco sanctioned the undersigned and his clients for allegedly filing a frivolous lawsuit. Plaintiff's Counsel *encouraged* the State Bar of Texas to file disciplinary charges (along with the charges arising from the *Robertson* case) so he could prove that the claims were not frivolous. Plaintiff's Counsel then used subpoena power from the disciplinary case to prove that the lawsuit in Judge Smith's court was not frivolous, and that the defendants in that case had, in fact, stolen more than $1 million in mineral

---

3  Plaintiff's Counsel is writing a book, *Liars and Horse Thieves*, that will discuss in great detail all of the improprieties in the *Robertson* litigation.

royalties.[4] After Plaintiff's Counsel obtained that proof, the Texas Bar dropped the disciplinary charge. As a direct result of discovery in the disciplinary case, U.S. Judge Smith and a colleague were forced from the federal bench in disgrace. *See* Guillermo Contreras, "Suspended for sexual misconduct, retiring federal judge to get paid for life," *San Antonio Express News*, September 20, 2016 (https://www.expressnews.com/news/local/article/Suspended-for-sexual-misconduct-retiring-federal-9235096.php). The undersigned has taken on other difficult and high-profile public corruption matters – often *pro bono* – and these have resulted in felony indictments of a district attorney and the Texas Attorney General. *See* Dave Lieber, "Meet the craziest but bravest lawyer who took on Ken Paxton, federal judges," *Dallas Morning News*, February 16, 2017 (https://www.dallasnews.com/news/watchdog/2017/02/16/watchdog-meet-bravest-texas-lawyer-ty-clevenger).

Rather than address such extraneous issues, Plaintiff's Counsel would very much prefer to focus on representing his client. The Plaintiff is entitled to zealous advocacy, and that is hard to accomplish when Plaintiff's Counsel is having to defend himself from personal attacks.

## Legal Argument

As indicated above, sanctions orders from other cases have absolutely nothing to do with the case before the Court. Instead, Mr. Skiermont and Mr. Hodge were trying to create a distraction, and it seems they may have succeeded. They have multiplied proceedings by forcing Plaintiff's Counsel to waste significant amounts of time defending

---

[4] Judge Smith had dismissed the case on the pleadings, and he neglected to mention that he was personal friends with one of the non-party co-conspirators named in the lawsuit.

his integrity, *see* 28 U.S.C. § 1927, and they have violated the professional rules. "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person..." Rule 4.04(a), Texas Disciplinary Rules of Professional Conduct. For those reasons, the OPPOSITION should be stricken from the docket.

## Conclusion

This motion should be granted, and the OPPOSITION filed by Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller & Flexner LLP should be stricken from the docket.

Respectfully submitted,

/s/ Ty Clevenger
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

      I certify that I conferred with Paul Skiermont by telephone on July 18, 2019, and he indicated that his clients would oppose this motion.

                                        **/s/ Ty Clevenger**
                                        Ty Clevenger

## CERTIFICATE OF SERVICE

      I certify that a copy of this document was filed electronically with the Court's ECF system on July 23, 2019, which should result in automatic notification to all counsel of record.

                                        **/s/ Ty Clevenger**
                                        Ty Clevenger