# Exhibit 2



NO. 380-01407-2013

| COMMISSION FOR | § | IN THE DISTRICT COURT OF |
| LAWYER DISCIPLINE | § | |
| | § | |
| V. | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| TY ODELL CLEVENGER | § | 380th JUDICIAL DISTRICT |

## ORIGINAL DISCIPLINARY PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner, the Commission for Lawyer Discipline, a committee of the State Bar of Texas ("Petitioner"), complains of Respondent, Ty Odell Clevenger ("Respondent"), State Bar No. 24034380 showing the Court:

### I.

Pursuant to Rules 190.1 and 190.3, TEXAS RULES OF CIVIL PROCEDURE (TRCP), Petitioner intends discovery in this case to be conducted under the Level II Discovery Control Plan.

### II.

Petitioner brings this disciplinary action pursuant to the State Bar Act, Tex. Gov't. Code Ann. §81.001, et seq. (Vernon 1988), the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure. The complaint that forms the basis of the Disciplinary Petition was filed on or after January 1, 2004.

### III.

Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas. Respondent is a resident of and has his principal place of practice in Collin County, Texas, specifically at 1095 Meadow Hill Drive, Lavon, Texas 75166. Petitioner requests that the clerk issue citation and return it to the State Bar of Texas, The Princeton, 14651 Dallas Parkway, Suite 925, Dallas, Texas 75254. Petitioner will employ private process service to serve Respondent.

## IV.

On May 18, 2009, Respondent filed a lawsuit in the United States District Court for the Western District of Texas in Waco, Texas ("*Erwin I*"), on his clients' behalf alleging, among other things, racketeering and conspiracy claims in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On June 17, 2009, Respondent filed another lawsuit in the United States District Court for the Southern District of Texas in Houston, Texas ("*Erwin II*"), on his clients' behalf which raised claims alleging RICO violations similar to the *Erwin I* case. The two cases were consolidated and *Erwin II* was transferred to the United States District Court for the Western District of Texas in Waco, Texas.

On March 9, 2011, the Federal District Court dismissed the consolidated *Erwin* lawsuits in its entirety and sanctioned Respondent for filing frivolous claims. The Court concluded that the claims were frivolous because they failed to meet to the requirements under the RICO act, specifically that the plaintiffs failed to identify a RICO enterprise and specific actions which constituted a pattern of racketeering activity. Further, the Court found that Respondent multiplied proceedings "unreasonably and vexatiously," increasing the costs and attorneys' fees incurred by the defendants by naming a variety of unrelated plaintiffs with unrelated claims, such as child custody disputes and false arrest charges. Respondent also named defendants in the lawsuit with whom the plaintiffs had previously reached a settlement. The Court sanctioned Respondent and his clients $25,000.00.

In separate, unrelated proceedings, Respondent unsuccessfully filed a lawsuit ("*Robertson I*") on behalf of his client, Wade Robertson, in the United States District Court for the District of Columbia. On November 22, 2010, while the case was still pending, Respondent filed an identical matter in the Southern District of New York ("*Robertson II*"). Neither the defendants nor their attorneys had any contacts with the State of New York. The United States District Court for the District of Columbia gave leave to Respondent and his client to amend the complaint in *Robertson I*

to include many of the claims that were subsequently brought in *Robertson II*, but Respondent did not amend the complaint to include the *Robertson II* claims.

At trial in *Robertson I*, the jury unanimously found that Respondent's client had breached his fiduciary duties to the defendant and a judgment of $7 million was entered against Respondent's client. *Robertson II* was transferred to the United States District Court for the District of Columbia to review any further briefing and make res judicata determinations. On March 16, 2012, the United States District Court for the District of Columbia dismissed *Robertson II* in its entirety. The Court found that by filing *Robertson II*, Respondent had multiplied proceedings for the improper purpose of forestalling litigation in *Robertson I*. The Court found there to be no basis in law or fact for Respondent's allegations in *Robertson II* that the defendant and others had conspired to defraud Robertson. Further, the Court found that by pursuing *Robertson II* after the verdict in *Robertson I*, Respondent "acted in bad faith and with utter disregard for the judicial system." The Court sanctioned Respondent $123,802.17.

## V.

Such acts and/or omissions on the part of Respondent as are described in Paragraph IV hereinabove, which occurred on or after January 1, 1990, constitute conduct that violates Rules 3.01, 3.02 and 8.04(a)(1) of the Texas Disciplinary Rules of Professional Conduct.

## VI.

The complaint that forms the basis of the cause of action hereinabove set forth was brought to the attention of the Office of the Chief Disciplinary Counsel of the State Bar of Texas by Bryan F. Russ III filing a complaint on or about July 16, 2012.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Petitioner prays for judgment that Respondent be disciplined as the facts shall warrant; and that Petitioner have such other relief to which entitled, including direct expenses, costs of court, and reasonable attorneys' fees and legal assistant fees.

## REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. 194, Respondent is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) - (l), Texas Rules of Civil Procedure.

Respectfully submitted,

**Linda A. Acevedo**
Chief Disciplinary Counsel

**Dirrell S. Jones**
Assistant Disciplinary Counsel

State Bar of Texas
The Princeton
14651 N. Dallas Parkway, Suite 925
Dallas, Texas 75254
(972) 383-2900
(972) 383-2935 Facsimile

_____
Dirrell S. Jones
State Bar Card No. 24071306

**ATTORNEYS FOR PETITIONER**