IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Edward Butowsky, in his personal and professional capacities, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| Michael Gottlieb, Meryl Governski, Boies Schiller Flexner LLP, Brad Bauman, The Pastorum Group, Leonard A. Gail, Eli J. Kay-Oliphant, Suyash Agrawal, Massey & Gail LLP, Gregory Y. Porter, Michael L. Murphy, Bailey & Glasser LLP, Turner Broadcasting System, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, The New York Times Company, Alan Feuer, Vox Media, Inc., and Jane Coaston, | § § § § § § § § § § § § § § § | Case No. 4:19-cv-180 |
| Defendants. | § | |

**MASSEY & GAIL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Plaintiff Edward Butowsky's response in opposition to the M&G Defendants' Motion to Dismiss for lack of personal jurisdiction fails to make a serious case that they are subject to personal jurisdiction in Texas. In fact, Plaintiff concedes that the M&G Defendants are *not* subject to general jurisdiction in Texas. Resp. at 2. Moreover, his argument for specific jurisdiction is limited to the "effects" he allegedly suffered in Texas. Plaintiff's reliance on the Supreme Court's 1984 decision in *Calder v. Jones* fails to recognize how significantly the Supreme Court narrowed the "effects" test in its much more recent 2014 decision, *Walden v. Fiore*. The *Walden* Court made it clear that the fact that the plaintiff felt the effect of the alleged defamation in his state of residence was not sufficient to establish jurisdiction under the Due

1

Process Clause. Rather, the "effects" that are relevant for analyzing a court's jurisdiction over a non-resident defendant are only those that the non-resident defendant intentionally directed at the state itself. As another Texas federal district court has recently noted, "[s]uch 'effects' jurisdiction is rare." *Boyd Tech., Inc. v. Boyd Tech, Inc. (Florida)*, No. H-18-0972, 2018 WL 3581709, at *8 (S.D. Tex. July 25, 2018).

Because neither Plaintiff's Second Amended Complaint nor his response in opposition to the motion to dismiss plead any such acts by the M&G Defendants, Plaintiff has failed to make out a prima facie case to support jurisdiction over them. In addition, Plaintiff has offered no basis for his request for jurisdictional discovery. As a result, the Court should deny his request for discovery and grant the defendants' motion to dismiss for lack of jurisdiction.

I. **The M&G Defendants' Personal Jurisdictional Arguments Were Not At Issue, Much Less "Rejected," in *Butowsky v. Folkenflik***

Plaintiff's introductory argument contends that "many of the arguments raised by Defendants Gail, Kay-Oliphant, Agrawal, and Massey & Gail . . . were raised by the defendants in" *Butowsky v. Folkenflik*, and "those arguments have been rejected." Resp. at 1, citing *Butowsky v. Folkenflik*, 2019 WL 3712026 (E.D. Tex. Aug. 7, 2019). But the opinion that Plaintiff cites relates to the district court's denial of the *Folkenflik* defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). It did not address any personal jurisdiction questions, much less "reject[]" the arguments against personal jurisdiction raised by the M&G Defendants, as Butowsky asserts. In fact, six of the individual *Folkenflik* defendants moved to dismiss for lack of personal jurisdiction (ECF No. 23). Rather than fight the motion, Butowsky instead voluntarily dismissed all six of them. (ECF No. 31.)

**II.      Plaintiff's Assertions Of Alleged Harm In Texas Do Not Establish Specific Jurisdiction Over The M&G Defendants**

Plaintiff unsuccessfully tries to establish specific jurisdiction over the M&G Defendants based on the "effects" of their actions directed at Texas in order to try to fit within the test for specific jurisdiction first articulated in *Calder v. Jones*, 465 U.S. 783, 788–89 (1984), and refined and narrowed in *Walden v. Fiore*, 571 U.S. 277, 287–88 (2014). *See* SAC ¶ 10. Plaintiff argues that the M&G Defendants "purposefully directed" their activities towards Texas "when they tried to cause him harm" and "bully him into silence" in the state. Resp. at 3. Plaintiff claims the facts here "fit squarely with *Calder*" because "Defendants were intentionally trying to interfere with Mr. Butowsky's activities in Texas[.]" Resp. at 5. But the M&G Defendants have already squarely refuted this very argument in their Motion to Dismiss, where they have explained that all of Plaintiff's arguments focus on *Plaintiff's* connection to Texas, not the *M&G Defendants'* connection to Texas, as *Walden* requires. *Walden*, 571 U.S. at 290; *see* Mot. at 11–19.

To support personal jurisdiction here, Supreme Court and Fifth Circuit case law requires that Texas be the "focal point" of the complained of actions and statements by the M&G Defendants in the Rich Lawsuit, Press Release, and Interview; that the connection with Texas be more than "mere injury to a forum resident;" and that "the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. As the Fifth Circuit explained just last year, the "proper question is not whether Plaintiff experienced an injury or effect in a particular location but whether [Defendant's] conduct connects it to the forum in a meaningful way." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 98, 103–04 (5th Cir. 2018); *see also* Mot. at 13–15.

As discussed in the Motion to Dismiss, pp. 15–16, none of Plaintiff's claims against the M&G Defendants—which are based on the Rich Lawsuit, Interview, and Press Release—

3

involves "suit-related conduct" by the M&G Defendants that "create[d] a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The State of Texas was not the focal point of the Rich Lawsuit, which was filed in New York, against a major media defendant and one of its reporters who are based in New York, and against Plaintiff Butowsky relating to his work with the other two defendants. Moreover, neither the Interview nor the Press Release about which Plaintiff complains even mention Texas, let alone focus on Texas or any events or activities that occurred in Texas. *See* Mot. at 15. The allegedly wrongful statements by the M&G Defendants did not concern activity in Texas, were not made in Texas, and were not directed to Texas residents any more than residents of other states. *See Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (plaintiff failed to made a *prima facie* showing that defendant "made statements in which Texas was the focal point: the statements did not concern activity in Texas; nor were they made in Texas or directed to Texas residents any more than residents of any state").

As a result, this case is clearly distinguishable from *Calder* and does not—as Plaintiff contends—"fit squarely with *Calder*." Resp. at 6. Key to the Supreme Court's holding in *Calder* that personal jurisdiction in California was proper over Florida residents was that "California [wa]s the focal point both of the story and of the harm suffered." *Calder*, 465 U.S. at 788–89. The *Calder* court stated:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California.

*Id.* In contrast, in this case Texas was not "the focal point both of the story and of the harm suffered." *See id.*

4

As the Supreme Court stressed in *Walden*, "[f]or a State to exercise jurisdiction consistent with due process," the "relationship among the defendant, the forum and the litigation" "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (emphasis in original)); *see also Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The other two cases that Plaintiff cites at page five of his Response do not help him because they confirm the Supreme Court's focus on the requirement that the defendant purposefully direct its actions at Texas. In *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.,* 921 F.3d 522, 539 (5th Cir. 2019), the Court stated that specific jurisdiction is found only when the out-of-state defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." In *Garcia v. Peterson*, 319 F. Supp. 3d 863, 888 (S.D. Tex. 2018), the court stated that it "must consider whether the plaintiffs have made a prima facie showing that [defendant] purposefully directed its actions at Texas and the conspiracy claim arises out of those contacts." Contrary to Plaintiff's protestations, he has failed to allege that the M&G Defendants purposefully directed any of their activities at Texas.

Crucially, Plaintiff's quoted text from *Walden* concerning *Calder* on page four of his Response leaves out the *Walden* court's analysis of all of the "various contacts" that the *Calder* defendant "had created with California (and not just with the plaintiff) by writing the allegedly libelous story." *Walden*, 571 U.S. at 287. In *Calder*, "[t]he defendants relied on phone calls to 'California sources' for the information in their article; they wrote the story about the plaintiff's activities in California; they caused reputational injury in California by writing an allegedly libelous article that was widely circulated in the State; and the 'brunt' of that injury was suffered

by the plaintiff in that State." *Id.* It was because the Court considered all of these contacts together that it was able to determine that jurisdiction was "therefore proper in California based on the 'effects' of their Florida conduct in California." *Id.* (quoting *Calder*, 465 U.S. at 789). Plaintiff's quotation of only the subsequent paragraph is critically incomplete, because it leaves out the litany of forum contacts that led the Court to base jurisdiction on the "'effects' of their Florida conduct in California." *Id.*

Accordingly, Plaintiff's attempt to argue that *Calder* supports specific jurisdiction over the M&G Defendants plainly fails based on the distinguishable jurisdictional facts in *Calder* and the Supreme Court's and Fifth Circuit's clear directives that "jurisdiction is only proper where the 'defendant himself' made deliberate contact with the forum." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 194 (5th Cir. 2019) (quoting *Walden*, 571 U.S. at 285). Unquestionably, the facts and law here establish the M&G Defendants' "suit-related conduct" did not "create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. As a result, this Court lacks personal jurisdiction over the M&G Defendants.

Plaintiff also argues that the exercise of jurisdiction over the M&G Defendants in Texas would not offend traditional notions of fair play and substantial justice, citing as authority *Cole v. Tobacco Inst.*, 47 F. Supp. 2d 812, 815–16 (E.D. Tex. 1999). Resp. at 5. However, *Cole*, which was decided before *Walden,* is distinguishable. That case involved claims against a tobacco manufacturer in which the court held that the defendant was subject to jurisdiction in Texas under the "stream of commerce" theory. *Id.* The court also considered, but did not decide, whether defendants were subject to jurisdiction under the *Calder* analysis. Specifically the court considered the defendant's argument that, if its alleged "wrongdoing was aimed at more than one state, the *Calder* test does not apply." *Id*. The *Cole* court rightly rejected that argument, which

mischaracterized the Supreme Court's holding in *Calder*, and never addressed the question of whether the defendant's activities were directed toward Texas. *Id.*

Because the Plaintiff has failed to allege that the M&G Defendants purposefully directed their actions at Texas, there is no personal jurisdiction over them and Plaintiff's claims should be dismissed.

### III. Plaintiff's Contentions That The M&G Defendants' Declarations Are Conclusory And That He Is Entitled To Jurisdictional Discovery Both Fail

Plaintiff contends that the M&G Defendants' "self-serving declarations are conclusory and cannot be relied upon as evidence." Resp. at 3. Plaintiff quotes the Declaration by Eli J. Kay-Oliphant (Doc. No. 48-4): "I did not take any action in Texas or directed toward Texas residents in connection with my representation of Joel and Mary Rich other than naming Edward Butowsky as one of the defendants in the Rich Lawsuit, which was filed in the Southern District of New York." Resp. at 3. This is not, as Plaintiff suggests, "a conclusory refutation of the Plaintiff's core allegations of liability[.]" *Id.* The only action that Kay-Oliphant (and the other M&G Defendants) took in representing Joel and Mary Rich that involved Texas was naming Plaintiff as a defendant in the Rich Lawsuit. This factual statement in his Declaration is submitted as evidence of the extent of his forum contacts.

Further, Plaintiff's request for jurisdictional discovery should be denied. *See* Resp. at 3, n. 1. A district court has broad discretion regarding whether to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). "'Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact.'" *Kelly v. Syria Shell Petroleum Dev't B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt,* 686 F.2d at 284). "'When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'" *Id.* (quoting *Wyatt*, 686 F.2d at 284). In order to be entitled to

jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). He must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *HEI Res., Inc. v. Venture Research Inst.*, 2009 WL 2634858, at *7 (N.D. Tex. Aug 26, 2009) (Lynn. J.) (citing *Fielding*, 415 F.3d at 429). He must state what facts he believes discovery would uncover and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "Discovery on matters of personal jurisdiction ... need not be permitted unless the motion to dismiss raises issues of fact. When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284.

In this case, Plaintiff makes a cursory request "to conduct limited discovery for the purpose of establishing personal jurisdiction." Resp. at 3, n.1. Plaintiff's superficial request does not identify the discovery he contends the Court should allow, what facts he hopes to learn, or how those facts would help him establish personal jurisdiction over the M&G Defendants. *See Kelly*, 213 F.3d at 855 (upholding denial of jurisdictional discovery when plaintiffs did not describe facts they hoped to obtain or how the information sought would support specific jurisdiction); *see also Monkey Boy Graphix, Inc. v. Anton Sport, Inc.*, No. 3:08-CV-657-C, 2008 WL 11349966, at *7 (N.D. Tex. Aug. 20, 2008) (denying jurisdictional discovery when plaintiff failed to state facts sought and how facts would support personal jurisdiction). In addition, Plaintiff's entire jurisdictional argument is based on the uncontested fact that he lives in Texas. Based on clear Supreme Court and Fifth Circuit authority and the clear absence of jurisdictional contacts with Texas based on the M&G Defendants' Declarations, discovery should not be permitted because "the lack of personal jurisdiction is clear[.]" *Id.*

**IV.     Conclusion**

For the foregoing reasons and those in their Motion to Dismiss, the M&G Defendants respectfully request that this Court grant their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) because the Court lacks the authority to exert personal jurisdiction over them in Texas.

                                        Respectfully submitted,

                                        THOMPSON, COE, COUSINS & IRONS, L.L.P.

                                        By:*/s/ Alison H. Moore*
                                            Alison H. Moore
                                            amoore@thompsoncoe.com
                                            State Bar No. 09836500
                                            Thomas J. Annis
                                            State Bar No. 24047877
                                            tannis@thompsoncoe.com
                                            700 N. Pearl Street, 25th Floor
                                            Dallas, Texas 75201
                                            Telephone: (214) 871-8200
                                            Facsimile: (214) 871-8209

                                        **COUNSEL FOR LEONARD A. GAIL, ELI J. KAY-OLIPHANT, SUYASH AGRAWAL, AND MASSEY & GAIL LLP**

## **CERTIFICATE OF SERVICE**

      I certify that on September 18, 2019, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification to such users that are registered as e-filers with that system.

*/s/ Alison H. Moore*
Alison H. Moore