IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>     Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, et al.,**<br><br>     Defendants | Case No. 4:19-cv-00180-ALM-kpj |

### CORRECTED MOTION TO STRIKE

NOW COMES Edward Butowsky, the Plaintiff, moving the Court to strike certain portions of his SECOND AMENDED COMPLAINT ("SAC"):

### Background

All of the attorneys in this case have worked together amicably and professionally with one notable exception: Paul Skiermont, the attorney representing the BSF Defendants (*i.e.*, Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP). Rather than contact Plaintiff's Counsel about his objections to the SAC, Mr. Skiermont served yet another draft Rule 11 motion for sanctions against the Plaintiff and Plaintiff's Counsel, and once again it is full of *ad hominem* attacks against the undersigned. Most of the "issues" raised in that motion range from frivolous to ludicrous, and Mr. Skiermont has been warned that if he files his frivolous motion, he will face a counter-motion for sanctions pursuant to 18 U.S.C. §1927 (and possibly Fed. R. Civ. P. 11).

In an attempt to address two of Mr. Skiermont's objections, Plaintiff's Counsel asked counsel for the Defendants whether they would oppose a motion to amend the complaint, and Mr. Skiermont indicated that the BSF Defendants would oppose such a motion.[1] Apparently Mr. Skiermont thinks he can force the Plaintiff to dismiss the entire SAC (*i.e.*, all of his claims) by threatening the Plaintiff with Rule 11 sanctions, and then simultaneously opposing any attempt to address Mr. Skiermont's purported concerns via an amendment.

The Plaintiff also proposed a motion to sever the claims against the non-media Defendants, to include the BSF Defendants, based on the recent developments in *Rich v. Fox News Network, LLC*, 18-2321-CV, 2019 WL 4383204 (2nd Cir. Sept. 13, 2019).[2] Furthermore, the Plaintiff proposed an abatement of the claims against the non-media Defendants. The undersigned explained to Mr. Skiermont that an abatement would address his "first-to-file" arguments because it would allow the D.C. case to proceed first, according to the wishes of the BSF Defendants. Mr. Skiermont indicated that his clients would likewise oppose any abatement. As usual, Mr. Skiermont is not interested in finding solutions to any of his client's purported concerns. Instead, he wants to complicate matters with endless threats and bad-faith objections.

Based on the developments in *Rich v. Fox News*, the Plaintiff intends to dismiss some and perhaps all of his claims against most of the non-media Defendants.

---

1  As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that his factual representations in this motion are true and correct.
2  As of last week, the undersigned thought the Defendants in *Rich v. Fox News* would be petitioning for a rehearing, but they opted not to do that.

Nonetheless, and notwithstanding Mr. Skiermont's endless threats, the Plaintiff has no intention of withdrawing the SAC or dismissing his claims against the BSF Defendants or the media Defendants.

**Argument**

The Plaintiff moves the Court to strike the following sentence from Paragraph 96 of the SAC pending further discovery: "The Plaintiff alleges that [Defendant Governski] enlisted the CNN Defendants in the larger scheme to defame and discredit Mr. Butowsky with false allegations." The undersigned conferred with counsel for the Defendants, and they do not oppose this request.  The Plaintiff further stipulates to the dismissal of the claims in Paragraphs 120-121 pending further discovery.

In support of his draft Rule 11 motion, Mr. Skiermont attached two letters that the undersigned had not seen previously. The Plaintiff offered to attach those two letters as amendments to his complaint, but the BSF Defendants have indicated that they will oppose that request. The Plaintiff has therefore attached those two letters to this motion. The Plaintiff contends that the letters only show that the BSF Defendants have made half-hearted attempts to subpoena documents from Wikileaks and Julian Assange. If the BSF Defendants want to include the letters in support of a motion for summary judgment, they are obviously free to do that.

## Conclusion

The Court should strike part of Paragraph 96 of the SAC as described above, and it should dismiss the claims in Paragraphs 120 and 121

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on October 1, 2019, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger

## CERTIFICATE OF CONFERENCE

On September 24, 2019, I sent an email to all counsel of record asking if the Defendants would oppose a motion to strike the sentence quoted above from Paragraph 96 of the SECOND AMENDED COMPLAINT. None of the Defendants have opposed that request.

**/s/ Ty Clevenger**
Ty Clevenger