**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **Edward Butowsky, in his personal and professional capacities,** | |
| **Plaintiff**, | |
| v. | Case No. 4:19-cv-00180-ALM-KPJ |
| **Michael Gottlieb, *et al*.,** | ORAL ARGUMENT REQUESTED |
| **Defendants**. | |

**RESPONSE TO CORRECTED MOTION TO STRIKE (DKT. 154) BY DEFENDANTS
GOTTLIEB, GOVERNSKI AND BOIES SCHILLER FLEXNER LLP**

Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP (collectively, "BSF Defendants") submit this Response to Plaintiff's Corrected Motion to Strike (Dkt. 154).

***First***, the BSF Defendants do not oppose the portion of Mr. Butowsky's Corrected Motion to Strike directed to striking the allegation in Paragraph 96 of the Second Amended Complaint that, "The Plaintiff alleges that [Defendant Governski] enlisted the CNN Defendants in the larger scheme to defame and discredit Mr. Butowsky with false allegations." (Dkt. 154 at 3.)

***Second***, with respect to the portion of Mr. Butowsky's Corrected Motion to Strike stating, "Plaintiff further stipulates to the dismissal of the claims in Paragraphs 120-121 pending further discovery" (Dkt. 154 at 3), Mr. Butowsky's counsel never raised this stipulated dismissal during the meet and confer process. (Declaration of Paul J. Skiermont in Response to Corrected Motion to Strike, ¶ 4 ("Skiermont Decl.").) In any event, the BSF Defendants do not oppose Mr. Butowsky's stipulated dismissal of the claims in SAC Paragraphs 120-121 (they should be dismissed with prejudice), but note that Mr. Butowsky did not and has not filed a motion to dismiss those claims—instead, he has merely stated his intent to stipulate to the dismissal of those claims "pending further discovery" in a pleading styled "Corrected Motion to Strike." (Dkt. 154 at 3.) As result, the BSF Defendants respectfully request that the Court order Plaintiff to file a stipulated dismissal, with prejudice as to the BSF Defendants, of the claims asserted in SAC Paragraphs 120-121, which purported to allege three causes of action under 42 U.S.C. § 1983, (2) 42 U.S.C. § 1985, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In addition, the BSF Defendants submit this Response to correct factual inaccuracies set forth in the "Background" section of Plaintiff's Corrected Motion to Strike, which are directed to the parties meet and confer process. (Dkt. 154 at 1-2.) Plaintiff complains that the BSF Defendants

1

have "oppos[ed] any attempt" of Plaintiff "to address" the Rule 11 violations for which the BSF Defendants have put Plaintiff and his counsel on notice. (Dkt. 154 at 2.) That is not accurate. Instead, the BSF Defendants opposed any further amendments to the complaint because the parties "have now twice fully briefed motions to dismiss various iterations of Mr. Butowsky's complaints" and the BSF Defendants "are entitled to a decision from the Court without further briefing or additional unauthorized motion practice." (*See* Skiermont Decl., Ex. 1 at 1.) But the BSF Defendants specifically stated that they ***did not oppose*** Plaintiff filing a motion to strike to remove baseless allegations from the SAC in response to the Notice of Rule 11 violations they served on Mr. Butowsky. (*Id*. ("If you think it prudent to alert the Court that you are withdrawing the quoted sentence from Paragraph 96 of the SAC because there was never any basis in fact to plead it, we do not oppose you discharging your duty—and the BSF Defendants would agree to filing a joint motion to strike that allegation—but they oppose any further motions to amend.").)

The Corrected Motion to Strike also contends that Plaintiff proposed a motion to sever and abate his claims against the BSF Defendants (Dkt. 154 at 2)—but wholly mischaracterizes Plaintiff's proposal. Contrary to Plaintiff's representation that he suggested to the BSF Defendants that "an abatement would address [their] 'first-to-file' arguments because it would allow the D.C. case to proceed first, according to the wishes of the BSF Defendants" (*id*.)—Plaintiff in fact never proposed staying this case until the first-filed D.C. Lawsuit was resolved. (Skiermont Decl., ¶ 5, and Ex. 1, *passim*.) Instead, Plaintiff proposed moving this Court "to sever the claims against the lawyer defendants and abate that case **pending the outcome in NY** [New York]." (*Id*. at 4) (emphasis added.) The BSF Defendants rejected that proposal for several reasons.

***First***, the BSF Defendants explained that while the Second Circuit's decision in the New York case "further reveals the baseless nature of Mr. Butowsky's claims against [them], it does

not provide any rationale in support of a motion to sever and stay the BSF Defendants" because "even if the [Second] Circuit were to…overturn the panel decision, that disposition would have no effect—none—on the BSF Defendants pending motion to dismiss for lack of personal jurisdiction, nor would it materially affect any of the other Rule 12(b) grounds for dismissal." (*Id*. at 1.)

*Second*, the BSF Defendants noted that if Plaintiff intended his proposed motion to sever and stay the case against the BSF Defendants pending the outcome in the D.C. Lawsuit, that motion was not timely—and could have been raised much earlier and before the parties had expended substantial time and resources fully briefing two rounds of motions to dismiss. (*Id*.) The BSF Defendants further noted that given they had fully briefed two rounds of motions to dismiss, they desired the Court's ruling on the pending motion, which includes grounds for dismissal based on the lack of personal jurisdiction and other Rule 12(b) grounds, "without further briefing or additional unauthorized motion practice." (*Id*.) More importantly, while, as noted, Plaintiff has never asked the BSF Defendants if they would consent to a motion to stay pending the outcome of the D.C. Lawsuit, nor has Plaintiff filed such a motion, Plaintiff did previously suggested staying this case as to the BSF Defendants pending the outcome in D.C.—but only if he lost the first-to-file issue on the merits and the Court finds a likelihood of substantial overlap between the two lawsuits. (Dkt. 116 at 6.) The BSF Defendants addressed and rebutted the propriety of that proposed alternative remedy in their motion to dismiss reply brief. (Dkt. 129 at 4.) There, the BSF Defendants pointed out that the case Plaintiff cited in support of a stay had nothing to do with the First-Filed Rule, and further established that the First-Filed Rule requires the first-filed court to determine whether there is actually substantial overlap, ***and how to address it***, which requires dismissal or transfer as the remedy—not a stay. (*Id.*, citing *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728–30 (5th Cir. 1985).)

3

Plaintiff did not file a sur-reply brief responding to these arguments, which further establish that dismissal or transfer are the only appropriate remedies for the First-Filed Rule.

Plaintiff never responded to any of the above points the BSF Defendants raised. (Skiermont Decl., ¶ 6.) Instead, Plaintiff filed a Corrected Motion to Strike to remove a baseless allegation from SAC Paragraph 96, and stipulating to the dismissal "pending discovery" of the three baseless counts in SAC Paragraphs 120-121.

Finally, Plaintiff accuses the undersigned counsel for the BSF Defendants of not working amicably and professionally, and that rather than contacting Plaintiff's counsel "about his objections to the SAC…served yet another draft Rule 11 motion for sanctions" (Dkt. 154 at 1), to "complicate matters with endless threats and bad-faith objections" (*id*. at 2). However, Plaintiff does not cite any example or occasion of unamicable or unprofessional conduct on the part of the undersigned—because there has been none. In fact, the BSF Defendants did contact Plaintiff's counsel about their objections to the SAC when they served their Rule Notice on September 10, 2019, and invited him to contact the BSF Defendants counsel by telephone or email. It appears that Plaintiff is complaining because the BSF Defendants have twice put him and his counsel on notice of Rule 11 violations, which is not and has not been "unprofessional." Plaintiff's objections are the result of **Plaintiff's** repeated amendments to his complaint—which **required** the BSF Defendants to serve multiple notices of Rule 11 violations on Plaintiff and his counsel in order to satisfy the specific and exacting procedural notice requirements of Rule 11. *See* Fed. R. Civ. P. 11(c)(2).

For the foregoing reasons, the BSF Defendants respectful request that the Court grant the portion of the Corrected Motion to Strike directed to the allegation in Paragraph 96 of the SAC,

and order Plaintiff to file a stipulated dismissal, with prejudice as to the BSF Defendants, of the causes of action asserted in Paragraphs 120-121 of the SAC.

Dated: October 4, 2019    */s/ Paul J. Skiermont*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Christopher M. Hodge (TX Bar No. 24074423)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
chodge@skiermontderby.com

***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner***

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*