**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **EDWARD BUTOWSKY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v.  § | CASE NO.  4:19-CV-00180-ALM-KPJ |
| § | |
| **MICHAEL GOTTLIEB,** *et al.***,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Pending before the Court is Plaintiff Edward Butowsky's ("Plaintiff") Motion to Strike (the "Motion") (Dkt. 154). In the Motion, Plaintiff requests to strike certain portions of his Second Amended Complaint (Dkt. 101). *See* Dkt. 154. Plaintiff asserted in the Motion's certificate of conference that the Motion was unopposed. *Id.* Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP (collectively, the "BSF Defendants") filed a response, indicating Plaintiff did not discuss one of the requests in the Motion during the meet and confer process. *See* Dkt. 155 at 2.

A motion cannot truthfully be described as "unopposed" simply because Plaintiff failed to communicate all details with opposing counsel. A representation that a motion is unopposed would necessarily require a meaningful conference to have occurred. The Court refers counsel to Eastern District of Texas Local Rule CV-7, which states in relevant part:

> **(h) "Meet and Confer" Requirement**. The "meet and confer" motions practice requirement imposed by this rule has two components, a substantive and a procedural component.
>     For opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. In any discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant.
>     In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants

> must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.
>
> An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action. A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer. The procedural requirement of the "meet and confer" rule is one of certification. It appears in Section (i) of this rule, entitled "Certificates of Conference."
>
> **(i) Certificates of Conference**. Except as specified below, all motions must be accompanied by a "certificate of conference" at the end of the motion following the certificate of service. The certificate must state: (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) whether the motion is opposed or unopposed. Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. In discovery-related motions, the certificate of conference shall be signed by the lead attorney and any local counsel. In situations involving an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith.

Local Rule CV-7(h–i). In this matter, it is clear that no such communication took place, and Plaintiff's counsel is warned that a lack of respect for the duty of candor may result in sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff shall refile its Motion (Dkt. 154), with a proper certificate of conference. Defendants may then file a response, if any, within fourteen (14) days, as allowed under the Local Rules.

**So ORDERED and SIGNED this 9th day of October, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE