# Exhibit 5



Michael J. Gottlieb
Tel.: (202) 237-9617
E-mail: mgottlieb@bsfllp.com

August 24, 2018



**BY FIRST CLASS MAIL**

State Bar of Texas
Chief Disciplinary Counsel's Office
P.O. Box 13287
Austin, Texas 78711

Re: **Ethics Complaint Against: Ty Clevenger - # 24034380; admitted 5/03/2002, P.O. Box 20753, Brooklyn, New York 11202-0753, Tel: (979) 985-5289, Fax: (979) 530-9523, E-mail: tyclevenger@yahoo.com**

To Whom It May Concern:

The factual basis for this complaint arises from Mr. Clevenger's actions in the matter of *Aaron Rich v. Butowsky, No 1:18-cv-00681-RJL (U.S. District Court for the District of Columbia)*. Mr. Clevenger engaged in professional misconduct in this matter, and it is my duty to report that misconduct to the state bars to which he is currently admitted. This letter stems from Mr. Clevenger's egregious misconduct in United States District Court for the District of Columbia ("D.C.").

Mr. Clevenger sought to represent a defendant in the above-captioned matter, and because he is not admitted to practice in D.C., he filed a motion to appear pro hac vice. After Mr. Clevenger's disciplinary history—which he did not disclose in his motion—came to light, Plaintiff filed an opposition to his appearance. (Attachment A). Mr. Clevenger, however, did not wait for a decision from the District Court—instead, he withdrew his request to appear pro hac vice after engaging in unprofessional and harassing conduct. Remarkably, notwithstanding his withdrawal, Mr. Clevenger continues to play an unprofessional and disruptive role in the litigation to this date.

As part of his motion to appear pro hac vice, Mr. Clevenger failed to disclose his disciplinary history forthrightly. Specifically, Mr. Clevenger's application concealed that he had been sanctioned by the U.S. District Court for the Western District of Texas and publicly reprimanded by the State Bar of Texas. Mr. Clevenger's application also obfuscated his disciplinary history in the State of California, and materially misrepresented his extensive disciplinary history in the District of Columbia: while his application to the District of D.C. noted that he resigned after a fine and suspension, he failed to mention that he had been sanctioned by four different judges in the D.C. Circuit, leading the COG to recommend his disbarment. Mr. Clevenger's obfuscation of his extensive disciplinary history violated Local Civil Rules 83.2(d) (providing that a pro hac applicant must provide the "circumstances and details of the discipline") and 83.15 (providing that a pro hac applicant has an obligation to

**BSF**

Letter to State Bar of Texas
August 24, 2018
Page 2 of 3

report "any disbarment, suspension or other public discipline imposed by any federal, state or local court," and related details).

Mr. Clevenger's unprofessional and unethical conduct extended far beyond his failure to disclose his disciplinary history. For example, after filing his application to appear pro hac vice, Mr. Clevenger:

(1) Demanded that our client sign a frivolous release on behalf of third parties for whom Mr. Clevenger was not authorized to speak, because he does not represent them, and threatened to generate negative publicity if our client did not agree to sign the release, which he subsequently did;

(2) Published an inflammatory public blog post (Attachment F) that disclosed confidential, inadmissible settlement information in an effort to derail settlement negotiations between other parties to the action, and made abhorrent personal attacks against the undersigned counsel, including demeaning two Jewish lawyers on the litigation team (and only those two lawyers out of the four lawyers listed on the papers) as "oily shysters";

(3) Made false and inflammatory statements to a reporter based on our client's refusal to sign the frivolous "waiver," repeating the defamatory statements at issue and creating a threat of material prejudice; and

(4) Filed a reply in which he made novel claims, including baselessly accusing opposing counsel of serious professional misconduct, before ultimately withdrawing his application to appear pro hac vice. Mr. Clevenger's actions—which are detailed in Attachments A and B to this Complaint—had no purpose other than to harass and cause needless additional expense and delay.

This conduct violated the D.C. Rules of Professional Conduct, specifically Rules 3.4(d) (prohibiting lawyers from making a "frivolous discovery request" in a pre-trial procedure), 3.6 (prohibiting lawyers "engaged in a case" from making "extrajudicial statement[s]" that the lawyer should reasonably know would be disseminated publicly and "will create a serious and imminent threat of material prejudice to the proceeding"), 4.4(a) ("a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person"), and 8.4(a) (prohibiting "conduct that seriously interferes with the administration of justice").

Even after withdrawing his motion to appear pro hac vice, Mr. Clevenger has continued to seek to disrupt the ongoing litigation through professional misconduct. On August 20, 2018, Mr. Clevenger sent a series of demands to the undersigned counsel for information in conjunction with the Complaint filed against Mr. Clevenger's client, Mr. Edward Butowsky. In response to an inquiry regarding whether Mr. Clevenger continued to represent his client in the *Rich v. Butowsky* matter notwithstanding the withdrawal of his motion to appear pro hac vice, Mr. Clevenger stated that "I still serve as Mr. Butowsky's personal attorney, and I am involved directly or indirectly in all of his cases." Mr. Clevenger's conduct violates Rule 49 of the D.C. Court of Appeals, which prohibits the unauthorized practice of law in D.C., and which contains a

**BSF**

Letter to State Bar of Texas
August 24, 2018
Page 3 of 3

broad definition of the "practice of law" that plainly encompasses Mr. Clevenger's preparation of demands on behalf of a defendant relating to litigation filed against that defendant in D.C. court. In response to the undersigned counsel's observation that Mr. Clevenger had just admitted to the continued practice of law in a jurisdiction in which he is not admitted to practice, Mr. Clevenger sent a threatening email in which he claimed that he intended to bring "malicious prosecution claims against you and your firm." *See* Attachment C (email chain between Mr. Clevenger and counsel in the *Rich v. Butowsky* matter).

Mr. Clevenger's misconduct is not an isolated incident. As you will note in the two attached filings, this misconduct is simply the most recent instance of Mr. Clevenger's unethical behavior. In a recent application for admission pro hac vice into the Southern District of New York, Mr. Clevenger disclosed a barebones version of his disciplinary history, but alleged a variety of excuses for his previous conduct. Mr. Clevenger also discussed a sealed *ex parte* conference with a reporter, only minutes after appearing in the conference. The Southern District of New York rejected his application for admission. Attachment D; *see also* Attachment E (briefing on motion to appear pro hac vice). Incidentally, it was in the immediate aftermath of the release of the Southern District of New York's opinion that Mr. Clevenger withdrew his request to appear pro hac vice in D.C.

Thank you in advance for your consideration of this important matter.

/s/ Michael J. Gottlieb
Michael J. Gottlieb
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington DC, 20005
Tel: (202) 237-9617
Fax: (202) 237-6131
mgottlieb@bsfllp.com

Attachments:

A. Opposition to Clevenger Pro Hac Vice
B. Supplement to Plaintiff's Opposition to Mr. Clevenger's Motion for Permission to Appear Pro Hac Vice and Accompanying Exhibits
C. Email Chain Between *Rich v. Butowsky* Counsel and Mr. Butowsky
D. Denial of Motion to Appear Pro Hac Vice in *Scottie Nell Hughes vs. Twenty-First Century Fox, Inc., et al.*
E. Briefing on Motion to Appear Pro Hac Vice in *Scottie Nell Hughes vs. Twenty-First Century Fox, Inc., et al.*
F. Blog Post: "Why won't Seth Rich's brother authorize Wikileaks to tell what it knows?"