# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky, in his personal and professional capacities,** | |
| **Plaintiff,** | **Case No. 4:19-cv-00180-ALM-KPJ** |
| v. | |
| **Michael Gottlieb,** *et al.***,** | |
| **Defendants.** | |

## JOINT MOTION TO STAY DISCOVERY BY PLAINTIFF BUTOWSKY AND DEFENDANTS GOTTLIEB, GOVERNSKI AND BOIES SCHILLER FLEXNER LLP

On October 17, 2019, this Court issued an Order Governing Proceedings ("Order"), requiring all parties to complete initial mandatory disclosures by November 14, 2019 and commence discussions regarding discovery.  Dkt. 166.  Pursuant to that Order, Plaintiff Edward Butowsky and Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("BSF Defendants") have met and conferred and agree that good cause exists for this Court to stay party discovery as to the BSF Defendants pending the resolution of the BSF Defendants' dispositive motions.   Plaintiff and the BSF Defendants jointly submit this motion requesting that the Court stay all discovery obligations as between Plaintiff and the BSF Defendants as doing so is in the best interest of the parties and of judicial efficiency and economy.

## PROCEDURAL BACKGROUND

Aaron Rich sued Plaintiff and other parties in the United States District Court for the District of Columbia ("D.D.C.") on March 26, 2018.  *See Rich v. Butowsky et al*, 1:18-cv-00681-RJL (D.D.C. Mar. 26, 2018) ("D.C. Lawsuit"), Dkt. 3.  Approximately one year later, Butowsky initiated the above-captioned matter against the BSF Defendants on a number of grounds including defamation.  Dkt. 1.[1]   On July 31, 2019, Mr. Butowsky filed a Second Amended Complaint ("SAC") in the present litigation.  Dkt. 101.  Mr. Rich's Counsel subsequently filed motions to dismiss the SAC for lack of personal jurisdiction, Dkt. 104, as well as based on the first-to-file rule, failure to state a claim (including the assertion that the BSF Defendants are absolutely immune from suit), and failure to name Mr. Rich as a necessary defendant, Dkt. 105.  Those motions have been fully briefed since September 19, 2019 and remain pending with oral argument yet to be scheduled.  Dkts. 115, 116, 128, 129.

---

[1] On March 26, 2019, Mr. Rich filed an Anti-Suit Motion, asking D.D.C. to enjoin Mr. Butowsky from litigating his claims against Mr. Rich's Counsel in this Court, on grounds that the issues in the two cases substantially overlap.  *See* D.C. Lawsuit, Dkt. 52.  That motion remains pending.

1

On October 17, 2019, this Court issued the Order, requiring the parties to *inter alia* participate in a Rule 26(f) attorney conference on or before November 4, 2019, and requiring complete initial mandatory disclosures to be served on or before November 14, 2019. On November 4 and 5, 2019, Mr. Butowsky and the BSF Defendants met and conferred, and jointly agreed that a stay of discovery is in the best interests of the parties and the Court.

## LEGAL STANDARD

Federal district courts "have wide discretion in determining the scope and effect of discovery." *Bradley v. Boysville, Inc.*, 240 F.3d 1073, at *2 (5th Cir. 2000). This discretion includes "'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. U.S.*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.* (citing *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert denied*, 111 S. Ct. 244 (1990)).

## ARGUMENT

The parties agree that a stay is both in their best interests and in the best interest of judicial economy to prevent "undue burden or expense" in light of the multiple dispositive motions currently pending before this Court and the ongoing litigation in the D.C. Lawsuit. Fed. R. Civ. P. 26(c)(1); Dkts. 104, 105; *see Fujita*, 416 F. App'x at 402-03 (finding court did not abuse its discretion by entering stay in accordance with its discretion to manage discovery); *Petrus*, 833 F.2d at 583 ("district court properly deferred discovery while deciding whether defendants were proper parties to the action"); *Fiduciary Network, LLC v. Buehler*, No. 3:15-

CV-0808, 2015 WL 11120985, at *2 (N.D. Tex. Mar. 23, 2015) (staying discovery pending resolution of dispositive motions).  This is especially so where, as here, the issues presented in the pending dispositive motions—including whether the BSF Defendants have absolute immunity and whether they were first-to-file in the District of Columbia—do not require discovery for their resolution.  *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996) (finding limited discovery may not proceed where a defendant is immune from suit on the basis of qualified immunity). Staying discovery in the manner requested would benefit both parties because neither party will have had to expend resources on discovery in this matter as to the claims as they relate to the BSF Defendants if the court grants any of the BSF Defendants' motions to dismiss.

## **CONCLUSION**

For the foregoing reasons, Plaintiff and the BSF Defendants jointly request that the Court issue a stay of discovery pending the resolution of the pending dispositive motions.

Dated: November 5, 2019

| | |
|---|---|
| */s/ Paul J. Skiermont*<br><br>SKIERMONT DERBY LLP<br>Paul J. Skiermont (TX Bar No. 24033073)<br>Steven J. Udick (TX Bar No. 24079884)<br>1601 Elm Street, Suite 4400<br>Dallas, TX 75201<br>Tel: (214) 978-6600<br>Fax: (214) 978-6601<br>pskiermont@skiermontderby.com<br>sudick@skiermontderby.com<br><br>***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP*** | */s/ Ty Clevenger (with permission)*<br><br>Ty Clevenger<br>Texas Bar No. 24034380<br>P.O. Box 20753<br>Brooklyn, New York 11202-0753<br>(979) 985-5289<br>(979) 530-9523 (fax)<br>tyclevenger@yahoo.com<br><br>***Attorney for Plaintiff Edward Butowsky*** |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2019, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Local Rule CV-7(i), counsel for the BSF Defendants have complied with the meet and confer requirement in Local Rule CV-7(h), and counsel for Turner Broadcasting System, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, Vox Media, Inc., Jane Coaston, the New York Times, and Alan Feur have indicated they do not oppose this motion..

*/s/ Steven J. Udick*