IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWARD BUTOWSKY, in his personal and professional capacities,<br><br>                              Plaintiff,<br>v.<br><br>MICHAEL GOTTLIEB, *et al.*,<br><br>                             Defendants. | Case No. 4:19-cv-00180-ALM-KPJ<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER
FLEXNER LLP REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**

Defendants Mr. Gottlieb, Ms. Governski, and Boies Schiller Flexner LLP ("BSF Defendants") file this Reply in support of their Motion For Rule 11 Sanctions against Plaintiff Edward Butowsky and his counsel, Ty Odell Clevenger. Dkt. 156 ("Rule 11 Motion").[1]

## I. THE OPPOSITION OFFERS NO COGNIZABLE DEFENSE FOR THE COMPLAINT'S RULE 11(B)(2) VIOLATIONS.

Mr. Butowsky's Response in Opposition to the Motion [Dkt. 172] ("Opposition") relies chiefly on speculation, *ad hominem* attacks, and recycled legal arguments from Mr. Butowsky's oppositions (Dkt. 116; Dkt. 123) to the BSF Defendants' motions to dismiss (Dkt. 104; Dkt. 105). The BSF Defendants directly addressed the frivolity of these legal arguments in two replies (Dkt. 128; Dkt. 129), which Mr. Clevenger has never addressed and has therefore conceded the arguments contained therein. *See Bond St. Ltd, LLC v. Liess*, No. 4:12-CV-755, 2014 WL 12577128, at *3 (E.D. Tex. Apr. 3, 2014), *report and recommendation adopted*, No. 4:12-CV-755, 2014 WL 12577108 (E.D. Tex. Sept. 11, 2014). Mr. Clevenger claims he and his client cannot be held accountable for pressing legally frivolous arguments because they are "'creative' arguments" or "deal with unsettled law." Opposition at 4–6. But advancing legal arguments that have been flatly rejected, are contrary to settled law, or are unreasonable on their face is not creative lawyering; it is frivolous and sanctionable. *See* Rule 11 Motion at 5–7; Rule 11(b)(2); *Sheshtawy v. Conservative Club of Houston, Inc.,* No. 4:16-CV-733, 2016 WL 10880233, at *4 (S.D. Tex. Dec. 14, 2016); *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 WL 2710665, at *3 (N.D. Tex.

---

[1] This Reply does not address Mr. Clevenger's invective in the Opposition other than to say that it "fails to conform . . . to the level of decorum required of litigants before this Court." *See ClearValue, Inc. v. Pearl River Polymers, Inc.*, No. 6:06-cv-197, 2012 WL 12914643, at *3 (Nov. 15, 2012) (also quoting *Whitehead v. Food Max of Miss.*, *Inc.*, 332 F.3d 297, 805 (5th Cir. 2003): "Filing otherwise legitimate documents that use abusive language toward opposing counsel could also violate [Rule 11]."); *see also* L.R. AT-3(e), (k). This Reply also does not re-address all of the Rule 11 violations set forth in the Motion, but continues to assert that the Complaint violates Rule 11(b)(1), (2), and (3).

1

June 24, 2010), *report and recommendation adopted*, No. 3:09-CV-1470-B-BH, 2010 WL 2710596 (N.D. Tex. July 8, 2010); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003).

Defendants will not restate the legal arguments already before this Court in the motion to dismiss briefing, which this Reply hereby incorporates in full. Defendants will addresses only the following limited points raised for the first time in the Opposition:

- **Choice of Law**: The Opposition implicitly admits that Mr. Butowsky's legal claims would be frivolous if Texas law applies, and recycles the *post hoc* legal theory that Texas law does not apply here. *Compare* Opposition at 3–4 *with* Dkt. 129 at 6–7; *see also* Rule 11 Motion at 5−6. Mr. Clevenger neither denies nor explains why he told the United States District Court for The District of Columbia ("D.D.C.") that "Texas law applies to Mr. Butowsky's claim" nor that holding otherwise would necessarily defeat his personal jurisdiction theory (frivolous as it may be). *See* Dkt. 105 at 25; Dkt. 129 at 4−7.

- **First To File**: Mr. Clevenger argues that a "reasonable attorney could believe" that the First-To-File doctrine does not bar this lawsuit, Opposition at 4−5, but his *own admission* that the two cases overlap factually forecloses this argument. *See* Dkt. 129 at 1−4; *see also* Dkt. 105 at 17−22. Mr. Clevenger claims the D.D.C. "refused" to but would have granted the BSF Defendants' anti-suit injunction motion had it "established their first-to-file argument as a matter of law." Opposition at 5. But Judge Richard Leon stated that he has not yet ruled on that motion *because of the overlapping issues*. *See* Dkt. 105 at 12−13 (Judge Leon: "Why wouldn't [Butowsky] just dismiss that case down there and let the issues play out here?" because that is the "simplest solution").[2]

---

[2] Mr. Clevenger does not explain why his "offer" to stay his legally and factually frivolous lawsuit fact is a "reasonable solution" or one that absolves sanctionable conduct.

- **Personal Jurisdiction**: Rather than address the fact that Mr. Clevenger's personal jurisdiction argument has been rejected by the Fifth Circuit, Dkt. 104 at 6–7, he claims without support that the BSF Defendants have "waived" the issue and cites out-of-circuit law that a claim can be frivolous only when the pleader has "no hope of success." Opposition at 6. But both the law of this circuit and Rule 11 hold that sanctions are appropriate where, as here, a "Plaintiff has attempted to press claims against the individuals named as defendants having no reasonable basis to believe this Court has personal jurisdiction over them" for the reasons discussed in detail in the personal jurisdiction motion to dismiss and reply. *See Ryan v. Dep't of the Air Force,* No. SA-10-CA-240-FB, 2010 WL 11602018, at *18 (W.D. Tex. Dec. 14, 2010), *report and recommendation adopted sub nom. Ryan v. Donley*, No. SA-10-CA-240-FB, 2011 WL 13273022 (W.D. Tex. Mar. 3, 2011); *see also* Dkt. 104; Dkt. 155.

## II. THE OPPOSITION LIKEWISE FAILS TO ADVANCE ANY COGNIZABLE DEFENSE FOR THE COMPLAINT'S RULE 11(B)(3) VIOLATIONS.

As explained at length in the Motion, the Complaint pleads baseless and irrational allegations, many of which Mr. Butowsky himself has directly discredited. *See* Rule 11 Motion at 7–14; *Garza v. Weekley*, 85 F.3d 619, 621 (5th Cir. 1996); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006).[3] The Opposition neither denies nor addresses the fact that Mr. Butowsky authorized the filing of pleadings he knew contained false allegations, including that Ellen Ratner told him that *Mr. Rich* was involved in the DNC hack, *see* Rule 11 Motion at 8–9, which warrants sanctions at a minimum against Mr. Butowsky. *See Garza*, 85 F.3d at 621. Mr.

---

[3] Mr. Clevenger contends, without factual or legal support, that the Motion asks "the Court to resolve disputed facts at the pleadings stage" but ignores that the law permits Courts to assess sanctions for baseless assertions. Opposition at 9; *see McCord v. Moss*, No. 92-4297, 1992 WL 352626, at *3–4 (5th Cir. Nov. 19, 1992); *Cerda v. Billingsley*, No. CV SA-09-CA-816-FB, 2010 WL 11570223, at *3 (W.D. Tex. July 23, 2010), *report and recommendation adopted*, No. SA-09-CA-816-FB, 2010 WL 11570225 (W.D. Tex. Aug. 30, 2010); *Garza*, 85 F.3d at 620.

Clevenger's claim that this allegation was the result of his "mistake" is misleading at best—Mr. Butowsky personally recited the same lie in public alongside the filing of the first amended complaint as part of publicizing the filing. *See, e.g.,* Rick Ungar Show, *Bonus Highlight Segment: Ed Butowsky* (July 10, 2019), www.rickungarshow.com/bonus-highlight-segment-ed-butowsky/ (Butowsky: Ms. Ratner said "Seth ***and Aaron Rich*** were the ones who sold the emails to Wikileaks.") and Ex. 26 to Rule 11 Motion, Dkt. 156–27 (Butowsky tweet linking to an news article that repeats the false and defamatory statement); *see also* Rule 11 Motion at 8–9. Unless Mr. Clevenger was instructing Mr. Butowsky on what to say to the media about Mr. Butowsky's own recollection about what Ms. Ratner said, the mistake could not have been Mr. Clevenger's. If Mr. Clevenger did issue such instructions, Rule 11 sanctions are obviously warranted.

Remarkably, more than two years into this conspiracy theory, Mr. Butowsky and Mr. Clevenger have changed Mr. Butowsky's story again: Mr. Butowsky now claims that he learned about Mr. Rich's involvement from Mr. Assange *personally* during a conversation on November 14, 2018. *See* Opposition at 7. Apart from the dubiety of Mr. Butowsky concealing such information for close to a year with active litigation ongoing in multiple jurisdictions, his freshly-minted version of events runs head first into his earlier public declaration, on July 28, 2019, that he had "never spoken to [Assange] in my life." Consortium News, *Ed Butowsky on the ongoing Seth Rich controversy* (July 28, 2019), www.youtube.com/watch?v=KrtSGGklGmM, beginning at 12:30.

Mr. Clevenger claims his conduct is not sanctionable because the allegations "met and exceeded the 'information and belief standard,'" Opposition at 6–7, but Rule 11 explicitly states that information and belief alone is insufficient *unless* it is "formed after an inquiry reasonable under the circumstances." Rule 11(b); *see also Skidmore Energy*, 455 F.3d at 567. Mr. Clevenger

4

admits by omission that he did not perform any inquiry into any of allegations that form the basis of the Rule 11 Motion and, instead, relied solely on his own and Mr. Butowsky's inferences, and on discounting his client's own public contemporaneous statements as lies. *See* Opposition at 7–9 (failing to explain why he filed the Ratner allegation without doing any inquiry into its truth and instead relied); *id.* at 9–10 (citing Butowsky Declaration that admits lying to press in contemporaneous statements); *id.* at 10–12 (accusing the BSF Defendants of having "reneged" on WikiLeaks/Assange subpoena is his own opinion that their attempts "unpersuasive" and a "hoax" and "sham"); *id.* at 13 (Bauman declaration based on "inferences").[4] Mr. Clevenger can and should be sanctioned for his "complete failure" to conduct any investigation before adopting the representations of a client who admits to having a history of fabricating statements about the very issues to which Mr. Clevenger signed his name. *See Worrell v. Houston Can! Acad.,* 287 F. App'x 320, 325 (5th Cir. 2008); Motion at 13 (citing cases); *see also Erwin v. Russ*, 481 F. App'x 128, 130 (5th Cir. 2012) (affirming sanctions against Mr. Clevenger for filing a "broad and conclusory initial complaint" predicated on a "grand conspiracy").

---

[4] Mr. Clevenger devotes multiple pages to a discussion about the BSF Defendants' bar complaint against Mr. Clevenger, which besides being a red herring ignores that the BSF Defendants filed a bar complaint against Mr. Clevenger for the same reasons they filed the Motion.

Dated: November 5, 2019

/s/ Paul J. Skiermont

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2019, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*