IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>    Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, et al.,**<br><br>    Defendants | Case No. 4:19-cv-00180-ALM-kpj |

## UNOPPOSED MOTION TO MODIFY ORDER

NOW COMES Edward Butowsky, the Plaintiff, moving the Court to modify its October 9, 2019 ORDER (Doc. No. 159):

Truly, no good deed goes unpunished. In an attempt to appease the BSF Defendants and head off a threatened motion for sanctions, the Plaintiff agreed to strike a sentence from his SECOND AMENDED COMPLAINT, and he further stipulated to the BSF Defendants' motion to dismiss the civil rights claims that he asserted against them. *See* CORRECTED MOTION TO STRIKE (Doc. No. 154). In response, Mr. Skiermont accused Plaintiff's Counsel of failing to consult with him regarding the latter issue, *i.e.*, dismissal of the civil rights claims. *See* RESPONSE TO CORRECTED MOTION TO STRIKE (DKT. 154) BY DEFENDANTS GOTTLIEB, GOVERNSKI AND BOIES SCHILLER FLEXNER LLP (Doc. No. 155). Plaintiff's Counsel did not consult with Mr. Skiermont because the local rules <u>only</u> impose a duty to confer with respect to motions. Nothing in the local rules imposes a duty to confer about a *response* to such a motion. The BSF Defendants had previously

moved to dismiss the civil rights claims, *see* DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER THE FIRST-TO-FILE RULE AND RULES 12(B)(6), 12(B)(7), AND 19 (Doc. No. 150), and the Plaintiff merely *consented* to the BSF Defendants' motion in that regard. In retrospect, the Plaintiff should have separated his motion to strike from his partial consent to the Defendants' motion to dismiss, and he has since done just that. *See* AMENDED MOTION TO STRIKE (Doc. No. 173) and NOTICE OF NON-OPPOSITION (Doc. No. 174).

In its October 9, 2019 ORDER, the Court directed its ire at Plaintiff's Counsel, warning "that a lack of respect for the duty of candor may result in sanctions." Plaintiff's Counsel did not, however, demonstrate "a lack of respect for the duty of candor" in any way, nor did he violate Local Rule CV-7.  The certificate of conference on the CORRECTED MOTION TO STRIKE states as follows:

> On September 24, 2019, I sent an email to all counsel of record asking if the Defendants would oppose a motion to strike the sentence quoted above from Paragraph 96 of the SECOND AMENDED COMPLAINT. None of the Defendants have opposed that request.

There is nothing untrue or misleading about that statement. The Plaintiff therefore moves the Court to modify the ORDER by removing any suggestion that Plaintiff's Counsel lacked candor or neglected his duty to confer.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on November 6, 2019, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger

## CERTIFICATE OF CONFERENCE

On October 31, 2019, I sent a copy of the foregoing motion to all counsel of record. In subsequent email correspondence and/or telephone conferences, counsel for all of the Defendants indicated that their clients would not oppose this motion.

**/s/ Ty Clevenger**
Ty Clevenger