# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| EDWARD BUTOWSKY,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL GOTTLIEB, et al.,<br><br>      Defendants | Case No. 4:19-CV-00180 |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN

1.     A brief factual and legal synopsis of the case.

   *The Plaintiff contends that he was defamed by various media reports about Seth Rich, an employee of the Democratic National Committee ("DNC") who was murdered in Washington, D.C. Relying on information relayed by Julian Assange of Wikileaks, the Plaintiff has stated publicly that Mr. Rich, rather than Russian hackers, was responsible for transferring DNC emails to Wikileaks in 2016. The Plaintiff contends that the Defendants variously stated or implied that Mr. Butowsky lied, further alleging that Mr. Butowsky was involved in spreading false information via a Fox News story.*

   *The Defendants Cable News Network, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, The New York Times Company, Alan Feuer, Vox Media, Inc., and Jane Coaston (collectively, "Media Defendants") contend that their respective publications and broadcasts were true, privileged, constitutionally protected, and/or otherwise not defamatory and non-actionable.*

   *The Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP (collectively, "BSF Defendants") contend that their respective statements were true, privileged, constitutionally protected, and/or otherwise not defamatory and non-actionable.*

2.     The jurisdictional basis for the suit.

   *The Court has diversity jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1332(a) insofar as the Plaintiff resides in Texas and all of the Defendants reside in other states, and Plaintiff seeks more than $75,000 in damages. Most of the Defendants contend that the Court lacks personal jurisdiction over them.*

3.     A list of the correct names of the parties to this action and any anticipated additional or potential parties.

*The Plaintiff is Edward Butowsky. The Defendants are Michael Gottlieb, Meryl Governski, Boies Schiller Flexner LLP, Cable News Network, Inc., Anderson Cooper, Gary Tuchman, Oliver Darcy, Tom Kludt, The New York Times Company, Alan Feuer, Vox Media, Inc., and Jane Coaston.*

*The BSF Defendants contend that, as stated in their motion to dismiss (ECF No. 105), Mr. Aaron Rich is a necessary party to the claims asserted in this case and also indicate that Mr. Joel Rich and Mrs. Mary Rich may also be additional parties necessary to the claims asserted in this case. Plaintiff disagrees with the BSF Defendants on this point.*

4. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.

   Plaintiff is a party in each of the following cases:

   <u>Aaron Rich v. Edward Butowsky, et al.</u>, Case No. 1:18-cv-00681-RJL (D.D.C.)(in discovery); <u>Ed Butowsky v. David Folkenflik, et al.</u>, Case No. 4:18-cv-00442 (E.D. Tex)(in discovery); <u>Joel and Mary Rich v. Fox News Network, LLC, et al.</u>, Case No. 18-cv-2223 (S.D.N.Y.)(in mediation); <u>Edward Butowsky v. Democratic National Committee, et al.</u>, Case No. 4:19-cv-00582 (E.D.Tex.); and <u>Edward Butowsky v. Douglass H. Wigdor, et al.</u>, Case No. 4:19-cv-00577 (E.D.Tex.)(discovery has not begun).

5. Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.

   *The Plaintiff and the Media Defendants have completed initial mandatory disclosures and exchanged documents identified in those disclosures. Pursuant to the agreement of counsel, the parties did not exchange documents or information that would be produced pursuant to a confidentiality order. If the Court denies the Media Defendants' motions to dismiss for lack of personal jurisdiction and motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the parties will work on preparing a mutually-agreeable confidentiality order.*

   *The Plaintiff and BSF Defendants have agreed to hold discovery in abeyance pending a ruling from the Court on Plaintiff and the BSF Defendants' Joint Motion to Stay Discovery. Nonetheless, to facilitate a productive scheduling conference and disclosures, the BSF Defendants point to the Rule 26 Initial Disclosures served in the pending case in D.D.C., <u>Aaron Rich v. Edward Butowsky, et al.</u>, Case No. 1:18-cv-00681-RJL.*

6. Proposed scheduling order deadlines. [1]

---

[1] The BSF Defendants disagree that they should be subject to discovery in this case due to the <u>Aaron Rich v. Edward Butowsky, et al.</u>, Case No. 1:18-cv-00681-RJL (D.D.C.) related matter due to concerns regarding disclosure of privilege or work product information and for reasons of efficiency in litigation. Further, and for this reason, the BSF Defendants may, and do not waive their rights to, seek a stay of discovery or stay of the case as to the BSF Defendants due to the litigation pending in the <u>Aaron Rich v. Edward Butowsky, et al.</u>, Case No. 1:18-cv-00681-RJL (D.D.C.) should the Court deny the BSF Defendants' motions to dismiss. In the context of these disagreements and reservation of rights, the BSF Defendants otherwise acknowledge that the discovery plan set forth allows for the appropriate timing and scope of discovery.

*Please see the attached Appendix 1. The Plaintiff seeks only one modification, namely that the discovery period should be not less than nine months.*

*In light of the pending dispositive motions, Defendants respectfully request that the dispositive motion deadline be July 15, 2020.*

7. Describe in accordance with Rule 26(f)

    (i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    *The Plaintiff expects to conduct discovery regarding whether Seth Rich had any involvement in leaking DNC emails to Wikileaks. Relatedly, the Plaintiff expects to conduct discovery regarding whether Russian hackers could have been the source of the emails published by Wikileaks. Finally, the Plaintiff intends to inquire of the Defendants regarding their internal and external communications regarding the subject matter. The Plaintiff believes discovery can be completed as set forth in Appendix 1, but he does not believe discovery should be conducted in phases.*

    *For the same reasons stated in Footnote 1, above, the BSF Defendants believe any discovery upon the BSF Defendants is improper or, at the least, should be stayed pending resolution of the D.C. case.*

    (ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report;

    *The parties do not expect to have any unusual issues regarding ESI among the parties, although some such issues may be encountered with third parties. When serving subpoenas duces tecum on third parties, the Plaintiff intends to demand production of ESI in native format.*

    (iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order;

    *The parties have not yet reached any agreements regarding these matters. The parties will work on a proposed protective order.*

    (iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed;

    *The parties do not believe any such changes are necessary.*

    (v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

    *The parties are not currently seeking any such orders.*

8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.

    *The Plaintiff has not made settlement proposals and does not believe that he reasonably can until some amount of discovery has been completed. The Defendants believe that important First Amendment protections are at issue, and so a monetary settlement is unlikely. The parties are willing to explore other avenues to resolve the case at certain case milestones. The parties have not yet agreed on a mediator, but would propose mediation at the end of discovery.*

9. The identity of persons expected to be deposed.

    *The Plaintiff plans to depose the individual Defendants; Julian Assange or other Wikileaks representatives; Aaron Rich; Joel Rich; Mary Rich; Philip Rich; and various personnel from the FBI, NSA or other federal government agencies. Defendants expect to depose Plaintiff and reserve the right to depose additional individuals who may have knowledge relevant to their defenses. In addition, Defendants reserve the right to depose any experts disclosed by Plaintiff.[2]*

10. Estimated trial time and whether a jury demand has been timely made.

    *The Plaintiff estimates that trial will take 80 hours. The Plaintiff made a timely demand for a jury trial. Defendants believe that trial could take between 40-80 hours, depending on the outcome of dispositive motions.[3]*

11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

    *The Plaintiff will be represented by Ty Clevenger. Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP (collectively "BSF Defendants") will be represented by Paul Skiermont and Steven Udick. Defendants Cable News Network, Inc. ("CNN"),*

---

[2] The BSF Defendants agree with this statement subject to the BSF Defendants' objections and reservation of rights in Footnote 1, above.

[3] The BSF Defendants agree with this statement subject to the BSF Defendants' objections and reservation of rights in Footnote 1, above.

*Anderson Cooper, Gary Tuchman, Kayvon Oliver Darcy, and Tom Kludt (collectively "CNN Defendants") will be represented by Robert Latham and Jamison Joiner. Defendants New York Times and Alan Feuer (collectively "NYT Defendants") and Defendants Vox Media, Inc. and Jane Coaston (collectively "Vox Defendants") will be represented by Tom Leatherbury, Marc Fuller, Megan Coker, and Devin Kerns.*

12. Whether the parties jointly consent to trial before a magistrate judge.

   *The parties do not consent to trial before a magistrate judge.*

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

   *The parties are not aware of any such issues.*

                  Respectfully submitted,

                  **/s/ Ty Clevenger**
                  Ty Clevenger
                  Texas Bar No. 24034380
                  P.O. Box 20753
                  Brooklyn, New York 11202-0753
                  979-985-5289
                  979-530-9523 (fax)
                  tyclevenger@yahoo.com

                  **Counsel for Plaintiff Edward Butowsky**

                  By: */s/ Marc A. Fuller*
                  Thomas S. Leatherbury
                  State Bar No. 12095275
                  Marc A. Fuller
                  State Bar No. 24032210
                  Megan M. Coker
                  State Bar No. 24087323
                  Devin L. Kerns
                  State Bar No. 24110081
                  VINSON & ELKINS L.L.P.
                  2001 Ross Avenue, Suite 3900
                  Dallas, TX 75201
                  Tel: 214.220.7700
                  Fax: 214.999.7792
                  tleatherbury@velaw.com
                  mfuller@velaw.com
                  megancoker@velaw.com
                  dkerns@velaw.com

                  **Attorneys for Defendants New York Times Company,**

*Alan Feuer, Vox Media, Inc. and Jane Coaston*

/s/ *Robert P. Latham*
**Robert P. Latham**
State Bar No. 11975500
blatham@jw.com
**Jamison M. Joiner**
State Bar. No. 24093775
jjoiner@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

**ATTORNEYS FOR CNN DEFENDANTS**

By: */s/ Steven J. Udick*
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

*Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP*