Appendix 1

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes)

_____2/20/2020_____     Deadline for motions to transfer
(1 week after mgmt conf.)

_____4/2/2020_____     Deadline to add parties
(6 weeks after mgmt conf.)

_____     Mediation must occur by this date.
six weeks prior to mediation ddl     Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one.

_____4/30/2020_____     Plaintiff's disclosure of expert testimony pursuant to Fed.
(10 weeks after mgmt conf.)     R. Civ. P. 26(a)(2) and Local Rule CV-26(b)

_____5/14/2020_____     Deadline for Plaintiff to file amended pleadings
(12 weeks after mgmt conf.)     (A motion for leave to amend is required.)

_____5/28/2020_____     Defendant's disclosure of expert testimony pursuant to Fed.
(14 weeks after mgmt conf.)     R. Civ. P. 26(a)(2) and Local Rule CV-26(b)

_____5/28/2020_____     Deadline for Defendant's final amended pleadings
(14 weeks after mgmt conf.)     (A motion for leave to amend is required.)

6 weeks after disclosure     Deadline to object to any other party's expert witnesses.
of an expert is made     Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection

_____7/15/2020_____     Deadline for motions to dismiss, motions for summary
(14 weeks after mgmt conf.     judgment, or other dispositive motions.
**but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)**

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

1

_____8/6/2020_____ ___      All discovery shall be commenced in time to be
(24 weeks after mgmt conf.)      completed by this date.\*

_____10/22/2020__ _____      Notice of intent to offer certified records
(6 weeks before final pretrial conf.)

_____10/22/2020____      Counsel and unrepresented parties are each responsible for
(6 weeks before final pretrial conf.)    contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).

_____10/29/2020 _____      Video Deposition Designation due.  Each party who
(5 weeks before final pretrial conf.)   proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which can not be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections.

_____11/3/2020 _____      Motions in limine due
(30 days before final pretrial conf.)   File Joint Final Pretrial Order (*See* www.txed.uscourts.gov).

_____11/19/2020_____ _      Response to motions in limine due[2]
(2 weeks before final pretrial conf.)   File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3]  (This does not extend deadline to object to expert witnesses.)

---

[2]This is not an invitation or requirement to file written responses.  Most motions in limine can be decided without a written response.  But, if there is particularly difficult or novel issue, the Court needs some time to review the matter.   To save time and space respond only to items objected to.  All others will be considered to be agreed.  Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all the issues which are resolved.

[3]Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved.  The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

**\*Plaintiff requests that, given the complexity of the case, the discovery deadline in this case be set 36 weeks after the management conference.**

| | |
|---|---|
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| December 3, 2020 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Date parties should be prepared to try case.  All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| to be determined | 9:30 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Cases that remain for trial following the Court's Pretrial docket will be tried between January 4, 2021, and January 29, 2021.  A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

**The BSF Defendants are unable to join in this proposed scheduling order because in the first filed litigation in D.C., Mr. Butowsky has requested a stay of discovery for 120 days based on his health condition, and we do not believe that he should be allowed to move his plaintiff case forward while seeking to stay his defense-side case in its tracks.  We are also unsure, given his health status, whether Mr. Butowsky could move this case forward or be available for discovery before deadlines in this case arise that would require Mr. Butowsky's availability for discovery.  Additionally, the BSF Defendants would ask for a longer schedule than other defendants because the BSF Defendants would be unable to effectively brief, for example, a motion to transfer before the Court resolves the BSF Defendants' Motions to Dismiss on First to File Grounds and on Personal Jurisdictional Grounds.**

3