# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**Edward Butowsky,**

   Plaintiff,

v.

**Michael Gottlieb, et al.,**

   Defendants

Case No. 4:19-cv-00180-ALM-kpj

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

NOW COMES Edward Butowsky, the Plaintiff, moving the Court to permit him to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d):

After the SECOND AMENDED COMPLAINT was filed, Defendant Meryl Governski made additional defamatory statements about the Plaintiff. The undersigned became aware of the comments in late October and notified the Plaintiff, sending a retraction demand to Defendant Governski on November 2, 2019.[1] *See* November 2, 2019 Letter from Ty Clevenger to Paul Skiermont. (Exhibit 1). On November 7, 2019, Ms. Governski refused to retract the false statements. *See* November 7, 2019 Letter from Paul Skiermont to Ty Clevenger (Exhibit 2). The Plaintiff moves the Court to grant him permission to file a supplemental complaint reflecting these events.

Rule 15(d) of the Federal Rules of Civil Procedure provides for… a supplemental

---

[1] As attested by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that this statement is true and correct. He further declares that the exhibits to this motion are true and correct copies of the documents that he represents them to be.

- 1 -

pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963).

In discussions with the undersigned, counsel for Defendant Governski have suggested the supplement is untimely, but the Court will note that it has not yet entered a scheduling order, nor has any party discovery begun. The Plaintiff could, of course, file a separate lawsuit against Defendant Governski, but it would be far more efficient for everyone involved if these matters were tried in one case. The new claim does not present any new legal issues, but it does illustrate the absurdity of Defendant Governski's argument that her defamatory statements are protected by the judicial proceedings privilege. She seems to think that because she filed a lawsuit in D.C., she has an open-ended license to keep defaming the Plaintiff for as long as she chooses. The judicial proceedings privilege has never been construed so broadly, nor should it be.

The supplemental pleading also illustrates the absurdity of the Boies Schiller Flexner Defendants' first-to-file arguments. Defendant Governski's latest smears do not implicate the D.C. litigation in any way. It is absurd to suggest that the Plaintiff is supposed to file a third-party claim in the D.C. litigation against his opposing counsel in the D.C. litigation (*i.e.*, Defendant Governski) based on something that she said more than a year after the D.C. case was filed.

## Conclusion

The Plaintiff should be permitted to file his proposed supplemental complaint. The Plaintiff stipulates that the proposed supplemental complaint does not affect the motions to dismiss filed by the CNN, *New York Times*, and *Vox* Defendants.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for all of the Defendants via email and/or telephone regarding the foregoing motion as required by Local Rule CV-7(h). Following a telephone conference, counsel for the Boies Schiller Flexner Defendants asked me to include the following explanation for their opposition to the foregoing motion:

> The BSF Defendants oppose this motion first raised in mid-February 2020 (less than a week before the rescheduled Scheduling Conference), based on a statement allegedly published more than six months ago (August 8, 2019). Plaintiff did not raise this motion within a reasonable time of the alleged publication, and this motion needlessly multiplies these proceedings. The BSF Defendants contend the proposed Supplemental Complaint does not affect any of the issues raised in their pending motions to dismiss or their Rule 11 motion and those motions are ripe for decision even if the Court permits the Supplemental Complaint. And Plaintiff agreed during the parties' meet and confer that whether or not the proposed Supplemental Complaint is permitted does not affect any of the issues raised in the BSF Defendants' pending motions or provide Plaintiff with any different argument in opposition to those motions than Plaintiff has already briefed. Thus, the BSF

Defendants also oppose because the parties agree the Supplemental Complaint would be futile with respect to the pending motions. *See, e.g. Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir.), cert. denied, 139 S. Ct. 343, 202 L. Ed. 2d 225 (2018) (denying Rule 15(d) motion for leave to supplement where futile). The BSF Defendants likewise oppose this motion because all parties agree that neither this motion, nor the Supplemental Complaint if permitted, needs to be addressed before the Court rules on the pending motions to dismiss.

Counsel for the *New York Times* and *Vox* Defendants stated that they do not oppose the motion insofar as the Plaintiff has stipulated that the supplemental complaint does not affect their motions to dismiss. Counsel for the CNN Defendants requested that the Plaintiff include the following statement of non-opposition to the motion:

> As stipulated above, Plaintiff's requested supplementation does not affect the allegations against the CNN Defendants. Accordingly, the CNN Defendants are unopposed to the requested relief provided that such relief not moot or other otherwise affect their pending Motions to Dismiss. If Plaintiff's requested relief would in any way affect their pending Motions, however, the CNN Defendants oppose such relief and ask that the Court provide them notice of such treatment and the opportunity to respond.

<u>**/s/ Ty Clevenger**</u>
Ty Clevenger

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on February 18, 2020, which should result in automatic notification to all counsel of record.

<u>**/s/ Ty Clevenger**</u>
Ty Clevenger