IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**Edward Butowsky,**

   Plaintiff,

v.

**Michael Gottlieb, et al.,**

   Defendants

Case No. 4:19-cv-00180-ALM-kpj

# PLAINTIFF'S REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO COMPEL FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH SUBPOENA DUCES TECUM

NOW COMES Edward Butowsky, the Plaintiff, replying in support of his SUPPLEMENTAL MOTION TO COMPEL FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH SUBPOENA DUCES TECUM ("SUPPLEMENTAL MOTION") (Doc. No. 189) as follows:

## Argument

1. **The FBI's response is misleading.**

The FEDERAL BUREAU OF INVESTIGATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL ("OPPOSITION")(Doc. No. 191) is misleading at best. Unlike counsel for the FBI, the undersigned personally participated in the February 12, 2020 hearing before Magistrate Judge Lois Bloom, and Judge Bloom did not even address the issue of bad faith, much less make findings one way or another.[1]

---

[1] Prior to filing this reply, Plaintiff's Counsel conferred with another witness to the hearing, who confirmed that Judge Bloom never mentioned the subject of bad faith. As attested by his electronic signature on this document, Ty Clevenger declares under penalty of perjury under the

- 1 -

She denied the motion for an evidentiary hearing and for *in camera* review of documents, but she expressly noted that she had not yet ruled on the underlying motions, *i.e.*, whether to compel the FBI to conduct additional searches for documents. In short, the only "balderdash" before this Court is the OPPOSITION itself.

The Plaintiff asked the FBI to correct its misrepresentations to the Court, but the FBI refused. Consider the following email exchange between the undersigned and counsel for the FBI:

> [Clevenger]: Your response contains false information, particularly the excerpt below:
>
> > *Finally, Butowsky's suggestion that the FBI engaged in bad faith is balderdash. Clevenger made those exact allegations in the FOIA suit and Judge Bloom swiftly rejected them following a telephonic hearing on February 12, 2020.*
>
> In reality, Judge Bloom did not discuss nor decide whether the FBI acted in bad faith. She declined to compel the FBI to produce an unredacted copy of the emails, and she declined my request for an evidentiary hearing. She specifically reserved a further ruling on whether to compel the FBI to broaden its search. Please let me know whether you intend to correct his.
>
> [Wells]: Your motions in the FOIA suit alleged bad faith. Your motions were denied. Or, as I said, rejected by the judge. What needs to be corrected?
>
> [Clevenger]: There is a difference between saying the motions were rejected and the allegations of bad faith were rejected, and I think you already knew that.
>
> [Clevenger]: Please let me know whether you intend to correct your response.

---

laws of the United States that (1) his factual statements to this Court are true and correct and (2) the exhibit to this reply is a true and correct copy of email correspondence between Ty Clevenger and Asst. U.S. Attorney Robert Wells.

> [Wells]: The judge denied both of the motions in which you alleged bad faith. What needs to be corrected?
>
> [Clevenger]: I've already explained that. I'll bring it to the court's attention myself.

*See* Email correspondence between Ty Clevenger and Asst. U.S. Attorney Robert Wells, February 18-19, 2020 (Exhibit 1). The relevant facts remain the same: the FBI refused to search for records about Seth Rich in its Washington Field Office, notwithstanding that (1) Plaintiff's Counsel told the FBI that records would be found there and (2) the FBI already knew (and later admitted) that Seth Rich had been discussed internally in the Washington Field Office. Even now, after responsive records surfaced from that office, the FBI arbitrarily refuses to search there despite a clear legal obligation to do so:

> [A]n agency must search all locations likely to contain responsive records; not simply where the records are "most likely" to be found. *See Schwartz*, 2017 WL 78482, at *7, 2017 U.S. Dist. LEXIS 2316, at *19-20; *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 98 (S.D.N.Y. 2012) ("[T]he government is not required to search only the files ... 'most likely' to have responsive records; it must also search other locations that are reasonably likely to contain records.")(citations omitted) *DiBacco v. United States Army*, 795 F.3d 178, 190 (D.C. Cir. 2015) (" '[M]ost likely' is not the relevant metric")(citations omitted); *Mobley v. C.I.A.*, 806 F.3d 568, 582, 420 U.S. App. D.C. 108 (D.C. Cir. 2015) ("Had the [agency] only searched the record systems 'most likely' to contain responsive records, its search would be inadequate.").

*Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 324 (S.D.N.Y. 2019). If that is not bad faith, it is hard to image what would be.[2]

---

[2] Incidentally, the Plaintiff acknowledged in the SUPPLEMENTAL MOTION that this case is not a FOIA case, and he has never suggested that the legal standards are the same. Instead, the Plaintiff contends that the FBI's cover-up in the FOIA case is relevant to whether it is acting in

## 2. The pleadings in this case differ significantly from the pleadings in *Folkenflik*.

The FBI suggests that because Magistrate Judge Craven denied a similar motion to compel in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-442 (E.D. Tex.), the Court should reflexively do the same thing in this case. That overlooks the fact that there are drastic differences between the pleadings in *Folkenflik* and this case. The live *Folkenflik* complaint only makes scant reference to the FBI. Contrast that with paragraphs 37, 38, 41, 43, 56, 57, 62, 64, 74, 101, and 103 of the SECOND AMENDED COMPLAINT ("SAC")(Doc. No. 101) in this case. The Plaintiff has alleged (1) that former FBI Deputy Director Andrew McCabe expressly directed FBI personnel to hide records from FOIA requestors; and (2) that the FBI is doing so even now to impede the Plaintiff in *this* case. *Id*. at ¶¶42, 62, and 64. The Court will note that Lisa Page and Peter Strzok, the two infamous FBI employees whose names appear in the redacted emails attached to the SUPPLEMENTAL MOTION, are specifically referenced in the Plaintiff's complaint. *Id*. at ¶¶37, 38, 41 and 64. Finally, the Court will note that the Vox Defendants defamed the Plaintiff by accusing him of lying about the existence of an FBI investigation. Obviously, the only entity that can conclusively established whether the FBI investigated matters related to Seth Rich is the FBI itself. *Id*. at ¶¶101 and 102. Accordingly, the evidence in the possession of the FBI is crucial for purposes of establishing the Plaintiff's defamation claim against Vox, and the FBI's ongoing efforts to conceal (or even lie about) that information is both arbitrary and capricious.

---

bad faith in both cases. If the FBI is hiding records about Seth Rich in one case, it stands to reason that it would do the same in any other case.

## Conclusion

The FBI should be ordered to fully comply with the subpoena duces tecum served by the Plaintiff.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on February 20, 2020, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger