# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky**, in his personal and professional capacities,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**Michael Gottlieb**, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-00180-ALM-KPJ |

## OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL COMPLAINT BY DEFENDANTS GOTTLIEB, GOVERNSKI AND BOIES SCHILLER FLEXNER LLP

On February 14, 2020, Plaintiff filed a Motion to Permit Supplemental Complaint. Dkt. 190 ("Motion"). Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("BSF Defendants") respectfully submit this opposition to explain why the Court should deny the Motion.

## BACKGROUND

The BSF Defendants' client, Aaron Rich, sued Plaintiff and other parties in the United States District Court for the District of Columbia ("D.D.C.") on March 26, 2018. *See Rich v. Butowsky et al*, 1:18-cv-00681-RJL (D.D.C. Mar. 26, 2018) ("D.C. Lawsuit"), Dkt. 3. Approximately one year later, Butowsky initiated the above-captioned matter against the BSF Defendants on a number of grounds including defamation and business disparagement. Dkt. 1.[1] The BSF Defendants filed a Motion to Dismiss on June, 21, 2019, to which Butowsky failed to file a timely response and, instead, filed an amended complaint without leave of the Court. *See* Dkt. 81. While ruling that Butowsky's subsequent motion to amend was untimely, the Court nevertheless permitted Butowsky to file an amended complaint. *Id.* Butowsky has since filed a Second Amended Complaint ("SAC"), which is the operative pleading. *See* Dkt. 101.[2] The BSF Defendants filed motions to dismiss the SAC for lack of personal jurisdiction, Dkt. 104, as well as based on the first-to-file rule, failure to state a claim (including the assertion that the BSF

---

[1] On March 26, 2019, Mr. Rich filed an Anti-Suit Motion, asking D.D.C. to enjoin Mr. Butowsky from litigating his claims against Mr. Rich's Counsel in this Court, on grounds that the issues in the two cases substantially overlap. *See* D.C. Lawsuit, Dkt. 52. That motion remains pending. During a July 31, 2019 Status Conference, United States District Court Judge Richard Leon advised that Butowsky should dismiss the case as to the BSF defendants and suggested that the "simplest solution to this problem is for the judge in Texas to grant the motion to dismiss as to Boies Schiller." *See* Dkt. 105 at 12–13. As the Motion illustrates, Butowsky has rejected Judge Leon's advice and, instead, now attempts to add new allegations as to the BSF Defendants.

[2] Butowsky filed the SAC only after the BSF Defendants insisted Plaintiff correct a pleaded allegation that both Butowsky and his counsel admitted to be false. *See* Dkt. 101; *see also* Dkt. 156 (pending Rule 11 motion).

Defendants are absolutely immune from suit), and failure to name Mr. Rich as a necessary defendant, Dkt. 105.[3] Those motions have been fully briefed since September 19, 2019 and the Court indicated on February 18, 2020 that it is "currently reviewing the pending motions and expects to issue recommendations on each motion in the near future." Dkts. 115, 116, 128, 129, 194.

On February 18, 2020, Butowsky filed his Motion to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), which attached a First Supplemental Complaint that added a claim of defamation and business disparagement against the BSF Defendants based on a *ConspiracyLand* podcast that aired in August 2020 and included an interview with Ms. Governski. Motion at 1; *see also* Dkt. 190-1 (hereinafter "Supplemental Complaint"). The Supplemental Complaint describes the relevant part of the *ConspiracyLand* podcast as discussing "statements by the Plaintiff and Matt Couch" (Butowsky's co-defendant in the D.C. Lawsuit) and quotes Ms. Governski as stating that "There is no factual place where that is coming from. This is a contrived story about Aaron... So the key lies they're making about Aaron is that he worked with Seth to download these materials from the DNC, that Aaron personally received money from Wikileaks in exchange for the data from the DNC, that Aaron is covering up both his role in downloading the DNC data and in the murder of his brother. And these are all false. No truth to any of those statements."[4]

---

[3] The BSF Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, Dkt. 156, has been fully briefed since November 5, 2019, Dkt. 176, and awaits this Court's resolution.

[4] The ellipses replace the intervening statement: "MICHAEL ISIKOFF: Washington lawyer Meryl Governski has filed a defamation lawsuit against Couch and Butowsky on behalf of Aaron."

## ARGUMENT

The Court should deny the Motion because the allegations of the Supplemental Complaint have no impact on the merits of any of the pending motions to dismiss. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). But the Fifth Circuit has also made clear that Rule 15(d) does not require the court to freely grant the request, in contrast with Rule 15(a). *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) ("While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide."). Instead, discretion governs and the Fifth Circuit has affirmed district court denials of requests for leave to supplement a complaint when such supplementations change nothing or are futile. *See id.* ("Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances. Here, as nothing has changed . . . the court was within its discretion to deny leave to supplement." *Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir.), cert. denied, 139 S. Ct. 343, 202 L. Ed. 2d 225 (2018) (denying Rule 15(d) motion for leave to supplement where futile). Butowsky's motion for leave to supplement should be denied for similar reasons.

Butowsky admits that the Supplemental Complaint "***does not present any new legal issues***" and his counsel conceded during the parties' telephonic meet-and-confer that the Supplemental Complaint "***does not affect any of the issues raised in the BSF Defendants' pending motions*** or provide Plaintiff with any different argument in opposition to those motions than Plaintiff has already briefed." Motion at 1, 3 (emphases added). Butowsky's admission that the new allegations do not bear, in any way, upon the legal determinations ripe for this Court's

determination in the BSF Defendants' motions is dispositive as to why this Court should reject his attempt to supplement the complaint.

Butowsky provides no legal basis as to why the Court should permit him to supplement his complaint now—six months after the statement was published, four months after allegedly becoming aware of the statements, and on the precipice of the Court determining whether to dismiss the complaint entirely. Instead, the Motion asserts without support that the new allegations show the "absurdity" of certain of the BSF Defendants' first-to-file and litigation privilege arguments, Motion at 2, which beyond amounting to an improper attempt to supplement existing briefing on the motions to dismiss, is demonstrably wrong. The Supplemental Complaint *affirms* the merits of the BSF Defendants' dismissal arguments. There can be no credible argument that Ms. Governski's statements regarding the false statements about Mr. Rich—including that he worked with his brother to download the DNC data in exchange for money from WikiLeaks and that he has obstructed justice—overlap entirely with the statements in the D.C. Lawsuit (which is the first-to-file test, *see* Dkt. 105 at 10–15) and bear directly on the issues before the court there (which is the absolute privilege test, *see id* at 15–18).

Finally, it is worth noting the irony of Butowsky asserting a motion based on Rule 15, which (as the out-of-circuit, 1963 case Butowsky cites demonstrates) is rooted in a desire to enable courts to "award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separate tried and prosecuted." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963) (cited in Motion at 1).[5] The proper remedy to "avoid the cost, delay and waste of separate actions" is to dismiss the SAC as

---

[5] The BSF Defendants are not aware of any court in Texas adopting the Fourth Circuit's reasoning or holding in *New Amsterdam*.

to the BSF Defendants for all the reasons the Court already is contemplating, not to permit Butowsky to continue to press frivolous and duplicative proceedings to which he should be sanctioned for the reasons before this Court.

For the foregoing reasons, the BSF Defendants respectfully request that the Court deny Butowsky's Motion.

Dated: February 28, 2020

*/s/ Paul J. Skiermont*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

**Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*