# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky, in his personal and professional capacities,** | |
| Plaintiff, | Case No. 4:19-cv-00180-ALM-KPJ |
| v. | |
| **Michael Gottlieb,** *et al.*, | |
| Defendants. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY BY
## DEFENDANTS GOTTLIEB, GOVERNSKI AND BOIES SCHILLER FLEXNER LLP

On March 3, 2020, the Court held a status conference during which it indicated that it would *inter alia* permit Plaintiff to file an amended complaint, thereby requiring all parties to re-file motions to dismiss, which have been fully briefed and awaiting resolution for six months.[1] Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("BSF Defendants") are dissimilarly situated from the other defendants, and respectfully submit this notice to alert the Court to activity in the United States District Court for the District of Columbia ("First-Filed Court") that the First-Filed Court has urged this Court to consider without delay. This development from the First-Filed Court should be taken into account before issuing any order permitting Plaintiff to re-set deadlines and continue to prosecute this case against the BSF Defendants for many additional months without a decision on the First-to-File motion, a motion which the new facts to be alleged by Plaintiff could not possibly have any bearing as to the legal question at issue.

During the same precise time as this Court held its status conference, Judge Richard Leon of the First-Filed Court held a status conference in the underlying matter, *Rich v. Butowsky et al*, No. 18-681 (RJL) (D.D.C.). Plaintiff Aaron Rich's motion seeking an anti-suit injunction enjoining Defendant Butowsky's litigation against the BSF Defendants in this case remains pending. *Id.* Dkt. 52. During the status conference, Judge Leon expressed concern that this Court had not yet issued a ruling on the pending motions to dismiss, stated the view that the First-Filed Court had been patient allowing the overlapping litigation before this Court some time to be resolved, but that the First-Filed Court was disinclined to permit this litigation, which is interfering with the First-Filed Court's jurisdiction, to continue. Judge Leon stated that he had never before granted an anti-suit injunction, but he believed he would be forced to do so if this

---

[1] In addition to a motion to dismiss based on personal jurisdiction (Dkt. 104), the BSF Defendants' filed a motion based on various additional defenses, including the first-to-file rule and litigation privilege—*neither of which can be cured by amendment.* See Dkt. 105.

matter is not resolved promptly. Judge Leon asked Defendant Michael J. Gottlieb, who was arguing on behalf of the Plaintiff in that case, to inform this Court that he was on the precipice of enjoining this lawsuit based upon the BSF Defendants' motion for an anti-suit injunction. After Defendant Gottlieb explained that this Court was holding a status conference at exactly the same time, Judge Leon ordered the parties before him to provide an update on this lawsuit on March 17, 2020.[2] Judge Leon's guidance confirms the view he first articulated seven months ago, when he expressed concern about the substantial overlap between the First-Filed suit and this one, opined that "the simplest solution" is for this Court to dismiss the case as to the BSF Defendants, and admonished Plaintiff's former counsel in the First-Filed Lawsuit, stating that "I would strongly recommend that you talk to your client, while proceeding on this track here, the wisdom of agreeing to the motion to dismiss the suit against the lawyers for Boies Schiller down there." Dkt. 75 at 20–21.

The BSF Defendants respectfully submit this Notice of Supplemental Authority based upon the first-to-file rule, which requires this Court to defer to Judge Leon's authority as the First-Filed Court. *See* Dkt. 105[3]; *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605–06 (5th Cir. 1999) ("Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] was no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." (alterations in original)); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950–51 (5th Cir. 1997) (the role of this Court is "properly limited" to determining only whether the Moving Defendants have demonstrated a "likelihood of substantial

---

[2] The BSF Defendants will file the transcript from the status conference before Judge Leon as soon as it is available, but did not want to delay notifying this Court.

[3] The first-to-file argument is fully briefed in one of the BSF Defendants' pending motions (Dkt. 105), which is one of the motions on which the Court indicated on February 18, 2020 it was prepared to issue recommendations in the "near future." *See* Dkt. 194.

overlap" between these two federal actions); *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728–29 (5th Cir. 1985) (federal courts, including the Fifth Circuit, "long have recognized that the principle of comity ***requires*** federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs" where two parallel federal actions have a likelihood of "substantial overlap" (emphasis added)); *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 F. App'x 225, 227 (5th Cir. 2017); *KCCR, Inc. v. Brunner*, 2010 WL 4236868, at *5 (S.D. Tex. Oct. 21, 2010); *Cadle Co. v. Whataburger, Inc.*, 97-CA-1502, 1998 U.S. Dist. LEXIS 22017, at *3 (W.D. Tex. Mar. 16, 1998), *aff'd* 174 F.3d 599 (5th Cir. 1999).

Dated: March 4, 2020

*/s/ Paul J. Skiermont*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP***

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*

4