**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **EDWARD BUTOWSKY, in his personal and professional capacities,** | |
| **Plaintiff**, | **Case No. 4:19-cv-00180-ALM-KPJ** |
| **v.** | |
| **MICHAEL GOTTLIEB, *et al.*,** | **ORAL ARGUMENT REQUESTED** |
| **Defendants**. | |

**DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF THE ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1) ........................ 1

FACTUAL BACKGROUND........................................................................................ 1

LEGAL ARGUMENT................................................................................................ 7

    A.  The BSF Defendants Are Not Subject To Specific Jurisdiction................................... 8

        1.  The Fifth Circuit Has Rejected The Effects Test On Which The TAC Relies. 9

        2.  The Fifth Circuit And This Court Have Rejected Whatever Conspiracy-based Personal Jurisdiction Theory The TAC Purports To Assert. ......................... 13

    B.  The Fifth Circuit Has Rejected The TAC's General Jurisdiction Argument As To The Corporate BSF Defendant........................................................... 14

CONCLUSION.................................................................................................... 16

# TABLE OF AUTHORIITES

## Cases

*Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*,
  No. 2:17-CV-00418-JRG, 2018 U.S. Dist. LEXIS 173065 (E.D. Tex. 2018) .......................... 2

*Bulkey & Assocs., LLC v. Occupational Safety & Health Appeals Bd. of Cal.*,
  No. 4:18-cv-642, 2019 WL 2411544 (E.D. Tex. Jun. 7, 2019) ................................................. 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................................... 7, 8

*Busch v. Viacom Int'l, Inc.*,
  477 F. Supp. 2d 764 (N.D. Tex. 2007) ................................................................................... 12

*Calder v. Jones*,
  465 U.S. 783 (1984) ................................................................................................................. 11

*Carmona v. Leo Ship Mgmt., Inc.*,
  924 F.3d 190 (5th Cir. 2019) ................................................................................................... 11

*Claro v. Mason*,
  No. CIV.A. H-06-2398, 2007 WL 654609 (S.D. Tex. Feb. 27, 2007) ..................................... 15

*Clemens v. McNamee*,
  615 F.3d 374 (5th Cir. 2010) ....................................................................................... 7, 10, 11

*Companion Prop. & Cas. Ins. Co. v. Palermo*,
  723 F.3d 557 (5th Cir. 2013) ................................................................................................... 16

*Companion Prop. & Cas. Ins. Co. v. Palermo*,
  No. 3:11-CV-03524-F, 2012 WL 12882078 (N.D. Tex. Nov. 19, 2012) ................................. 15

*Cooper v. City of Plano*,
  No. 4:10-CV-689, 2011 WL 2882074 (E.D. Tex. July 18, 2011) ............................................. 2

*Cooper v. City of Plano*,
  No. 4:10-CV-689, 2011 WL 2912808 (E.D. Tex. June 21, 2011) ............................................ 2

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................................... 7

*Delta Brands Inc. v. Danieli Corp.*,
  99 F. App'x 1 (5th Cir. 2004) ................................................................................................... 14

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) ....................................................................................... 7, 10, 12

*Freudensprung v. Offshore Tech. Serv.*,
   379 F.3d 327 (5th Cir.2004) ........................................................................ 8

*GlobeRanger Corp. v. Software AG*,
   No. 3:11-CV-0403-B, 2013 WL 1499357 (N.D. Tex. Apr. 12, 2013) ............................... 13, 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011).................................................................................. 7

*Gray, Ritter, & Graham, PC v. Goldman Phipps PLLC*,
   511 S.W.3d 639 (Tex. App.—Corpus Christi 2015, pet. denied)...................................... 15, 16

*Green Ice Tech., LLC v. Ice Cold 2, LLC*,
   No. 4:17-CV-00341, 2018 WL 3656476 (E.D. Tex. Aug. 1, 2018)..................................... 9

*Herman v. Cataphora, Inc.*,
   730 F.3d 460 (5th Cir. 2013) ....................................................................... 11

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
   213 F.3d 841 (5th Cir. 2000) ....................................................................... 7

*Medina v. Medina*,
   260 F.3d 622 (5th Cir. 2001) ....................................................................... 14

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) ................................................................... 9, 10, 11

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ..................................................................... 7, 12

*Sangha v. Navig8 Ship Management Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ........................................................................ 15

*Stuart v. Spademan*,
   772 F.2d 1185 (5th Cir. 1985) ...................................................................... 8

*United Galvanizing Inc. v. Imperial Zinc Corp.*,
   No. CIV.A.H-08-0551, 2008 WL 4746334 (S.D. Tex. Oct. 27, 2008) ................................. 8

*Vinmar Overseas Singapore PTE Ltd. v. PTT Int'l Trading PTE Ltd.*,
   538 S.W.3d 126 (Tex. App.—Houston (14th Dist.) 2017, pet. denied) ............................... 8

*Wakefield v. British Med. Journal Publ'g Grp., Ltd.*,
   449 S.W.3d 172 (Tex. App.—Austin 2014, no pet.) ................................................ 11, 12

*Walden v. Fiore*,
   571 U.S. 277 (2014)............................................................................. 8, 10, 11

*Wien Air Alaska, Inc. v. Brandt*,
  195 F.3d 208 (5th Cir. 1999) ........................................................................................... 14

*WorldVentures Holdings, LLC v. Mavie*,
  No. 4:18CV393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ............................................. 14

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(7) ........................................................................................................... 1

Fed. R. Civ. P. 19 .................................................................................................................... 1

Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("BSF Defendants") move to dismiss the Third Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Edward Butowsky filed this action against the BSF Defendants in retaliation for their representation of Aaron Rich in a related, and ongoing, federal lawsuit against Mr. Butowsky in the United States Court for the District of Columbia ("First-Filed Court" or "D.D.C.;" the lawsuit hereinafter "D.C. Lawsuit"). The actions about which Mr. Butowsky complains all occurred in Washington, D.C., not in Texas. Mr. Butowsky admits that none of the BSF Defendants are Texas residents, and he makes no factual allegations that any of them directed their complained-of actions toward Texas. Nevertheless, and despite the ongoing related lawsuit in the First-Filed Court, he sued them in this Court. Because Mr. Butowsky's Third Amended Complaint ("TAC") fails to make even a *prima facie* case for personal jurisdiction, the Court must dismiss this lawsuit.

## STATEMENT OF THE ISSUES PURSUANT TO LOCAL RULE CV-7(A)(1)

Does Rule 12(b)(2) require this case to be dismissed because none of the BSF Defendants are subject to personal jurisdiction in this State? YES.

## FACTUAL BACKGROUND

As described in detail in the BSF Defendants' contemporaneously-filed Motion to Dismiss the Third Amended Complaint Under the First-to-File Rule and Rules 12(b)(6), 12(b)(7), and 19,[1]

---

[1] The BSF Defendants contemporaneously-filed Motion to Dismiss based on the First-to File Rule and Rules 12(b)(6), 12(b)(7), and 19, sets forth the complete factual and procedural background of this case and the related litigation in the United States Court for the District of Columbia. For ease of reference, all Exhibit citations here refer to the Exhibits attached to the Declaration of Paul Skiermont in Support of that motion.

Aaron Rich and his deceased brother, Seth, have been the targets of false claims that Seth Rich was assassinated because he had been discovered to have stolen emails from the DNC and provided them to Wikileaks. Ex. A ¶ 2. One reason for spreading these false claims was to advance a counter-narrative to the intelligence community's conclusion that the Russian Government interfered in the 2016 election. *Id.* ¶¶ 6; 31; 45; 50. Mr. Butowsky has helped propagate this conspiracy theory by accusing Aaron Rich of conspiring with his brother to steal the DNC documents and sell them to WikiLeaks in exchange for money deposited into his personal bank account. *Id.* ¶¶ 6–7. On March 26, 2018, Mr. Rich filed the D.C. Lawsuit against Mr. Butowsky (along with other co-conspirator defendants), alleging Mr. Butowsky's statements to be defamatory.

On March 27, 2018—the date the D.C. Lawsuit became public on the Court's docket—Mr. Gottlieb appeared on CNN for a live interview with Anderson Cooper. *See* Ex. C ("CNN Interview").[2] Mr. Cooper led the interview with Mr. Gottlieb by stating:

> The lawsuit filed by Seth Rich's brother, Aaron is against the *Washington Times*, an online activist and his media company and a Texas businessman, joining me now is Michael Gottlieb, the attorney for Aaron Rich. Thanks for being with us. The defendants named in today's lawsuit, can you explain how they were dragging your client, Seth's brother into this.

*Id.* at 13. The banner along the bottom of the screen read, "Seth Rich's Brother, Parents Sue Over Conspiracy Theories." During the interview, Mr. Gottlieb described the allegations in the D.C.

---

[2] The Court "may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 2912808, at *1–2 (E.D. Tex. June 21, 2011), *report and recommendation adopted,* No. 4:10-CV-689, 2011 WL 2882074 (E.D. Tex. July 18, 2011) (Mazzant, J.); *see also* TAC ¶ 65 (basing allegations on CNN Interview). Likewise, the Court may take notice of facts "where the facts a court is taking notice of may be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Blitzsafe Tex., LLC v. Bayerische Motoren Werke AG*, No. 2:17-CV-00418-JRG, 2018 U.S. Dist. LEXIS 173065, at *20 n.6 (E.D. Tex. 2018).

Lawsuit, including that the defendants "named in the lawsuit today decided to make Aaron Rich, Seth's brother the target of the conspiracy theory" by accusing him of being "the technical mastermind behind the leak and also somebody who took money from WikiLeaks," which are "made up" and "complete fabrication[s]." *Id.*

In September 2018, Mr. Rich reached a settlement with the *Washington Times* in connection with a column that cited Mr. Butowsky as the only named source for statements accusing Mr. Rich of being involved in stealing the DNC emails and selling them to Wikileaks. *See* Ex. A ¶¶ 38 40. On September 30, 2018, the *Washington Times* published a retraction and apology. *See* Ex. D. The next day, *Vox* published an article about the *Washington Times* Retraction. *See* Ex. E ("*Vox* Article"). The last paragraph of the *Vox* Article quotes Ms. Governski:

> Legal action against Butowsky, Couch, and America First Media is still continuing. In a statement by the attorney representing Aaron Rich, Meryl Governski, part of the team at Boies Schiller Flexner, Governski said, "*The Washington Times'* decision to take responsibility and apologize for its role in propagating lies about our client is a milestone in our case, as well as in the broader effort to shine a light on conspiracy theorists who spread malicious lies for personal and political gain."
> She added: "We will continue our efforts against the remaining defendants, who to this day continue to spread unconscionable lies about Aaron in order to advance their false political narratives.'"

Mr. Butowsky filed this lawsuit on March 12, 2019, alleging, *inter alia*, that that Mr. Rich's Counsel defamed Mr. Butowsky in the CNN Interview and the *Vox* Article by accusing Mr. Butowsky of making defamatory statements about Mr. Rich.

The BSF Defendants filed a Motion to Dismiss on June, 21, 2019, to which Butowsky failed to file a timely response and, instead, filed an amended complaint without leave of the Court. *See* Dkt. 81.  While ruling that Butowsky's subsequent motion to amend was untimely, the Court nevertheless permitted Butowsky to file an amended complaint.  *Id.*  On July 31, 2019, Butowsky

since filed a Second Amended Complaint ("SAC"), *see* Dkt. 101,[3] which the BSF Defendants filed motions to dismiss for lack of personal jurisdiction, Dkt. 104, as well as based on the first-to-file rule, failure to state a claim (including the assertion that the BSF Defendants are absolutely immune from suit), and failure to name Mr. Rich as a necessary defendant, Dkt. 105.[4]

Also on February 18, 2020, Butowsky filed a Motion to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), which attached a First Supplemental Complaint that added a claim of defamation and business disparagement against the BSF Defendants based on a *ConspiracyLand* podcast that aired in August 2019 and included an interview with Ms. Governski.  Motion at 1; *see also* Dkt. 190-1.  On March 4, 2020, the Court granted Plaintiff leave to file a supplemental complaint in part by ordering him to file an "an amended complaint with the amendments discussed at the Hearing by March 11, 2020."  Dkt. 204. After consideration of the BSF Defendants notice of supplemental authority (Dkt. 203), the Court ordered that the BSF Defendants refile motions to dismiss the amended complaint by March 13, 2020, with Plaintiff's opposition due March 20, 2020 and the BSF Defendants' reply by March 25, 2020.  Dkt. 206.  Plaintiff filed the Third Amended Complaint ("TAC") on March 11, 2020. Dkt. 207.

Also on February 18, 2020, Butowsky filed a Motion to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), which attached a First Supplemental Complaint that added a claim of defamation and business disparagement against the BSF

---

[3] Butowsky filed the SAC only after the BSF Defendants insisted Plaintiff correct a pleaded allegation that both Butowsky and his counsel admitted to be false.  *See* Dkt. 101; *see also* Dkt. 156 (pending Rule 11 motion).

[4] The BSF Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, Dkt. 156, has been fully briefed since November 5, 2019, Dkt. 176, and awaits this Court's resolution. The BSF Defendants reserve the right to file a supplement to the Rule 11 motion or a new Rule 11 motion, including in connect with the conduct have Plaintiff that is necessitating this filing.

Defendants based on a *ConspiracyLand* podcast that aired in August 2019 and included an interview with Ms. Governski.  Motion at 1; *see also* Dkt. 190-1.  On March 4, 2020, the Court granted Plaintiff leave to file a supplemental complaint in part by ordering him to file an "an amended complaint with the amendments discussed at the Hearing by March 11, 2020."  Dkt. 204. After consideration of the BSF Defendants notice of supplemental authority (Dkt. 203), the Court ordered that the BSF Defendants refile motions to dismiss the amended complaint by March 13, 2020, with Plaintiff's opposition due March 20, 2020 and the BSF Defendants' reply by March 25, 2020.  Dkt. 206.  Plaintiff filed the Third Amended Complaint ("TAC") on March 11, 2020. Dkt. 207.

The TAC describes the relevant part of the *ConspiracyLand* podcast as discussing "statements by the Plaintiff and Matt Couch" (Butowsky's co-defendant in the D.C. Lawsuit) "suggesting that Aaron Rich played a role in leaking Democratic National Committee emails" and describes Ms. Governski's statements as follows:

> "Immediately thereafter, Isikoff played audio of an interview wherein Defendant Governski is heard to say: 'There is no factual place where that is coming from. This is a contrived story about Aaron... So the key lies they're making about Aaron is that he worked with Seth to download these materials from the DNC, that Aaron personally received money from Wikileaks in exchange for the data from the DNC, that Aaron is covering up both his role in downloading the DNC data and in the murder of his brother. And these are all false. No truth to any of those statements.'"

TAC ¶ 70-71.  As reflected in the full transcript of the *ConspiracyLand* Podcast attached to this Motion as Exhibit M, the full exchange that the TAC excerpts (and part of which it replaces with ellipses) is as follows:

> MICHAEL ISIKOFF: Just why Couch and Butowsky chose to focus on Aaron Rich was never clear. It is true that Aaron had custody of his brother's property, including Seth's laptop which he turned over to DC police twice for examination. The cops found nothing on that computer or anything else tying Seth's murder to his job at the DNC.

As for the supposed money flow into Aaron's bank account from WikiLeaks? The basis for that was completely mysterious. The bomb is the claim that Aaron Rich was getting money from WikiLeaks. Where is that coming from?

**MERYL GOVERNSKI: There is no factual place where that is coming from. This is a contrived story about Aaron.**

MICHAEL ISIKOFF: Washington lawyer Meryl Governski has filed a defamation lawsuit against Couch and Butowsky on behalf of Aaron.

**MERYL GOVERNSKI: So the key lies that they're making about Aaron is that he worked with Seth to download these materials from the DNC, that Aaron personally received money from WikiLeaks in exchange for this data from the DNC, that Aaron is covering up both his role in downloading this DNC data and in the murder of his brother. And those are all false. No truth to any of those statements.**

As Mr. Butowsky acknowledges, the BSF Defendant' statements at issue in this lawsuit are statements that Mr. Rich's Counsel made about the D.C. Lawsuit. *See* TAC ¶ 65 ("In a March 27, 2018 interview with Anderson Cooper on CNN **regarding the lawsuit**…"); *id.* ¶ 69 ("…a statement from Ms. Governski is quoted as stating that the **defendants – to include Mr. Butowsky**…"); *id.* ¶ 70 (On or about August 8, 2019, Yahoo! News released Episode 6 of Michael Isikoff's Conspiracyland series, wherein Isikoff **discussed statements by the Plaintiff and Matt Couch suggesting that Aaron Rich played a role in leaking Democratic National Committee emails**.") (all emphases added). Thus, Mr. Butowsky is suing the BSF Defendants for making statements not only about the D.C. Lawsuit, but for repeating verbatim or nearly verbatim statements from Mr. Rich's Complaint in the D.C. Lawsuit.

Notably, none of the complained-of statements in the TAC mentions Texas, nor does the TAC allege that any of these statements occurred in or were directed at Texas.

## **LEGAL ARGUMENT**

This Court lacks personal jurisdiction over the BSF Defendants because none of them have any relevant Texas contacts. Under Fifth Circuit precedent, "[t]he plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant and that burden is met by making a *prima facie* showing." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000)). As the TAC itself establishes the BSF Defendants' accused statements were not made in Texas, were not directed to Texas, nor did they relate to any business conducted in Texas. *See* TAC, *passim*. The exercise of jurisdiction must be permitted by the forum state's long-arm statute and by the Due Process Clause of the United States Constitution. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause, those inquiries are identical. *Id.* at 424-25. The Court must determine whether "(1) th[e] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (internal quotation marks and citation omitted).

"Minimum contacts" with the forum state can give rise to general or specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 473 n.15 (1985). General jurisdiction exists only when the nonresident defendant's forum state contacts are "so continuous and systematic as to render [him] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation marks and citation omitted); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Specific jurisdiction exists where the

nonresident defendant "'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to those activities.'" *Burger King*, 471 U.S. at 472.

### A.      The BSF Defendants Are Not Subject To Specific Jurisdiction.

Mr. Butowsky has not made a *prima facie* showing sufficient to establish specific jurisdiction over the BSF Defendants. "A court may exercise specific jurisdiction when: (1) the nonresident defendant purposely availed itself of the privileges of conducting activities in the forum state; and (2) the controversy arises out of or is related to ***the defendant's contacts*** with the forum state." *United Galvanizing Inc. v. Imperial Zinc Corp.*, No. CIV.A.H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex. Oct. 27, 2008) (citing *Freudensprung v. Offshore Tech. Serv.,* 379 F.3d 327 (5th Cir.2004)) (emphasis added). For this analysis, the contacts with the forum that matter are the defendants' contacts—not the plaintiff. *Bulkey & Assocs., LLC v. Occupational Safety & Health Appeals Bd. of Cal.*, No. 4:18-cv-642, 2019 WL 2411544, at *5-6 (E.D. Tex. Jun. 7, 2019) (Mazzant, J.) (citing *Walden v. Fiore*, 571 U.S. 277, 291 (2014)).

Here, the TAC says ***nothing*** about the BSF Defendants' contacts with Texas. The accused statements—about a lawsuit in Washington, D.C.—are not sufficient. Mr. Butowsky has failed to allege a single fact upon which this Court could find that any of the BSF Defendants are subject to specific jurisdiction in Texas, and he has therefore failed to meet his burden of pleading or otherwise establishing a *prima facie* case that this Court has specific personal jurisdiction over Mr. Gottlieb, Ms. Governski, or Boies Schiller Flexner LLP. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985); *Vinmar Overseas Singapore PTE Ltd. v. PTT Int'l Trading PTE Ltd.*, 538 S.W.3d 126, 133 (Tex. App.—Houston (14th Dist.) 2017, pet. denied).

Plaintiff admits that the BSF Defendants are not Texas residents. TAC ¶¶ 11-13. As the TAC itself pleads, Mr. Gottlieb "is an attorney who resides in or near Washington D.C." (*id.* ¶ 11),

Ms. Governski "is an attorney who resides in or near Washington, D.C." (*id.* ¶ 12).[5] The TAC affirms that BSF "is a law firm and professional partnership organized under the laws of New York and headquartered in New York, New York" (*id.* ¶ 13).

The TAC's only purported basis for personal jurisdiction as to the BSF Defendants are the general assertions that: (1) they knew Plaintiff was a resident of Texas and that "the effects" of the statements "would be felt in Texas;" and (2) they "targeted Mr. Butowsky with the defamatory statements" in order to "assist the larger DNC / Bauman conspiracy by discrediting Mr. Butowsky and trying to bully him into silence." *See* TAC ¶ 9; *id.* ¶ 65; *id.* ¶ 74. Even accepting *arguendo* that the conclusory allegations are true (which they are not), they are plainly insufficient to establish specific jurisdiction over out-of-state defendants. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-869 (5th Cir. 2001) ("Establishing a *prima facie* case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state. . . .[T]he *prima-facie*-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."); *Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 4:17-CV-00341, 2018 WL 3656476, at *7 (E.D. Tex. Aug. 1, 2018) (Mazzant, J.).

1.   The Fifth Circuit Has Rejected The Effects Test On Which The TAC Relies.

The constitutional requirements of minimum contacts and purposeful availment do not permit the exercise of personal jurisdiction over an out-of-state resident whose sole contact with the forum state is having made statements to the national media regarding an in-state resident. "For

---

[5] The only change between the SAC and the TAC with respect to Plaintiff's description of the individual BSF Defendants is to add the irrelevant state that "Defendant Gottlieb formerly served as a White House attorney during the Obama administration." *Compare* SAC ¶ 12, *with* TAC ¶ 11. There is no discernable legitimate purpose to adding that statement, nor does doing so fall within the Court's limited approval as to what Plaintiff was permitted to amend.

a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. As the Fifth Circuit has stated:

> If we were to accept Appellants' arguments, a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit "no matter how groundless or frivolous the suit may be." Such result would completely vitiate the constitutional requirement of minimum contacts and purposeful availment.

*Panda Brandywine Corp.*, 253 F.3d at 870 (internal citation omitted). Accepting such a theory of jurisdiction "would turn the jurisdictional analysis on its head, focusing attention not on where the alleged tortfeasor directed its activity, but on where the victim could identify tangential harms." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005).

The BSF Defendants' accused statements did not create a "substantial connection" with Texas. Mr. Butowsky has not offered a single factual allegation on which this Court plausibly could conclude that Defendants' allegedly defamatory statements were "meaningfully directed" at Texas or that Texas was the "clear focus" or "clear thrust" of the statements. *Fielding*, 415 F.3d at 428; *see also Clemens*, 615 F.3d at 380. This includes the conclusory assertion that the alleged torts "were designed to hurt the Plaintiff in Texas" and "[a]ll of the Defendants knew that the Plaintiff was a resident of Texas when they targeted him." TAC ¶ 9. Plaintiff offers no factual allegations whatsoever to support that blanket assertion as to the BSF Defendants.[6]

---

[6] Compare and contrast these boilerplate allegations concerning the BSF Defendants—without any facts in support—with Plaintiff's allegations against other defendants that at least attempt to allege specific "facts" giving rise to jurisdiction. (*See, e.g.*, TAC ¶¶ 15, 22.)

Nor is such an allegation—that Defendants knew Mr. Butowsky was a Texas resident— sufficient to establish personal jurisdiction. *See, e.g., Panda Brandywine Corp.*, 253 F.3d at 869-870 (affirming dismissal and holding plaintiff failed to make *prima facie* case for personal jurisdiction where sole evidence in support were allegations "that Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm to Appellants in Texas"); *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) ("Perhaps [plaintiffs] did make a prima facie showing that the harm imposed by [defendant's] allegedly defamatory statements will be felt largely in Louisiana. This is not enough."); *Wakefield v. British Med. Journal Publ'g Grp., Ltd.*, 449 S.W.3d 172, 186 (Tex. App.—Austin 2014, no pet.) ("[T]he Fifth Circuit has held that the plaintiff's residence in the forum state and the fact that the effects of a story will be felt there, standing alone, are insufficient to establish jurisdiction in defamation cases."); *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 194 (5th Cir. 2019) (plaintiff cannot supply the sole "link" between a defendant and the forum; instead, "jurisdiction is only proper where the 'defendant himself' made deliberate contact with the forum" (quoting *Walden*, 571 U.S. at 285)); *Clemens*, 615 F.3d at 380 (no jurisdiction even where defendant knew about the likelihood of plaintiff's harm being felt in Texas).

Based on *Clemens*, the "most constructive" Supreme Court case on the issue of specific jurisdiction in the context of defamation is *Calder v. Jones*, 465 U.S. 783 (1984), which supports the exercise of specific jurisdiction only if the forum state is the "focal point" of the allegedly defamatory publication. *Clemens*, 615 F.3d at 379 (citing *Calder*, 465 U.S. at 788-89).

Texas is plainly not the "focal point" of the BSF Defendants' accused statements—those statements did not mention Texas and have nothing to do with Texas. Mr. Butowsky's TAC concedes that the BSF Defendants' statements were "regarding" the D.C. Lawsuit. TAC ¶¶ 65; 69.

As evident from the D.C. court's order denying Mr. Butowsky's motion to transfer the D.C. Lawsuit here, it is D.C. (not Texas) that is the "focal point" of Mr. Rich's lawsuit and the location to which Mr. Butowsky peddled his conspiracy theory, including by encouraging its publication in the *Washington Times*. *See* Ex. F at 7 (Mar. 29, 2019 D.C. Lawsuit Minute Order Denying Transfer). The TAC does not allege that the BSF Defendants ever mentioned or referenced Texas, or in any way directed their statements to Texas residents. As a result, the Court cannot exercise specific jurisdiction over the BSF Defendants. *See, e.g., Wakefield*, 449 S.W.3d at 187 (specific jurisdiction lacking where "Texas is never mentioned in any of the articles"); *Fielding*, 415 F.3d at 427 (specific jurisdiction lacking where article mentioned Texas only once); *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir). The TAC thus fails to make even a *prima facie* case as to specific jurisdiction over the BSF Defendants.

Finally, and for the same reasons, the Court's exercise of personal jurisdiction over the BSF Defendants would violate traditional notions of fair play and substantial justice. *Fielding*, 415 F.3d at 427–28 ("focusing attention not on where the alleged tortfeasor directed its activity, but on where the victim could identify tangential harms" contravenes "traditional notions of fair play"). The fair play and substantial justice factors include: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies." *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 771 (N.D. Tex. 2007). Each of these factors favor the BSF Defendants. Factors 1, 3, and 4 support litigating the issues Mr. Butowsky has raised in the First-Filed D.C. Lawsuit—not in Texas. Factors 2 and 5 also weigh in favor of the BSF Defendants because Texas has no interest in the subject matter of Mr.

Butowsky's claims based on the BSF Defendants' statements—which concern events that transpired entirely outside Texas.

> 2.   The Fifth Circuit And This Court Have Rejected Whatever Conspiracy-based Personal Jurisdiction Theory The TAC Purports To Assert.

Butowsky attempts to resuscitate his case against the BSF Defendants by asserting a half-baked, circular argument implying jurisdiction based on purported "overarching conspiracy" to "target" and cause harm to a Texas resident. TAC ¶ 65; *id.* ¶ 74; *see also id.* ¶103.[7] The argument fails as a matter of law, including because the argument boils down to the same effects test that the Fifth Circuit and this Court has rejected.

*First*, the Complaint does not allege a single overt act that allegedly occurred in the state of Texas, which is a pre-requisite for conspiracy jurisdiction. *GlobeRanger Corp. v. Software AG*, No. 3:11-CV-0403-B, 2013 WL 1499357, at *3 (N.D. Tex. Apr. 12, 2013) (conspiracy jurisdiction over a defendant is "where its coconspirators committed one or more overt acts in furtherance of the conspiracy in Texas").

*Second*, the only arguable "overt act" is the conclusory assertion that the statements allegedly caused harm in Texas, which circles back to the same invalid effects-test argument. *See supra*.

---

[7] Because Butowsky has dismissed all of the other lawyers and law firms and individuals with whom he alleged the BSF Defendants conspired in the SAC, the TAC amends the Civil Conspiracy count to allege that the BSF Defendants conspired amongst themselves. *Compare* SAC ¶123 ("Defendants Gottlieb, Governski, Boies Schiller Flexner LLP, Bauman, The Pastorum Group, Gail, Oliphant, Agrawal, Massey & Gail LLP, Gregory Y. Porter, Michael L. Murphy, and Bailey & Glasser LLP participated in an overarching conspiracy to defame, discredit, intimidate, and silence Mr. Butowsky, and they are fully liable for one another's torts and statutory violations."), *with* TAC ¶ 103 ("At the best [*sic*] of Mr. Bauman and the DNC, Defendants Gottlieb, Governski, and Boies Schiller Flexner LLP participated in an overarching conspiracy to defame, discredit, intimidate, and silence Mr. Butowsky, and they are fully liable for one another's torts."). It is unclear whether Butowsky even had the authority to amend his substantive conspiracy claim, and the BSF Defendants reserve their right to move to strike the parts of the Complaint that may go beyond what the Court permitted. *See, e.g.* TAC ¶¶ 35-36, 48, 60 n.2, 62-64, 68, 84, 103.

*Third*, even if the TAC asserted an overt act, in order to establish its prima facie case of specific personal jurisdiction, Butowsky must demonstrate that the BSF Defendants "individually, and not as part of the conspiracy, had minimum contacts with Texas[,]" which requires showing that "either the alleged conspiracy or [Defenants'] alleged misrepresentations were related to or arose out of [their] contacts with Texas." *Delta Brands Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004) (affirming dismissal for lack of personal jurisdiction where the Plaintiff provided no evidence that the conspiracy was related to contacts with Texas).  As this Court has held, "Because the Fifth Circuit and Texas Supreme Court have both found that personal jurisdiction must be based on a defendant's 'individual contacts' with the forum 'and not as part of [a] conspiracy,' minimum contacts is established only if 'the alleged conspiracy w[as] related to or arose out of [Defendants'] contacts with Texas.'" *WorldVentures Holdings, LLC v. Mavie*, No. 4:18CV393, 2018 WL 6523306, at *10 (E.D. Tex. Dec. 12, 2018) (" (first brackets in original)) (Mazzant, J.). This court has confirmed that the alleged harm to a Texas resident stemming from purported conspiracy is insufficient to meet the required minimum contacts threshold. *See GlobeRanger*, 2013 WL 1499357, at *3.–4

### B.     The Fifth Circuit Has Rejected The TAC's General Jurisdiction Argument As To The Corporate BSF Defendant.

The TAC's new allegation — "BSF regularly represents clients in Texas before courts in Texas"—is insufficient as a matter of law to support jurisdiction over the BSF Defendants in Texas.  The Fifth Circuit has held that **when a lawyer chooses to represent a client in another forum, that in itself does not confer personal jurisdiction if the claim does not arise from the contacts with the forum.** *See Medina v. Medina*, 260 F.3d 622 (5th Cir. 2001) (non-precedential) (quoting in full *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999)) (emphasis added) ("As a final matter, we further agree with the district court's finding that the exercise of

14

personal jurisdiction over [Defendant] based on her pro hac vice appearance would likely violate the constitutional due process requirement of minimum contacts with the forum state.")*; Companion Prop. & Cas. Ins. Co. v. Palermo*, No. 3:11-CV-03524-F, 2012 WL 12882078, at *6 (N.D. Tex. Nov. 19, 2012), *aff'd,* 723 F.3d 557 (5th Cir. 2013) (no personal jurisdiction over law firm that has employees and clients in Texas because "there is no evidence that the representation of these clients is frequently conducted in Texas, or that these clients retain the firm for matters exclusively involving Texas law. Although the Defendant firm does occasional business with Texas, it does not do business *in* Texas as is required to be subjected to general personal jurisdiction" (emphasis in original)); *Claro v. Mason*, No. CIV.A. H-06-2398, 2007 WL 654609, at *6 (S.D. Tex. Feb. 27, 2007) ("It is well settled that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of that state, even if the client resides in that state."); *Gray, Ritter, & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639, 657 (Tex. App.—Corpus Christi 2015, pet. denied) ("a nonresident attorney who has only sporadic contacts with Texas will not be subject to general jurisdiction in Texas.").  Here, there is no allegation that the claim at issues arises from the BSF Defendants' representation of a Texas resident or a matter before a Texas Court, nor are there any factual allegations that would even support a finding of general jurisdiction, including for example that any of the BSF Defendants ever has: resided in Texas; maintained a business or office in Texas; owned property in Texas; paid taxes in Texas; had registered agents in Texas; been employed by or employed any Texas residents or companies; owned any assets in Texas; or held professional licenses in Texas. Butowsky has not, therefore, met the "difficult" burden of alleging such "extensive contacts" between the BSF Defendants and Texas required to establish general jurisdiction. *See Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d 96, 101-02 (5th Cir. 2018); *see also Companion*

*Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559-60 (5th Cir. 2013) ("The general-personal-jurisdiction theory has no substance under these facts. Defendants maintained no offices in Texas; they had no personnel stationed there; they paid no Texas taxes and had no registered agent for service of process; and, although sustained over an appreciable period, transacted only limited and discrete business there."); *Gray*, 511 S.W.3d at 657 ("a nonresident attorney who has only sporadic contacts with Texas will not be subject to general jurisdiction in Texas."). For these reasons, general jurisdiction of the BSF Defendants is also a non-starter.

## **CONCLUSION**

For the forgoing reasons, the BSF Defendants respectfully request that the Court dismiss this lawsuit as to them for lack of personal jurisdiction.

Dated: March 13, 2020                    */s/ Paul J. Skiermont*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

**Attorneys for Defendants Michael Gottlieb, Meryl
Governski, and Boies Schiller Flexner LLP**


## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, a true and correct copy of the foregoing

document was served on all parties of record via the Court's ECF filing system.


*/s/ Paul J. Skiermont*

17