# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

EDWARD BUTOWSKY, in his personal and professional capacities,

    Plaintiff,

v.

MICHAEL GOTTLIEB, *et al.*,

    Defendants.

Case No. 4:19-cv-00180-ALM-KPJ

## DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

LEGAL ARGUMENT ................................................................................................................ 1

    A.    The BSF Defendants Are Not Subject To Specific Jurisdiction. .................................. 1

    1.    The Response Provides No Basis For This Court To Ignore Binding Law Rejecting The Effects Test On Which The TAC Relies. ............................................................. 1

    2.    The Response Effectively Concedes That The Fifth Circuit And This Court Have Rejected The TAC's Purported Conspiracy-based Personal Jurisdiction Theory. ........ 7

    B.    The BSF Defendants Are Not Subject To Jurisdiction. ............................................... 7

Defendants Mr. Gottlieb, Ms. Governski, and Boies Schiller Flexner LLP ("BSF Defendants") file this Reply in support of their Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 210] ("Motion").

In addition, the BSF Defendants herein respectfully update the Court on the latest development in the underlying D.C. lawsuit. On March 19, 2020, Judge Richard Leon held a telephonic status conference during which he inquired about the status of this lawsuit. After Mr. Gottlieb explained the accelerated schedule that this Court has put into place, (Dkt. 206), Judge Leon instructed the BSF Defendants to inform this Court that he cannot delay any longer and intends to grant the anti-suit injunction motion on March 30, 2020, which is just over one year since the Motion was filed on March, 26, 2019. *See* D.C. Lawsuit, Dkt. 58. Judge Leon has urged Plaintiff Edward Butowsky to dismiss this case against the BSF Defendants to avoid the need for an anti-suit injunction since July 31, 2019, as BSF Defendants alerted this Court on August 14, 2019. *See* Dkt. 105 at 19-20. In the nearly eight months since, Mr. Butowsky has rejected Judge Leon's recommendation by continuing to press this litigation and forcing the First-Filed Court to act to protect its jurisdiction.

## LEGAL ARGUMENT

Mr. Butowsky's Response in Opposition to the Motion [Dkt. 211] ("Response" or "Resp.") does not salvage the failure of his Third Amended Complaint [Dkt. 207] ("TAC") to plead a prima facie case for this Court to exercise personal jurisdiction over the BSF Defendants.

**A. The BSF Defendants Are Not Subject To Specific Jurisdiction.**

    1. <u>The Response Provides No Basis For This Court To Ignore Binding Law Rejecting The Effects Test On Which The TAC Relies.</u>

Mr. Butowsky's only argument in support of specific jurisdiction is that the BSF Defendants "knew" when they made the alleged statements Mr. Butowsky "lived and worked in

1

Texas, thus they 'purposefully directed their activities at the forum state' when they tried to bully him into silence there." (Resp. at 3, 5, 8-9.) But his Response provides no answer to the legion of controlling authority prohibiting Texas courts from exercising specific jurisdiction over non-resident defendants based solely on allegations that the effects of an alleged intentional tort will be felt by a plaintiff in Texas. (Motion at 12-18 (citing cases)). That authority establishes that the *Calder v. Jones*, 465 U.S. 783, 788-89 (1984) "effects" test for specific jurisdiction requires that the forum be the focal point of the alleged defamation, such that the accused statements are directly aimed at the forum. In what is now their *third* motion to dismiss this case for lack of personal jurisdiction, the BSF Defendants once again challenged Mr. Butowsky to identify a single allegation on which this Court could plausibly find that their accused statements were "meaningfully directed" at Texas. (Motion at 7, citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005); *Clemens*, *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010)). For the third time, Mr. Butowsky failed to meet that challenge. Mr. Butowsky's failure to identify any such statement (Resp., *passim*) forecloses a finding of specific jurisdiction over the BSF Defendants.[1]

Plaintiff relies on *Calder*, 465 U.S. at 788-89, and an explanation of *Calder* from *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (Resp. at 3-4), but *Walden* forecloses the exercise of personal jurisdiction under the facts pled here. *Walden* reversed the lower court's finding a specific jurisdiction, and held the court below committed legal error when it "looked to [defendant's] knowledge of [plaintiff's] strong connection to the forum," instead of "assessing [defendant's] own contacts" with the forum state. The lower court erred because "this approach to the 'minimum

---

[1] Mr. Butowsky concedes there is no general jurisdiction over Mr. Gottlieb or Ms. Governski. (Resp. at 3-11.)

2

contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis…such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in jurisdictional analysis. It also obscures the reality that none of [defendant's] challenged conduct had anything to do with [the forum] itself." *Walden*, 571 U.S. at 289. *Walden* further explained that *Calder's* finding of specific jurisdiction was **not** based on the defendant's knowledge that injury from the alleged defamation would be felt by a forum resident: "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum state. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. at 290; *see also Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (cited in Motion at 20).

The Response's central claim—that the "Fifth Circuit has not yet addressed" *Calder* post-*Walden*—ignores the Fifth Circuit's decision in *Sangha*. (Resp. at 4-5.) In *Sangha*, the Fifth Circuit explicitly addressed *Calder* **and** *Walden*, and affirmed a district court's dismissal of a complaint for tortious conduct, including defamation:

> The Supreme Court recently clarified the form that forum contacts must take in intentional tort cases for the effects to be applicable, reiterating that mere injury to a forum resident is not a sufficient connection to the forum. *Walden*, 134 S.Ct. at 1125. 'Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.' *Id.* **The proper question is not whether Cpt. Sangha experienced an injury or effect in a particular location, but whether Navig8's conduct connects it to the forum in a meaningful way. Cpt. Sangha's presence in the Gulf of Mexico/Port of Houston is largely a consequence of *his* relationship with the forum, and not of any actions Navig8**

3

> **took to establish contacts with the forum**. Accordingly, Cpt. Sangha has failed to establish a *prima facie* case of personal jurisdiction.

*Sangha*, 882 F.3d at 103-104 (bolding added); *see also United My Funds, LLC v. Perera*, No. 4:19-CV-373, 2020 WL 674364, at *5 (E.D. Tex. Feb. 11, 2020) (Mazzant, J.) ("As identified by the Supreme Court of the United States, the minimum contacts analysis is not sufficient merely because the non-resident defendant knew the plaintiff would suffer an injury in the forum state." (citing *inter alia Calder* and *Walden*)).[2] As the Fifth Circuit recognized in *Sangha*, as well as in the out-of-circuit cases cited in the Response, *Walden* affirmed that the *Calder* effects test alone is an insufficient basis on which to assert personal jurisdiction over a defamation defendant. *See Walden*, 571 U.S. at 289-9; Resp. at 5-6.

*Calder* based its finding of specific jurisdiction on a host of facts not present here. Specifically, the defendants "relied on phone calls to California sources for the information in their article, they wrote the story about the plaintiff's activities in California…[and] California was the focal point both of the story and the harm suffered." *Id*. (internal cites and quotes omitted). The Response admits that the challenged statements did not rely on Texas sources, (Resp. at 5), and provides no factual allegation supporting a determination that the BSF Defendants targeted Texas. To the contrary, the accused statements recount allegations in the D.C. Complaint directed to a group of defendants, not Mr. Butowsky alone, and none of those other defendants reside or work

---

[2] Rather than meaningfully distinguish the Motion's case law, the Response relies on the unremarkable proposition that defamation cases are "unique" pursuant to *Calder*. *Compare* Resp. at 7-8, *with* Motion at 8-13 and Dkt. 209 at 12-20. While the Response accuses the BSF Defendants of being "dishonest" for citing the minute order in which the Judge Leon denied Mr. Butowsky's motions to dismiss or transfer the D.C. lawsuit (Resp. at 10), that Order necessarily depended on determining, as Mr. Rich argued in lengthy briefing submitted to that court, that Mr. Butowsky had purposefully availed himself of D.C. by engaging in specific and substantial contacts with the District. (*see Rich v. Butowsky et al*, No. 18-cv-00681, Dkt. 23 at 10-12, 17-22, 28-24, 38-41 (June 7, 2018).

4

in Texas.[3] The BSF Defendants sued Mr. Butowsky in D.C. on behalf of their client, Mr. Rich, who resides in Colorado. The other defendants in the D.C. litigation reside in D.C. and Arkansas. The challenged statements were made to media outlets in New York (CNN) and D.C. (Vox, Conspiracyland). Mr. Butowsky does not allege, nor could he, that Texas was the focal point of the BSF Defendants' accused statements, and instead relies solely on the lead-in statements of the interview hosts introducing Mr. Butowsky as a "Texas businessman" and a "Dallas Moneyman." (Resp., 7-8.) Statements that Mr. Butowsky lives and works in Texas (which were not even made by the BSF Defendants) do not make the state the "focal point" of the stories as a matter of law, *See, e.g.*, *Walden*, 571 U.S. at 287–88 (explaining the *Calder* article had a "California focus" including because "defendants relied on phone calls to 'California sources' for the information in their article," wrote the article for publication in California, and "wrote the story about the plaintiff's activities in California"); *Fielding*, 415 F.3d at 427 (explaining that references to Texas in article were insufficient under *Calder* because Texas was not "focal point" of story); *Revell*, 317 F.3d at 473 ("Texas was not the focal point of the article or the harm suffered, unlike *Calder*, in which the article contained descriptions of the California activities of the plaintiff, drew upon California sources, and found its largest audience in California."). In short, *Walden* reversed a lower court for adopting precisely the same argument Mr. Butowsky would have this Court endorse.

The controlling authority in this Circuit has repeatedly refused to apply *Calder*'s "effects" test to establish specific jurisdiction over non-resident defendants when the challenged statements did not focus on Texas. Although factual allegations relating to jurisdiction must be accepted as

---

[3] This court may take judicial notice of the underlying Complaint in the D.C. action, which makes plain that the relevant underlying conduct was focused in D.C. *See* Mot. Ex. A, ¶¶ 1-2, 7, 9, 20-21, 25-26, 28, 32.

5

true, a plaintiff does not establish a prima facie case for specific jurisdiction unless the Complaint includes concrete allegations showing the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). *Calder's* "effects" test "is not a substitute for a nonresident's minimum contacts" but rather is "to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum." *Id.* (original emphasis). In is insufficient where, as here, a plaintiff's "sole evidence is [his TAC], which alleges [the BSF Defendants] knew [Mr. Butowsky is a] Texas resident and knew its actions would intentionally cause harm to [Mr. Butowsky] in Texas. [He] present[s] no other evidence of [the BSF Defendants] contacts with Texas relating to [his] claims, and thus the district court properly concluded that the allegations are merely conclusory." *Id.* at 869 (inserting the facts here to *Panda Brandywine's* analysis of conclusory allegations). Mr. Butowsky has not alleged that the BSF Defendants have impugned his career as a financial services professional in Texas, or that BSF Defendants relied on Texas sources, published any statements for publication in Texas, or made statements about Mr. Butowsky's activities in Texas. The Fifth Circuit has considered and rejected the theory for specific jurisdiction advanced in Mr. Butowsky's Response, and this Court should follow that binding precedent and do the same. *See Sangha*, 882 F.3d at 103; *Clemens*, 615 F.3d at 380; *Fielding*, 415 F.3d at 427; *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 401 (5th Cir. 2009); *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002); *Panda Brandywine Corp.*, 253 F.3d at 868; *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999).

In short, Mr. Butowsky does not allege sufficient contacts with Texas by the BSF Defendants to support specific jurisdiction. Apart from the allegation that Mr. Butowsky resides

in Texas, the TAC sets forth no facts showing any connection whatsoever between the accused statements and Texas.

> 2. The Response Effectively Concedes That The Fifth Circuit And This Court Have Rejected The TAC's Purported Conspiracy-based Personal Jurisdiction Theory.

The Response does not address, and therefore concedes, that the TAC fails as a matter of law to allege a conspiracy-based theory of personal jurisdiction. *Compare* Resp., *with* Mot. at 18-19; *see In re BP p.l.c. Sec. Litig.*, No. 10-MD-2185, 2013 WL 6388408, at *5 (S.D. Tex. Dec. 6, 2013) (failure to address argument in opposition is concession); *Barr v. Arco Chem. Corp.*, 529 F. Supp. 1277, 1278 (S.D. Tex. 1982) (same). The Court should follow the binding precedent of this Circuit a find that personal jurisdiction does attach where based on a purported conspiracy claim that fails to allege an overt act in the state, is based solely on the effects test, and does not demonstrate minimum contacts as to each of the Defendants. *See* Mot. at 18-19.[4]

**B. The BSF Defendants Are Not Subject To Jurisdiction.**

As far as Boies Schiller LLP ("BSF"), Mr. Butowsky claims it is subject to this Court's jurisdiction based on a theory of respondeat superior based entirely on the "same reasons" that Mr. Butowsky advances to support jurisdiction as to the individual BSF Defendants, which fail as a matter of law for the reasons discussed *supra*. (*See* Resp. at 11-12.)[5] *See Johns Hopkins Univ. v. Nath*, 238 S.W.3d 492, 500 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("Nath's case

---

[4] It is irrelevant that "Defendant CNN does not dispute the fact that jurisdiction is proper in Texas," (Resp. at 8), because the law does not permit personal jurisdiction to attach to one defendant by virtue of personal jurisdiction over a co-defendant absent minimum contacts, *even* in cases alleging conspiracy. *See* Motion at 13-14 (citing cases).

[5] The cases that the Response cites do not support finding personal jurisdiction to a corporation where, as here, the Court cannot assert specific jurisdiction over the employees. Further, Mr. Butowsky did not plead facts regarding respondeat superior in the TAC, and any allegations in the Response are not entitled to the same presumption as "well-pleaded facts" in a complaint. Thus, the BSF Defendants also preserve any right to argue that Mr. Butowsky has not plead facts sufficient to support respondeat superior.

7

against JHU is based on respondeat superior. . . . Specific jurisdiction over JHU would have to be premised on specific jurisdiction over [JHU's employee. Having found that specific jurisdiction does not exist over [JHU's employee], it cannot exist over JHU.").

As far as general jurisdiction, the TAC pleads that BSF is organized under the laws of New York and is headquartered in New York, (TAC, ¶ 13.), but nevertheless asserts a theory of general jurisdiction because the firm's attorneys have appeared on behalf of clients in Texas courts, (*Id.*) "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Green Ice Tech.*, 2018 WL 3656476, at *5. "Given the high bar for establishing general jurisdiction over a person or a company" (*id.* at *6), the TAC is plainly insufficient to establish general jurisdiction.

The Response cites no authority, because there is none, establishing that a law firm is subject to general jurisdiction in Texas solely based on appearing on behalf of client's in Texas courts (Resp. at 11-12). All of the relevant authority holds otherwise. (Motion at 20, citing cases.) Texas courts have repeatedly held that a law firm's representation of a client in Texas is not sufficient to confer general jurisdiction, particularly where that law firm does not maintain offices nor otherwise regularly transact business in Texas. *See Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559-60 (5th Cir. 2013) ("The general-personal-jurisdiction theory has no substance under these facts. Defendants maintained no offices in Texas; they had no personnel stationed there; they paid no Texas taxes and had no registered agent for service of process; and, although sustained over an appreciable period, transacted only limited and discrete business there."); *Gray, Ritter, & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639, 657 (Tex. App.—Corpus Christi 2015, pet. denied) ("a nonresident attorney who has only sporadic contacts with Texas will not be subject to general jurisdiction in Texas."); *Cent. Freight Lines, Inc. v. APA*

*Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) (in non-law firm business context, concluding that defendant's contact with Texas in routinely arranging and receiving interline shipments to and from Texas and sending sales people to Texas on a regular basis to develop business, negotiate contracts, and service national accounts, while in some sense "continuous and systematic," were not substantial enough to justify personal jurisdiction). The rationale behind that authority is obvious—the rule Mr. Butowsky advocates would subject a law firm to general jurisdiction in any state in which its lawyers represent clients. Once that frivolous argument is discarded, the TAC is left with nothing that could even form a building block of a claim to subject BSF to general jurisdiction in Texas.

Mr. Butowsky attaches an exhibit (Exhibit 1) which appears to be a Westlaw search result showing published court decisions identifying BSF as having represented a party involved in the listed decisions. Beyond demonstrating that counsel for Mr. Butowsky is capable of using the "search" function on Westlaw, the exhibit reveals nothing. Exhibit 1 is not accompanied by a sworn affidavit or declaration that might explain the relevance of BSF's alleged involvement in the listed decisions, including their extent, duration, frequency, or the identity or location of the parties BSF is alleged to have represented. Nor does this Exhibit bother to explain how any of these representations distinguish BSF from any other out-of-state law firm that has represented clients in Texas courts.

Separately, Mr. Butowsky's counsel either did not read, or is unable to understand the complexities of, the search results in his own exhibit. For example, Mr. Butowsky asserts that Exhibit 1 shows BSF "has represented clients in Texas litigation 195 times since 2001" (Resp. at 12), but Exhibit 1 does not identify 195 different *cases* in Texas courts—it identifies a list of court *decisions* including some that are not even Texas court cases. *See, e.g.*, Ex. 1 Entries 8, 20, 25, 69,

9

88, 122, and 194 (listing Supreme Court decisions that all originate from states other than Texas). Further, the list contains several decisions issued from the same cases, and once duplicates are removed, Exhibit 1 shows that BSF has appeared in Texas courts in approximately 54 cases over a 20 year time-frame—or less than 3 Texas cases per year. Whatever Exhibit 1 establishes (if anything), it certainly does not establish that BSF is "essentially at home" in Texas. *See Green Ice Tech.*, 2018 WL 3656476, at *5.

Finally, Mr. Butowsky concedes, as he must, that this Court lacks general jurisdiction over Mr. Gottlieb and Ms. Governski. Even if the Court did have general jurisdiction over BSF (which it does not), that would not be sufficient to confer jurisdiction over individual attorneys who reside and practice in D.C. and who otherwise are not "at home" in Texas. *See Nikolai v. Strate*, 922 S.W.2d 229, 241 (Tex. App.—Fort Worth 1996, writ denied) ("Texas law is clear that a business's contacts may not be imputed to its personnel to establish personal jurisdiction over them.").

<table>
<tr><td>Dated: March 24, 2020</td><td>

*/s/ Paul J. Skiermont*

SKIERMONT DERBY LLP
Paul J. Skiermont (TX Bar No. 24033073)
Steven J. Udick (TX Bar No. 24079884)
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sudick@skiermontderby.com

***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP***

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

*/s/ Paul J. Skiermont*