IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EDWARD BUTOWSKY, in his personal and professional capacities,

    Plaintiff,

v.

MICHAEL GOTTLIEB, *et al.*,

    Defendants.

Case No. 4:19-cv-00180-ALM-KPJ

**DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER THE FIRST-TO-FILE RULE AND RULES 12(b)(6), 12(b)(7), and 19**

# TABLE OF CONTENTS

I. THIS COURT SHOULD DEFER TO THE FIRST-FILED COURT. ............................ 1

II. THE SAC FAILS TO STATE A CLAIM FOR DEFAMATION. ................................. 5

    A. The BSF Defendants Challenged Statements are Protected by Absolute Privilege ..... 5

    B. Mr. Butowsky is a Limited-Purpose Public Figure ....................................................... 7

III. THE SAC FAILS TO STATE A CLAIM FOR BUSINESS DISPARAGEMENT ........ 8

IV. THE TAC CONSPIRACY CLAIM FAIL ......................................................................... 9

V. RULE 19 REQUIRES DISMISSAL BECAUSE MR. RICH IS A NECESSARY PARTY. ............................................................................................................................ 10

Defendants Mr. Gottlieb, Ms. Governski, and Boies Schiller Flexner LLP ("BSF Defendants") file this Reply in support of their Motion to Dismiss the Third Amended Complaint under the First-to-File Rule and Rules 12(b)(6), 12(b)(7), and 19 [Dkt. 209] ("Motion").

I. **THIS COURT SHOULD DEFER TO THE FIRST-FILED COURT.**

The Motion establishes that there is a *likelihood of substantial overlap* between the First-Filed D.C. Lawsuit against Mr. Butowsky and the claims he filed here against the BSF Defendants, and therefore that this Court must defer to the First-Filed Court and dismiss or transfer those claims. (Mot. at 18-22.) Indeed, the Motion shows that there is actual and substantial overlap between the two cases, as evidenced by any reasonable comparison of the pleadings in the two cases. (Mot., 13-16.) Plaintiff's Response does not rebut, or even address, the BSF Defendants detailed presentation (*id*.) of the substantial overlap between the cases. (Resp., 3-7.) Instead, Plaintiff asserts that this Court must "disregard" the First-Filed D.C. Complaint when it analyzes the First-to-File Rule as a basis for dismissal. (*Id*., 2.) Plaintiff is wrong as a matter of law and his failure to address the substantial overlap is fatal to his opposition. The D.C. Complaint is a matter of public record of which this Court may take judicial notice. *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011). Further, this Court can consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Plaintiff's TAC contains explicit and numerous references to the D.C. Complaint in several places and it is clearly integral to Mr. Butowsky's claims against the BSF Defendants and whether they must be dismissed or transferred to the First-Filed Court. (*See, e.g.*, TAC ¶¶ 48-50, 64-75.)

Plaintiff admits there is a likelihood of substantial overlap. Specifically, Plaintiff admits there is *actual* "overlap" between the two cases on the key issue of "whether the Rich brothers

1

played a role in transferring emails from the [DNC] to Wikileaks." (Resp., 3; *see also* Resp., 5 (describing the "underlying question of fact" as "whether the Rich leaked emails to Wikileaks"); Resp., 6 (describing deposition testimony "relevant to the question of whether Seth Rich was involved in leaking DNC emails to Wikileaks"). That admission, on its own, should end the matter. But Plaintiff also conceded that he has already admitted "that many of the statements at issue in this lawsuit 'overlap factually with the allegations' in Mr. Rich's complaint." (Mot., 19 (citing D.C. Lawsuit, Dkt. 58).) Instead of rebutting this dispositive admission, Plaintiff submitted and authenticated his admission as Ex. 1 to his Response. (*See* Ex. 1 at 2.)

The Motion provides abundant **and unrebutted authority** establishing the following: **(1)** "[t]he 'ultimate determination of whether there *actually* was a substantial overlap' is not for this Court to decide" because where the second-filed court finds "'the issues *might* substantially overlap'" it must defer to the First-Filed Court (Mot., 19 (quoting cases)); **(2)** a likelihood of substantial overlap exists where the two cases "involve 'closely related questions or common subject matter,' share overlapping 'core issues,' and much of the proof adduced would be identical'" (*id*. (quoting cases); **(3)** "to succeed on his claims here, Mr. Butowsky must prove the same "fact" that is central to his primary defense in the First-Filed Court: that the allegedly defamatory statements Mr. Butowsky made about Mr. Rich were substantially true" (*id*., 20 (citing cases dismissing under the First-Filed rule where cases are mirror images of each other)); and **(4)** "[t]he rule applies any time there is a likelihood of substantial overlap between two cases, regardless of whether there is complete overlap of the parties" (*id*., 22 (citing cases)).

Having effectively conceded that there is a "likelihood of substantial overlap," Plaintiff retreats to legally irrelevant assertions. Specifically, Plaintiff asserts: "This case does not interfere with the D.C. proceedings" (Resp., 3); whether the Rich brother played a role in transferring DNC

2

emails to Wikileaks "is not the basis for any cause of action in either case" (*id.*, 3);[1] he "has alleged an overarching conspiracy involving multiple parties and multiple events" (*id.*); Ms. Governski's October 2018 statement "does not overlap with the D.C. complaint" (*id.*, 4); "even if Mr. Rich prevailed in the D.C. case, that would not foreclose Mr. Butowsky's claim against Ms. Governski" (*id.*); and "it is possible both for Mr. Rich to prevail in D.C., and for Mr. Butowsky to subsequently prevail in Texas" (*id.*, n. 3). Each of Plaintiff's arguments fails because they fail to apply the "likelihood of substantial overlap" test, and Plaintiff cites no law holding that any of the above arguments are even relevant to that test. In particular, the First-Filed Rule does not require a finding that the second-filed case "interfere with" the first-filed case. But even if *arguendo* the test was one of interference, that test is met here where the First-File Court is "increasingly convinced that this other lawsuit is having an unfair and unnecessarily complicating impact on this case." Dkt. 208-1 at 18:6-10; *id.* 15 17:3-9 ("complicating and unnecessarily unfair impact").[2]

---

[1] Plaintiff is wrong that the determination of that fact issue "is not the basis for any cause of action in either case." His very next sentence belies that argument, admitting that it is "relevant to whether the defendants in either case were lying about the respective plaintiffs[.]" (Resp., 3.) Both cases center on defamation claims, and the falsity of the defendant's statements is a necessary element. If Seth and Aaron Rich *did not steal* the DNC emails, which is the factual claim at the heart of Mr. Rich's lawsuit against Mr. Butowsky in D.C., then Mr. Butowsky cannot prevail on his claims against the BSF Defendants here, because he cannot meet the falsity element. This conclusion is inescapable, and Mr. Butowsky's admission of the overlapping nature of the key factual issue is fatal to his assertion of his claims against the BSF Defendants in this Court.

[2] Rather than build a legal rebuttal, Mr. Butowsky accuses Judge Leon of "judicial misconduct" and "documented bias in favor of the BSF Defendants." (Resp. at 6 n.5). Not only has Judge Leon refrained from exercising his legal authority as the presiding judge in the First-Filed Lawsuit for nearly eight months in order to provide Mr. Butowsky the time to voluntarily dismiss this lawsuit, he also has exhibited patience by granting Mr. Butowsky's motions for extensions and refraining to issue sanctions in connection to Mr. Butowsky's inability to participate in timely discovery in that case despite his ability to prosecute this one. *Compare* D.C. Lawsuit Dkt. 93, *with id.* Dkt 133, Dkt. 151, Dkt. 169.

The First-Filed Rule also does not require identity of parties, or complete overlap of issues, yet Plaintiff argues that "most of the defendants and co-conspirators are not in privity with Mr. Rich and most of the events do not overlap with the D.C. case." (Resp., 3 (emphasis in original).) Notably, Plaintiff does not cite a single case showing there must be complete identity of parties and issues, because that is not the law. The BSF Defendants *are* in privity with a party in the First-Filed Court, and the allegations against them *do* overlap (Mot., 9-22). These are dispositive facts Plaintiff failed to address or rebut.[3]

Finally, Plaintiff asserts this Court should stay this case until the D.C. Lawsuit is resolved, citing *RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 Fed. Appx. 970 (5th Cir. 2005). (Resp., 7.) But *RLI* has nothing to do with the First-Filed Rule. To the contrary, *RLI* involved a declaratory action in federal court and a state court action, and the court applied its discretion to stay the declaratory federal action based on the Declaratory Judgement Act and *Brillhart* abstention. *RLI*, 131 Fed. Appx. at 972. The First-Filed Rule, in contrast, requires federal courts "to avoid interference with each other's affairs" and to permit the first-filed court to adjudicate both the determination of whether there is an overlap, and how to address it. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728–30 (5th Cir. 1985). Both the D.D.C. and the BSF Defendants are entitled to have Mr. Butowsky's spurious claims determined, if at all, in that court, and therefore dismissal or transfer is required here.

---

[3] Plaintiff's assertion that the BSF Defendants "should seek an anti-suit" injunction in the *Folkenflik* case but have not done so because the first-to-file argument is "nothing more than a pretext for getting the Plaintiff's claims transferred to a judge and a jury pool that they believe (for good reason) is more favorable to them" (Resp., 5-6) is wrong. Unlike here, there are not two co-pending cases with a substantial likelihood of overlap where both NPR and Butowsky (or their privies) are involved.

4

## II. THE SAC FAILS TO STATE A CLAIM FOR DEFAMATION.

### A. The BSF Defendants Challenged Statements are Protected by Absolute Privilege

Plaintiff asserts that Texas's absolute privilege barring attorney liability for defamation and other claims based on out-of-court statements made during litigation if the statements bear some relationship to the proceeding is not broad enough to cover the BSF Defendants' challenged statements—because the challenged statements "never purported to be describing the contents of a lawsuit." (Resp., 10.) This assertion is meritless. First, Plaintiff admits that Texas law protects attorneys describing the allegations of a lawsuit to the media. (Resp., 9-10 (citing *Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2004).)

Second, the Motion establishes—without rebuttal—that Mr. Gottlieb's challenged statements were made in a CNN interview *about the D.C. Lawsuit*. (Mot., 10 (quoting Ex. C).) Likewise, Ms. Governski's challenged statements were plainly about the D.C. Lawsuit. (*See* Mot., 11-12 & Exs. E, M.) Plaintiff contends, somehow, that Ms. Governski's statements cannot be related to the D.C. Lawsuit because they were made after the D.C. Complaint was filed. (Resp., 9-10.) Not so. Ms. Governski's challenged statements were part of publications specifically about the D.C. Lawsuit, and the context of both the Vox article and the *ConspiracyLand* podcast immediately surrounding the statements necessarily dictates that conclusion. (*See* Mot. at 11 (Vox: "Legal action against Butowsky, Couch, and America First Media is still continuing. In a statement by the attorney representing Aaron Rich, Meryl Governski, part of the team at Boies Schiller Flexner. . ."); *id.* at 12 (*ConspiracyLand*: "Washington lawyer Meryl Governski has filed a defamation lawsuit against Couch and Butowsky on behalf of Aaron.")). In contrast to The Washington Times, Mr. Butowsky has never retracted his lies about Aaron Rich and continued to insist his statements were true, thus continuing his lies about Aaron Rich. (*See, e.g.*, Mot. Ex. G (Butowsky D.C. Answer in D.C. Lawsuit) ¶¶ 1, 2, 83-87.) To determine whether a challenged

5

statement is covered by absolute privilege, "the court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing . . . judicial proceeding [and] [a]ll doubt should be resolved in favor of the communication's relations to the proceeding." *Fringe Benefit Grp. Inc. v. FCE Benefit Administrators, Inc.*, No. A-18-CV-369-LY, 2018 WL 6728486 (W.D. Tex. Dec. 21, 2018) (internal cites and quotes omitted). There is no question Ms. Governski's challenged statements qualify for absolute privilege under this standard.

Faced with this law on these facts, Plaintiff attempts a spurious choice-of-law argument in an attempt to salvage his claims. (Resp, 7-9.) However, Plaintiff admitted in the D.C. Lawsuit that Texas law applies to his defamation claim. (Mot., 18 & Ex. L.) Further, Mr. Butowsky did not argue to the D.C. Court that D.C. law applied to absolute privilege—he argued Texas's absolute privilege "is not so broad as Plaintiff believes." (Ex. L, 3.) Plaintiff did not address this admission.

Plaintiff fails to cite a single case even suggesting that a Texas court would apply Texas law to a defamation claim, and some other state's law to absolute privilege. (Resp., 7-9.) Instead, he cites *Fairmont Supply Co. v. Hooks Indus., Inc.*, 177 S.W.3d 529, 534–35 (Tex. App.—Houston [1st Dist.] 2005), generically to introduce the concept of "depecage"—which is a doctrine "that not all claims in a case are necessarily governed by a choice-of-law provision that expressly governs only contractual matters." But *Fairmont*—and the cases it cites—stands for little more than the unremarkable principle that a choice of law clause in a contract may not apply to tort claims arising between the parties to the contract, if the clause only purports to govern contractual matters. *Fairmont Supp. Co.*, 177 S.W. 3d at 534-35. None of those cases supports the idea that a Texas court would apply Texas law to defamation and another state's law to absolute privilege.

6

Plaintiff tries to make up for these deficiencies by citing to a state court case that determined the *Wisconsin* law of *charitable immunity for damages limitations* applies to potential liability arising from a claim based on an *airplane collision*—which does not come close to supporting Plaintiff's assertion that this Court must apply *D.C.* law governing *attorney absolute privilege* to potential liability arising from a claim brought under Texas state law for *defamation*. (Resp., 7-8 (citing *Doctor v. Pardue*, 186 S.W.3d 4, 8-9 (Tex. App.—Houston [1st Dist.] 2006)).) These issues are wholly unrelated, and Plaintiff failed to cite a single example where a court has applied Texas law to a defamation claim and another state's law to an absolute privilege defense.

More importantly, in determining that Wisconsin law applied to charitable immunity, *Doctor* based its decision on the fact that the "injury occurred in Wisconsin, as did the conduct causing the injury." *Doctor*, 186 S.W.3d at 10. For this reason, to the extent *Doctor* is pertinent to the issue of which state's absolute privilege law applies (it is not)—it actually establishes that Texas courts would apply Texas law—because Mr. Butowsky has repeatedly asserted that his alleged injury occurred in Texas—not D.C. (*See, e.g.*, TAC ¶¶ 8-9, Dkt. 211, 2-5.) The reason *Doctor* applied Wisconsin charitable immunity law was because the defendant seeking to invoke Texas's charitable immunity law was not subject to specific jurisdiction in Texas—because it did not purposely direct its tortious conduct at Texas. *Doctor*, 186 S.W.3d at 10. Here, however, *the only way this court has jurisdiction over Mr. Gottlieb and Ms. Governski is if it finds specific jurisdiction*; and if it does, based on *Doctor*, Texas law would govern absolute privilege. Plaintiff's choice-of-law argument with no on-point authority should be rejected.

### B. Mr. Butowsky is a Limited-Purpose Public Figure

Mr. Butowsky misapprehends the nature of his status as a limited purpose public figure, and thus his reliance on *Folkenflik* wildly misses the mark. (Resp., 10-11) The BSF Defendants do not contend that Plaintiff is a limited purpose public figure with respect to the Seth Rich controversy

writ large. Instead, as argued in the Motion, and entirely ignored by Plaintiff, the controversy in the *Folkenflik* case and the controversy that is relevant for purposes of Mr. Butowsky's claims against Mr. Rich *are not the same controversies*. Instead, Plaintiff's claims against the BSF Defendants relate *entirely* to a subcontroversy to the Seth Rich dispute—namely, "**Aaron Rich's involvement**— or lack thereof—in the hacking of the DNC's emails and their release to Wikileaks." (Mot., 26-28.) S*ee also Waldbaum v. Fairchild Pub., Inc.,* 627 F.2d 1287, 1297 n.27 (D.C. Cir. 1980) (explaining plaintiff may be a public figure with respect to a subcontroversy within larger controversy). The Motion, and the exhibits cited therein, make it clear that Mr. Butowsky was one of the only figures involved in the Aaron Rich subcontroversy. (*See* Mot., 28 & Exs. A, G, J, K.) *Folkenflik* simply did not address this argument and cannot control its outcome. And because of his status as limited purpose public figure for Aaron Rich subcontroversy, Plaintiff must but failed to plead actual.

Plaintiff halfheartedly contends the SAC alleges actual malice. (Resp., 10.) But he only cites conclusory allegations that do not plausibly plead the BSF Defendants knew their challenged statements were false. Assertions that they "participated in an overarching conspiracy" for the purpose of "perpetuating the 'Russia Collusion Hoax,'" are insufficient. (*See* Mot., 28).

### III. THE SAC FAILS TO STATE A CLAIM FOR BUSINESS DISPARAGEMENT

Plaintiff's business disparagement claim fails for the same reasons his definition claim fails—the challenged statements are absolutely privileged and Plaintiff failed to plead actual malice. This claim also fails because Plaintiff did not plead, nor could he, that the challenged statements were "of and concerning" Mr. Butowsky's "specific business property," such that "the disparaging words must refer to an ascertained or ascertainable business, and it must be the Plaintiff's." *See Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 685-86 (5th Cir. 2000). Plaintiff's only rebuttal is that *Folkenflik* "considered" and "rejected" "the same argument." (Resp., 10-11.) This is clearly wrong; the *Folkenflik* defendants **did not** seek dismissal based on the legal requirement

that the challenged statements must refer to Mr. Butowsky's specific business to state a business disparagement claim. (*See Folkenflik* Defs.' Mot. to Dismiss [Dkt. 25 at 25].) Here, the BSF Defendants *did* raise this argument, and Plaintiff ignored it. (*See also* Mot. at 30-31 (citing cases).)

IV. **THE TAC CONSPIRACY CLAIM FAIL**

Plaintiff refuses to explain his alleged conspiracy claim and directs the Court to figure it out on its own by reading TAC ¶¶ 20-23, 25, 50—without any explanation of how those paragraphs plausibly plead the "who, what, where, when, and why" of the alleged conspiracy. (Resp., 11.) Paragraphs 20-22 list the names of some of the media defendants. Paragraph 23 states conclusory assertions about the "Russian Collusion Hoax." Paragraph 25 discusses Hillary Clinton's use of a private email system. Paragraph 50 alleges that Brad Bauman—who Mr. Butowksy has since dismissed from this case—"orchestrated a hyper-aggressive litigation / defamation strategy" and "recruited the BSF Defendants herein to sue Mr. Butowsky into silence." Such conclusory allegations do not plead the who, what, where, when or why of any agreement involving the BSF Defendants. To the extent Mr. Butowsky meant to direct the Court to other parts of the TAC, the argument fares no better because the TAC lacks specific allegations of facts demonstrating any prior agreement or plan between or amongst the defendants, and fails to demonstrate that defendants took action in concert with one another. It also provides no factual basis regarding who, when and how a meeting of the minds was accomplished, or what they agreed to do. In fact, the TAC does not even plead facts showing any of the Defendants even interacted in *any* manner. *See Arnold v. City of Houston*, 2012 WL 3834893, at *17 (S.D. Tex. Aug. 31, 2012) ("General conclusory charges of conspiracy with no specific allegation of facts tending to show a prior agreement cannot survive a motion to dismiss. The complaint must include specific factual allegations showing a…meeting of the minds between or among the defendants.").

## V. RULE 19 REQUIRES DISMISSAL BECAUSE MR. RICH IS A NECESSARY PARTY.

Plaintiff complains the Motion does not cite authority showing: a plaintiff must name all co-conspirators, or that a plaintiff must sue a principal if it sues an agent. (Resp., 11-12.) But no such cases are cited because the Motion did not argue a plaintiff is required to do any of those things. (Mot., 34-36.) Instead, the Motion argues Mr. Rich is a necessary party because he "is so situated that the disposition of the action" in his absence may "as a practical matter impair or impede" his "ability to protect that interest." *See* Fed. R. Civ. P. 19(a)(1)(B); *Pulitzer-Polster*, 784 F.2d at 1310." (Mot., 34-36.) Plaintiff has no response. Thus, Plaintiff's only argument against Rule 19 is that this court does not have personal jurisdiction over Mr. Rich, because it purportedly has jurisdiction over his alleged "co-conspirators / agents." (Resp., 11-12.) But that is not the law. "Both the Fifth Circuit and the Texas Supreme Court have rejected such a theory of automatic imputation" of personal jurisdiction from co-conspirators. *Mary Lee v. TriCentury Corp.*, No. 1:08-CV-719, 2010 WL 11530300, at *3 (E.D. Tex. Apr. 29, 2010); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *4 (N.D. Tex. Jan. 25, 2019) (citing cases); *Delta Brands Inc. v. Danieli Corp.*, 99 Fed. Appx. 1, 6 (5th Cir. 2004) (per curiam); *Logan Int'l Inc. v. 1556311 Alberta Ltd.*, 929 F.Supp.2d 625, 630-31 (S.D. Tex. 2012). Because the Court does not have personal jurisdiction over Mr. Rich and he is a necessary party who cannot be joined, the Court should dismiss under Rule 19.

For the forgoing reasons and the reasons set forth in their Motion, the BSF Defendants respectfully request that the Court dismiss this lawsuit as to them and to Mr. Rich as a non-party co-conspirator. Alternatively, they request the Court transfer the lawsuit to the First-Filed Court.

Dated: March 24, 2020                    */s/ Paul J. Skiermont*

                              SKIERMONT DERBY LLP
                              Paul J. Skiermont (TX Bar No. 24033073)
                              Steven J. Udick (TX Bar No. 24079884)
                              1601 Elm Street, Suite 4400
                              Dallas, TX 75201
                              Tel: (214) 978-6600
                              Fax: (214) 978-6601
                              pskiermont@skiermontderby.com
                              sudick@skiermontderby.com

                              ***Attorneys for Defendants Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's ECF filing system.

                              */s/ Paul J. Skiermont*