## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**Edward Butowsky,**

    Plaintiff,

**v.**

**Michael Gottlieb, et al.,**

    Defendants

**Case No. 4:19-cv-00180-ALM-kpj**

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

NOW COMES Edward Butowsky, the Plaintiff, sur-replying in opposition to DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (hereinafter "REPLY")(Doc. No. 213) filed by Defendants Michael Gottlieb, Meryl Governski and Boies Schiller Flexner LLP (collectively "BSF Defendants"):

### Introduction

The Plaintiff renews his objection to Judge Richard Leon's continued interference in this case. *See* REPLY 1. It would be one thing if Judge Leon wanted this Court to stay the claims against the BSF Defendants (or even if he enjoined the claims against the BSF Defendants while Aaron Rich's claims were proceeding in D.C.) for purposes of protecting his own court's jurisdiction.  But that does not seem to be the real basis for his concern.  Instead, Judge Leon seems to have a very personal interest in protecting the

BSF Defendants from *liability*, *e.g.*, by trying to bully Mr. Butowsky into dismissing his claims against them outright.  Judge Leon has made it very clear how he wants this Court to rule, and now he is effectively telling the Court to dismiss the Plaintiff's claims by March 30, 2020 "or else."  This is improper, and the Plaintiff objects accordingly.

## Legal argument

The BSF Defendants' REPLY is almost as dishonest as their motion, *i.e.*, DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. No. 210). As the Court well knows, this is a case about defamation. In attempting to distinguish *Walden v. Fiore*, 571 U.S. 277 (2014), however, the BSF Defendants ignore the portions of *Walden* that discuss the uniqueness of the tort of defamation, instead directing the Court's attention to the portions that are not discussing defamation.  *Walden* plainly cited *Calder* for the premise that defamation is unique for purposes of personal jurisdiction

> The strength of [the defendants' connection to the forum state] was largely a function of the nature of the libel tort… Indeed, because publication to third persons is a necessary element of libel, *see id*., § 558, the defendants' intentional tort actually occurred in [the forum state]. *keeton*, 465 U.S., at 777, 104 S.ct. 1473 ("the tort of libel is generally held to occur wherever the offending material is circulated"). In this way, the "effects" caused by the defendants' article—*i.e.*, the injury to the plaintiff's reputation in the estimation of the California public— connected the defendants' conduct to California, not just to a plaintiff who lived there.

*Walden*, 571 U.S. 287–88, 134 S. Ct. and 1123–24.[1]   At least three circuit courts have acknowledged the fact that *Walden* clarifies *Calder*, namely *Curry v. Revolution Labs.,*

---

[1] The Plaintiff previously referenced CNN's acceptance of jurisdiction for this reason. Are the BSF Defendants seriously trying to argue that three national media organizations – CNN, Yahoo!News, and Vox – did *not* broadcast or publish their defamatory statements in Texas?

*LLC*, 949 F.3d 385, 397 (7th Cir. 2020), *Estate of Klieman by & through Kesner v. Palestinian Auth.*, 923 F.3d 1115, 1125 (D.C. Cir. 2019), and *Power Investments, LLC v. SL EC, LLC*, 927 F.3d 914, 918 (6th Cir. 2019), yet the BSF Defendants stubbornly insist that it does not.

The BSF Defendants infer – quite disingenuously – that the Fifth Circuit reached a different conclusion from the Sixth, Seventh, and D.C. Circuits in *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96 (5th Cir. 2018). But *Sangha* did not involve a defamation claim, and it did not purport to interpret or distinguish what the *Walden* court wrote about defamation.  Likewise, *United My Funds, LLC v. Perera*, 4:19-CV-373, 2020 WL 674364 (E.D. Tex. Feb. 11, 2020) did reference *Walden*, but there was no defamation claim and this Court did not discuss the portion of *Walden* that relates to defamation. In the Plaintiff's response to the BSF Defendants' motion, he defied the BSF Defendants to "offer a more plausible conclusion than the one reached by the Sixth, Seventh and D.C. Circuits." PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS GOTTLIEB, GOVERNSKI, AND BOIES SCHILLER FLEXNER LLP MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Doc. No. 211) 6-7.  The BSF Defendants did not offer a more plausible conclusion because they *cannot* offer a more plausible conclusion.

**Conclusion**

The BSF Defendants' arguments are without merit and their motion should be

denied in all respects.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was filed electronically with the Court's ECF
system on March 27, 2019, which should result in automatic notification to all counsel of
record.

**/s/ Ty Clevenger**
Ty Clevenger