Exhibit 1

AO 310  (Rev. 03/16)

Judicial Council of the _____ District of Columbia _____ Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed.  Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

1.  Name of Complainant:        Ty Clevenger

    Contact Address:

                                P.O. Box 20753
                                Brooklyn, New York 11202-0753

    Daytime telephone:          (  979  ) 985-5289

2.  Name(s) of Judge(s):        Richard J. Leon

    Court:                      U.S. District Court, District of Columbia

3.  Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

    ☑ Yes        ☐ No

    If "yes," give the following information about each lawsuit:

    Court:              U.S. District Court, District of Columbia

    Case Number:        1:18-cv-00681 (Aaron Rich v. Edward Butowsky, et al.)

    Docket number of any appeal to the _____ Circuit: _____

    Are (were) you a party or lawyer in the lawsuit?

    ☐ Party        ☑ Lawyer        ☐ Neither

    If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

    NOTE: I filed a motion to appear pro hac vice on behalf of one of the defendants, Ed Butowsky, but I withdrew the motion. I represent Mr. Butowsky in three cases in Texas that concern an overlapping factual matter.

AO 310  (Rev. 03/16)

Judicial Council of the    District of Columbia    Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

4.    **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

5.    **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

Signature: _____    Date: 3/31/20

# Statement of Facts

Judicial Misconduct Complaint against
U.S. District Judge Richard J. Leon

## **Background**

I am an attorney, and I represent Ed Butowsky in *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-442 (hereinafter "*Folkenflik*"), *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. 4:19-cv-00180 (hereinafter "*Gottlieb*") and *Edward Butowsky v. Douglas Wigdor, et al.*, Case No. 4:19-cv-00577 (hereinafter "*Wigdor*"), all of which are pending in the Eastern District of Texas. I expect to file a related case on Mr. Butowsky's behalf in the same district within the next two months. Judge Richard J. Leon presides over *Aaron Rich v. Edward Butowsky, et al.*, Case No. 1:18-cv-00681 (D.D.C.)(hereinafter "D.C. Case."). All of the foregoing cases involve an overlapping question of fact, namely whether murdered Democratic National Committee ("DNC") employee Seth Rich was responsible for leaking DNC emails to Wikileaks prior to his death in 2016.

Mr. Butowsky was previously represented in the D.C. Case by Philip Harvey, and he is now represented by Eden Quainton. Mr. Quainton also represents Matt Couch, one of Mr. Butowsy's co-defendants in the D.C. Case. Mr. Quainton and I confer frequently because of the related fact issues concerning Seth Rich. In the *Gottlieb* case, Mr. Butowsky sued the lawyers representing Mr. Rich in the D.C. Case based on defamatory statements they made during interviews with *CNN*, *Yahoo!News*, and *Vox*. *See* Third Amended Complaint (*Gottlieb*) (hereinafter "TAC" and available at http://lawflog.com/wp-content/uploads/2020/03/2020.03.11-Third-Amended-Complaint-stamped.pdf). Those defendants are Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP ("BSF Defendants").

## Ex parte communications and other bias

While Mr. Harvey was representing Mr. Butowsky and while Mr. Couch was proceeding *pro se* in the D.C. Case, Mr. Harvey informed me about troubling *ex parte* communications that occurred in the absence of Mr. Couch. Immediately prior to a July 31, 2019 hearing that was to include Mr. Couch, Judge Leon met with Mr. Harvey and Michael Gottlieb, counsel for the plaintiff, but without Mr. Couch. As he is prone to do, Judge Leon conducted the meeting in his chambers without preserving a record. Nonetheless, Judge Leon discussed and *resolved* substantive discovery matters in the absence of Mr. Couch, according to Mr. Harvey. This led to considerable prejudice against Mr. Couch:

> [A]t the end of July, Plaintiff obtained an order from this Court to compel compliance with discovery when Plaintiff had not provided Mr. Couch with an opportunity to respond to the motion. *See* Dkt. 76. It is axiomatic that a defendant should have an opportunity to be heard before an order is taken against him. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Mr. Couch subsequently learned that counsel for Plaintiff and counsel for Mr. Butowsky had participated in an *ex parte* hearing in the Court's chambers during which the Court reached its decision on the discovery motions. Couch Decl. at ¶ 5. It appears no effort was made to inform the Court that Mr. Couch had not yet had an opportunity to respond to the motion concerning him. *Id*. Under these circumstances, Mr. Couch cannot possibly have waived his rights. *C.I.T. Corp. v. Carl*, 85 F.2d 809, 811 (D.C. Cir. 1936) ("Waiver requires intentional relinquishment of a known right.")(internal quotation omitted).

Opposition to Plaintiff's Motion to Compel (D.C. Case) 13 (Doc. No. 120). Mr. Couch's supporting declaration reads in relevant part as follows:

> On July 31, 2019, I participated telephonically in a hearing in this matter in which the Court advised me of its decision to grant Plaintiff's motion to responses to discovery requests. I subsequently learned that counsel for Plaintiff and counsel for Mr. Butowsky had participated in an *ex parte* hearing in the Court's chambers during which the Court reached its decision on the discovery motions. It appears no effort was made to inform the Court that I had not yet had an opportunity to respond.

Declaration of Matthew Couch (D.C. Case) 3 (Doc. No. 120-5). It's bad enough that Judge Leon would hold an *ex parte* meeting in his chambers prior to the hearing, and that he would do so without a record. It's worse that he would rule against Mr. Couch in that *ex parte* meeting without any input from Mr. Couch (rather than stepping outside his chambers and conducting the hearing *with* Mr. Couch). It's worse still that, after the impropriety was brought to his attention, he *continued* to allow the *ex parte* communications to taint the D.C. Case.

After Mr. Quainton filed the foregoing opposition on January 17, 2020, Judge Leon stated in chambers that he was denying Mr. Couch's claim of reporter's privilege at least in part because Mr. Couch waived his objections by failing to respond to the Plaintiff's earlier motion to compel.  Recall, however, that Judge Leon ruled on that motion during the *ex parte* meeting without any input from Mr. Couch, and *prior to the time that Mr. Couch had an opportunity to file a written response*. Accordingly, he could not have waived anything. These points were brought to Judge Leon's attention in the January 17,

2020 opposition, but he shrugged them off.   As usual, the in-chambers meeting was conducted without a record.

Judge Leon has expressed considerable disdain for Mr. Couch and has referred to him as an "Arkansas couch potato" for no apparent reason, according to Mr. Quainton.[1] Once again, Judge Leon made these comments in chambers without a record. After the *ex parte* meeting described above, Judge Leon went back on the record and prohibited Mr. Couch from taking any depositions without permission from the court. I am not aware of any authority that allows a judge to discriminate against a litigant solely because that litigant is representing himself. Even now, after retaining Mr. Quainton, Mr. Couch has been arbitrarily limited to three depositions, whereas the other parties are permitted five depositions. Unlike the other parties, Mr. Couch was required to seek prior permission for those depositions, even after he was represented by counsel. For the reasons discussed below, it appears that Judge Leon severely restricted discovery in the D.C. Case for the purpose of protecting his friend, John Podesta, as well as the related interests of the BSF Defendants.

Interference with Texas case

For eight months now, Judge Leon has been interfering with *Gottlieb,* the Texas case wherein Mr. Butowsky is asserting defamation claims against the BSF Defendants. On March 24, 2020, Counsel for the BSF Defendants relayed the following message from Judge Leon to the U.S. District Court in Texas:

On March 19, 2020, Judge Richard Leon held a telephonic status conference during which he inquired about the status of this lawsuit. After Mr. Gottlieb explained the accelerated schedule that this Court has put into place, (Dkt. 206), Judge Leon instructed the BSF Defendants to inform this Court that he cannot delay any longer and intends to grant the anti-suit injunction motion on March 30, 2020, which is just over one year since the Motion was filed on March, 26, 2019. See D.C. Lawsuit, Dkt. 58. Judge Leon has urged Plaintiff Edward Butowsky to dismiss this case against the BSF Defendants to avoid the need for an anti-suit injunction since July 31, 2019, as BSF Defendants alerted this Court on August 14, 2019. See Dkt. 105 at 19-20. In the nearly eight months since, Mr. Butowsky has rejected Judge Leon's recommendation

---

[1] I did not seek Mr. Quainton's permission before relaying this information to the Judicial Council because, frankly, I want to protect him (as well as Mr. Butowsky and Mr. Couch) from retaliation should Judge Leon see this document.  To be clear, Mr. Quainton had no role in this judicial complaint, so Judge Leon should direct his ire at me and me alone.

by continuing to press this litigation and forcing the First-Filed Court to act to protect
its jurisdiction.

Defendants Gottlieb, Governski, and Boies Schiller Flexner LLP Reply in Support of
Motion to Dismiss for Lack of Personal Jurisdiction (*Gottlieb*) 1 (available at
http://lawflog.com/wp-content/uploads/2020/03/2020.03.24-Gottlieb-reply-ISO-MTD-
jurisdiction.pdf). In reality, Judge Leon's "recommendation" had nothing to do with
protecting his court's jurisdiction, but it appears to have everything to do with protecting
the BSF Defendants from *liability*.

If Judge Leon had issued an anti-suit injunction against *Gottlieb* or even encouraged
the Texas court to transfer or stay the case, then I would not be filing this complaint.
Instead, he has spent eight months trying to pressure Mr. Butowsky to dismiss his claims
outright. If dismissed, the claims would be time-barred, and that seems to be Judge Leon's
objective. He cannot identify any legal deficiency in the Texas claims, yet he has repeatedly
told Mr. Harvey and Mr. Quainton that he wants Mr. Butowsky to dismiss the claims, and
now he is telling the Texas court that he wants it to dismiss the claims. That's a bridge too
far.

The excerpt above indicates that the BSF Defendants and their counsel are now
serving as spokesmen and advocates for Judge Leon in the Texas case.  Worse, they are
acting in that role at his behest. Consider the following filed by the BSF Defendants in the
Texas court on March 4, 2020:

[On March 3, 2020], Judge Richard Leon of the First-Filed Court held a status
conference in the underlying matter, *Rich v. Butowsky et al*, No. 18-681 (RJL)
(D.D.C.). Plaintiff Aaron Rich's motion seeking an anti-suit injunction enjoining
Defendant Butowsky's litigation against the BSF Defendants in this case remains
pending. *Id*. Dkt. 52. During the status conference, Judge Leon expressed concern
that this Court had not yet issued a ruling on the pending motions to dismiss, stated
the view that the First-Filed Court had been patient allowing the overlapping
litigation before this Court some time to be resolved, but that the First-Filed Court
was disinclined to permit this litigation, which is interfering with the First-Filed
Court's jurisdiction, to continue. Judge Leon stated that he had never before granted
an anti-suit injunction, but he believed he would be forced to do so if this matter is
not resolved promptly. Judge Leon asked Defendant Michael J. Gottlieb, who was
arguing on behalf of the Plaintiff in that case, to inform this Court that he was on
the precipice of enjoining this lawsuit based upon the BSF Defendants' motion for
an anti-suit injunction. After Defendant Gottlieb explained that this Court was
holding a status conference at exactly the same time, Judge Leon ordered the parties

before him to provide an update on this lawsuit on March 17, 2020. Judge Leon's guidance confirms the view he first articulated seven months ago, when he expressed concern about the substantial overlap between the First-Filed suit and this one, opined that "the simplest solution" is for this Court to dismiss the case as to the BSF Defendants, and admonished Plaintiff's former counsel in the First-Filed Lawsuit, stating that "I would strongly recommend that you talk to your client, while proceeding on this track here, the wisdom of agreeing to the motion to dismiss the suit against the lawyers for Boies Schiller down there." Dkt. 75 at 20-21.

Notice of Supplemental Authority by Defendants Gottlieb, Governski, and Boies Schiller Flexner LLP ("*Gottlieb*") 2-3 (emphasis added)(available at http://lawflog.com/wp-content/uploads/2020/03/2020.03.04-Supplemental-authority.pdf). On March 12, 2020, the BSF Defendants filed a transcript excerpt (available at http://lawflog.com/wp-content/uploads/2020/03/2020.03.12-Exhibit-1-Transcript-excerpt.pdf) confirming that they were acting at Judge Leon's behest. The Texas court is, however, quite capable of deciding on its own whether Mr. Butowsky stated a claim or established personal jurisdiction in Texas. The Texas court does not need Judge Leon's "guidance," and neither do I.

Judge Leon's continued insistence on outright dismissal (an outcome that he cannot produce on his own) and his message to the Texas court that it needs to dismiss the claims "or else" both add to the appearance of bias. Instead of protecting the jurisdiction of his court via an anti-suit injunction, it appears that Judge Leon is doing a favor for the BSF Defendants by trying to protect them from liability. Significantly, discovery in the D.C. Case ended on March 27, 2020, *see* March 20, 2020 Order (D.C. Case) (available at http://lawflog.com/wp-content/uploads/2020/03/2020.03.20-Discovery-order.pdf) whereas the Texas court stayed discovery in *Gottlieb* and has not yet entered a scheduling order. Accordingly, there is virtually no chance of conflicting discovery at this point, and virtually no chance that the Texas case will establish *res judicata* or collateral estoppel before the D.C. Case goes to trial. Judge Leon can claim that he is acting to prevent interference from the Texas case, but that claim rings hollow.

## Protecting John Podesta

On or about February 10, 2020, I informed bloggers Jim and Joe Hoft that Mr. Couch was considering a motion to recuse Judge Leon for bias. I further informed the Hofts that Judge Leon was a longtime friend of John Podesta, and that Mr. Podesta could have a significant interest in the outcome of the D.C. Case. On February 11, 2020, Jim Hoft posted an article referencing Judge Leon's longstanding friendship with Mr. Podesta, and he

expressed dismay that Judge Leon refused a joint request from all parties in Case No. 1:18-cv-00681:

> In a bizarre twist, Aaron Rich and the defendants JOINTLY asked Judge Leon to help arrange the deposition of Julian Assange in England.

> Julian Assange is the main source who can testify how Wikileaks obtained the Podesta emails during the 2016 election.

> But in a weird twist, according to our sources, Judge Leon arbitrarily refused the request — even though BOTH PARTIES requested the deposition.

> This is unheard of!  It is unique in a situation where ALL PARTIES  agree that they need the testimony of a particular witness, but the judge blocks it WITHOUT EXPLANATION!

https://www.thegatewaypundit.com/2020/02/must-read-seth-rich-family-and-defendants-request-testimony-from-julian-assange-but-podesta-linked-judge-richard-leon-refuses/.  In fact, all of the parties had asked Judge Leon to issue letters rogatory for the deposition of Mr. Assange, the founder of Wikileaks, and all of the parties told Judge Leon that Mr. Assange's testimony was "critical, necessary and relevant." Furthermore, Judge Leon denied the request without any explanation, *see* January 24, 2020 Order (D.C. Case)(Doc. No. 133), just as Mr. Hoft wrote. That is very suspicious indeed, because Julian Assange is in the best position to know who sent DNC emails to Julian Assange.

According to Mr. Quainton, Judge Leon brought a copy of the foregoing blogpost to a subsequent conference, accused the defendants (*i.e.*, Mr. Butowsky and Mr. Couch) of making "comments that are ridiculous and inaccurate and not productive, and which could maybe some day impact on a jury pool in this case" and threatened to issue a gag order against the defendants. *See* Transcript Excerpt available at http://lawflog.com/wp-content/uploads/2020/03/2020.03.12-Exhibit-1-Transcript-excerpt.pdf).  This  was  an overreaction, and a telling one. For starters, the defendants did not make any comments to the *The Gateway Pundit* (or any other media) about Judge Leon. I did. Specifically, I spoke with Mr. Couch and Mr. Quainton and then relayed information to the Hofts (without first asking permission). I would challenge Judge Leon to identify what "comments" were "ridiculous and inaccurate and not productive," because everything in the blog post is accurate, including the fact that Judge Leon and John Podesta are longtime friends. *See, e.g.*, Sherri Dalphonse, "6 Friendships That Prove Washington's Not Totally Polarized," March  18,  2016  Washingtonian  (https://www.washingtonian.com/2016/03/18/6-friendships-that-prove-washington-dc-is-not-totally-polarized/). They have long co-taught a class together at Georgetown University Law School. *See* Hamza Shaban and Brian Fung,

"Meet the judge overseeing the trial to block AT&T's merger with Time Warner," December 7, 2017 *Washington Post* (https://www.washingtonpost.com/news/the-switch/wp/2017/12/07/meet-the-judge-overseeing-the-trial-to-block-atts-merger-with-time-warner/).

Now, contrast Judge Leon's reaction to the blog post with his reaction to a string of defamatory statements that the BSF Defendants have made in multiple interviews with national media organizations. The BSF Defendants openly discussed the D.C. Case and, in the process, made very defamatory allegations about Mr. Butowsky and Mr. Couch, *see* TAC 31, 35-36, ¶¶65, 68, 70-71, and they continued making such statements *after* the D.C. case was filed, *id*. at 35-36, ¶¶68 and 70-71, yet Judge Leon has never expressed a smidgeon of concern that such statements might taint the jury pool.

Judge Leon was fully aware of some of these defamatory statements because they are part of the pleadings in *Gottlieb*. *Id.* at 31, 35-36, ¶¶65, 68, 70-71. In turn, Judge Leon was fully aware of the *Gottlieb* pleadings no later than March 26, 2019, because that's when the BSF Defendants asked Judge Leon to enjoin the defamation claims that Mr. Butowsky was asserting against them. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Anti-Suit Injunction (D.C. Case)(Doc. No. 52-1). On one hand, the BSF lawyers smeared Mr. Butowsky and Mr. Couch in national media, and Judge Leon did not express the slightest concern about a tainted jury pool – he instead inserted himself into the Texas case to *protect* the BSF Defendants. On the other hand, Judge Leon immediately threatened a gag order when a single blog post discussed his connections to Mr. Podesta. Why the double standard? Judge Leon's longstanding friendship with Mr. Podesta is well documented, so it's difficult to understand how the jury pool could be tainted by a blog post that mentions these well-known facts. Likewise, it's hard to imagine how a jury pool could be tainted by a blog post that mentions a matter of public record, *i.e.*, that Judge Leon blocked the deposition of Mr. Assange (but without giving a reason).

As the Judicial Council probably knows, the Seth Rich story is inextricably linked with Robert Mueller's investigation into whether the Trump Administration "colluded" with Russa, *see, generally*, TAC, and even now Mr. Podesta is deeply invested in preserving the "Russia collusion" hoax. *See* Shane Croucher, "Russia 'Getting Ready' to hack 2020 Election, warns Ex-Clinton Campaign Chairman John Podesta," February 26, 2019 *Newsweek*, https://www.newsweek.com/russia-hack-2020-election-podesta-trump-1343783. Furthermore, it appears that Mr. Podesta was one of the engineers behind the "Russia collusion" hoax, *see, e.g.*, Jim Hoft, "2015 Email to John Podesta Reveals Plot to 'Slaughter Trump' by Linking Him to Putin and Russia," April 22, 2019 *The Gateway Pundit*, https://www.thegatewaypundit.com/2019/04/john-podesta-email. By blocking the deposition of Julian Assange and baselessly threatening a gag order, Judge Leon has

created a strong appearance that he is trying to protect his friend (and perhaps himself) at
the expense of the parties, <u>all</u> of whom agreed that Mr. Assange's deposition was "critical,
necessary and relevant." Mr. Assange could not only settle the question of who provided
DNC emails to Wikileaks, he could also blow a hole in Mr. Podesta's narrative that
Russians stole the DNC emails as well as Mr. Podesta's emails. It thus appears that Judge
Leon is blocking the Assange deposition for personal reasons.

## <u>Conclusion</u>

Judge Leon has created multiple appearances of impropriety in violation of Judicial
Canon 2, and he has repeatedly demonstrated bias in violation of Judicial Canon 3.   In
particular, Judge Leon violated Judicial Canon 3(A)(4) by initiating and engaging in
improper *ex parte* communications.