# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AARON RICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 18-681 (RJL) |
| | ) | |
| ED BUTOWSKY, *and* | ) | |
| MATTHEW COUCH, *and* | ) | |
| AMERICA FIRST MEDIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

March 31st, 2020 [# 52]

On March 26, 2018, plaintiff Aaron Rich brought this suit against defendants Edward Butowsky, Matthew Couch, and America First Media, alleging defendants defamed him and caused him emotional distress by publishing false statements that he conspired with his brother, Seth Rich, to download emails from the Democratic National Committee ("DNC"); received money from Wikileaks for them; and knew his brother would be murdered but did nothing to prevent it. *See* Compl. ¶¶ 1, 7 [Dkt. # 3]. With respect to defendant Butowsky in particular, Aaron Rich alleges that Butowsky conspired with the other defendants to publish false statements about Rich and convince the public that he, along with his brother Seth, stole the DNC documents that WikiLeaks later published in the lead up to the 2016 presidential election. *Id.* ¶¶ 6-7. Nearly one year after this suit was filed, defendant Butowsky filed suit on March 12, 2019, in the District Court

for the Eastern District of Texas ("the Texas Litigation") against plaintiff's attorneys in this case—Michael Gottlieb, Meryl Governski, and Boies Schiller Flexner LLP—alleging they defamed *him* by making statements in connection with Aaron Rich's lawsuit that are identical or nearly identical to the allegations pled in Aaron Rich's complaint.[1] *See Butowsky v. Gottlieb, et al.*, No. 4:19-cv-180 (E.D. Tex. 2019), Compl. ¶¶ 61, 62, 66 [Dkt. # 1]. In other words, the Texas Litigation seeks to hold Rich's counsel personally liable for allegations made in the complaint currently pending before this Court. The Texas Litigation also identifies plaintiff Rich as a non-party co-conspirator for claims filed by his parents against Butowsky in the District Court for the Southern District of New York. *Id.* ¶¶ 56-60, 89-92, 95-96.[2] On March 26, 2019, plaintiff Rich moved for an anti-suit injunction as to defendant Butowsky's claims against Rich's counsel as well as claims that implicate Rich as a non-party co-conspirator in the Texas Litigation. *See* Mot. for Anti-Suit Injunction [Dkt. # 52]. Based on the briefing, the relevant record, and for the reasons stated below, Rich's motion is **GRANTED**.

When moving for injunctive relief, a moving party must show: (1) a strong likelihood of success on the merits; (2) irreparable harm without an injunction; (3) the absence of substantial harm to other interested parties; and (4) that an injunction is in the

---

[1] The Texas Litigation names 19 other defendants besides Aaron Rich's attorneys in this case, including Turner Broadcasting System, Inc., Anderson Cooper, The New York Times Company, and Vox Media, Inc. This order has no effect on the Texas Litigation as to those defendants.

[2] Butowsky has amended his complaint in the Texas Litigation three times. Although those amendments seek to disclaim liability based on plaintiff's complaint in this Court, the substance of Butowsky's claims in the Texas Litigation against Rich's counsel and Aaron Rich remains the same for purposes of this motion. *See Butowsky v. Gottlieb*, Am. Compl. ¶¶ 111, 116-123 [Dkt. # 62]; Second Am. Compl. ¶¶ 111, 116-123 [Dkt. # 101]; Third Am. Compl. ¶¶ 99, 103 [Dkt. # 207].

2

public interest. *See Am. Horse Prot. Ass'n v. Lyng*, 690 F. Supp. 40, 42 (D.D.C. 1988). In the anti-suit injunction context, the factors relevant to the likelihood-of-success prong are: the identity of the parties; the risk of inconsistent adjudications; the location of counsel familiar with the litigation; how far advanced each action is; and, "equitable considerations genuinely relevant to the ends of justice, relating to the expeditious determination of the case without unnecessary multiplication of litigation." *Id.* at 42–43 (some alterations).[3]

In this case, the anti-suit injunction factors weigh heavily in favor of enjoining the Texas Litigation as to Aaron Rich and his counsel. *First*, the identities of the parties are essentially the same, which tips in favor of enjoining the later-in-time suit. The parties are substantially identical when subsequent claims are filed against the same individuals *or* the same attorneys involved in the initial litigation. *See Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 56 (D.D.C. 2015). Such, of course, is the case here, where defendant Butowsky asserts claims in the Texas Litigation against the same attorneys representing Rich in this suit, as well as claims naming the plaintiff in this case, Aaron Rich, as a co-conspirator.

*Second*, absent an anti-suit injunction, there is a risk of inconsistent adjudications because the issues in this suit and the Texas Litigation are "inextricably intertwined" and derive from a "common origin," which "weighs in favor of the comprehensive resolution

---

[3] As plaintiff points out, it is unclear whether our Circuit Court has replaced the traditional four-factor test for preliminary injunctions with the factors unique to anti-suit injunctions or has simply modified the traditional test by evaluating the likelihood-of-success prong according to the anti-suit injunction factors. *See* Mot. for Anti-Suit Injunction at 6 n.9. I need not resolve that question, however, because plaintiff's motion prevails under either test.

3

of this case in one forum." *Am. Horse*, 690 F. Supp. at 43. That is especially so under these circumstances, where Defendant Butowsky's claims in the Texas Litigation relate to the veracity of his statements about Aaron Rich, which will no doubt serve as an affirmative defense in this suit.

*Third*, the location of counsel weighs in favor of enjoining the Texas Litigation. Plaintiff Rich's attorneys are located in Washington, D.C., and the attorney representing defendant Butowsky in Texas is located in New York. To say the least, additional long-distance travel under the current health crisis is not in anyone's interest. *Fourth*, the relative stages of the two suits also cuts in plaintiff Rich's favor. *See Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 628 (D.C. Cir. 1975). Plaintiff Rich has been litigating this case for almost two years, and the parties (as well as this Court) have invested significant time and resources in advancing fact discovery. The Texas Litigation, however, has remained stalled at the motion to dismiss stage due to Butowsky's filings of several amended complaints. *See* Pl.'s Notice re Texas Litigation at 2 [Dkt. # 156].

*Fifth*, equitable considerations, such as the conservation of judicial resources and deterrence of forum shopping, weigh in favor of enjoining the Texas Litigation. For one thing, it would be a complete waste of judicial resources to allow two cases confronting the same exact issues to proceed simultaneously. *See Columbia Plaza*, 525 F.2d at 627. And for another, defendant Butowsky's filing of the Texas Litigation "has more than a faint semblance of forum shopping aimed at evading" this Court's adjudication of Rich's claims: Butowsky's claims arise from the same set of facts as those underlying this suit, and he filed his complaint in Eastern District of Texas *after* filing a motion to transfer this

4

case to that same district (which this Court has since denied). Mot. to Transfer [Dkt. # 44]; 3/29/19 Minute Order; *see also Am. Horse*, 690 F. Supp. at 43.

The remaining injunction factors also weigh in plaintiff Rich's favor. If the Texas Litigation proceeds, Rich will be irreparably harmed because his counsel will continue to be forced to devote resources to litigating that related suit, and he may also have to intervene as a necessary party. *See Am. Horse*, 690 F. Supp. at 44. An anti-suit injunction of the Texas Litigation will not, however, harm other parties. Defendant Butowsky will remain free to litigate his claims against the other defendants in the Texas Litigation, and he remains free to defend himself in the present suit before this Court. Finally, the public interest in "the conservation of judicial resources" and the "comprehensive disposition of litigation" is served by enjoining defendant Butowsky's Texas suit raising identical issues. *Id.* at 45.

In light of the foregoing, it is hereby

**ORDERED** that all of defendant Butowsky's claims in *Butowsky v. Gottlieb, et al.*, No. 4:19-cv-00180 (E.D. Tex. 2019) against the attorneys for Aaron Rich in this suit, and all of defendant Butowsky's claims involving Aaron Rich as a non-party co-conspirator, are hereby **ENJOINED**.

**SO ORDERED.**

*[signature]*
RICHARD J. LEON
United States District Judge