## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

Edward Butowsky,

    Plaintiff,

v.

                                  Case No. 4:19-cv-00180-ALM-kpj

Michael Gottlieb, et al.,

    Defendants

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS THE NEW YORK TIMES COMPANY AND ALAN FEUER'S MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER RULE 12(b)(6)

NOW COMES Edward Butowsky, the Plaintiff, responding in opposition to DEFENDANTS THE NEW YORK TIMES COMPANY AND ALAN FEUER'S MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER RULE 12(B)(6) (hereinafter "MOTION") (Doc. No. 109):

### Factual Background

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded facts as true and construe those facts "in the light most favorable to the non-movant." *Illinois Cent. R. Co. v. Cryogenic Transp., Inc.*, 686 F.3d 314, 316 (5th Cir. 2012); *see also Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016)(In considering a 12(b)(6) motion, "we consider only the pleadings and accept them as true"). Rather than address the New York Times Defendants' (hereinafter "NYT Defendants") spin on the facts, the Plaintiff will direct the Court to his THIRD AMENDED

COMPLAINT ("TAC")(Doc. No. 207), which speaks for itself. In particular, the Plaintiff

would direct the Court's attention to Paragraphs 29-30 and 106-109.

**Argument**

**1.   The Plaintiff properly alleged defamation.**

"Defamation's elements include (1) the publication of a false statement of fact to a

third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree

of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015),

citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998).

**A. The challenged statements are "of and concerning" the Plaintiff.**

The NYT Defendants argue, rather absurdly, that none of the challenged

statements are "of and concerning" the Plaintiff.   They cannot, however, dispute the

following facts: (1) their story purports to be about a lawsuit against various defendants

involved in a publishing a fraudulent news story; and (2) the Plaintiff, Mr. Butowsky, is

expressly identified as one of those defendants. TAC 46-48, ¶¶94-96. "A statement does

not have to refer to the plaintiff by name... if people who know and are acquainted with

the plaintiff reasonably understand from reading the statement that it referred to the

plaintiff." *Main v. Royall*, 348 S.W.3d 381, 395 (Tex. App.—Dallas 2011, no pet.), citing

*Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890, 894 (1960); *Cox Tex.*

*Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 433 (Tex.App.-Austin 2007, pet. denied);

*Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 902 (Tex.App.-Dallas 2006,

no pet.).   "A claim is actionable if the language of the publication and the surrounding

circumstances are such that friends and acquaintances of the plaintiff recognize that the

- 2 -

publication is about the plaintiff' when that recognition is objectively reasonable." *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 651 (Tex. App.—Houston [1st Dist.] 2014, pet. denied), citing *Harvest House Publishers v. Local Church*, 190 S.W.3d 204, 213 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). Context is critical:

> The defamed person need not be expressly mentioned so long as he or she is otherwise identifiable. *Scarbrough v. Purser*, No. 03-13-00025-CV, 2016 WL 7583546, at *5, 2016 Tex. App. LEXIS 13863, at *13 (Tex. App.—Austin Dec. 30, 2016, pet. denied) (mem. op.). And, whether the identity is ascertainable, per *Scripps*, *D Magazine*, and *Lipsky*, depends upon viewing the entire picture, not simply one corner of it.

*Diocese of Lubbock v. Guerrero*, 591 S.W.3d 244, 252 n.6 (Tex. App.—Amarillo 2019, pet. filed).  Defendant Feuer's article, when read in context, clearly suggests that a federal judge made factual findings about Mr. Butowsky, *i.e.*, that Mr. Butowsky was involved in publication of a bogus story.

## B. The challenged statements are quite capable of "defamatory meaning."

To determine whether Defendant Feuer's report is defamatory, the Court must determine whether the overall "gist" of that report is accurate.

> In making the initial determination of whether a publication is capable of a defamatory meaning, we examine its "gist." *Neely* [*v. Wilson*, 418 S.W.3d 52, 63 (Tex. 2013)]. That is, we construe the publication "as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it." *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000); *see also Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002) ("It is well settled that 'the meaning of a publication and thus whether it is false and defamatory, depends on a reasonable person's perception of the entirety of a publication and not merely on individual statements.'"(quoting *Turner*, 38 S.W.3d at 115)). Consistent with this approach, under the "substantial truth doctrine" a publication's truth or falsity depends on whether the publication "taken as a whole is more damaging to the plaintiff's reputation than a truthful [publication] would have been." *KBMT Operating Co.*, 492 S.W.3d at 714 (quoting *Neely*, 418 S.W.3d at 63).

> In *Neely*, we reaffirmed the importance of assessing a publication's gist in evaluating a defamation claim. 418 S.W.3d at 63–64. We explained that a publication "with specific statements that err in the details but that correctly convey the gist of a story is substantially true." *Id*. (citing *Turner*, 38 S.W.3d at 115). Conversely, even if all the publication's individual statements are literally true, the story "can convey a false or defamatory meaning by omitting or juxtaposing facts." *Id*. (quoting *Turner*, 38 S.W.3d at 114).

*D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017), reh'g denied (Sept. 29, 2017).  The "gist" of Defendant Feuer's articles was that a federal court made a *factual* conclusion that Mr. Butowsky had (1) taken advantage of a grieving family, and (2) spread a fraudulent news story for political purposes. That's the gist, and it is defamatory because it subjects Mr. Butowsky to "public hatred, contempt, or ridicule." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 637 (Tex. 2018).  It is actionable because it is false, *id*., namely because (1) the judge made no factual findings, and (2) Defendant Feuer's *descriptions* of the orders were factually inaccurate.

## C.  The challenged statements are not protected by the "fair report" privilege.

The NYT Defendants cite several Texas cases for the premise that their story is protected by the "fair report" privilege, Motion 17, but their misrepresentation of those cases is troubling.  The Plaintiff would encourage the Court to read *AOL, Inc. v. Malouf*, 2015 WL 1535669 (Tex.App. – Dallas Apr. 2, 2015, no pet.) and *Basic Capital Mgmt., Inc. v. Dow Jones & Co.*, 96 S.W.3d 475, 481-482 (Tex.App. – Austin 2002, no pet.) for itself, then compare those cases to the descriptions found on page 17 of the Motion. In *AOL*, for example, the defendant had *not* reported that the plaintiff was charged with criminal fraud (versus civil fraud) as the NYT Defendants allege. 2015 WL 1535669, at

*5 ("the article does not state Malouf was the subject of a criminal charge"). Instead, plaintiff Malouf asked the court to *assume* that such was the inference. *Id*. The NYT Defendants next quote *Langston v. Eagle Printing Co*., 797 S.W.2d 66, 69-70 (Tex.App. – Waco 1990, no writ) for the following premise: "Although it may greatly exaggerate the libel-plaintiff's misconduct alleged in a judicial proceeding, an article is substantially true if an ordinary reader would not attach any more opprobrium to the plaintiff's conduct merely because of the exaggeration." Frankly, that statement does nothing to help the NYT Defendants, as the Plaintiff has not accused them of exaggerating the allegations of Joel and Mary Rich. Instead, he has accused the NYT Defendants of falsely reporting that a judge essentially found him "guilty" of Joel and Mary Rich's accusations. It should be obvious that a lot more "opprobrium" is attached to a judicial finding of impropriety than a mere allegation of impropriety.

The NYT Defendants further cite several New York cases but omit relevant portions of those cases. Consider the full context of *Alf v. Buffalo News, Inc.*, 995 N.E.2d 168 (N.Y. 2013):

> When examining a claim of libel, we do not view statements in isolation. Instead, "[t]he publication must be considered in its entirety when evaluating the defamatory effect of the words" (*James v. Gannett Co*., 40 N.Y.2d 415, 419, 386 N.Y.S.2d 871, 353 N.E.2d 834, rearg. denied 40 N.Y.2d 990, 390 N.Y.S.2d 1027, 359 N.E.2d 440 [1976] ). As both Supreme Court and the Appellate Division held, viewing the articles as a whole, the average reader would conclude that the company, and not plaintiff, pleaded guilty to wrongdoing and that the amount of restitution covered more than the single, admitted incident. As we have said, "newspaper accounts of legislative or other official proceedings must be accorded some degree of liberality. When determining whether an article constituted a 'fair and true' report, the language used therein should not be dissected and analyzed with a lexicographer's precision" (*Holy Spirit Assn. for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 68, 424 N.Y.S.2d 165, 399

N.E.2d 1185 [1979] ). Here, the *News* provided substantially accurate reporting of the plea agreement and the fines and restitution, as discussed in open court. Thus, all the challenged statements concerning NAC and plaintiff relating to these proceedings are entitled to immunity under Civil Rights Law § 74.

*Id*. at 169.   The Plaintiff has never suggested that the NYT Defendants reporting should be "dissected and analyzed with a lexicographer's precision." Instead, he contents that there is a magnitude of difference between Joel and Mary Rich making accusations versus a court finding that their accusations against him were true.

> A statement is deemed a fair and true report if it is "substantially accurate." *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 119 (2005) (citations omitted). "A report is 'substantially accurate' if, despite minor inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth." *Id*. (citations omitted). Thus, the New York Court of Appeals has remarked that "[a] fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d 63, 424 N.Y.S.2d 165, 167, 399 N.E.2d 1185 (1979). However, **"Section 74 does not afford protection if the specific statements at issue, considered in their context, 'suggest[ ] more serious conduct than that actually suggested in the official proceeding.' "** *Calvin Klein Trademark Trust v. Wachner*, 129 F.Supp.2d 248, 253 (S.D.N.Y.2001) (quoting *Daniel Goldreyer, Ltd. v. Van de Wetering*, 217 A.D.2d 434, 630 N.Y.S.2d 18, 22 (1st Dep't 1995)).

*Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 520–21 (S.D.N.Y. 2013)(emphasis added).

In the context of the NYT Defendants article, a purported judicial finding is "more serious" than the mere allegations of a plaintiff, ergo the story is not protected by the "fair report" privilege.[1]

---

[1] The NYT Defendants express no opinion about whether Texas law or New York law would apply, but the Plaintiff contends that under the doctrine of decepage, Texas law would apply to the substantive defamation claims while New York law would govern privileges. *See* Plaintiff's Response in Opposition to Boies Schiller Defendants' Motion to Dismiss (Doc. No. 212)(citing cases).

### D.  The Plaintiff properly pleaded actual malice.

If Defendant Feuer was a cub reporter covering court proceedings for the *Sherman Herald Democrat*, then the Plaintiff probably would not be able to prove actual malice. In all likelihood, a small-town, general-assignment reporter would not know how the federal court system works. Defendant Feuer, however, is not a cub reporter for a small-town newspaper. He is a reporter for the largest newspaper in the United States, "he normally covers court proceedings for Defendant NYT and he knew that Rule 12(b)(6) dismissals are not factual findings, yet he deliberately misrepresented Judge Daniels's order." TAC 48, ¶97. Furthermore, the NYT Defendants refused to correct the errors that were brought to their attention, and that is additional evidence of malice. "[A] defendant's words or acts before, at, or <u>after</u> the time of the communication" are relevant for determining malice. *Butowsky v. Folkenflik*, 4:18CV442, 2019 WL 3712026, at \*10 (E.D. Tex. Aug. 7, 2019)(emphasis added), citing *Dolcefino v. Turner*, 987 S.W.2d 100, 111 (Tex. App. – Houston [14th Dist.]1998), aff'd sub nom. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103 (Tex. 2000) (citations omitted); *see also See Gonzales v. Hearst Corp.*, 930 S.W.2d 275, 283 (Tex. App.—Houston [14th Dist.] 1996, no writ)("Refusal to print a retraction is evidence of an action *after* the publication, but it can lend support to a claim that reckless disregard or knowledge existed at the time of publication")(emphasis in original).

## 2.  The Plaintiff properly alleged business disparagement.

"To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *In re Lipsky*, 460

S.W.3d 579, 592 (Tex. 2015)(citations omitted).

> Business disparagement and defamation are similar in that both involve harm from
> the publication of false information. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal
> Sys. Landfill, Inc*., 434 S.W.3d 142, 155 (Tex.2014). The respective torts,
> however, serve different interests. Whereas "defamation actions chiefly serve to
> protect the personal reputation of an injured party, [ ] a business disparagement
> claim protects economic interests." *Forbes Inc. v. Granada Biosciences, Inc*., 124
> S.W.3d 167, 170 (Tex.2003). Business disparagement or "injurious falsehood
> applies to derogatory publications about the plaintiff's economic or commercial
> interests." 3 Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts
> § 656, at 615 (2d ed.2011). The tort does not seek to redress dignitary harms to the
> business owner, but rather redresses aspersions cast on the business's commercial
> product or activity that diminishes those interests. *Hurlbut v. Gulf Atl. Life Ins.
> Co*., 749 S.W.2d 762, 766–67 (Tex.1987).

*Id*. at 591. The NYT Defendants' arguments against Mr. Butowsky's business

disparagement claim are premised entirely on the assumption that he failed to state a

defamation claim. As set forth above, Mr. Butowsky has sufficiently alleged defamation

claims in his TAC, and none of the NYT Defendants' statements are privileged.  Since

Mr. Butowsky alleged all the elements of a defamation claim, and he also alleged special

damages, TAC 3 and 49, ¶¶6 and 101, he has properly stated a business defamation

claim. *Lipsky*, 460 S.W.3d at 592.

## Conclusion

The NYT Defendants' arguments are meritless and their Motion should be denied in all respects.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on April 30, 2020, which should result in automatic notification to all counsel of record.

/s/ Ty Clevenger
Ty Clevenger