**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **EDWARD BUTOWSKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:19-cv-0180-ALM-KPJ** |
| | § | |
| **MICHAEL GOTTLIEB,** *et al.* | § | |
| | § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT OF DEFENDANTS THE NEW YORK TIMES COMPANY AND ALAN FEUER'S MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER RULE 12(b)(6)**

Defendants The New York Times Company and Alan Feuer (collectively, "The Times") file this reply in support of their motion to dismiss Plaintiff Edward Butowsky's claims under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 224), and state as follows:[1]

**INTRODUCTION**

The Times accurately reported on a federal judge's decisions in its August 2, 2018 article. The law fully protected The Times when it did so. Butowsky's defamation and business disparagement claims against The Times are based entirely on his argument that reporter Feuer should have interpreted certain statements in the federal judge's decisions through the lens of Federal Rule of Civil Procedure 12(b)(6), and thus should have reported those statements as allegations by the parties, not findings by the court. But not every statement in every Rule 12(b)(6) opinion begins with "*the plaintiff alleges*" or must be read as such. Federal district judges sometimes include in their Rule 12(b)(6) opinions statements that are not mere recitations of the

---

[1] This reply is filed subject to Feuer's motion to dismiss for lack of personal jurisdiction.

plaintiff's allegations, especially where, as here, they are not relying on the truth of those allegations to grant or deny the motion. In any event, Butowsky's quibbling over whether the *NYT* Article's characterization of Judge Daniels's decisions could have been more precise does not support an actionable defamation or disparagement claim against The Times, as Texas and New York law afford the media considerable breathing space when reporting on legal proceedings.

Even if the fair report privilege did not require the dismissal of Butowsky's claims, his claims fail for other reasons. Butowsky cannot identify any defamatory statements in the *NYT* Article that are about him. The literal statements he challenges refer to Fox News, not Butowsky. And he fails to allege a libel-by-implication claim that meets the standards of recent Texas Supreme Court precedent. In addition, the alleged "gists" he challenges do not rise to the level of actionable defamation, as they do not subject him to hatred, contempt, and ridicule. And, finally, Butowsky fails to satisfy his burden as a limited purpose public figure to plausibly plead actual malice. Each of these arguments independently requires the dismissal of his defamation and disparagement claims.

## ARGUMENT

**A.     Butowsky confuses The Times's "of and concerning" argument.**

The Times's motion argued that Butowsky's claims should be dismissed because the specific statements he challenges are not "of and concerning" him. Dkt. 224 at 8-10. As The Times noted, the *NYT* Article "focuses on Fox News as the main defendant in the Parents' Lawsuit and in the Wheeler Lawsuit." *Id.* at 8. Butowsky is barely mentioned in the *NYT* Article, and he does not challenge the accuracy of the statements that do refer to him. *Id.* at 8-10.

Butowsky does not address this argument, instead addressing a different "of and concerning" argument that The Times did not make. Dkt. 231 at 2-3. Contrary to Butowsky's

suggestion, the issue here is not whether Butowsky is identifiable in the *NYT* Article.  *Id.*  Obviously, the article does identify him.  The problem for Butowsky's defamation and disparagement claims is that he does not challenge any of the statements in the *NYT* Article that identify him.  Dkt. 224 at 9 (citing statements that reference Butowsky).  Instead, he challenges statements that are only about "Fox News."  *Id.* at 8-9.  Merely being identified in the *NYT* Article does not make every statement in that article about him.  Butowsky's failure to address *this* "of and concerning" argument—the argument The Times actually made in its motion—is fatal to his defamation and business disparagement claims against The Times.

**B.      Butowsky fails to identify any defamatory, nonprivileged statements by The Times.**

Butowsky also fails to address fully The Times's arguments that the statements he challenges are not capable of defamatory meaning.  Dkt. 224 at 10-12.  Butowsky argues that the article "as a whole" gives rise to the defamatory implications that he took advantage of Seth Rich's family and that he pushed a false news story for political purposes.  Dkt. 231 at 3-4.  But he does not explain how these statements rise to the level of being defamatory, much less defamatory *per se*, especially in light of the case law cited by The Times, which has found accusations of "lying" to be nonactionable in the context of hot-button political debates and controversies.  Dkt. 224 at 11-12.  Moreover, he fails to identify any textual basis in the *NYT* Article for his proposed implications.  Under recent Texas Supreme Court precedent, a plaintiff cannot support a libel-by-implication claim with bare assertions about the "gist" of the "article as a whole." *Dallas Morning News, Inc v. Tatum*, 554 S.W.3d 614, 635 (Tex. 2018), *cert. denied*, 139 S. Ct. 1216 (2019).  The plaintiff "must point to 'additional, affirmative evidence' within the publication itself that suggests the defendant 'intends or endorses the defamatory inference.'"  *Id.* (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990)).  Butowsky fails to meet this burden.

3

Even assuming that the *NYT* Article were reasonably capable of the "gists" Butowsky ascribes to it, the fair report privilege bars his claims. Butowsky alleges that The Times reported as factual findings statements in Judge Daniels's decisions that were actually just recitations of the plaintiffs' allegations in those cases. But The Times's motion addressed this issue by meticulously comparing the statements in the *NYT* Article with the corresponding statements in Judge Daniels's decision, demonstrating that The Times's reporting was entirely accurate. Dkt. 224 at 14-15. As to the statements challenged by Butowsky, Judge Daniels was not simply parroting the Riches' allegations. *Id.* He was making his own observations on topics that did not change his decision to dismiss the case and for which there was no credible dispute, especially in light of Fox News's retraction. *Id.*

Butowsky eschews any such textual analysis, instead relying on his assumption that every factual observation expressed by a judge in a Rule 12(b)(6) decision must necessarily be understood as a recitation of the plaintiff's allegations—whether or not it is stated as such. This is not a valid premise. Courts frequently make their own factual observations, even in the course of deciding a Rule 12(b)(6) motion. Sometimes they do so erroneously, as the Fifth Circuit has repeatedly noted in reversing dismissals that rely on improper "fact-finding" by the district court. *See, e.g.*, *Childers v. Iglesias*, 848 F.3d 412, 414 (5th Cir. 2017) (characterizing district court's statement as "improper fact-finding" (citation omitted)). But, here, the Court need not assign any error to Judge Daniels. He was simply offering a sympathetic observation about the tragic situation into which the Riches had been thrust, even though he had concluded that their legal claims were not viable. Dkt. 224 at 16. Thus, the Court need not indulge Butowsky's fiction that Rule 12(b)(6)'s standard of review renders The Times's reporting inaccurate. Nor should it impose on

The Times an obligation to reconstruct Judge Daniels's statement according to the standard of review he was supposed to apply, as opposed to reporting what Judge Daniels actually wrote.

Even if The Times's reporting could have been more precise, it still falls well within the broad scope of the fair report privilege. Texas and New York courts both apply their respective state's "fair report" privileges liberally, affording the news media wide discretion in reporting on legal proceedings. *Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 69-70 (Tex. App.—Waco 1990, no writ) ("Although it may greatly exaggerate the libel-plaintiff's misconduct alleged in a judicial proceeding, an article is substantially true if an ordinary reader would not attach any more opprobrium to the plaintiff's conduct merely because of the exaggeration."); *Alf v. Buffalo News, Inc.*, 995 N.E.2d 168, 169 (N.Y. 2013) ("When determining whether an article constituted a 'fair and true' report, the language used therein should not be dissected and analyzed with a lexicographer's precision." (citation omitted)). Butowsky's claims are based on precisely the type of nit-picking that courts consistently reject, even where the publisher allegedly overstates the extent to which the source document conveys actual findings or unverified allegations. *See, e.g.*, *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 399 N.E.2d 1185, 1187-88 (N.Y. 1979). As The Times's motion noted, the "fair report" privilege has been applied to bar claims based on news reports that contained much more significant errors than the one Butowsky alleges. Dkt. 224 at 17-18.

**C.  Butowsky confuses his actual malice burden and confirms he cannot satisfy it.**

Butowsky does not dispute that he is a limited purpose public figure. Dkt. 224 at 19-23 (arguing that Butowsky is a limited purpose public figure at the time of publication of the *NYT* Article, even if he was not at the time of the NPR reporting at issue in *Butowsky v. Folkenflik*); Dkt. 231 at 7 (no dispute that Butowsky is a limited purpose public figure). As such, he must

5

adequately plead actual malice. But Butowsky ignores The Times's actual malice argument, misunderstands the actual malice standard, and confirms that he cannot satisfy his actual malice burden.

Butowsky states that "[i]f Defendant Feuer was a cub reporter covering court proceedings for the *Sherman Herald Democrat*, then the Plaintiff probably would not be able to prove actual malice. In all likelihood, a small-town, general-assignment reporter would not know how the federal court system works." Dkt. 231 at 7. He argues, however, that Feuer "is not a cub reporter for a small-town paper. He is the reporter for the largest newspaper in the United States . . . ." Butowsky contends that, as a result of Feuer's experience covering court proceedings, Feuer would have known "that Rule 12(b)(6) dismissals are not factual findings[.]" *Id.* (quoting TAC ¶¶ 48, 97).

This argument suffers from several problems. Butowsky's suggestion that actual malice can be found in Feuer's journalistic qualifications fundamentally confuses the nature of the actual malice standard. Actual malice involves a "'wholly subjective'" inquiry. *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 24 (1st Cir. 2018) (citation omitted); *see also Bentley v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002) ("Reckless disregard, according to the Supreme Court, is a subjective standard." (citing *Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989)). It ultimately requires evidence—and, at this stage, pleaded facts—to support a finding by clear and convincing evidence that the defendant "in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Butowsky's concession that he cannot satisfy this burden as to a hypothetical "cub reporter" for the local paper is, effectively, a concession that he cannot satisfy it all. Feuer's subjective state of mind as it relates to the truth of

the reporting in the *NYT* Article does not depend on Feuer's years of experience or on the prestige of his employer.

Indeed, Butowsky's focus on Feuer's experience is essentially an argument that Feuer fell short of the standards of professional conduct that apply to a reporter of his pedigree. Courts have consistently rejected the notion that failure to meet professional standards constitutes actual malice. Such standards are objective, not subjective, and thus ill-suited to the actual malice inquiry:

> [The reporter's] journalism skills are not on trial in this case. The central issue is not whether the . . . column measured up to the highest standards of reporting or even to a reasonable reporting standard, but whether the defendants published the column with actual malice—actually knowing it to be false or having serious doubts as to its truth.

*Woods v. Evansville Press Co., Inc.*, 791 F.2d 480, 489 (7th Cir. 1986); *see also Peter Scalamandre & Sons, Inc. v. Kaufman*, 113 F.3d 556, 561 (5th Cir. 1997) (actual malice requires showing more than a deviation from industry standards or "a departure from reasonably prudent conduct"); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 594-95 (D.C. Cir. 2016) (suggestions of "sloppy journalism" or "purported deviations from [the defendant's] normal operating procedures are no[t] . . . suggestive of actual malice"); *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20, 55 (D.D.C. 2005) (alleged ethical and professional breaches could not "fairly be said to bear on the defendants' subjective knowledge of the falsity of the criminal allegations in the article").

Finally, Butowsky's continued reliance on The Times's refusal to retract the *NYT* Article is misplaced. The Fifth Circuit, along with other circuits, has made clear that an allegation that the defendant "failed to retract, correct, or clarify the [challenged] statements" is insufficient to satisfy the plaintiff's actual malice pleading burden. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744-45 (5th Cir. 2019) (affirming dismissal of defamation claims under Rule

12(b)(6) based on plaintiff's failure to adequately allege actual malice); *see also Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) ("[A]ctual malice cannot be inferred from a publisher's failure to retract a statement once it learns it to be false." (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964))). Butowsky cannot avoid this established precedent by citing a 1996 no-writ decision by the Fourteenth District Court of Appeals. Dkt. 231 at 7 (citing *Gonzales v. Hearst Corp.*, 930 S.W.2d 275, 283 (Tex. App.—Houston [14th Dist.] 1996, no writ)). The standard for actual malice derives from federal constitutional law, not state law. And the Texas Supreme Court has since held that "'[e]vidence concerning events after an article has been printed and distributed, has little, if any, bearing on [actual malice].'" *Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 858 (Tex. 2005) (quoting *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 174 (Tex. 2003)).

Finally, Butowsky ignores the U.S. Supreme Court's decision in *Time, Inc. v. Pape*, which precludes any finding of actual malice based on the inaccuracy alleged by Butowsky. 401 U.S. 279, 291-92 (1971); Dkt. 224 at 25-26 (discussing *Pape*). In *Pape*, a news magazine inaccurately reported allegations in a government report as findings. 401 U.S. at 282. The Supreme Court held that such a misinterpretation of an ambiguous document was not actual malice, recognizing that, "[i]f the freedoms of expression are to have the 'breathing space' that they 'need . . . to survive,' misstatements of this kind must have the protection of the First and Fourteenth Amendments." *Id.* at 292 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964)). For the same reason, the First Amendment protects The Times even if the Court disagrees with Feuer's reading of Judge Daniels's decisions.[2]

---

[2] Butowsky abandons any reliance on alleged political bias by The Times. As The Times's motion demonstrated, such allegations are insufficient to show actual malice. Dkt. 224 at 27-28.

**D.      Butowsky's business disparagement claim fails for lack of special damages.**

As The Times's motion demonstrated, all of the deficiencies in Butowsky's defamation claim also require dismissal of his business disparagement claim. Dkt. 224 at 29. In addition, Butowsky fails to allege any special damages he suffered *as a result of the* NYT *Article*. As noted above, Butowsky cites the same damages—lost clients and lost business opportunities—in support of his disparagement claims against all of the other defendants in this case. Dkt. 231 at 8. But those defendants are independent actors who engaged in different conduct over a period of several months, and some are no longer parties to this case. Butowsky's special damages allegations are therefore nothing more than conclusory, and they fail to satisfy the *Iqbal*/*Twombly* plausibility standard.

## CONCLUSION

Based on this reply and The Times's motion, Defendants The New York Times Company and Alan Feuer respectfully request that the Court grant their motion and dismiss Plaintiff Edward Butowsky's claims with prejudice.

Respectfully submitted,

By: */s/  Marc A. Fuller*
Thomas S. Leatherbury
State Bar No. 12095275
Marc A. Fuller
State Bar No. 24032210
Megan M. Coker
State Bar No. 24087323
Devin L. Kerns
State Bar No. 24110081
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com
megancoker@velaw.com
dkerns@velaw.com

*Attorneys for Defendants*
*The New York Times Company & Alan Feuer*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of May, a true and correct copy of the foregoing document was forwarded via e-filing on all counsel of record.

*/s/ Marc Fuller*
Marc Fuller