**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **EDWARD BUTOWSKY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:19-cv-0180-ALM-KPJ** |
| § | |
| **MICHAEL GOTTLIEB,** *et al.* § | |
| § | |
| **Defendants.** § | |

**REPLY IN SUPPORT OF DEFENDANTS VOX MEDIA AND JANE COASTON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER RULE 12(b)(6)**

Defendants Vox Media and Jane Coaston (collectively, the "Vox Media Defendants") file this reply in support of their motion to dismiss Plaintiff Edward Butowsky's claims under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 223), and state as follows:[1]

**INTRODUCTION**

Butowsky's response to the Vox Media Defendants' motion fundamentally misunderstands the reporting in the *Vox* Articles and the well-established legal protections for that reporting. The *Vox* Articles accurately cover allegations made by third parties, including in various lawsuits against Butowsky. Texas law protects such reporting by the news media, as long as it accurately conveys the general substance of the underlying allegations. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 745-46 (5th Cir. 2019). The Vox Media Defendants' motion connected each of the challenged statements in the *Vox* Articles to the underlying documents from which they were

---

[1] This reply is filed subject to the Vox Media Defendants' motion to dismiss for lack of personal jurisdiction.

drawn.[2] Dkt. 223 at 16-19. Butowsky's response does not dispute any of this, as he effectively concedes that the challenged statements he attributes to the Vox Media Defendants actually appear, almost verbatim, in lawsuits filed against him by the Rich family and others.

Butowsky contends, however, that the "fair report" privilege does not apply to the *Vox* Articles because Coaston did not sufficiently attribute her reporting to third-party sources. This argument ignores the articles' pervasive sourcing language, headlines, and consistent use of hyperlinks—none of which were found by the Court in *Butowsky v. Folkenflik*, No. 4:18-cv-442, 2019 WL 3712026, at *7 (E.D. Tex. Aug. 7, 2019). Moreover, even if Butowsky could identify an actionable, defamatory statement in the *Vox* Articles that is not protected by the "fair report" privilege, he fails sufficiently to allege actual malice. His conclusory allegations of actual malice are indistinguishable from the "scant assertions" the Fifth Circuit recently held to be insufficient to survive dismissal under Rule 12(b)(6). *Walker*, 938 F.3d at 745.

## ARGUMENT

**A.  Butowsky still cannot identify any actionable statement that is defamatory of him.**

The Vox Media Defendants' motion noted that Butowsky "does not identify any statement in the *Vox* Articles" that is defamatory of him. Dkt. 223 at 10. As Vox's motion demonstrated, the statements that Butowsky attributes to the Vox Media Defendants are not capable of defamatory meaning. Several are mere opinion or rhetorical hyperbole, and others are not

---

[2] Butowsky challenges the Vox Media Defendants' citation to pleadings and other documents in these underlying proceedings, calling it "downright bizarre." Dkt. 227 at 1-2. But there is nothing improper in the Court's consideration of these materials. As the Fifth Circuit recognized in *Walker*, application of the "fair report" privilege requires a comparison of the official documents and the challenged articles. 938 F.3d at 745-47. This comparison cannot be made without considering the underlying pleadings and other documents that form the basis of the challenged reporting. Thus, it is entirely appropriate for the Court to consider such documents in resolving the Vox Media Defendants' motion. *Id.*; *see also* Dkt. 223 at 7-9 (citing legal standards that govern the Court's determination of Vox's motion).

sufficiently verifiable to be actionable in a libel case. *Id.* at 12-13. In response, Butowsky fails to address these specific statements, and thus fails to show that they are actionable. For example, Butowsky ignores the Vox Media Defendants' argument that statements that Butowsky "manipulate[d]" the Seth Rich controversy or that he "worm[ed] his way" into the Riches' inner circle and religious community are not "sufficiently verifiable to support a valid defamation claim," particularly in light of the admissions in Butowsky's complaint regarding his role in controversy. Dkt. 223 at 13-14. By failing to address these arguments, Butowsky has waived them, and his claims based on these statements should be dismissed. *C.P. v. Krum Indep. Sch. Dist.*, No. 4:13-cv-63, 2014 WL 4651534, at *9 (E.D. Tex. Sept. 17, 2014) ("[Plaintiff] fails to brief, argue, or provide any legal citations or analysis on these issues, and the Court finds that [plaintiff] has waived these issues." (citation omitted)); *Taylor Pipeline Constr., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (arguments not addressed in response to dispositive motion deemed abandoned).

Butowsky also cannot rely on his argument that the "overall 'gist'" of the *Vox* Articles is defamatory even if specific statements in the articles are not defamatory. The Texas Supreme Court has held that a plaintiff cannot support a such a claim with bare assertions about the "gist" of the article "as a whole." *Dallas Morning News, Inc v. Tatum*, 554 S.W.3d 614, 635 (Tex. 2018), *cert. denied*, 139 S. Ct. 1216 (2019). The plaintiff "must point to 'additional, affirmative evidence' within the publication itself that suggests the defendant 'intends or endorses the defamatory inference.'" *Id.* (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990)). Butowsky fails to meet this burden.

Moreover, Texas law does not support Butowsky's argument that any statement accusing him of involvement in the development of an inaccurate news story is defamatory *per se*. Dkt.

3

227 at 4-6. The Texas Supreme Court has repeatedly held that an allegation of dishonesty is defamatory *per se* only if it injures the plaintiff in his or her particular profession. *Hancock v. Variyam*, 400 S.W.3d 59, 67 (Tex. 2013); *see also Bedford v. Spassof*, 520 S.W.3d 901, 905 (Tex. 2017) ("Disparagement of a general character, equally discreditable to all persons, is not enough unless the particular quality disparaged is of such a character that it is peculiarly valuable in the plaintiff's business or profession." (citations omitted)). Butowsky relies on the Dallas Court of Appeals' decision in *Mohamed v. Center for Security Policy*, 554 S.W.3d 767 (Tex. App.—Dallas 2018, pet. denied), but *Mohamed* did not decide this issue because the court held that the plaintiff did not satisfy other elements of his defamation claim. *Id.* at 777-78.

Butowsky also argues that the "*per se* vs. *per quod*" distinction is inconsequential because he has not "parsed" his defamation claim as belonging to either category. Dkt. 227 at 5. But the "*per se* vs. *per quod*" distinction does matter here. *Tatum*, 554 S.W.3d at 624-26. Because Butowsky cannot identify any statements in the *Vox* Articles that are defamatory *per se*, those statements can be actionable (if at all) only as defamation *per quod*. *See Hancock*, 400 S.W.3d at 63-64. But a *per quod* claim requires a showing of special damages, and Butowsky fails to satisfy his burden to plead special damages. *Id.* at 65. Butowsky does not identify any clients or business opportunities he lost *as a result of the* Vox Articles. Rather, he relies on a vague and conclusory allegation that, as a result of the conduct of numerous, unrelated defendants (some of whom are no longer even parties to this case), he lost unidentified clients and unspecified business opportunities.[3] TAC ¶¶ 6, 101. Such conclusory pleading does not satisfy Butowsky's burden under *Iqbal/Twombly*. *See, e.g.*, *Moser v. Omnitrition Int'l Inc.*, No. 3:16-CV-2558-L, 2018 WL

---

[3] Butowsky does not allege that the Vox Media Defendants were engaged in a conspiracy with any of the other defendants.

1368789, at *3-4 (N.D. Tex. Mar. 16, 2018) (holding that plaintiffs failed to state a claim for business disparagement because plaintiffs "failed to set forth specific disparaging statements allegedly made by [defendant] or that such statements resulted in special damages").

**B.      Butowsky's "fair report" argument ignores the pervasive sourcing language and hyperlinks in the *Vox* Articles.**

The Vox Media Defendants' motion also demonstrated that Coaston's reporting in the *Vox* Articles was protected under the "fair report" privilege and the "third-party allegations" defense under Texas law. Dkt. 223 at 14-19. The Vox motion showed that the challenged statements in the *Vox* Articles were accurate reports of allegations made by third parties, including by the Rich family in their lawsuits involving Butowsky. *Id.* The motion even included a chart connecting the challenged statements in the *Vox* Articles to the corresponding allegations made by Joel and Mary Rich in their lawsuit against Fox News and Butowsky.[4] *Id.* at 16-17. Butowsky does not argue that any of these statements by the Vox Media Defendants inaccurately reported what others had alleged against him, much less that any discrepancy was actionable. As the Fifth Circuit recognized in *Walker*, even minor inaccuracies in a media defendant's coverage of legal proceedings will not defeat the privilege, as long as the reporting is *substantially* accurate. 938 F.3d at 745-49.

Rather, Butowsky stakes his entire response to the Vox Media Defendants' "fair report" and "third-party allegations" defenses on his argument that a reasonable reader would not understand that Coaston was reporting on allegations by others. But Vox's motion addressed this issue, pointing to explicit sourcing language throughout the *Vox* Articles that attributed the

---

[4] Butowsky asserts that "[t]he statements that [the Vox Media Defendants] quote in the Motion are *not* the defamatory statements found in the [Third Amended Complaint]." Dkt. 227 at 6. But the Vox motion specifically sourced the statements it quoted to the Third Amended Complaint. Dkt. 223 at 16-19. Thus, it did address the statements on which Butowsky's claims are based.

5

allegations against Butowsky to the court records and other third-party sources from which they were drawn. Dkt. 223 at 16-19. Moreover, as the Vox Media Defendants noted, the title of the first *Vox* Article, in which most of the challenged statements appear, leaves no room for any reasonable doubt that the article is reporting on litigation that Seth Rich's parents filed against Fox News. *Id.* This is precisely the kind of attribution that the Court found lacking in *Folkenflik*, 2019 WL 3712026, at *7.

The Vox Media Defendants also noted in their motion that Coaston's pervasive use of hyperlinks to direct the reader to the source materials on which she was reporting further supports application of the "fair report" privilege. On this issue, the leading case is the Nevada Supreme Court's decision in *Adelson v. Harris*, 402 P.3d 665 (Nev. 2017). Butowsky "encourages the Court to read *Adelson* in its entirety," suggesting that "it does not help the Vox Defendants." Dkt. 227 at 7. But Butowsky fails to heed his own advice. He quotes extensively from *Adelson*'s initial discussion of the test for applying the "fair report" privilege, which "properly asks whether an average . . . citizen can understand that the report is summarizing an official document or proceedings." *Id.* at 7-8 (quoting *Adelson*, 402 P.3d at 668).[5] But he stops reading just as *Adelson* applies that test in the context of online reporting. Specifically, *Adelson* recognizes that a reasonable reader understands that hyperlinks are used to signal attribution to source material. 402 P.3d at 669 (acknowledging that "'[t]he hyperlink is the twenty-first century equivalent of the footnote for purposes of attribution in defamation law, because it has become a well-recognized means for an author or the Internet to attribute a source'" (citation omitted)).

---

[5] Texas courts apply the same test. *Walker*, 938 F.3d at 745-46 ("To determine whether a publication is protected by the fair reporting privilege, a court must interpret the account 'in the sense that the ordinary reader would understand.'" (citing *Tex. Monthly, Inc. v. Transamerican Nat. Gas Corp.*, 7 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 1999, no pet.))).

Butowsky notes that Texas courts are not bound by *Adelson*, but he fails to offer any reason why the Court should reach a different conclusion under Texas law. Nor does Butowsky offer any reason why the ordinary reader of www.vox.com would not have a similar understanding of the attributive function of hyperlinks. Indeed, the Southern District of Florida recently relied on *Adelson* in dismissing claims against BuzzFeed, finding that BuzzFeed's use of hyperlinks in online reporting was sufficient to support application of New York's "fair report" privilege. *See Gubarev v. BuzzFeed, Inc.*, 340 F. Supp. 3d 1304, 1319 (S.D. Fla. 2018), *appeal pending*, No. 18-15295 (11th Cir. Dec. 20, 2018). For the same reasons, the Vox Media Defendants' extensive use of hyperlinking functions as additional attribution of the third-party sources from which Coaston's reporting was clearly based.[6]

**C.      Butowsky confirms he cannot satisfy his actual malice pleading burden.**

Even if Butowsky's claims could survive the "fair report" privilege, they should be dismissed based on his failure to plead actual malice. Butowsky does not dispute that he is a limited purpose public figure as to claims based on the *Vox* Articles—even if he was not a limited purpose public figure at the time of the NPR reporting in *Folkenflik*. Dkt. 223 at 20-24. As such, he must adequately plead actual malice. But Butowsky's response confirms that he cannot satisfy his actual malice pleading burden, especially under the Fifth Circuit's decision in *Walker*—which was decided after *Folkenflik*.

---

[6] The only hyperlinked source that Butowsky claims does not fully support Coaston's reporting relates to a link to a *Newsweek* article. Dkt. 227 at 8-9. But, contrary to Butowsky's argument, the underlying *Newsweek* article contains precisely the statements that the Vox Media Defendants highlighted in their motion. Dkt. 223 at 18-19. The next sentence (which begins, "In short,") is clearly a summary of the preceding reporting in its entirety, including the allegations made by the Riches and by Wheeler.

Butowsky's response acknowledges that his entire actual malice argument is based on (1) his conclusory allegation that Coaston knowingly published false information, and (2) the Vox Media Defendants' refusal to retract the challenged statements. Dkt. 227 at 8, 10. The Vox Media Defendants' motion explained why these assertions fail to satisfy his actual malice pleading burden, citing extensive case law holding that bare assertions that a reporter knowingly published false information or was motivated by political bias are inadequate under *Iqbal*/*Twombly*.[7] Dkt. 223 at 26-29 (citing cases). Butowsky ignores all of those cases, apparently unable to distinguish them. Moreover, to the extent there was ever any doubt about the adequacy of such allegations under Fifth Circuit law, there is no room for doubt now. In *Walker*, the Fifth Circuit held that a plaintiff's assertion that the defendant "was fully aware of the falsity of [its] statements but continued making them" was insufficient to avoid dismissal under Rule 12(b)(6). 938 F.3d at 745.

Butowsky's allegation that the Vox Media Defendants failed to retract the *Vox* Articles fares no better. Again, Butowsky ignores case law from other federal circuits, holding that a post-publication decision not to retract cannot support a finding of actual malice. Dkt. 223 at 29; *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) ("[A]ctual malice cannot be inferred from a publisher's failure to retract a statement once it learns it to be false." (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964)). Instead, he focuses solely on Texas precedent, even though this is an issue of federal constitutional law, and this Court is not bound

---

[7] Butowsky argues that actual malice can be found in Coaston's reporting on Rod Wheeler in the second *Vox* Article, which was published after Wheeler's case had been dismissed. Dkt. 227 at 12. But that article refers to allegations made *by the Riches* about Wheeler in their own lawsuit against Fox News, and Coaston specifically reported that the Riches' lawsuit had been dismissed. Moreover, there was no judicial finding that the Riches' allegations—or Wheeler's allegations in his own case—were factually inaccurate. The *Vox* Articles also do not fabricate statements by Butowsky. As demonstrated in Vox's motion, they reported allegations in lawsuits and in other news reports regarding alleged statements by Butowsky.

8

by state-court decisions. Moreover, Texas law is clear that "[e]vidence concerning events after an article has been printed and distributed, has little, if any, bearing" on the defendant's state of mind at the time of publication. *See Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 858 (Tex. 2005). Moreover, Butowsky's reliance on the Court's decision in *Folkenflik* is misplaced, as the Fifth Circuit rejected in *Walker* an identical argument a month after *Folkenflik* was decided:

> [Plaintiff alleges that he] "repeatedly and timely asked the [defendants] making defamatory statements to cease and desist from making such false statements [but they] failed to retract, correct, or clarify the statements." . . . Such scant assertions are insufficient to allow the court to infer more than the mere possibility of misconduct.

*Walker*, 938 F.3d at 745. For the same reasons, Butowsky's "scant assertions" are insufficient to satisfy his actual malice pleading burden, and this deficiency requires dismissal of his claims.[8]

**D.     Butowsky's business disparagement claim fails for lack of special damages.**

As the Vox Media Defendants' motion demonstrated, all of the deficiencies in Butowsky's defamation claim require dismissal of his business disparagement claim. Dkt. 223 at 29-30. Butowsky's response addresses none of those deficiencies, as it merely parrots the elements of a business disparagement claim under Texas law. Dkt. 227 at 13-14. His response also highlights his inability to identify any alleged damages that result specifically from the *Vox* Articles, as opposed to the publications and acts of other defendants (some of whom are no longer parties in this case). *See* Dkt. 227 at 14 (referring incorrectly to Vox's "television program"). As noted above, it is implausible that independent actors who engaged in different conduct over a period of several months caused the same alleged business losses. *See, e.g., Trudell v. Carrington Mortg.*

---

[8] Butowsky alleges that he sent a retraction demand on February 1, 2019. TAC ¶ 93. That was nearly eleven months after publication of the first *Vox* article and four months after publication of the second article.

*Servs.*, No. 1:16-cv-10441, 2016 WL 6080822 at *9 (E.D. Mich. Sept. 27, 2016).  Such conclusory allegations fail to satisfy Butowsky's pleading burden under *Iqbal*/*Twombly*.

## CONCLUSION

Based on this reply and the Vox Media Defendants' motion, Defendants Vox Media and Jane Coaston respectfully request that the Court grant this motion and dismiss Plaintiff Edward Butowsky's claims with prejudice.

Respectfully submitted,

By: */s/  Marc A. Fuller*
Thomas S. Leatherbury
State Bar No. 12095275
Marc A. Fuller
State Bar No. 24032210
Megan M. Coker
State Bar No. 24087323
Devin L. Kerns
State Bar No. 24110081
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com
megancoker@velaw.com
dkerns@velaw.com

***Attorneys for Defendants***
***Vox Media and Jane Coaston***

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 8th day of May, 2020, a true and correct copy of the foregoing document was forwarded via e-filing on all counsel of record.

                                      */s/ Marc Fuller*
                                      Marc Fuller