**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **EDWARD BUTOWSKY,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **4:19-CV-0180-ALM-KPJ** |
| | § | |
| **MICHAEL GOTTLIEB, et al.,** | § | |
| | § | |
| *Defendants* | § | |

**CNN INDIVIDUAL DEFENDANTS'**
**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**THIRD AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendants Anderson Cooper, Gary Tuchman, Kayvon Oliver Darcy, and Tom Kludt (collectively, the "CNN Individual Defendants")[1] file this Reply in support of their Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Personal Jurisdiction (Doc. 220) (the "Motion"), and in support would show:

---

[1] Cable News Network, Inc., a subsidiary of Turner Broadcasting System, Inc., is the entity that published the statements of which Plaintiff complains. For ease of reference, we will refer to the corporate defendant herein as CNN and the individual Defendants as the "CNN Individual Defendants"—collectively, the "CNN Defendants."

**TABLE OF CONTENTS**

Introduction...............................................................................................................................1

Argument ...............................................................................................................................1

    I.      Butowsky's intentional tort theory under *Walden* is misguided.......................................1

    II.    That Anderson Cooper's show on CNN bears his name is irrelevant. ...........................4

Conclusion ...............................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan, Inc. v. Actavis, Inc.*,
No. 2:14-cv-638, 2014 WL 7336692 (E.D. Tex. Dec. 23, 2014) ............................................2

*Busch v. Viacom Int'l, Inc.*,
477 F. Supp. 2d 764 (N.D. Tex. 2007) .................................................................................3, 4

*Calder v. Jones*,
465 U.S. 783 (1984)............................................................................................................2, 4

*Clemens v. McNamee*,
615 F.3d 374 (5th Cir. 2010) ...........................................................................................2, 3, 4

*Evanger's Cat & Dog Food Co. v. Thixton*,
No. 17 C 9229, 2018 WL 3831505 (N.D. Ill. Aug. 13, 2018)..................................................2

*Fielding v. Hubert Burda Nat'l Media, Inc.*,
415 F.3d 419 (5th Cir. 2005) ...................................................................................................3

*Norman v. B.E.T.*,
No. 2:16-cv-113-RLM, 2016 WL 3881184 (N.D. Ind. July 18, 2016) ....................................4

*Hensley v. Wal-Mart Stores Inc.*,
290 F. App'x 742 (5th Cir. 2008) ............................................................................................1

*Herman v. Cataphora, Inc.*,
730 F.3d 460 (5th Cir. 2013) ...................................................................................................4

*Lab Verdict, Inc. v. Lab Equip Ltd.*,
—F. Supp. 3d.—, 2020 WL 489572 (S.D. Ind. Jan. 29, 2020) ...............................................2

*TV Azteca v. Ruiz*,
490 S.W.3d 29 (Tex. 2016)......................................................................................................2

*Walden v. Fiore*,
571 U.S. 277 (2014). (Resp. ) .......................................................................................... *passim*

*Wyatt v. Kaplan*,
686 F.2d 276 (5th Cir. 1982) ...................................................................................................1

*Zellerino v. Roosen*,
118 F. Supp. 3d 946 ................................................................................................................2

## INTRODUCTION

Butowsky did not raise, and thus waived, any argument that the CNN Individual Defendants are subject to general jurisdiction. (Mot. at 7–10); *see, e.g.*, *Hensley v. Wal-Mart Stores Inc.*, 290 F. App'x 742, 743–44 (5th Cir. 2008) (holding that "arguments not raised in response to" dispositive motions are waived). Instead, he offers just two arguments as to why he believes the Court may exercise specific jurisdiction: (1) the CNN Individual Defendants "directed [an] intentional tort" towards Texas (Resp. at 3–4); and (2) Defendant Anderson Cooper's show "bears his name, and he has a vested financial interest in expanding its reach into Texas." (*Id.* at 4–5). Both are unavailing.[2]

## ARGUMENT

### I.   Butowsky's intentional tort theory under *Walden* is misguided.

The Court lacks personal jurisdiction over the CNN Individual Defendants because Texas was not the Challenged Statements' focal point. (Mot. at 10–13). Butowsky tries to overcome this inescapable fact by contending that the CNN Individual Defendants allegedly "engaged in an intentional tort" directed at Butowsky in Texas. (Resp. at 3–4). But that attempt to overcome the accepted standard (as detailed in the CNN Defendants' prior briefing) has been soundly rejected by the Fifth Circuit and its district courts. (Mot. at 10–11). Butowsky cannot distinguish or rebut this binding precedent. Instead, he contends that the Supreme Court overruled it *sub silentio* in *Walden v. Fiore*, 571 U.S. 277 (2014). (Resp. at 3–5). As this Court and courts across the country

---

[2] Butowsky asserts that "at this stage, [his] allegations are accepted as true." (Resp. at 2). The case law, however, clarifies that a plaintiff's allegations are taken as true only "to the extent that they are not contradicted by affidavits." *Wyatt v. Kaplan*, 686 F.2d 276, 283 n.13 (5th Cir. 1982). Here, the CNN Individual Defendants have submitted uncontroverted sworn statements showing limited contacts with Texas that are insufficient to support personal jurisdiction. *See* Exs. B–F.

have held, that is not so.[3] *Walden*, a *Bivens* case, merely reaffirmed that—as detailed in the CNN

Defendants' Motion (p. 10)—*Calder v. Jones*, 465 U.S. 783 (1984) controls personal jurisdiction

analysis in media libel cases like this. 571 U.S. at 286–290; *see Lab Verdict*, 2020 WL 489572, at

*3 n.1 ("[D]efamation claims still are governed by *Calder*"). Under *Calder*, as well as case law

from the Fifth Circuit and its district courts cited herein and in the CNN Individual Defendants'

Motion, the test is whether Texas was the Challenged Statements' "focal point." *Calder*, 465 U.S.

at 789.[4]

Applying that test, the Supreme Court in *Calder* found that a media defendant was subject

to personal jurisdiction in California when:

> The allegedly libelous story concerned the California activities of a
> California resident. It impugned the professionalism of an
> entertainer whose television career was centered in California. The
> article was drawn from California sources, and the brunt of the harm
> . . . was suffered in California. In sum, California is the focal point
> both of the story and of the harm suffered.

*Id.* at 789.

---

[3] *Allergan, Inc. v. Actavis, Inc.*, No. 2:14-cv-638, 2014 WL 7336692, at *6 (E.D. Tex. Dec. 23, 2014) (citations omitted) ("Under *Calder*, as now clarified in *Walden*, the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *see also Lab Verdict, Inc. v. Lab Equip Ltd.*, —F. Supp. 3d.—, 2020 WL 489572, at *3 n.1 (S.D. Ind. Jan. 29, 2020) ("*Walden* did not overrule *Calder*, and instead distinguished it. So, defamation claims are still governed by *Calder*."); *Evanger's Cat & Dog Food Co. v. Thixton*, No. 17 C 9229, 2018 WL 3831505, at *4 (N.D. Ill. Aug. 13, 2018); *Zellerino v. Roosen*, 118 F. Supp. 3d 946, 952 ("*Walden* does not undermine the Court's prior decision in *Calder v. Jones*; it merely refines it.").

[4] Butowsky cites *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016) to suggest that the Texas Supreme Court somehow changed this test in the Fifth Circuit. (Resp. at 6–7). For obvious reasons, he is incorrect. In *TV Azteca*, the Texas Supreme Court surveyed several federal opinions, then—relying on a dissent from *Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010)—concluded that *Calder*'s focal point test was merely one of several ways a plaintiff could establish specific jurisdiction. 490 S.W.3d at 47–50. The binding, published opinion from the Fifth Circuit in *Clemens*, however, is not so flexible. Instead, *Clemens* read *Calder* as establishing a single focal point test that "requir[es] the plaintiff seeking to assert specific jurisdiction over a defendant in a defamation case to show (1) the subject matter of and (2) the sources relied upon for the article were in the forum state." 615 F.3d at 380. As detailed here and in the Motion, neither element is met in this case.

**CNN INDIVIDUAL DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION** **Page 2**

The Challenged Statements, by contrast, were not "made in Texas or directed to Texas residents any more than residents of any state" and "did not concern activity in Texas." *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (citing *id.*). Rather, the Challenged Statements were telecast nationwide on a national news service and concerned an issue of national interest— the idea that, despite official government records and conclusions to the contrary, there was somehow a link between the DNC hack and the Seth Rich murder in Washington, D.C., as well as litigation in New York and Washington, D.C. related to that issue. Thus, the Challenged Statements do not provide a basis for specific jurisdiction. *Id.*; *see also Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 772 (N.D. Tex. 2007) ("The piece was not directed at viewers of *The Daily Show* in Texas, but was broadcast nationwide. There is no evidence before the court that Texas was the focal point of the challenged broadcast."). Even Butowsky appears to recognize this fact when he says that CNN "smeared anyone who dared question the Russian collusion hoax." (Doc 229, Pl.'s Resp. to CNN Defs.' Mot. Dismiss for Failure to State a Claim at 1).

That Butowsky resides in Texas does not change the analysis. *See, e.g.*, *Walden* 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").

The fact that one of the Challenged Statements refers to a "Texas businessman" likewise cannot invoke specific jurisdiction. *See, e.g.*, *Fielding v. Hubert Burda Nat'l Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005) ("The unflattering descriptions [and] references to her . . . career in Texas . . . served merely to supply background, biographical information about Fielding. While Hubert Burda Media acknowledges the use of Texas sources in conducting research for these articles, the clear thrust of the articles . . . shows the marginal importance of Texas to this research."); (Exs. A-1 to A-5).

The allegation that Butowsky was purportedly harmed in Texas is of no consequence, either. *Walden*, 571 U.S. at 290 ("*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum."); *see Herman v. Cataphora, Inc.*, 730 F.3d 460, 464–66 (5th Cir. 2013) (holding that national publication of allegedly defamatory statements on "Above the Law" was insufficient to subject defendants to personal jurisdiction even when the "harm imposed" by those statements would "be felt largely" in the forum state); *Clemens*, 615 F.3d at 380 (holding that "harm suffered in Texas" and defendant's "knowledge of the likelihood of such" harm could not make "a prima facie showing that [defendant] made statements in which Texas was the focal point"); *Busch*, 477 F. Supp. 2d at 772.

Butowsky rebuts none of the above authority. Exercising personal jurisdiction over the CNN Individual Defendants would violate traditional notions of fair play and substantial justice. (Mot. at 10–13).

## II.    That Anderson Cooper's show on CNN bears his name is irrelevant.

Butowsky contends that Anderson Cooper is subject to specific jurisdiction because his "program bears his name, and he has a vested financial interest in expanding its reach into Texas." (Resp. at 7–8). This does not affect whether the Challenged Statements' focal point was Texas, and in any event it is insufficient to confer the Court with specific jurisdiction over Cooper. *See, e,g.*, *Norman v. B.E.T.*, No. 2:16-cv-113-RLM, 2016 WL 3881184, at *3–4 (N.D. Ind. July 18, 2016) (holding that Wendy Williams was not subject to personal jurisdiction in Indiana as a result of her hosting the nationally syndicated talk show The Wendy Williams Show).

Butowsky also alleges that Cooper's "regular performances in Texas (and elsewhere)" serve to establish specific jurisdiction in Texas. First of all, Cooper's affidavit shows that he has given all of three performances in Texas of his show with Andy Cohen entitled "AC$^2$," and made

only two other appearances to address conferences. (Exs. B–C). Second, as previously briefed, these appearances have nothing to do with the telecast at issue and thus cannot support specific jurisdiction. And third, it is unclear how performances "elsewhere" have anything to do with jurisdiction in Texas.

## CONCLUSION

For the reasons above and detailed in the CNN Individual Defendants' Motion, the Court lacks personal jurisdiction over the CNN Individual Defendants and should dismiss all claims against them.

Respectfully submitted,

/s/ Robert P. Latham

**Robert P. Latham**
State Bar No. 11975500
blatham@jw.com
**Jamison M. Joiner**
State Bar. No. 24093775
jjoiner@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

**ATTORNEYS FOR CNN DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that this document was duly served on all counsel of record through the Court's electronic filing system on May 8, 2020.

/s/ Jamison M. Joiner

Jamison M. Joiner