**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **EDWARD BUTOWSKY,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **4:19-CV-0180-ALM-KPJ** |
| **MICHAEL GOTTLIEB, et al.,** | § | |
| | § | |
| *Defendants* | § | |

**CNN DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Turner Broadcasting System, Inc. ("CNN")[1] and Defendants Anderson Cooper,

Gary Tuchman, Kayvon Oliver Darcy, and Tom Kludt (collectively, the "CNN Individual

Defendants"),[2] file this Reply in support of their Motion to Dismiss Plaintiff's Third Amended

Complaint for Failure to State a Claim (Doc. 219) (the "Motion"), and in support would show:

---

[1] Cable News Network, Inc., a subsidiary of Turner Broadcasting System, Inc., is the entity that published the statements of which Plaintiff complains. For ease of reference, we will refer to the corporate defendant herein as CNN and the individual Defendants as the "CNN Individual Defendants"—collectively, the "CNN Defendants."

[2] As detailed in their Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Personal Jurisdiction, the CNN Individual Defendants contend that the Court lacks personal jurisdiction over them and, on that basis, should dismiss all claims against them. But if the Court determines that it does have personal jurisdiction, then Butowsky's claims still fail and should be dismissed for the reasons below.

# TABLE OF CONTENTS

Introduction ........................................................................................................................1

Argument ...........................................................................................................................2

  I.      Butowsky fails to state a plausible claim for relief. ......................................3

    A.    The Challenged Statements are privileged and protected by the First Amendment and Texas law. ..........................................................................................3

      1.    Butowsky's argument that the Challenged Statements were not fair comment misstates the law. ..........................................................................................3

      2.    Butowsky's argument that the Challenged Statements were not a fair report fails because the Challenged Statements are about official proceedings of public concern and contain proper sourcing. ..................................................6

    B.    Butowsky fails to address critical First Amendment protections and Texas's third-party allegation rule. ..................................................................................7

    C.    Butowsky's defamation claim is facially implausible and fails as a matter of law. ....7

      1.    Butowsky cannot carry his burden of proving material falsity of a statement of fact, as opposed to opinion. ..................................................................8

      2.    Butowsky cannot show that the Challenged Statements are capable of defamatory meaning or "of and concerning" him. ..................................................8

      3.    Butowsky did not plead and cannot show that the CNN Defendants acted with actual malice. ..........................................................................................9

Conclusion ......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ali v. Woodbridge Township Sch. Dist.*,
   —F.3d—, 2020 WL 1933261 ...................................................................................5

*Bauman v. Butowsky*,
   377 F. Supp. 3d 1 (D.D.C. 2019) ...........................................................................4

*Benfield v. Magee*,
   945 F.3d 333 (5th Cir. 2019) .................................................................................9

*Bentley v. Bunton*,
   94 S.W.3d 561 (Tex. 2002)....................................................................................3

*Brewer v. Capital Cities/ABC, Inc.*,
   986 S.W.2d 636 (Tex. App.—Forth Worth 1998, no pet.) .....................................5

*Butowsky v. Folkenflik*,
   No. 4:18-cv-442, 2019 WL 3712026 (E.D. Tex. Aug. 7, 2019)..........................2, 3

*Cox. Broad. Corp. v. Cohn*,
   420 U.S. 469 (1975)............................................................................................1, 7

*Dall. Morning News, Inc. v. Hall*,
   579 S.W.3d 370 (Tex. 2019)...............................................................................6, 7

*Dall. Morning News v. Tatum*,
   554 S.W.3d 614 (Tex. 2018)...................................................................................9

*Farah v. Esquire Mag.*,
   736 F.3d 528 (D.C. Cir. 2013) .......................................................................3, 4, 5

*Fla. Star v. B.J.F.*,
   491 U.S. 524 (1989)........................................................................................1, 3, 7

*Hensley v. Wal-Mart Stores Inc.*,
   290 F. App'x 742 (5th Cir. 2008) ...........................................................................2

*Johnson v. Phillips*,
   526 S.W.3d 529 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)...........5, 7, 8, 9

*United States ex rel. Lam v. Tenet Healthcare Corp.*,
   481 F. Supp. 2d 673 (W.D. Tex. 2006)...................................................................1

*McCrary v. Hightower*,
     513 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ............................................10

*McIlvain v. Jacobs*,
     794 S.W.2d 14 (Tex. 1990) ...........................................................................................7

*Menendez v. Wal-Mart Stores, Inc.*,
     364 F. App'x 62 (5th Cir. 2010) .....................................................................................2

*MKC Energy Inv., Inc. v. Sheldon*,
     182 S.W.3d 372 (Tex. App.—Beaumont 2005, no pet.) ......................................................10

*Newspapers, Inc. v. Matthews*,
     339 S.W.2d 890 (Tex. 1960) ..........................................................................................9

*Rich v. Fox News Network, LLC*,
     939 F.3d 112 (2d Cir. 2019) ...........................................................................................8

*Sanders v. Univ. of Tex. Pan Am.*,
     776 F. App'x 835 (5th Cir. 2019) ................................................................................6, 10

*Sandmann v. WP Co. LLC*,
     No. 2:19-cv-0019-WOB-CJS, 2019 WL 3409881 (E.D. Ky. July 26, 2019) ......................8, 9

*Scripps NP Op., LLC v. Carter*,
     573 S.W.3d 781 (Tex. 2019) ........................................................................................3, 4

*Walker v. Beaumont Indep. Sch. Dist.*,
     No. 1:15-cv-0379, 2016 WL 6666828 (E.D. Tex. Mar. 11, 2016) .......................................3, 6

*Wheeler v. Twenty-First Cent. Fox*,
     322 F. Supp. 3d 444 (S.D.N.Y. 2018) ...............................................................................5

## INTRODUCTION

Last year, CNN reported on attempts by various people to link the hacking of Hillary Clinton campaign emails during the 2016 presidential election with the murder of former DNC staffer Seth Rich, and litigation related to the public reaction to those events in which Plaintiff Edward Butowsky was a party. The U.S. intelligence community, multiple law enforcement agencies, and most every major media outlet[3] agree that the DNC hack and Rich's murder were unrelated. (3d Am. Compl. ¶¶ 32, 39, 41, 58, 63, 78–83, 85). Russians hacked the emails; Rich was killed in a robbery gone wrong. (*Id.*). Butowsky concedes that this is the "official" version of events, and that CNN reported on that official version. (*E.g.*, *id.* ¶ 81). The Court's analysis can and should end there. *See Fla. Star v. B.J.F.*, 491 U.S. 524, 535–38 (1989); *Cox. Broad. Corp. v. Cohn*, 420 U.S. 469, 492–96 (1975).

Butowsky, however, subscribes to and advocates for a different version of events—Rich, not Russians, stole the campaign's emails, leaked them to WikiLeaks, and was murdered as a result. (3d Am. Compl. ¶¶ 1, 23, 29–39). Because the CNN Defendants' reporting disagreed with that theory, Butowsky asks the Court to cast aside fundamental First Amendment protections, stifle free speech, and punish journalists for interpreting and reacting to developments in a matter of public concern and using the "official narrative" in their reporting. (*E.g.*, 3d Am. Compl. ¶ 81). As detailed in the CNN Defendants' Motion, Butowsky's claims fail as a matter of law and must be dismissed.

---

[3] The only major news agency to report otherwise retracted its article for failing to meet the organization's "editorial standards." (3d Am. Compl. ¶ 41). So too did several other entities and individuals who previously advocated Butowsky's theory. *E.g.*, *Retraction: Aaron Rich and the murder of Seth Rich*, Washington Times (Sept. 30, 2018), https://www.washingtontimes.com/news/2018/sep/30/retraction-aaron-rich-and-murder-seth-rich/; *Retraction of Dr. Jerome Corsi Regarding the Murder of Seth Rich*, InfoWars (Mar. 4, 2019), https://www.infowars.com/retraction-of-dr-jerome-corsi-regarding-the-murder-of-seth-rich/. "Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles." *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) (taking judicial notice of news articles for analysis of motion to dismiss).

## ARGUMENT

Butowsky's Response boils down to four assertions: (1) the Challenged Statements are not privileged (Resp. at 4–7); (2) the Challenged Statements are not opinion (*id.* at 4–8); (3) the Challenged Statements are capable of defamatory meaning and are "of and concerning" Butowsky (*id.* at 8–12); and (4) Butowsky sufficiently pleaded actual malice (*id.* at 12–13). Each of these arguments, which the CNN Defendants address in turn, is unavailing.

To start, however, it is worth noting two issues that Butowsky's Response fails to contest: (1) his status as a public figure; and (2) that Texas law governs this dispute. Because Butowsky did not respond to these arguments, they are waived. (Mot. at 9 n.17, 24–26); *see, e.g.*, *Hensley v. Wal-Mart Stores Inc.*, 290 F. App'x 742, 743–44 (5th Cir. 2008) (holding that "arguments not raised in response to" dispositive motions are waived). As a result, Texas law governs and Butowsky, as a limited purpose public figure, must plead actual malice—a fact that his own argument seems to concede. (Mot. at 24–26; Resp. at 12–13).

One other point bears addressing at the outset. Butowsky previously asserted that the Court's decision in *Butowsky v. Folkenflik*, No. 4:18-cv-442, 2019 WL 3712026 (E.D. Tex. Aug. 7, 2019) rejected "some of the arguments raised by the CNN Defendants." (Doc. 136, Pl.'s Resp. to CNN Defs.' Mot. to Dismiss 2d Am. Compl. at 1). Butowsky has since dropped that interpretation and conceded that "there are drastic differences between the pleadings in *Folkenflik* and this case." (Doc. 197, Pl.'s Reply Supp. Suppl. Mot. Compel FBI at 4). Thus, any argument that *Folkenflik*'s analysis is dispositive to any issue here is not only incorrect, but is also waived. *Hensley*, 290 F. App'x at 743–44; *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 n.6 (5th Cir. 2010) ("We treat the plaintiffs' statements in their briefing . . . as a binding judicial

admission).[4]

### I.   Butowsky fails to state a plausible claim for relief.

Butowsky contends that his claims should survive because the gist of the Challenged Statements "is that [he] knowingly peddled false information about Seth Rich for nefarious purposes." (Resp. at 3–4). The CNN Defendants reported on attempts to link the hacking of Clinton campaign emails during the 2016 presidential election with the murder of Seth Rich, and related litigation. (*See, e.g.*, Ex. A-1, *Family of Slain Democratic Staffer Seth Rich sues Fox News*). As Butowsky concedes, the CNN Defendants reported the official version of events about the DNC hack and the Rich murder—a version endorsed by the U.S. intelligence community and multiple law enforcement agencies. That reporting is non-actionable, protected speech, and the case must be dismissed. *Fla. Star*, 491 U.S. at 535–38; *Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-cv-0379, 2016 WL 6666828, at *5 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1156852, at *2–4 ; *see also Farah v. Esquire Mag.*, 736 F.3d 528, 539 (D.C. Cir. 2013) ("[Defendants'] comments used strong rhetoric and salty language, but were nonetheless public statements on an issue of national concern; such speech lies at the heart of the First Amendment.").

### A.   The Challenged Statements are privileged and protected by the First Amendment and Texas law.

### 1.   *Butowsky's argument that the Challenged Statements were not fair comment misstates the law.*

The fair comment privilege protects comment, criticism, and expressions of opinion on matters of public concern. *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002) (common law); Tex. Civ. Prac. & Rem. Code. § 73.002(b)(2) (statutory).[5] Butowsky says it does not apply here because

---

[4] For a more detailed discussion distinguishing this case from *Folkenflik*, *see* Doc. 152, CNN Defs.' Reply Supp. Mot. to Dismiss 2d Am. Compl. at 2–4.

[5] While Butowsky asserts that the CNN Defendants failed to "cite or discuss the Texas Supreme Court's most recent opinion on th[is] subject" (Resp. at 4), *Scripps NP Op., LLC v. Carter*, 573 S.W.3d 781 (Tex. 2019) does not even

the phrases "there 'wasn't any evidence at all – it was all made up,'" "spreading these lies"[6] (both in Challenged Statement #3), and "conspiracy theorist" are not statements of opinion. (Resp. at 6). His argument, of course, ignores the fact that the fair comment privilege also protects comment and criticism, which the phrases he quotes certainly constitute. (Mot. at 11–13).

Nevertheless, addressing Butowsky's opinion argument head-on, he cites in support a long excerpt from the Texas Supreme Court's decision in *Scripps NP Op., LLC v. Carter*, 573 S.W.3d 781 (Tex. 2019). (Resp. at 5). The upshot of that excerpt, as Butowsky agrees, is that "context matters." (Resp. at 10); *see also Scripps*, 573 S.W.3d at 795. And court after court has held that phrases similar to the Challenged Statements are indeed opinion in circumstances like those presented here. (Mot. at 18–20 (collecting authority)).

"Spreading lies," for instance, is plainly protected opinion in the context of an ongoing matter of public concern in which a small subset of individuals maintain that the "official narrative" about the DNC hack and the Rich murder is a hoax. (3d Am. Compl. ¶¶ 23, 81); )); *see Farah*, 736 F.3d at 539 ("[The] statement that Farah and Corsi are spreading 'lies' is protected opinion because it is based on *Esquire*'s revealed premise that Farah and Corsi have promoted the Corsi book notwithstanding evidence that its central claim is false."). Indeed, Butowsky has relied on the same principles in defending against defamation allegations related to the same subject. *Bauman v. Butowsky*, 377 F. Supp. 3d 1, 5, 13–14 (D.D.C. 2019) (holding Butowsky's statement that Bauman "should apologize to the country for crafting a lie" was not defamatory in the context

---

mention the fair comment privilege, let alone opine on its contours. The portions of *Scripps* that Butowsky cites assess whether certain reporting constituted opinion. *Id.* at 795. These statements—for instance, a headline that "funds were shifted that made a loss look like a profit, entitling CEO to a bonus"—are inherently different from the Challenged Statements. (*E.g.*, Ex. A-3) ("It's an unsolved murder, one that police say was probably a robbery gone wrong. But that didn't stop some on the right from promoting unfounded claims trying to tie Seth Rich to the DNC hacking.").

[6] Butowsky contends that the CNN Defendants said he "was knowingly involved in spreading lies." (Resp. at 6). Challenged Statement #3 actually says, in part, "Has the Rich family received an apology from anyone involved in spreading these lies?" (Ex. A-5).

of "back-and-forth" public controversy over the truth of the "conspiracy theory about Seth Rich's murder"); *Wheeler v. Twenty-First Cent. Fox*, 322 F. Supp. 3d 444, 452, 457 (S.D.N.Y. 2018) (holding Butowsky's tweet that Wheeler had "a major battle with the truth" was not a statement of fact).

"Conspiracy theory" and "conspiracy theorist" likewise constitute expressions of opinion. (Mot. at 18–19). Butowsky's only counter is a single employment case assessing whether the termination of a teacher who "permitted conspiracy-theorist and Hitler-apologist presentations in his class and encouraged students to develop these opinions" was discriminatory. (Resp. at 9–10); *Ali v. Woodbridge Township Sch. Dist.*, —F.3d—, 2020 WL 1933261, at *4. Unsurprisingly, the Third Circuit held it was not. *Id.* That case is inapposite and does nothing to undermine the opinions cited in the CNN Defendants' Motion. (Mot. at 18–19).

Simply put, "the First Amendment protects [the CNN Defendants'] analysis, insight, and gloss on [the events in question] because a reasonable reader is able to make his own judgments about the evidence and would expect [others] to have particular viewpoints." *Johnson v. Phillips*, 526 S.W.3d 529, 537 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also Farah*, 736 F.3d at 539 (citations omitted) ("Because the reader understands that such supported opinions represent the writer's interpretation of the facts presented, and because the reader is free to draw his or her own conclusions based upon those facts, this type of statement is not actionable in defamation."). The Challenged Statements are just that—opinions expressed in the context of a fair comment on a matter of public concern. Accordingly, they are privileged and not actionable.

Alternatively, even if the Challenged Statements contained factual statements, they would still be protected by the fair comment privilege because they were "factually consistent with the underlying [governmental and other] reports." *Brewer v. Capital Cities/ABC, Inc.*, 986 S.W.2d

636, 644–45 (Tex. App.—Forth Worth 1998, no pet.). Butowsky himself has conceded as much since the beginning of this case. (Doc. 1, Compl. ¶¶ 38, 55, 67, 69, 73 (alleging that CNN Defendants reported the "official narrative" and "official version of events" as corroborated by "official statements" from "official sources" including "intelligence officials" and law enforcement)); *see also Sanders v. Univ. of Tex. Pan Am.*, 776 F. App'x 835, 837–38 (5th Cir. 2019) (noting that "[a]dmissions in superseded pleadings" still function as "evidentiary admissions" that can "be considered on a motion to dismiss the amended complaint"). As a result, Butowsky's claims must be dismissed.

### 2. *Butowsky's argument that the Challenged Statements were not a fair report fails because the Challenged Statements are about official proceedings of public concern and contain proper sourcing.*

The fair report privilege "protects publications describing official proceedings of public concern." *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 380 (Tex. 2019); (*see also* Mot. at 13–15). Butowsky asserts that it does not apply here because "the statements in question are not statements about 'official proceedings of public concern.'" (Resp. at 7).

In reality, the Challenged Statements are about reports and releases from the FBI, D.C. Metropolitan Police, and U.S. intelligence community regarding the DNC hack and Rich murder, and ensuing litigation related to efforts to tie those two events together despite contradictory evidence from official sources. (Exs. A-1 to A-5). All of these are "official proceedings." *See Hall*, 579 S.W.3d at 380–81; *Walker*, 2016 WL 6666828, at *5 (holding fair report privilege extends to information that news agencies "receive from a press release issued by a law enforcement or a governmental agency."). Again, Butowsky himself has alleged as much since the beginning of this case. (Doc. 1, Compl. ¶¶ 38, 55, 67, 69, 73); *see Sanders*, 776 F. App'x at 837–38. And despite Butowsky's claim that "the CNN Defendants made freestanding, unattributed factual statements"

(Resp. at 5), the Challenged Statements include extensive sourcing language to those proceedings. (Mot. at 14-15); *Hall*, 579 S.W.3d at 380–81.

Ultimately, "[t]he media enjoy a privilege to report on judicial and official proceedings without regard for whether the information from such proceedings is actually true." *Hall*, 579 S.W.3d at 381. In so doing, they "are not required to provide dry, colorless description of facts, bereft of analysis or insight, to avoid a claim of defamation." *Johnson*, 526 S.W.3d at 537. Rather, the First Amendment protects the CNN Defendants' right to share their perspective and gloss "on the trial and related events." *Id.* That is just what they did here. Accordingly, the fair report privilege bars Butowsky's claims.

## B.  Butowsky fails to address critical First Amendment protections and Texas's third-party allegation rule.

In addition to the fair comment and fair report privileges, the First Amendment protects the CNN Defendants from liability for accurately reporting on documents, records, and information within the public domain. (Mot. at 15–16); *see Fla. Star*, 491 U.S. at 535–38; *Cox. Broad.*, 420 U.S. at 492–96. Texas's third-party allegation rule likewise renders the Challenged Statements non-actionable. (Mot. at 16–17); *see* Tex. Civ. Prac. & Rem. § 73.005(b); *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990). These principles, neither of which Butowsky addresses much less counters, function as standalone bars to Butowsky's claims.

## C.  Butowsky's defamation claim is facially implausible and fails as a matter of law.

Even if Butowsky's claims were not barred by the First Amendment and various common law and statutory privileges, they should still be dismissed under Rule 12(b)(6). To adequately plead his claim, Butowsky must show "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, and (3) was made with the requisite degree of fault." *Hall*, 579 S.W.3d at 377. He cannot establish even one of those elements.

1.   ***Butowsky cannot carry his burden of proving material falsity of a statement of fact, as opposed to opinion.***

Butowsky maintains that "spreading lies" and "conspiracy theorist" are not statements of opinion. (Resp. at 8–10). But as addressed above in Section I.A.1, courts across the country hold that such statements are expressions of opinion under circumstances like these. Butowsky identifies no countervailing authority.[7]

The Challenged Statements "are all examples of loose, figurative, rhetorical hyperbole that is protected by the First Amendment because it is not susceptible of being proved true or false." *Sandmann v. WP Co. LLC*, No. 2:19-cv-0019-WOB-CJS, 2019 WL 3409881, at *7 (E.D. Ky. July 26, 2019); (Mot. at 18–20)

2.   ***Butowsky cannot show that the Challenged Statements are capable of defamatory meaning or "of and concerning" him.***

Blending together two separate elements of his claim, Butowsky also argues that the Challenged Statements are capable of defamatory meaning because they "are provably false" (*i.e.*, they are factual). (Resp. at 8). As set out above, they are not, but even if they were, being factual does not make a statement defamatory. Merely being "false, abusive, unpleasant, or objectionable" is not enough. *Johnson*, 526 S.W.3d at 535. To be defamatory, a statement must "tend to injure the subject's reputation, to expose him to public hatred, contempt, ridicule, or financial injury, or

---

[7] Butowsky's claim that he "can prove that he was not 'spreading lies' about Seth Rich or anyone else" strains credibility when investigations by the U.S. intelligence community, federal and local law enforcement, and Special Counsel Mueller found otherwise. To be clear, the CNN Defendants do not contend and have not contended that they relied on the Special Counsel's report in preparing the Challenged Statements, which predate the report. (*Cf.* Resp. at 13). Rather, the CNN Defendants cite Special Counsel Mueller's report as simply the latest official investigation that corroborates their reporting and shows that there continues to be no support for Butowsky's theory. Federal courts analyzing the issue agree. *See, e.g.*, *Rich v. Fox News Network, LLC*, 939 F.3d 112, 117 (2d Cir. 2019) ("Three years ago, Seth Rich was murdered during a botched robbery. . . . Soon after Seth's murder, uncorroborated theories—contradicted by official U.S. intelligence reports—surfaced on the web. Seth had leaked thousands of DNC emails to WikiLeaks, the theories asserted, and that is why he had been assassinated."). Notably, the Second Circuit reversed and remanded the district court's order dismissing the Rich family's claims against Butowsky and others relating to their advocacy of "uncorroborated theories" about Rich's murder. *Id.*

to impeach his honesty, integrity or virtue." *Id.* at 534. The Challenged Statements—which criticize an idea or theory, not Butowsky—are not capable of defamatory meaning. (Mot. at 20–23). Butowsky offers no argument or authority to the contrary, and indeed has used the same principles that protect the CNN Defendants to defend against claims asserted against him related to the same subject matter. *Id.* at 23.[8]

Butowsky also fails to show how the Challenged Statements are "of and concerning" him, instead arguing that the Statements are somehow directed at him because there is some reference to him in the "surrounding context." (Resp. at 10). But that is not enough. For a statement to "concern" Butowsky, "it must appear that he is the person with reference to whom the statement is made." *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960). The Challenged Statements concern attempts to link the DNC hack with Rich's murder and ensuing litigation, not Butowsky. (Mot. at 20–23). Butowsky offers no cogent argument in response.

3.   ***Butowsky did not plead and cannot show that the CNN Defendants acted with actual malice.***

Butowsky must plead actual malice both because he is a public figure and because the Challenged Statements are privileged. (Mot. at 24). As detailed in the CNN Defendants' Motion, he failed to do so. (Mot. at 26–29). Butowsky's only response is to present more conclusory allegations that the CNN Defendants' "knew prior to publication that their statements . . . were

---

[8] Butowsky notes that his Third Amended Complaint "says nothing about whether [he] asserts claims for defamation per se versus defamation per quod." (Resp. 8 n.2). That distinction matters little given Butowsky's failure to rebut the CNN Defendants' arguments on defamatory meaning. But to be clear, his claims are for defamation per se because, by his own admission, he did not expressly assert a claim for defamation per quod. *Dall. Morning News v. Tatum*, 554 S.W.3d 614, 626 (Tex. 2018) (plaintiffs asserting defamation per quod "must assert as much in their petitions"). And as detailed above and in the CNN Defendants' Motion, the Challenged Statements are not defamatory per se. Butowsky's assertion that the Challenged Statements accused him of "rascality" or "general depravity"—in addition to being fanciful—are mere *ipse dixit* unsupported by case law, and should be rejected. *See, e.g., Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (noting courts should reject unsupported "legal conclusions" in deciding motions to dismiss under Rule 12(b)(6)).

false." (Resp. at 10).[9] As court after court has held, this is not enough. Butowsky must allege specific facts that plausibly evidence actual malice in a clear and convincing manner. (Mot. at 29). He did not, nor can he given his concession that the CNN Defendants reported the "official" version of events from various governmental entities. (3d Am. Compl. ¶ 81); *see also* (Doc. 1, Compl. ¶¶ 38, 55, 67, 69, 73); *see Sanders*, 776 F. App'x at 837–38. On this basis alone, Butowsky's claims must be dismissed.[10]

## CONCLUSION

For the reasons above and detailed in the CNN Defendants' Motion, the Court should dismiss Butowsky's claims and deny any further request for leave to amend should be denied.

---

[9] Butowsky's mention that CNN refuses to retract the Challenged Statements is irrelevant. (*See* Mot. at 28 n.25). So too is his suggestion that a response to Butowsky's demand letter from CNN's counsel to Butowsky's counsel is somehow "defamatory in its own right." The letter is absolutely privileged under Texas law and "cannot constitute the basis for a defamation action, or any other action." *McCrary v. Hightower*, 513 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2016, no pet.). And even if it were not privileged, the letter still could not support Butowsky's claims for the same reasons that the Challenged Statements cannot. (*See* 3d Am. Compl. ¶ 85). Moreover, after three amended complaints, Butowsky did not plead that the letter was defamatory.

[10] As addressed in the CNN Defendants' Motion, Butowsky's business disparagement claim fails for the same reasons as his defamation claim. (Mot. at 30); *see also MKC Energy Inv., Inc. v. Sheldon*, 182 S.W.3d 372, 377 (Tex. App.—Beaumont 2005, no pet.) ("To support a claim for business disparagement, the published statements must be, at a minimum, defamatory.").

Respectfully submitted,

/s/ Robert P. Latham
**Robert P. Latham**
State Bar No. 11975500
blatham@jw.com
**Jamison M. Joiner**
State Bar. No. 24093775
jjoiner@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

**ATTORNEYS FOR CNN DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that this document was duly served on all counsel of record through the Court's electronic filing system on May 8, 2020.

/s/ Jamison M. Joiner
Jamison M. Joiner