IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 4:19-cv-180 | |
| § | | |
| MICHAEL GOTTLIEB, ET AL., § | | |
| Defendants. § | | |

## FEDERAL BUREAU OF INVESTIGATIONS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE

### I. COURT CANNOT COMPEL PRODUCTION HERE

As the Federal Bureau of Investigation ("FBI") explained in its response to Plaintiff Edward Butowsky's original motion to compel, *see* Dkt. No. 168, 181, 191, this Court does not have the power to compel the FBI to produce documents. Nothing in Butowsky's "notice" (which is just a supplemental motion) changes that.

### II. SINES'S DEPOSITION CHANGES NOTHING IN THE IMMEDIATE *TOUHY* MATTER

In the companion litigation to the immediate suit, *Butowksy v. Folkenflik, et al.*, Case No. 4:18-cv-442 ("*Folkenflik*"), Butowsky managed to depose a retired AUSA, Deborah Sines. Butowsky seems to think Ms. Sines's deposition should change the Court's evaluation of the immediate *Touhy* matter. It doesn't.

Butowsky claims that Ms. Sines's deposition testimony "suggests that the FBI did investigate matters pertaining to Seth Rich and does have records concerning Mr. Rich, contrary to the affidavit testimony of [David Hardy.]" *See* Dkt. No. 240.  In three cursory bullet points, Butowsky identifies sections of Ms. Sines's deposition testimony that he maintains suggest that the FBI had responsive records of an investigation relating to Rich. Dkt. No. 240 at 2.[1]  Noticeably absent from Ms. Sines's testimony was anything to support Butowsky's argument that the FBI failed to conduct an adequate search for responsive documents, that the FBI is in possession of relevant information, or, most importantly, that his discovery request sought relevant information.

As the FBI explained the last time Butowsky filed something that he claimed to be "supplemental evidence," none of this external stuff matters. *See* Dkt. No. 191.  When DOJ denied the *Touhy* request, it relied on the Declaration of David Hardy, who explained that no responsive documents

---

[1] Butowsky's characterization of Ms. Sines's testimony is factually wrong and contradicts what she actually said. In her deposition, Ms. Sines never admitted that there was any FBI investigation of any kind into Seth Rich's death. When asked if the FBI conducted an analysis or investigation of Seth Rich's computer, Ms. Sines responded that she was "not allowed to answer" and that she was "not allowed to say that the FBI or anybody else looked at Seth's computers." *See* Dkt. No. 240-1 at 33-34, 36-37 ("not supposed to answer" whether Rich's computer was examined by FBI), 52, and 57 (not authorized to testify as to what Metropolitan Police Department did or whether it had assistance from other law enforcement agencies).

existed. *See* Dkt. No. 181-4.  The DOJ also relied on the basic rules of discovery, which require that discovery requests seek relevant information and are not duplicative of other requests for information. *Id.*

Contrary to Butowsky's arguments, the mere suggestion that responsive documents exist, without more, is insufficient to allow the Court to second-guess the DOJ's *Touhy* decision.  After all, in *Folkenflik*, Judge Craven "assum[ed] there may be responsive records within the possession of the FBI" and **still denied the motion to compel** because Butowsky failed to prove DOJ's denial of *Touhy* request was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Folkenflik*, Dkt. No. 80 at 29.  Regardless of potential existence of responsive documents, Judge Craven determined that DOJ's overall conclusions for the denial of the *Touhy* request were "reasonably supported." *Id.* at 30.  She explained that Butowsky's requests did not seek information relevant to the specific issues in this lawsuit—"even under the Court's broad definition of relevance." *Id.* at 31.  Ms. Sines's deposition testimony does not suddenly transform Butowsky's *Touhy* request into something that seeks information relevant to his pending lawsuit against numerous media entities and personalities.  Because the *Touhy* request in *Folkenflik* was identical to the one here, the result—denial of the motion to compel—should be the same.

# CONCLUSION

The Federal Bureau of Investigation respectfully requests that the Court deny both Plaintiff's Motion to Compel and his Supplemental Motion to Compel and quash the subpoena. If the Court determines it has authority to evaluate and rule on the Motion to Compel (and its supplement), it should employ the same rationale as Judge Craven in *Folkenflik* and deny it.

    Respectfully submitted,

    JOSEPH D. BROWN
    UNITED STATES ATTORNEY
    EASTERN DISTRICT OF TEXAS

    */s/ Robert Austin Wells*
    Robert Austin Wells
    Assistant United States Attorney
    State Bar No. 24033327
    110 N. College, Suite 700
    Tyler, Texas 75702
    Phone:  903-590-1400
    Fax:  903-590-1436
    robert.wells3@usdoj.gov

    ATTORNEYS FOR THE
    FEDERAL BUREAU OF
    INVESTIGATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Response in Opposition to Plaintiff's Notice of Supplemental Evidence was served on all counsel of record by way of the Court's CM/ECF system on May 28, 2020.

                                          */s/ Robert Austin Wells*
                                          Robert Austin Wells
                                          Assistant United States Attorney