IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 4:19-cv-180 | |
| § | | |
| MICHAEL GOTTLIEB, ET AL., § | | |
| Defendants. § | | |

**FEDERAL BUREAU OF INVESTIGATIONS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR HEARING**

**I.**

When the Court hears the Defendants' motions to dismiss on June 10, 2020, it will be evaluating Plaintiff Edward Butowsky's Third Amended Complaint and nothing else. There is no amount of discovery from anyone—let alone a non-party like the Federal Bureau of Investigation ("FBI")—that the Court will be addressing at the hearing on June 10. The only thing that matters for that hearing is the sufficiency of Butowsky's complaint, which after being amended three times, still appears to be in serious doubt.

**II.**

Despite his allegations against the media defendants, Butowsky's suit seems to have another focus altogether: seeking discovery from a non-party. But Butowsky needs to have pleaded a viable cause of action and the Court

needs to have jurisdiction before ruling on the motion to compel.  Until that time, this discovery matter is nothing more than a sideshow from the obvious deficiencies in Butowsky's underlying suit.  Fortunately, the Court knows this: when counsel for the FBI dialed in to participate in a March 3, 2020 hearing, the Court promptly excused the FBI from the proceedings to focus on the real parties in interest and the pending motions to dismiss.  There is no reason for the Court to treat the FBI any differently with respect to the June 10, 2020 hearing.

### III.

Indeed, Butowsky's immediate effort to have this third-party discovery matter set for hearing on the same day as the motions to dismiss seems to be nothing more than a last stand effort to plead for another chance to amend his complaint.  Given his history of pleadings, Butowsky would likely argue that the last thing he needs to be able to state a viable claim or establish jurisdiction is this prohibited discovery he seeks from the FBI.  The Court should resist those efforts and focus on the pleading and not what discovery would or would not yield. *See* FED. R. CIV. P. 8.

### IV.

When considering whether setting the Motion to Compel for hearing, the Court should also consider the (lack of) merit of Butowsky's motion.  Like

his allegations against the Defendants, Butowsky's efforts to compel discovery from the FBI stand on shaky legal ground. Another judge in the Eastern District of Texas has disallowed such discovery.[1] So did a judge in the Eastern District of New York.[2] In the immediate case, the FBI has explained how Butowsky and/or his counsel have sought virtually the exact same information in other lawsuits, how they've lost, and why they should lose again here. *See, e.g.*, Dkt. Nos. 168, 181, 191, 242.

## CONCLUSION

Because the discovery issue concerning the FBI is wholly irrelevant to the Defendants' pending motions to dismiss, the Court should deny Plaintiff's Motion for Hearing. If the Court is inclined to ever set a hearing on Butowsky's Motion to Compel, the FBI would respectfully request the Court only do so if it denies all of the Defendants' pending dispositive motions.

---

[1] *See Butowksy v. Folkenflik, et al.*, Case No. 4:18-cv-442 at Dkt. No. 80 (Order Denying Motion to Compel).
[2] *See Clevenger v. United States Dep't of Justice*, Case No. 1:18CV1568, in the Eastern District of New York at Dkt. No. 58 (Order granting the FBI's motion for summary judgment in Ty Clevenger's personal FOIA suit).

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

*/s/ Robert Austin Wells*
Robert Austin Wells
Assistant United States Attorney
State Bar No. 24033327
110 N. College, Suite 700
Tyler, Texas 75702
Phone: 903-590-1400
Fax: 903-590-1436
robert.wells3@usdoj.gov

ATTORNEYS FOR THE
FEDERAL BUREAU OF
INVESTIGATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Opposition to Plaintiff's Motion for Hearing was served on all counsel of record by way of the Court's CM/ECF system on May 28, 2020.

*/s/ Robert Austin Wells*
Robert Austin Wells
Assistant United States Attorney