IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>      Plaintiff,<br><br>v.<br><br>**Michael Gottlieb, et al.,**<br><br>      Defendants | Case No. 4:19-cv-00180-ALM-kpj |

**OBJECTION**

NOW COMES Edward Butowsky, the Plaintiff, objecting to the Notice of Status by Defendants Gottlieb, Governski and Boies Schiller Flexner LLP (hereinafter "Notice") (Doc. 250):

The Defendants' "notice" is, in reality, a motion seeking specific relief from the Court, and it was filed in violation of Local Rule 7(h) insofar as Defendants Gottlieb, Governski and Boies Schiller Flexner LLP (hereinafter "BSF Defendants") made no attempt to meet and confer with the other parties.  The undersigned cannot help but recall how readily and how often the BSF Defendants have threatened or requested sanctions against the Plaintiff, and he has no doubt that they would be requesting sanctions if the Plaintiff had tried to avoid meeting and conferring by re-labeling a motion as a "notice." The Plaintiff respectfully suggests that the Court should strike the "notice" from the docket.

With their "notice," the BSF Defendants have also sought to put the Plaintiff in an impossible situation. In his ruling on the BSF Defendants' anti-suit injunction, Judge Leon enjoined all claims in this Court "against the attorneys for Aaron Rich in this [Texas] suit, and all of defendant Butowsky's claims involving Aaron Rich as a non-party co-conspirator." *Rich v. Butowsky, et al.*, 18-cv-0681, Dkt. 175 at 5. If this Court were to adjudicate the pending motions while the anti-suit injunction is pending on appeal, it would be unclear whether Mr. Butowsky could seek reconsideration of this Court's order or seek to certify an interlocutory appeal, since, as Defendants note, the anti-suit injunction bars Mr. Butowsky from proceeding in the Texas case. Notice at 4. Thus, if this Court grants the relief sought in the Notice, Mr. Butowsky will be obligated to maintain his appeal of the anti-suit injunction to preserve his remedies, including his appellate remedies, before this Court and in the Fifth Circuit.

But as the filing of the Notice itself suggest, the BSF Defendants appear to be aware that Plaintiff is likely to prevail on appeal before the DC Circuit. *See* Statement of Issues filed June 8, 2020, *Butwosky v. Rich*, United States Court of Appeals for the District of Columbia, #20-7042. If Plaintiff were to prevail on appeal after this Court has dismissed the action in Texas, the BSF Defendants would only have succeeded in creating a complete mess of the proceedings in the two jurisdictions: one appellate court concluding that the issues in DC and Texas do not substantially overlap and a district court in Texas concluding that they do so overlap, which will lead to further and completely unnecessary proceedings.

On the other hand, letting the anti-suit injunction proceedings play out would promote judicial economy and substantive fairness. The claims in the Texas case are not barred by Judge Leon's order, they are merely enjoined until a resolution of the DC case. If Judge Leon's order is upheld on appeal, Mr. Butowsky will need to seek leave to amend his pleadings in the DC actions. While burdensome, this approach is consistent with substantive fair play and will not create the procedural chaos of Defendants' proposed approach. If the anti-suit injunction is vacated, this Court will be free to resolve the motion to dismiss for failure to state a claim, which is unaffected by the anti-suit injunction, and raises issues, such the litigation privilege, that are not at issue in the DC case. Judicial economy thus counsels prudence and patience.[1]

The BSF Defendants' disguised motion should be denied for another reason. As noted, the BSF Defendants got exactly what they requested from Judge Leon, *i.e.*, the anti-suit injunction. However, it appears that they have belatedly realized a major flaw in their litigation strategy. As noted, the BSF Defendants now realize they may well lose on appeal. Beyond the merits, what the BSF Defendants appear to fear most is Mr. Butowsky's indication that he intends to seek reassignment of the case on remand. *Id*. at 2. As Mr. Butowsky has indicated to this Court, Judge Leon has demonstrated considerable bias in favor of the BSF Defendants, *see* Objection, Exhibit 1, Dkt. 217-1, and now they are in danger of losing their "ace in the hole" if the D.C. Circuit reassigns

---

[1] Defendants insinuate, without evidence, that there is some inordinate delay in the DC Circuit Court of Appeals. Notice at 4. In reality, the parties are simply waiting for the Court to set a briefing schedule as is customary. There is no valid timing reason to attempt to short-circuit the District of Columbia appellate process.

the case to another judge. The "notice" filed before this Court represents a desperate attempt to avoid that result and should not be rewarded.

The BSF Defendants wanted this case stayed until the D.C. litigation was completed, and Judge Leon granted their wish. If they want to avoid the anti-suit injunction, then they should ask Judge Leon to vacate his order. But they should not be asking this Court to grant them relief when they have prevented the Plaintiff from doing the same.

      Respectfully submitted,

      **/s/ Ty Clevenger**
      Ty Clevenger
      Texas Bar No. 24034380
      P.O. Box 20753
      Brooklyn, New York 11202-0753
      (979) 985-5289
      (979) 530-9523 (fax)
      *tyclevenger@yahoo.com*

      **Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

    I certify that a copy of this document was filed electronically with the Court's ECF system on July 7, 2020, which should result in automatic notification to all counsel of record.

                                      **/s/ Ty Clevenger**
                                      Ty Clevenger